# Exhibit F

**Best, Best & Krieger LLP Opinion**

**BEST BEST & KRIEGER**
ATTORNEYS AT LAW

Indian Wells
(760) 568-2611

Irvine
(949) 263-2600

Los Angeles
(213) 617-8100

Manhattan Beach
(310) 643-8448

3390 University Avenue, 5th Floor, P.O. Box 1028, Riverside, CA 92502
Phone: (951) 686-1450 | Fax: (951) 686-3083 | www.bbklaw.com

Ontario
(909) 989-8584

Sacramento
(916) 325-4000

San Diego
(619) 525-1300

Walnut Creek
(925) 977-3300

Washington, DC
(202) 785-0600

March 12, 2020

Barclays Bank, PLC

Re:    Western Community Energy Revolving Credit Agreement

Ladies and Gentlemen:

We have represented Western Community Energy, a California joint powers authority ("Borrower") in connection with the negotiation of a revolving credit agreement with Barclays Bank, PLC ("Bank"), pursuant to which Bank will extend credit to Borrower for a Loan Facility and a Letter of Credit Facility with an aggregated debt limit of $16,000,000 (collectively, the "Facilities"). The Facilities will be secured by deposit account control agreements in certain operating accounts of Borrower and a first priority pledge of and lien on Pledged Revenues (as defined in the Credit Agreement (as defined below)). Said operating accounts will be funded directly from distributions from a separate Lockbox Account into which all accounts receivable collections of Borrower will be deposited and used to pay PPA Providers who sell energy to Borrower and amounts due to the California Independent System Operator. Excess funds in the Lockbox Account then flow to the operating accounts in which Bank will have a first priority perfected security interest. Borrower has requested that we provide this opinion to Bank in accordance with Section 3.01(a)(vi) of the Credit Agreement. For purposes of this opinion letter capitalized terms not otherwise defined in this opinion letter shall have the meaning given to them in the Loan Documents, as defined below.

## MATERIALS EXAMINED

With respect to the opinions given herein, we have examined originals or copies of the following transaction documents in connection with the Facilities (the "Documents"):

(i)    Revolving Credit Agreement entered into between Borrower and Bank dated as of March 12, 2020 ("Credit Agreement");

(ii)    Promissory Note dated as of March 12, 2020, evidencing the Facilities and executed by WCE in favor of the Bank ("Note");

(iii)    Deposit Account Control Agreements entered into between Borrower, Bank and River City Bank as "Depository Bank" covering the Operating Funds Account and the Operating Reserve Account, each dated as of March 12, 2020 (collectively, the "DACA");

(iv)    Security Agreement between Borrower and Depository Bank (as collateral agent) dated February 13, 2020, granting a security interest in all collections of accounts receivable for the benefit of the secured parties defined therein ("Security Agreement");

**BB&K**

**BEST BEST & KRIEGER**
ATTORNEYS AT LAW

Barclays Bank PLC
March 12, 2020
Page 2

(v) Intercreditor and Collateral Agency Agreement between Borrower, Depository Bank and PPA Providers (as secured parties) dated February 13, 2020, appointing Depository Bank as the Collateral Agent for the maintenance of the lockbox account ("Intercreditor Agreement");

(vi) Lockbox Deposit Account Control Agreement between Borrower and Depository Bank dated February 13, 2020, controlling the deposit and release of accounts receivable collections that are placed in the Lockbox Account ("Lockbox DACA");

(vii) Resolution Number 2019-10 of the Board of Directors of Western Community Energy Adopting Financing and Credit Support Agreements adopted on December 11, 2019;

(viii) Western Community Energy Joint Powers Agreement dated as of August 23, 2018, as amended by that certain First Amendment to Western Community Energy Joint Powers Agreement dated as of September 19, 2018;

(ix) Bylaws for Western Community Energy dated October 10, 2018;

(x) Certified Copy of Notice of a Joint Powers Agreement filed with the California Secretary of State on December 20, 2018;

(xi) Certified Copy of Notice of Amendment of a Joint Powers Agreement filed with the California Secretary of State on May 28, 2019; and

(xii) Such other documents, matters, laws, statutes, ordinances, published rules and regulations, published judicial and governmental decisions interpreting or applying the same, and other official interpretations as we deem applicable in connection with this opinion.

