**WEILAND GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone 714-966-1000
Facsimile 714-966-1002

Counsel for Debtor Western Community Energy

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>WESTERN COMMUNITY ENERGY,<br><br>Debtor. | Case No. 6:21-bk-12821-SY<br><br>Chapter 9<br><br>**STIPULATION BY AND BETWEEN WESTERN COMMUNITY ENERGY AND BARCLAYS BANK PLC FOR REPLACEMENT LIEN**<br><br>[No Hearing Requested] |

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

Barclays Bank PLC ("**Barclays**") and Western Community Energy, the debtor in the above captioned case ("**WCE**" or "**Debtor**" and, with Barclays, "**Parties**") in the United Stated Bankruptcy Court for the Central District of California (the "**Court**"), by and through their respective undersigned counsel, hereby stipulate and agree with respect to the following:

## RECITALS

1. On May 24, 2021, the Debtor filed a voluntary petition for relief under Chapter 9 of title 11 of the United States Code.

1353273.1

-1-

STIPULATION FOR REPLACEMENT LIEN

2.   The Debtor and Southern California Edison Company ("**SCE**") have engaged in discussions with the State of California regarding the eligibility of the Debtor for receipt of certain funds under the California Adjustment Payment Plan ("**CAPP**") program administered by the State of California.  The State of California determined that the Debtor is not eligible to receive CAPP funds, but agreed to permit SCE to receive CAPP funds provided that the Debtor transfer and assign the applicable receivables to SCE and that the funds are applied by SCE to benefit the former customers of the Debtor and not the creditors of the Debtor.

3.   The Debtor and SCE have entered into an agreement for the assignment of the Debtor's accounts receivable (estimated to be approximately $1,800,000) in order for SCE to submit an application to the CAPP program for CAPP funds related to the Debtor's former customers to be applied for the benefit of the Debtor's former customers.  This will be accomplished by SCE retaining any CAPP funds received and reducing amounts owed by WCE's former customers by the amount of CAPP funds received and also reducing the amount of SCE's claim against WCE (and the residual amount to be paid by WCE's former customers) for reentry fees resulting from the mass involuntary return of WCE's former customers to SCE upon WCE's de-registration as a community choice aggregator.

4.   Barclays asserts a first-priority lien against, among other things, the Debtor's customer receivables.  The Debtor disputes Barclays' claims that it holds a lien or security interest in the Debtor's customer receivables.  The Parties reserve all rights and objections with respect to the extent, priority and validity of Barclays' lien and security interest claims.

5.   Barclays and WCE have reached a settlement in principle ("**Barclays Settlement**").  On December 16, 2021, WCE filed and served the *Motion for Order Approving Settlement Between Debtor and Barclays Bank PLC Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF Nos. 230; 231] (the "**Barclays Settlement Motion**").  The Barclays Settlement Motion documented and attached the Barclays Settlement as Exhibit 13 thereto.

6.   Subject to the terms of this stipulation and approval of this stipulation by the Court, Barclays consents to Debtor's assignment of up to $2,600,000 of the Debtor's accounts receivable to SCE, for the sole purpose of SCE submitting an application to the CAPP and receiving CAPP

funds free and clear of any lien, security interest, interest, claim, or encumbrance of any kind. In exchange, Debtor grants Barclays a replacement lien in funds on deposit in the Debtor's RCB operating account equal to the amount of accounts receivable transferred to SCE with such replacement lien providing the same extent and priority of Barclays' lien that existed pre-petition. Any replacement lien granted to Barclays shall be released immediately upon full payment of the amount provided in the Barclays Settlement pursuant to a Final Order that is in form and substance reasonably acceptable to Barclays, or, alternatively, any Final Order of the Court, that is reasonably acceptable to Barclays, authorizing payment to Barclays in full satisfaction of its claims against the Debtor and its assets.[1]

## STIPULATION

NOW, THEREFORE, in consideration of the foregoing and subject to approval of this Stipulation by the Court, the Parties, through their respective counsel, stipulate and agree as follows:

1.  Barclays consents to Debtor's assignment of up to $2,600,000 of the Debtor's accounts receivable to SCE free and clear of any lien, security interest, interest, claim, or encumbrance of any kind for the sole purpose of SCE submitting an application to the CAPP and receiving CAPP funds free and clear of any lien, security interest, interest, claim, or encumbrance of any kind. In exchange, Debtor grants Barclays a replacement lien in funds on deposit in the Debtor's RCB operating account equal to the amount of accounts receivable transferred to SCE, with such replacement lien providing the same extent and priority of Barclays' lien that existed pre-petition;