Items (i), (ii) and (iii) above are collectively referred to as the "Loan Documents". Items (iv), (v) and (vi) are collectively referred to as the "Lockbox Documents". The Loan Documents and the Lockbox Documents are collectively referred to as the "Financing Documents".

**CERTAIN ASSUMPTIONS**

In giving the opinions contained herein, we have assumed, without investigation or further inquiry or verification, or otherwise are relying upon, the following:

A. For purposes of this opinion, we have examined only the Documents. We have assumed the correctness of all factual matters set forth in the Documents, and we have conducted no independent investigation of factual matters, including, but not limited to, factual matters contained in representations, warranties and/or acknowledgments in the Documents. Further, we have not conducted any investigation of the title to, or nature or extent of, any personal property described in the Documents nor inspected any such property.



**BEST BEST & KRIEGER**
ATTORNEYS AT LAW

Barclays Bank PLC
March 12, 2020
Page 3

  B. In rendering this opinion, we have, with your permission, assumed without independent verification: (i) the genuineness of all signatures, the conformity to the originals of all documents submitted to us as drafts or copies, and the authenticity of all such originals; (ii) that the Financing Documents reviewed and relied upon by us in preparing this opinion have been or will be duly authorized, executed and delivered by and on behalf of the parties thereto (other than Borrower) and will be the legal, valid and binding obligations of the parties (other than Borrower) once executed and delivered; (iii) the conformity to authentic original documents of all documents submitted to us as certified, conformed or photostatic copies; (iv) that the copies of the Financing Documents provided to us are complete and correct copies (other than various exhibits to be attached thereto and which we have assumed will be properly attached prior to delivery) and contain the entire agreement of the parties thereto necessary for us to render the opinions contemplated herein, and that there are no other documents nor any oral agreements or other circumstances that will or do in any way alter or vary the provisions of the Financing Documents; and (v) that each person executing or who has executed a Financing Document is or was competent to do so.

  C. With the permission of the Bank, we have also assumed without independent verification (i) that the Bank is duly formed, validly existing and in good standing under the laws of its jurisdiction of formation; (ii) that Bank is fully authorized and qualified under its charter and organizational documents and under federal law and any applicable laws and regulations of the jurisdiction of its formation to transact business generally, and in particular, to engage in the business of making and enforcing loans of the nature provided for in the Loan Documents; (iii) if required by California law, that Bank has complied with the requirements of the California Finance Lender Law and has properly qualified to do business within the State of California, including the creation of evidences of debt or liens or security interests on or in personal property; (iv) that the Bank has the power and authority to execute, deliver and carry out the terms of the Credit Agreement and has taken all necessary corporate or other action to authorize the execution, delivery and performance by the Bank of the Credit Agreement; (v) that the execution, delivery and performance of the Credit Agreement by the Bank will not violate any law, rule, regulation, writ or order as of the date hereof to which the Bank is subject; and (vi) that all other conditions precedent to the execution of the Loan Documents to which the Bank is subject or by which the Bank has benefited have been or will be satisfied or waived and that Bank will fulfill its obligations under the Loan Documents.

  D. Where we render an opinion "to our knowledge", it means that with your specific knowledge and consent we have conducted no independent investigation of the matters set forth in connection therewith other than our review of the Documents; provided, however, that during and in the course of our representation of Borrower in connection with the Facilities, no information has come to the attention of the specific attorneys and paralegals who rendered legal services in connection with that representation as of the date hereof which gives us current actual knowledge to the contrary.

## OPINIONS AND CONFIRMATIONS

  Based solely upon our examination of the Documents, and otherwise subject to the assumptions, qualifications, and limitations set forth herein, we are of the following opinions:

**BB&K**

**BEST BEST & KRIEGER**
ATTORNEYS AT LAW

Barclays Bank PLC
March 12, 2020
Page 4

1. Borrower is a validly existing joint powers authority in good standing under the laws of the State of California, and has all requisite power and authority as a joint powers authority to execute, deliver and perform its obligations under the Financing Documents.

2. The execution and delivery by Borrower of the Financing Documents and the performance of its obligations thereunder have been duly authorized by all necessary action as a joint powers authority in the State of California.

3. The Financing Documents have been executed and delivered by Borrower and constitute the legally valid and binding obligations of the Borrower, enforceable against the Borrower in accordance with their terms.

4. No approvals, consents, orders or authorizations of, or filings or registrations with, any governmental or regulatory authority or agency or any political subdivision or any court are necessary for the validity or the enforceability of the Financing Documents against Borrower or the performance of its obligations thereunder.