2.  Any replacement lien granted to Barclays shall be released immediately upon full payment of the amount provided in the Barclays Settlement pursuant to a Final Order that is in form and substance reasonably acceptable to Barclays, or, alternatively, any Final Order of the Court, that

---

[1] "**Final Order**" means an order entered by a court of competent jurisdiction, including the Court, that has not been reversed, vacated or remanded for further action, and: (a) is not on Appeal; or (b) is on Appeal but is not subject to a stay of enforcement. "**Appeal**" means and will be construed broadly to include any appeal or motion for reconsideration of an entered order, or any other motion seeking to reverse, vacate, set aside, modify, or remand for further action, an entered order.

is reasonably acceptable to Barclays, authorizing payment to Barclays in full satisfaction of its claims against the Debtor and its assets; and

      3.    The Court shall retain jurisdiction to interpret and enforce this Stipulation.

AGREED TO BY:

Dated: January 3, 2022

Joel Moss, Esq.
Daniel H.R. Laguardia
SHEARMAN & STERLING, LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 616-1100
Facsimile: (415) 616-1199
Email: joel.moss@shearman.com
      daniel.laguardia@shearman.com

Jason D. Strabo
Kristin K. Going
MCDERMOTT WILL & EMERY LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone: (310) 788-4125
Facsimile: (310) 277-4730
Email: jstrabo@mwe.com
      kgoing@mwe.com

*Attorneys for Barclays Bank PLC*

/s/ David M. Goodrich
David M. Goodrich
Ryan W. Beall
WEILAND GOLDEN GOODRICH LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone 714-966-1000
Facsimile 714-966-1002
Email: dgoodrich@wgllp.com
      rbeall@wgllp.com
*Counsel for Debtor Western Community Energy*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**650 Town Center Drive, Suite 600**
**Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): Stipulation By And Between Western Community Energy And Barclays Bank Plc For Replacement Lien will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 7, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) January 7, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott H. Yun
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

Western Community Energy
3390 University Avenue, Suite 200
Riverside, CA 92501-3314

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 7, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/7/2022 | Gloria Estrada | *Gloria Estrada* /s/ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Abram Feuerstein    abram.s.feuerstein@usdoj.gov
Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.courtdrive.com;gestrada@wgllp.com
Seth Goldman    seth.goldman@mto.com
David M Goodrich    dgoodrich@wgllp.com, kadele@wgllp.com;lbracken@wgllp.com;wggllp@ecf.courtdrive.com;gestrada@wgllp.com
Everett L Green    everett.l.green@usdoj.gov
Anna Gumport    agumport@sidley.com, laefilingnotice@sidley.com;anna-gumport-6608@ecf.pacerpro.com
Chad V Haes    chaes@marshackhays.com, chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;kfrederick@ecf.courtdrive.com
Brian D Huben    hubenb@ballardspahr.com, carolod@ballardspahr.com;rev_jarushewskyj@ballardspahr.com
Mark T Jessee    jesseelaw@aol.com, marktjessee@gmail.com
Lindsey E Kress    lkress@lockelord.com, hayli.holmes@lockelord.com
Peter W Lianides    plianides@wghlawyers.com, jmartinez@wghlawyers.com;mweinberg@wghlawyers.com
Richard A Marshack    rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com
Ali Matin    ali.matin@usdoj.gov, carolyn.k.howland@usdoj.gov
David L. Neale    dln@lnbyg.com
Valerie Bantner Peo    vbantnerpeo@buchalter.com
Cameron C Ridley    Cameron.Ridley@usdoj.gov
Bradley R Schneider    bradley.schneider@mto.com
Clifford W Stevens    dsupnet@neumiller.com
Jason D Strabo    jstrabo@mwe.com, cgreer@mwe.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Joseph M VanLeuven    joevanleuven@dwt.com, katherinehardee@dwt.com;pdxdocket@dwt.com
Marc J Winthrop    mwinthrop@wghlawyers.com, jmartinez@wghlawyers.com
Robert J Wood    robert.wood@rivercitybank.com
Nahal Zarnighian    zarnighiann@ballardspahr.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**