5. The execution, delivery and performance of the Financing Documents by Borrower does not result in a violation of any applicable law, statute, ordinance or regulation in the State of California, or to our knowledge, result in a violation of (i) any judgment, order, writ, injunction, decree or rule of any court, administrative agency or other governmental authority or (ii) any determination or award of any arbitrator.

6. The Loan Documents create a valid and enforceable security interest in favor of the Bank in (i) the Pledged Revenues, (ii) the Operating Reserve Account, and (iii) the Operating Fund Account as collateral to secure the Obligations (each as defined in the Credit Agreement). Items (i)-(iii) in the preceding sentence are collectively referred to herein as "Collateral."

7. Pursuant to the Uniform Commercial Code as adopted in the State of California ("Cal UCC"), the perfection of a security interest in deposit accounts, including the Lockbox Account, the Operating Reserve Account and the Operating Fund Account, must be perfected by possession and the DACA and the Lockbox DACA are in a form that is adequate to establish possession pursuant to the Cal UCC.

7. Pursuant to Section 5451 of the California Government Code, the security interest in the Collateral shall immediately attach, and be effective, binding, and enforceable against the Borrower, its successors, purchasers of the Collateral, creditors, and all others asserting the rights therein, to the extent set forth, and in accordance with, the Credit Agreement, irrespective of whether those parties have notice of the pledge and without the need for any physical delivery, recordation, filing or further act by the Authority.

**BB&K**

**BEST BEST & KRIEGER**
ATTORNEYS AT LAW

Barclays Bank PLC
March 12, 2020
Page 5

8. The Credit Agreement and the Note are intended by its terms to be governed by the laws of the State of New York with respect to the enforcement of the obligations of the Borrower. It is our opinion that a state court located in the State of California (or federal court applying the conflict of laws rules of the State of California) which acted reasonably and correctly applied the existing case law to the facts and circumstances of the transactions set forth in the Credit Agreement and the Note should give effect to the provisions of Credit Agreement and the Note that provide that its terms are to be governed by and construed and interpreted in accordance with the laws of the State of New York, provided, however, that we give no opinion as to whether a court in the State of California will give effect to the laws of another state which permit a unilateral attorneys' fee provision and/or a pre-dispute waiver of jury trial, both of which are contrary to fundamental policies of California law.

9. The Borrower is not entitled to immunity from legal proceedings to enforce the Credit Agreement or any other Financing Document to which the Borrower is a party (including, without limitation, immunity from service of process or immunity from jurisdiction of any court otherwise having jurisdiction) and is subject to claims and suits for damages in connection with the Credit Agreement or any other Financing Document to which the Borrower is a party.

### CERTAIN LIMITATIONS AND QUALIFICATIONS

Our opinions above are subject to and limited by the following qualifications and assumptions, in addition to those set forth above:

A. Our opinions are subject to the limitations and qualifications contained in Attachment 1, attached hereto and incorporated herein as part of this opinion letter by this reference thereto.

B. Our opinions expressed above concern only the effect of the applicable laws (excluding the principles of conflicts of laws) of the United States of America and the State of California. The Credit Agreement is governed by the laws of the State of New York. With the permission of the Bank, we have assumed that the laws of the State of New York are substantially similar to the laws of the State of California with respect to the enforcement of the Credit Agreement.

C. With respect to our opinion in paragraph 8, we advise you that the governing case law in the State of California with respect to the enforcement of contractual choice of law clauses follows the general rule set forth in the Restatement 2d of Conflict of Laws that the courts will give effect to the choice of law of the parties to a contract provided that (i) there is a substantial relationship of the chosen law to the parties or their transaction or other reasonable basis for the parties' choice of law; and (ii) the chosen law is not contrary to a fundamental policy of the State of California. See Nedlloyd Lines B.V. v. The Superior Court of San Mateo County, 3 Cal. 4th 459 (1992). With respect to whether a substantial relationship or reasonable basis for the choice of law exists is a factual determination based upon a number of factors, including the domicile of the parties to the contract, where the contract was entered into, the location in which the contract will be performed and the substantive interest of the chosen state in the transaction. With respect to determining whether the chosen law of the parties will conflict with a



**BEST BEST & KRIEGER**
ATTORNEYS AT LAW

Barclays Bank PLC
March 12, 2020
Page 6

fundamental policy of the State of California, there is no established test, however, courts have looked to whether a law may be waived as a matter of public policy as determinative of whether it is fundamental. Some California legal policies relevant to loan transactions that cannot be waived are usury, deficiency judgments, unilateral attorneys' fee provisions and the pre-dispute waiver of jury trial, however, even if a chosen law conflicts with a fundamental policy of California law, a California court may find that such policy is not materially more important that the policy of the chosen jurisdiction in protecting a lender and none-the-less enforce the choice of law provision.  See again Guardian Savings and Loan v. MD Associates, 64 Cal. App. 4th 309 (1998), wherein the court upheld the application of Texas law to allow a deficiency judgment.

    D. We express no opinion with respect to laws becoming effective after the date hereof. This opinion relates only to matters as of the date hereof, and we express no opinion with respect to any transaction, transfer, conveyance, obligation or performance occurring after the date hereof.  We disclaim any obligation to advise you of any events occurring or coming to our attention or any developments in areas covered by this opinion that occur after the date of this opinion.

    The opinions expressed in this letter are given solely for the benefit of the Bank and its successors and assigns (including any participant or purchaser of the Facilities).  The opinions expressed in this letter may not be relied upon, in whole or in part, for any other purpose or by any other person, firm or corporation for any purpose, without our prior written consent.

                        BEST BEST & KRIEGER LLP

ATTACHMENT 1

LIMITATIONS AND QUALIFICATIONS

The opinions set forth in the opinion letter, dated March 12, 2020, to which this Attachment 1 is affixed are further subject to the following limitations, qualifications, and provisions of California law:

(a)     With respect to pre-dispute contractual waivers of trial by jury, we inform you that the Supreme Court of California has held that a pre-dispute waiver of jury trial is unenforceable in the State of California unless authorized by statute.  The court has further held that the only statute on point, California Code of Civil Procedure Section 631, does not provide authorization for pre-dispute waivers.  See Grafton Partners v. Superior Court, 36 Cal. 4th 944, 32 Cal. Rptr. 3d 5 (2005).

(b)     We express no opinion regarding the extent to which the rights and remedies of the Bank under the Loan Documents hereafter may be qualified by (1) changes in existing applicable laws regarding the enforceability of such rights and remedies or the interpretation of such laws, whether such changes are the result of legislative or judicial action or inaction, or (2) the failure of such applicable laws to be properly or consistently applied.

(c)     We express no opinion regarding the extent to which the rights and remedies of the Bank under the Loan Documents may be qualified by limitations relative to the enforceability of contractual provisions waiving broadly or vaguely stated rights or unknown future rights.

(d)     We express no opinion with respect to the character of the transaction or the legal rights and obligations of the parties arising out of or related to (1) any federal or state law relating to the taxation of the transaction or the rights and interests of the parties with respect thereto; (2) federal and state antitrust laws; (3) federal securities laws; and (4) any rights of or obligations to persons who are not parties to the Loan Documents resulting from or related to the consummation of the transactions contemplated thereby, or from any act or omission of the parties.

(e)     We express no opinion as to the legality, validity, binding effect, or enforceability of any particular provision or agreement contained in the Credit Agreement designating a party as an agent or attorney in fact (whether or not coupled with an interest).

(f)     We express no opinion as to the legality, validity, binding effect, or enforceability of any provision of the Loan Documents insofar as they may provide for the payment or reimbursement of costs and expenses or indemnifications for claims, losses, or liabilities in excess of a reasonable amount determined by any court or other tribunal.  Further, we wish to bring to your attention that, to the extent such provisions provide for the payment of attorneys' fees in litigation, under California law, such attorneys' fees may be granted only to the prevailing party as defined by California law and such provisions are deemed to extend to both parties, notwithstanding that such provisions may, by their express terms, benefit only one party.

(g)     We express no opinion as to the legality, validity, binding effect, or enforceability of any particular provision or agreement contained in the Loan Documents or other agreements contemplated thereby which provides for the payment of liquidated damages.

(h)     The opinions rendered herein are subject to and limited by (1) applicable bankruptcy, insolvency, reorganization, moratorium, or other similar laws now or hereafter affecting the enforcement of creditors' rights generally; (2) general principles of equity, including, without limitation, concepts of materiality, reasonableness, good faith and fair dealing, and the possible unavailability of specific performance or injunctive relief, regardless of whether considered in a proceeding in equity or at law; and (3) limitations

on the enforceability of certain rights, remedies, or waivers deemed to be against public policy or unconscionable.

(i)  Under certain circumstances, provisions to the effect that rights or remedies are not exclusive, that every right or remedy is cumulative and may be exercised in addition to or with any right or remedy, or that the election of some particular right or remedy does not preclude recourse to one or more other rights or remedies, may be unenforceable.

(j)  We note the effect of Section 1670.5 of the California Civil Code ("Cal. CC"), which provides that if a court as a matter of law finds a contract or any clauses of a contract to have been "unconscionable" at the time that it was made, the court may refuse to enforce the contract, or the court may enforce the remainder of the contract without the "unconscionable" clause so as to avoid an "unconscionable" result. That section also permits parties to present evidence as to the commercial setting, purpose, and effect of any contract or clause thereof claimed to be "unconscionable" to aid the court in making its determination.

(k)  Under certain circumstances, provisions in the Loan Documents specifying that one or more provisions thereof may only be waived or modified in writing may not be enforceable to the extent that an executed or performed oral agreement has been created waiving or modifying provisions of the Loan Documents, or to the extent that any other party to such agreement has reasonably and in good faith changed its position in a material respect in reliance on an oral waiver or modification.

(l)  Any provisions set forth in the Loan Documents which purport to waive, or have the effect of waiving, the benefits of statutory provisions or common law rights may be limited by California statutes or by a court's interpretation of public policy.

(m)  We hereby advise you that certain California statutes and/or court decisions may prohibit the effectiveness of provisions waiving, releasing, or indemnifying a party against liability for its own wrongful or negligent acts, or where the indemnification is contrary to public policy. In particular, Cal CC Section 1668 renders unlawful as against public policy any contract provision which directly or indirectly exempts a party from responsibility for its own fraud, willful misconduct, or the willful or negligent violation of law. Furthermore, although California courts have found that exculpatory clauses relieving a party of liability for its ordinary negligence do not contravene public policy, other California courts have strictly construed such provisions against the negligent party and held such provisions invalid under specific factual circumstances which the relevant courts deemed to impact the public interest, such as against businesses of a type generally thought suitable for public regulation (See, Akin v. Business Title Corp., 264 Cal App 2d 13, 70 Cal Rptr 287 (1968)).

(n)  The provisions in the Loan Documents, if any, that purport to waive any rights which any party other than the Bank may have to injunctive relief or to interpose any counterclaim may be found to be against public policy and, therefore, may be unenforceable.

(o)  We hereby advise you that any particular provision or agreement contained in the Loan Documents imposing penalties, forfeitures, or late payment charges upon delinquency in payment or the occurrence of a default may be held unenforceable if it was unreasonable at the time the contract was entered into pursuant to Cal CC Section 1761(b) or under relevant case law where such penalties, forfeitures, or late payments do not bear a reasonable relationship to the harm suffered by the Bank (See, e.g., Ridgley v. Topa Thrift & Loan Ass'n, 17 C4th 970, 73 CR2d 378 (1998), and Garrett v. Coast & S. Fed. Sav. & Loan Ass'n, 9 C3d 731, 108 CR 845 (1973)).

(p)  We express no opinion as to the legality, validity, binding nature of or enforceability of any particular provision or agreement contained in the Loan Documents (1) constituting a usury savings

clause; (2) prohibiting further encumbrance or constituting a "due on encumbrance" clause; or (3) allowing acceleration of the maturity of the indebtedness if a court or other tribunal concludes that such enforcement or acceleration would be unreasonable under the then existing circumstances.

(q)     We express no opinion as to the validity, binding effect, or enforceability of any provision in the Loan Documents which purports to permit the Bank, or any other person, as the case may be, to sell or otherwise dispose of any personal property subject thereto except in compliance with the Cal UCC, applicable laws of the United States of America, and other applicable state and local laws.

(r)     We express no opinion as to the legality, validity, binding effect, or enforceability of any provision of the Loan Documents to the extent that the provision provides for modifications or extensions to be binding upon any junior encumbrancer.

(s)     With respect to the enforcement of your rights and remedies under the Loan Documents insofar as the Loan Documents give the Bank a security interest in personal property, we call your attention to Section 9504 of the Cal. UCC, which provides that a secured party may not purchase collateral at a private sale unless the collateral is customarily sold in a recognized market or it is the subject of widely or regularly-distributed standard price quotations.

31249.00001\32723689.3