1   **WEILAND GOLDEN GOODRICH LLP**
    David M. Goodrich, State Bar No. 208675
2   dgoodrich@wgllp.com
    Ryan W. Beall, State Bar No. 313774
3   rbeall@wgllp.com
    650 Town Center Drive, Suite 600
4   Costa Mesa, California 92626
    Telephone    714-966-1000
5   Facsimile    714-966-1002

6   Counsel for Debtor
    Western Community Energy
7

8                **UNITED STATES BANKRUPTCY COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

10                      **RIVERSIDE DIVISION**

11  In re                              Case No. 6:21-bk-12821-SY

12  WESTERN COMMUNITY ENERGY,          Chapter 9

13              Debtor.                **PLAN FOR THE ADJUSTMENT OF
                                       DEBTS OF WESTERN COMMUNITY
14                                     ENERGY**

15                                     Hearing Date, Time and Location:
                                       Date:    April 28, 2022
16                                     Time:    1:30 p.m.
                                       Ctrm:    302
17

18

19

20

21

22

23

24

25

26

27

28

1352617.1                             PLAN FOR THE ADJUSTMENT OF DEBTS

*(sidebar, vertical text)* Weiland Golden Goodrich LLP / 650 Town Center Drive, Suite 600 / Costa Mesa, California 92626 / Tel 714-966-1000  Fax 714-966-1002

# <u>TABLE OF CONTENTS</u>

<div align="right"><u>Page</u></div>

I.  DEFINITIONS, INTERPRETATION AND RULES OF CONSTRUCTION .............2

    A.  Definition ........................................................................2

    B.  Rules of Construction ..............................................................9

II.  CLASSIFICATION AND TREATMENT OF CLAIMS UNDER THE PLAN ...........10

    A.  General Overview.................................................................10

    B.  Treatment and Deadline for the Assertion of Administrative
        Claims and Professional Claims......................................................10

        1.  Treatment of Administrative Claims................................10

        2.  Treatment of Professional Claims...................................11

        3.  Priority Claims in Chapter 9.......................................11

        4.  Deadline for the Filing and Assertion of Postpetition
            Claims, Administrative Claims, and Professional Claims...............11

    C.  Classified Claims................................................................12

    D.  Treatment of Claims .............................................................12

        1.  Class 1 – Secured Claims.........................................12

        2.  Class 2 – General Unsecured Claims..............................12

        3.  Class 3 – Subordinated Claims ....................................14

III.  ACCEPTANCE OR REJECTION ........................................................15

    A.  Voting of Claims ................................................................15

IV.  TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES .....15

    A.  Rejection of Executory Contracts and Unexpired Leases .......................15

    B.  Cure Payments..................................................................15

    C.  Assumption of Executory Contracts and Unexpired Leases.....................16

    D.  Claims Arising from Rejection ...................................................16

V.  IMPLEMENTATION AND MEANS FOR IMPLEMENTATION OF THIS PLAN ....16

    A.  Consent Pursuant to Section 904................................................16

    B.  Means for Execution and Implementation of Plan ....................................17

<div style="text-align: left; font-size: smaller;">Weiland Golden Goodrich LLP<br>650 Town Center Drive, Suite 600<br>Costa Mesa, California 92626<br>Tel 714-966-1000   Fax 714-966-1002</div>

1352617.1

<div align="center">i</div>

PLAN FOR THE ADJUSTMENT OF DEBTS

## TABLE OF CONTENTS (cont.)

**Page**

VI.   RESERVATION OF RIGHTS OF ACTION .......................................................18

VII.  DISTRIBUTIONS ...................................................................................18

    A.   Disbursing Agent ...........................................................................18

    B.   Delivery of Distributions..................................................................18

    C.   Undeliverable Distributions ..............................................................19

        1.   Holding of Undeliverable Distributions.............................................19

        2.   Notification and Forfeiture of Unclaimed Property ..........................19

    D.   Distribution of Cash .......................................................................19

    E.   Timeliness of Payments ..................................................................19

    F.   Default and Cure ...........................................................................20

    G.   Compliance with Tax Requirements...................................................20

    H.   Time Bar to Cash Payments.............................................................21

    I.   No De Minimis Distributions.............................................................21

    J.   No Distributions on Account of Disputed Claims or Disallowed
        Claims .........................................................................................21

    K.   No Post-Petition Date Accrual ..........................................................22

VIII. DISPUTED CLAIMS OBJECTIONS TO CLAIMS; PROSECUTION OF
     OBJECTIONS TO DISPUTED CLAIMS................................................22

    A.   Claim Objection Deadline................................................................22

    B.   Reserves, Payments and Distributions with Respect to
        Disputed Claims ............................................................................22

    C.   Newly Disputed Claims...................................................................23

IX.   EFFECT OF CONFIRMATION...............................................................23

    A.   Discharge of the Debtor...................................................................23

    B.   Injunction .....................................................................................24

    C.   Term of Existing Injunctions or Stays .................................................25

    D.   Exculpation...................................................................................25

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## TABLE OF CONTENTS (cont.)

**Page**

E.    Good Faith Compromise ............................................................26

X.    RETENTION OF AND CONSENT TO JURISDICTION ......................................26

XI.    CONDITIONS PRECEDENT..............................................................28

A.    Condition Precedent to Confirmation...........................................28

B.    Conditions Precedent to Effective Date.......................................28

C.    Waiver of Conditions Precedent to Effective Date.........................29

D.    Effect of Failure of Conditions ...................................................29

E.    No Admission of Liability ............................................................30

XII.    MISCELLANEOUS PROVISIONS .........................................................30

A.    Severability................................................................................30

B.    Governing Law ...........................................................................30

C.    Good Faith..................................................................................30

D.    Effectuating Documents and Further Transactions ......................31

E.    Acceleration of Payments............................................................31

F.    Delivery of Notices .....................................................................31

G.    Notice of Effective Date..............................................................31

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

# TABLE OF AUTHORITIES

**Page(s)**

## Statutes

11 U.S.C. § 101(10) ............................................................................................................ 4

11 U.S.C. § 101(5) .............................................................................................................. 4

11 U.S.C. § 102 ................................................................................................................ 10

11 U.S.C. § 105 ................................................................................................................ 25

11 U.S.C. § 109(c) ............................................................................................................. 5

11 U.S.C. § 362 ................................................................................................................ 25

11 U.S.C. § 365 ................................................................................................................ 15

11 U.S.C. § 501 .................................................................................................................. 2

11 U.S.C. § 502(c) .............................................................................................................. 2

11 U.S.C. § 503(b) ......................................................................................................... 2, 11

11 U.S.C. § 506(a) .............................................................................................................. 9

11 U.S.C. § 507(a)(2) ..................................................................................................... 2, 11

11 U.S.C. § 510(c) ............................................................................................................ 14

11 U.S.C. § 553 .................................................................................................................. 9

11 U.S.C. § 901 ..................................................................................................... 11, 12, 17

11 U.S.C. § 904 ................................................................................................................ 16

11 U.S.C. § 922 ................................................................................................................ 25

11 U.S.C. § 941 .................................................................................................................. 2

11 U.S.C. § 943 .................................................................................................................. 4

11 U.S.C. § 943(b) ............................................................................................................ 28

11 U.S.C. § 943(b)(3) ........................................................................................................ 11

11 U.S.C. § 943(b)(6) ........................................................................................................ 28

11 U.S.C. § 944 ........................................................................................................... 18, 23

11 U.S.C. § 945 ................................................................................................................ 26

11 U.S.C. § 1101(2) .......................................................................................................... 24

# TABLE OF AUTHORITIES (cont.)

**Page(s)**

11 U.S.C. § 1122 ........................................................................................... 12

11 U.S.C. § 1123(a) .......................................................................................... 4

11 U.S.C. § 1123(a)(1) .................................................................................... 12

11 U.S.C. § 1123(a)(5)(D) ............................................................................... 17

11 U.S.C. § 1124 .............................................................................................. 6

11 U.S.C. § 1125 .............................................................................................. 5

11 U.S.C. § 1129(b) ........................................................................................ 15

11 U.S.C. § 1142(b) ........................................................................................ 27

**Rules**

Fed. R. Bankr. P. 9006(a) ............................................................................... 10

Fed. R. Bankr. P. 8002 ..................................................................................... 6

1    Western Community Energy (the "**Debtor**" or "**WCE**"), a joint power authority and

2    debtor under chapter 9 of the Bankruptcy Code, hereby proposes the following Plan for

3    the Adjustment of Debts (the "**Plan**") pursuant to section 941 of the Bankruptcy Code.[1]

4    Please refer to the accompanying Disclosure Statement for a discussion of the

5    Debtor's history, operations, and financial condition, and for a summary and analysis of

6    this Plan and other important information. The Debtor encourages you to read this Plan

7    and the Disclosure Statement in their entirety before voting to accept or reject this Plan.

8    No other materials other than the Disclosure Statement and the associated Exhibits have

9    been approved for use in soliciting acceptance or rejections of this Plan.

10   **I.**    **DEFINITIONS, INTERPRETATION AND RULES OF CONSTRUCTION**

11          **A.**    **Definition**

12               1.    <u>Administrative Claim</u> means a claim allowed under section 503(b) and

13                       entitled to priority under section 507(a)(2) to the extent made

14                       applicable in Chapter 9[2].

15               2.    <u>Allowed</u> means a Claim that:

16                    a.    Is asserted in a proof of Claim filed in compliance with section

17                             501 and any applicable order of the Bankruptcy Court and as

18                             to which (i) no objection has been filed within the deadline

19                             established pursuant to Section VIII.A., (ii) the Bankruptcy

20                             Court has entered a Final Order allowing all or a portion of

21                             such Claim (but only to the extent allowed), or (iii) the

22                             Bankruptcy Court has entered a Final Order under section

23                             502(c) estimating the amount of the Claim for purposes of

24                             allowance;

25   _____

26    [1] The definitions of capitalized terms used throughout this Plan are set forth in Section I.A.

27    [2] The Debtor does not believe there are any Administrative Claims applicable in Chapter 9, but
      Administrative Claims are defined and included in the Plan in the event that the Court finds that
28    Administrative Claims exist against the Debtor.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

b. Is subject to a stipulation between the Debtor and the holder of such Claim providing for the allowance of such Claim; or

c. Is a Professional Claim.

3. <u>Ballot</u> means the ballot(s), in the form(s) approved by the Bankruptcy Court in the Plan Solicitation Order accompanying the Disclosure Statement and provided to each holder of a Claim entitled to vote or accept or reject this Plan.

4. <u>Bankruptcy Code</u> means title 11 of the United States Code. Unless otherwise indicated, references in this Plan to "section _____" are to the specifically identified section of the Bankruptcy Code.

5. <u>Bankruptcy Court</u> means the United States Bankruptcy Court for the Central District of California, Riverside Division, or such other court that lawfully exercises jurisdiction over the Chapter 9 Case.

6. <u>Bankruptcy Rules</u> means the Federal Rules of Bankruptcy Procedure. Unless otherwise indicated, references to "Bankruptcy Rules _____" are to the specifically identified rule of the Federal Rules of Bankruptcy Procedure.

7. <u>Bar Date</u> means the applicable date by which a particular proof of Claim must be filed, as established by this Plan or the Bankruptcy Court.

8. <u>Business Day</u> means a day other than a Saturday, a Sunday, or any other day on which banking institutions in Los Angeles, California, are required or authorized to close by law or executive order.

9. <u>CAISO</u> means the California Independent System Operator

10. <u>Cash</u> means cash and cash equivalents, including, without limitation, withdrawable bank deposits, wire transfers, checks, and other similar items.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

11. Chapter 9 Case means the case under chapter 9 of the Bankruptcy Code commenced by the Debtor and styled as *In re Western Community Energy*, Case no. 6:21-bk-12821-SY, currently pending in the Bankruptcy Court.

12. Claim has the meaning set forth in section 101(5).

13. Claimant means a person or entity with a Claim.

14. Class means any group of Claims classified herein pursuant to section 1123(a).

15. Confirmation Date means the date on which the Bankruptcy Court enters the Confirmation Order.

16. Confirmation Hearing means the hearing to be conducted by the Bankruptcy Court regarding confirmation of this Plan, as such hearing may be adjourned, reconvened or continued from time to time.

17. Confirmation Order means the order of the Bankruptcy Court confirming this Plan pursuant to section 943.

18. CPUC means the California Public Utilities Commission.

19. Creditor means an entity within the meaning of section § 101(10).

20. Debtor means Western Community Energy, a joint power authority and debtor in the Chapter 9 Case.

21. Debtor's Accounts means the following accounts: (1) Lockbox Account located at River City Bank ending in 6448, (2) Operating Account located at River City Bank ending in 9572, (3) Flow Account located at River City Bank ending in 2612, and (4) Reserve Account located at River City Bank ending in 0785.

22. Disallowed means a Claim, or portion thereof, that: (i) has been disallowed by a Final Order of the Bankruptcy Court; (ii) has been listed by the Debtor in its list of creditors, as it may be amended from time to time, in the amount of $0.00 or an unknown amount, or as

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

contingent, disputed, or unliquidated, and as to which no proof of

claim has been filed by the applicable deadline or deemed timely

pursuant to any Final Order of the Bankruptcy Court; (iii) as to which

the holder thereof has agreed to be equal to $0.00 or to be

withdrawn, disallowed or expunged; or (iv) has not been listed in the

list of creditors and as to which no proof of claim has been filed by the

applicable deadline or deemed timely pursuant to a Final Order of the

Bankruptcy Court.

23.    Disclosure Statement means the disclosure statement, and all

Exhibits and Schedules incorporated therein, that relates to this Plan

and that is approved by the Bankruptcy Court pursuant to section

1125, as the same may be amended, modified or supplemented in

accordance with the Bankruptcy Code.

24.    Disputed Claim means any Claim or portion thereof that has not

become Allowed and that is not Disallowed. In the event that any part

of a Claim is disputed, except as otherwise provided in this Plan, such

Claim shall be deemed disputed in its entirety for purposes of

distribution under and voting on this Plan unless the Debtor in its sole

discretion agrees otherwise. Without limiting the foregoing, a Claim

that is the subject of a pending application, motion, complaint,

objection, or any other legal proceeding seeking to disallow, limit,

reduce, subordinate, or estimate such Claim shall be deemed to be

disputed.

25.    Effective Date means the first Business Day after the Confirmation

Date on which the conditions specified in Section XI.B of the Plan

have been satisfied or waived.

26.    Eligibility means the Debtor's eligibility to be a debtor under Chapter 9

of the Bankruptcy Code § 109(c) and all ancillary and related

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

pleadings, discovery, hearings, and actions as provided for in the

Court's order entered on September 28, 2021 (Dkt. No. 165).

27.    Exculpated Party means the Debtor as well as its predecessors,

successors, assigns and present and former affiliates and

subsidiaries, members, and each of their respective current and

former officers, directors, principals, employees, shareholders,

members (including ex officio members), partners, agents, financial

advisors, attorneys, accountants, investment bankers, investment

advisors, consultants, representatives, and other professionals, and

any individual or entity claiming by or through any of them, as well as

each Partner and each Partner's predecessors, successors, assigns

and present and former affiliates and subsidiaries, and each of their

respective current and former officers, directors, principals,

employees, shareholders, members (including ex officio members),

partners, agents, financial advisors, attorneys, accountants,

investment bankers, investment advisors, consultants,

representatives, and other professionals, and any individual or entity

claiming by or through any of them.

28.    Final Order means an order to which (a) no timely appeal has been

filed challenging the order or, (b) if a timely appeal has been filed, no

order staying the effect of the order has been requested or entered. A

notice of appeal shall be deemed timely if filed within the time allotted

under Bankruptcy Rule 8002.

29.    General Unsecured Claim means any unsecured Claim *that is not* (i)

an Administrative Claim, (ii) a Professional Claim, (iii) a Secured

Claim, or (iv) a Post-Petition Claim.

30.    Impaired means a Claim that is impaired within the meaning of

section 1124.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

31.    <u>Joint Powers Agreement</u> means that certain agreement titled Joint Powers Agreement effective August 23, 2018 between the Partners.

32.    <u>Newly Disputed Claim</u> means the claims of the PPA Providers and PFM that the Debtor disputes as specified on the Amended List of Creditors.

33.    <u>Newly Disputed Claim Bar Date</u> means May 10, 2022, the date by which holders of a Newly Disputed Claim must file a proof of claim or else the holder of such Newly Disputed Claim will be barred from asserting the Newly Disputed Claim and the Newly Disputed Claim will be disallowed and not entitled to any distribution under the Plan.

34.    <u>Notice of Effective Date</u> shall have the meaning ascribed to such phrase in Section XII.G of the Plan.

35.    <u>Partner or Partners</u> means the parties to the Joint Powers Agreement; specifically the City of Canyon Lake, City of Eastvale, City of Hemet, City of Jurupa Valley, City of Norco, City of Perris, and City of Wildomar.

36.    <u>Petition Date</u> means May 24, 2021.

37.    <u>PFM</u> means Public Financial Management Group.

38.    <u>Pilot Power</u> means Pilot Power Group, Inc.

39.    <u>Plan</u> means this Plan for the Adjustment of Debts, together with all Exhibits hereto, each in their present form or as they may be altered, amended or modified from time to time in accordance with the provisions of this Plan, the Confirmation Order, the Bankruptcy Code, and the Bankruptcy Rules.

40.    <u>Plan Exhibits</u> means the pleading titled Exhibits to Plan for the Adjustment of Debts of Western Community Energy and Disclosure Statement Relating Thereto. Unless otherwise stated, any reference

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

contained herein to an "Exhibit" refers to an exhibit appended to the Plan Exhibits.[3]

41.   Plan Solicitation Order means the order by which the Bankruptcy Court approved the Disclosure Statement as containing adequate information for the purpose of dissemination and solicitation of votes on and confirmation of this Plan and established certain rules, deadlines, and procedures for the solicitation of votes with respect to and the balloting of this Plan.

42.   Post-Petition Claim means any Claim asserted against the Debtor relating to a debt incurred by the Debtor after the Petition Date

43.   PPA Providers means Pioneer Community Energy, One Energy, Ohm Connect and Pacific Gas & Energy.

44.   Pre-Confirmation Date Claim means a Claim against the Debtor that arose prior to the Confirmation Date.

45.   Professional means each or any accountant, financial advisor, or attorney that has asserted a Professional Claim against the Debtor, including, but not limited to the following professionals: (1) Weiland Golden Goodrich LLP, (2) Best Best & Kreiger, and (3) Municipal Resource Group, LLC.

46.   Professional Claim means a Claim asserted by a Professional to be paid by the Plan in accordance with the requirements under Chapter 9 to payments to Professionals.

47.   RCB Claim means the three claims filed by River City Bank, Proofs of Claim 7-1, 8-2, and 9-1.

---

[3] The creditor lists attached may be updated and distributions will only be made on account of bona fide Claims and bona fide amounts.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

48.    <u>Rights of Action</u> means any rights, claims, or causes of action owned by, accruing to, or assigned to the Debtor pursuant to the Bankruptcy Code or pursuant to any contract, statute, or legal theory, including, without limitation, any rights to, claims, or cause of action for recovery under any policies of insurance issued to or on behalf of the Debtor.

49.    <u>River City Bank</u> means the banking institution titled River City Bank at which the Debtor's Accounts are located.

50.    <u>SCE</u> means Southern California Edison Company.

51.    <u>SCE Agreement</u> refers to the agreements entered into by and between SCE and the Debtor titled "Settlement Agreement and Release of Claims" and "Receivables Assignment Agreement" approved by the Court on February 15, 2022 (Dkt. No. 249).

52.    <u>Secured Claim</u> means a Claim that is secured, in whole or in part, (a) by a lien that is not void or otherwise subject to avoidance or subordination under the Bankruptcy Code or applicable non-bankruptcy law, or (b) as a result of rights of setoff under section 553, but in any event only to the extent of the value, determined in accordance with section 506(a), of the holder's interest in the Debtor's interest in property or to the extent of the amount subject to such setoff, as the case may be.

53.    <u>Unimpaired</u> means a Claim that is not Impaired.

54.    <u>WRCOG</u> means Western Riverside Council of Governments.

**B.    <u>Rules of Construction</u>**

The following rules of construction apply to this Plan: (a) unless otherwise specified, all references in this Plan to "Sections" and "Exhibits" are to the respective Sections in or Exhibits to this Plan, as the same may be amended or modified from time to time; (b) the headings in this Plan are for convenience of reference only and do not limit or otherwise affect the provisions of this Plan; (c) words denoting the singular number

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  include the plural number and vice versa; (d) the rules of construction set forth in Section

2  102 of the Bankruptcy Code apply; (e) in computing any period of time prescribed or

3  allowed by this Plan, the provisions of Bankruptcy Rule 9006(a) apply; and (f) the words

4  "herein," "hereof," "hereto," "hereunder," and others of similar import refer to this Plan as a

5  whole and not to any particular Section, subsection, or clause contained in this Plan.

6  **II.    CLASSIFICATION AND TREATMENT OF CLAIMS UNDER THE PLAN**

7       **A.    General Overview**

8       As required by the Bankruptcy Code, the Plan classifies Claims in various Classes

9  according to their right to priority. The Plan states whether each Class of Claims is

10  Impaired or Unimpaired. The Plan provides the treatment each Class will receive. In no

11  event shall any creditor receive more than the creditor's Allowed Claim, plus interest, to

12  the extent provided herein.

13       Unless otherwise expressly stated in the Plan or provided for by Court order, the

14  treatment of Allowed Claims under the Plan supersedes any agreements or rights the

15  holders of those Claims may have in or against the Debtor or its assets and is in full

16  satisfaction of the legal, equitable, and contractual rights of the holders of the Claims.

17       Unless the Plan provides otherwise, no distributions will be made and no rights

18  retained on account of any Claim that has not become an Allowed Claim.

19       The claims bar date in this case was October 1, 2021 [Dkt. 134].

20  **B.    Treatment and Deadline for the Assertion of Administrative Claims and**

21       **Professional Claims**

22       1.    **Treatment of Administrative Claims**

23       The Debtor does not believe there are any Administrative Claims applicable in

24  chapter 9, but Administrative Claims are defined and included in the Plan in the event that

25  the Court finds that Administrative Claims exist against the Debtor in which case such

26  Claims will be provided for as required by chapter 9.

27       In the event the Court finds that there are Allowed Administrative Claims against

28  the Debtor, except to the extent that the holder of an Allowed Administrative Claim agrees

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

to a different treatment, the Debtor shall pay to each holder of an Allowed Administrative Claim, in full satisfaction, release, and discharge of such Allowed Administrative Claim, Cash in an amount equal to such Allowed Administrative Claim on the later of (i) the Effective Date or (ii) the date on which such Claim becomes an Allowed Administrative Claim, or as soon thereafter as is practicable. The only entity that remains unpaid that asserts an Administrative Claim is Pilot Power which is discussed herein and in the Plan.

### 2.    Treatment of Professional Claims

Pursuant to section 943(b)(3), all amounts to be paid following the Effective Date for services or expenses in the Chapter 9 Case or incident to the Plan will be paid in full.

The Debtor estimates that there will be no Professional Claims as of the Effective Date, as all fees to persons for services or expenses in the case or incident to the Plan are paid in full as of the date of the hearing on Confirmation of the Plan. In the event a claimant asserts a Professional Claim, each claimant asserting a Professional Claim must present a final invoice to the Debtor on or before forty-five (45) days after the Effective Date.

The Debtor, in the ordinary course of its business, and without the requirement for Bankruptcy Court approval, may pay for professional services rendered and costs incurred following the Effective Date.

### 3.    Priority Claims in Chapter 9

The only priority claims incorporated into chapter 9 through section 901 are those allowed under section 503(b) and entitled to priority under section 507(a)(2). The treatment of all such Administrative Claims is set forth in Sections II.A and II.B. No other kinds of priority Claims set forth in section 507 are recognized in chapter 9 cases.

### 4.    Deadline for the Filing and Assertion of Postpetition Claims, Administrative Claims, and Professional Claims

**All proofs of Claim for Claims arising on or after the Petition Date, and requests for payment or any other means of preserving and obtaining payment of Administrative Claims that have not been paid, released, or otherwise settled, must**

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

1  **be filed with the Bankruptcy Court and served upon the Debtor no later than thirty**

2  **(30) days _before_ the date set for the Confirmation Hearing. This deadline does not**

3  **apply to requests for payment on a Professional Claim.** Any proof of Claim for Claims

4  arising on or after the Petition Date, or request for payment of an Administrative Claim or

5  a Professional Claim that is not timely filed will be forever barred and holders of such

6  Claims shall be barred from asserting such Claims in any manner against the Debtor.

7  **C.    Classified Claims**

8  Pursuant to sections 1122 and 1123(a)(1), made applicable to chapter 9 via section

9  901, all Claims other than Administrative Claims are classified for all purposes, including

10  voting, confirmation, and distribution pursuant to this Plan, as follows:

11  Class 1 – Secured Claims

12  Class 1A – SCE

13  Class 2 – General Unsecured Claims

14  Class 3 – Subordinated Claims

15  **D.    Treatment of Claims**

16  1.    **Class 1 – Secured Claims**

17  a.    Class 1A – SCE

18  Class 1A consists of the secured portion of the Claim asserted by SCE after the

19  SCE Agreement. SCE's Secured Claim is in the amount of $0, after payment of

20  $7,975,502.22 pursuant to the SCE Agreement.

21  (1)    Impairment and Voting

22  Class 1A is Unimpaired by the Plan since the treatment of this Class will not affect

23  the legal, equitable, or contractual rights of SCE. Accordingly, this Class is not entitled to

24  vote to accept or reject the Plan.

25  (2)    Treatment

26  SCE's Class 1A Claim is in the amount of $0 and will receive no distributions

27  through the Plan.

28  2.    **Class 2 – General Unsecured Claims**

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    Class 2 consists of the Claims listed in Exhibit 1 of the Plan Exhibits.

2                          a.    Impairment and Voting

3    Class 2 is Impaired by the Plan since the treatment of this Class will affect the

4    legal, equitable, or contractual rights of the holders of Allowed Class 2 Claims.

5    Accordingly, this Class is entitled to vote to accept or reject the Plan to the extent the

6    creditor has an Allowed Claim.

7                          b.    Treatment

8          In full satisfaction, release and discharge of the Class 2 Claims, holders of Allowed

9    Class 2 Claims shall receive a lump sum payment under the Plan on the Effective Date

10   equal to its pro rata share of $7,640,153.73, which represents the lump sum payment

11   made by the Debtor to Allowed Class 2 Claims on the Effective Date. Such an amount

12   represents approximately 33.72% of each Class 2 Claim. The Debtor will reserve an

13   amount sufficient to pay Pilot Power in full on behalf of its alleged Administrative Claim

14   and the pro rata amount of the alleged unsecured portion of the Pilot Claim. After

15   adjudication of Pilot Power's claim, the Debtor will distribute funds, if any, pro rata to

16   holders of Allowed Class 2 Claims after payment to Pilot Power. Additionally, the Debtor

17   will reserve $200,000.00 in the Debtor's Accounts to facilitate the implementation of the

18   Plan. After all miscellaneous expenses have been paid to implement the Plan, the Debtor

19   will distribute the remainder of the $200,000.00 in reserve funds pro rata to holders of an

20   Allowed Class 2 Claim.

21

22

23

24

25

26

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1352617.1                          13          PLAN FOR THE ADJUSTMENT OF DEBTS

| General Unsecured Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| 2 | General Unsecured Claims<br><br>Estimated total amount of claims: $24,125,375.51 | N | Y | General Unsecured Claims have been estimated at $24,125,375.51. The exact amount of Class 2 Allowed Claims will not be known until the claims process has been completed.<br><br>Each holder of an Allowed Class 2 Claim will receive a pro rata share of the Debtor's Cash in hand in the Debtor's Accounts after the payment of all Allowed Class 1 claims, Administrative Claims, Professional Claims, and all Allowed Priority Claims, if any exist, which are not classified.<br><br>The Debtor projects that General Unsecured Claims will receive at minimum 33.72% on the Effective Date from payments from the Debtor's Accounts plus additional funds after the adjudication of Pilot Power's claim and after miscellaneous payments to implement the Plan. |

### 3. **Class 3 – Subordinated Claims**

Class 3 consists of the subordinated claim of CPUC in the amount of

$1,529,666.40, which is subordinated as a penalty tax claim pursuant to section  510(c).

#### a. Impairment and Voting

Class 3 is Impaired by the Plan since the treatment of this Class will affect the

legal, equitable, or contractual rights of the holders of Class 3 Claims. Accordingly, this

Class is entitled to vote to accept or reject the Plan to the extent the creditor has an

Allowed Claim.

#### b. Treatment

Class 3 Claims are paid only in the event that all Class 2 Claims are paid in full.

The Debtor does not anticipate all Class 2 Claims to be paid in full. Therefore, in full

satisfaction, release and discharge of the Class 3 Claims, holders of Class 3 Claims shall

receive $0.

## III.    ACCEPTANCE OR REJECTION; CRAMDOWN

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1352617.1

PLAN FOR THE ADJUSTMENT OF DEBTS

### A.   Voting of Claims

Each holder of an Allowed Claim classified into Classes 2 and 3 shall be entitled to vote each such Claim to accept or reject this Plan.

With respect to any Class of Impaired Claims that fails to accept this Plan, the Debtor intends to request that the Bankruptcy Court nonetheless confirm this Plan pursuant to the so-called "cramdown" powers set forth in section 1129(b).

### IV.   TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### A.   Rejection of Executory Contracts and Unexpired Leases

On the Effective Date, all executory contracts and unexpired leases of the Debtor will be deemed rejected, as of the Effective Date, other than executory contracts and unexpired leases that were previously assumed, assumed and assigned, or rejected by final order of the Bankruptcy Court. The Confirmation Order will constitute an order approving the foregoing.

### B.   Cure Payments

The Debtor does not believe that any payments are required to cure any purported default or arrears under the executory contracts and unexpired leases the Debtor plans to assume through the Plan, as the Debtor does not intend to assume any executory contracts and unexpired leases. The Bankruptcy Court shall resolve all disputes regarding: (i) the amount of any cure payment to be made in connection with the assumption of any executory contract or unexpired lease; (ii) the ability of the Debtor to provide "adequate assurance of future performance" within the meaning of section 365 under the contract or lease to be assumed; and (iii) any other matter pertaining to such assumption and assignment. If any party to an executory contract or unexpired lease that is to be assumed by the Debtor asserts that the proposed cure payment is insufficient or some other performance is required to assume the subject executory contract or unexpired lease, such party shall file with the Bankruptcy Court and serve upon the Debtor a written statement and accompanying declaration in support thereof specifying the basis for its position and accounting for the purported amount owing under the subject

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    executory contract or unexpired lease not later than thirty (30) days **before** the

2    Confirmation Hearing. The failure to timely file and serve such a statement shall be

3    deemed to be a waiver of any and all objections to the proposed assumption, including,

4    without limitation, any objection pertaining to the adequacy of the proposed cure payment

5    or the adequate of the assurance of prompt cure and/or of future performance.

6         **C.    Assumption of Executory Contracts and Unexpired Leases**

7         Without the need to file any further motions, the Debtor does not elect to assume

8    any executory contracts and unexpired leases.

9         **D.    Claims Arising from Rejection**

10        Unless otherwise agreed by the Debtor and the counterparty or counterparties to

11   the subject executory contract or unexpired lease, proofs of Claim arising from the

12   rejection of executory contracts or unexpired leases must be filed with the Bankruptcy

13   Court and served on the Debtor no later than thirty (30) days after the Effective Date. The

14   failure to properly and timely assert a rejection damages Claim pursuant to this Section

15   IV.D. shall result in such Claim being forever barred and rendered unenforceable against

16   the Debtor or its assets, properties, or interests in property. Unless otherwise ordered by

17   the Bankruptcy Court, all such Claims that are timely filed as provided herein shall be

18   classified into <u>Class 2</u> (General Unsecured Claims) and treated accordingly.

19   **V.    IMPLEMENTATION AND MEANS FOR IMPLEMENTATION OF THIS PLAN**

20        **A.    Consent Pursuant to Section 904**

21        Pursuant to and for purposes of section 904, the Debtor consents to the entry of

22   the Confirmation Order on the terms and conditions set forth herein and to entry of any

23   further orders as necessary or required to implement the provisions of the Plan or any and

24   all related transactions. *Provided, however*, that, other than as set forth specifically herein,

25   the terms and provisions of this Plan are without prejudice to the rights of the Debtor

26   pursuant to section 904, and, other than as specifically set forth herein, shall not be

27   deemed to constitute the Debtor's consent to the Bankruptcy Court's interference with (i)

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1  any of the governmental powers of the Debtor; (ii) any of the property or revenues of the

2  Debtor; or (iii) the Debtor's use or enjoyment of any income-producing property.

3  **B.    Means for Execution and Implementation of Plan**

4  The Debtor shall make a distribution of $7,640,153.73 to Class 2 Creditors on the

5  Effective Date. Such an amount represents approximately 33.72% of Class 2 Claims.

6  Under the Plan, the Debtor shall be required to make Cash disbursements totaling

7  approximately $7,640,153.73 to the holders of Allowed Class 2 Claims in a lump sum

8  payment on the Effective Date.

9  Additionally, the Debtor intends to make two (2) additional distributions. The Debtor

10  is withholding $2,344,263.46, the full amount of the alleged administrative portion of the

11  Pilot Claim plus the pro rata amount of the alleged unsecured portion of the Pilot Claim,

12  pending adjudication of the Pilot Claim. If Pilot Power is ultimately not entitled to receive

13  the entire amount withheld, the remaining funds will be distributed to Allowed Class 2

14  Claims on a pro rata basis.

15  The Debtor is additionally withholding $200,000.00 to pay miscellaneous expenses

16  and other expenses relating to implementation of the Plan. After all such payments have

17  been made, the Debtor will distribute remaining funds on a pro rata basis to Allowed Class

18  2 Claims on a pro rata basis.

19  The Plan will be funded utilizing the Debtor's Cash on hand from the Debtor's

20  Accounts. The Debtor has no continuing customers and will be providing no post-petition

21  services. As a result, the Debtor has no other assets other than its Cash to fund the Plan.

22  As a result, the Debtor will distribute $7,640,153.73 on the Effective Date in

23  accordance with the Plan and will potentially make two additional distributions as

24  described above.

25  The Debtor intends to wind down its remaining operations and provide distribution

26  to holders of Allowed Claims pursuant to section 1123(a)(5)(D) as specifically

27  incorporated by section 901.

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    Pursuant to the Plan, the Debtor shall have approximately $7,640,153.73 in cash

2 on hand on the Effective Date. As none exist, Allowed Secured Claims and Allowed

3 Administrative Claims will be paid in full, along with Professional Claims, and creditors

4 holding Allowed Unsecured Claims will receive a distribution of at least 33.72% pending

5 additional distributions.

6 **VI.    RESERVATION OF RIGHTS OF ACTION**

7    All of the Debtor's claims, causes of action, rights of recovery, rights of offset, rights

8 of recoupment, rights to refunds, and similar rights shall be retained by the Debtor. The

9 failure to list in the Disclosure Statement any potential or existing Right of Action retained

10 by the Debtor is not intended to and shall not limit the rights of the Debtor to pursue any

11 such action. Unless a Right of Action is expressly waived, relinquished, released,

12 compromised, or settled (in this Plan or otherwise), the Debtor expressly reserves all

13 Rights of Action for later adjudication and, as a result, no preclusion doctrine, including the

14 doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel

15 (judicial, equitable, or otherwise), or laches, shall apply to such Rights of Action upon or

16 after the confirmation or consummation of this Plan or the Effective Date. In addition, the

17 Debtor expressly reserves the right to pursue or adopt against any other entity any claims

18 alleged in any lawsuit in which the Debtor is a defendant or an interested party.

19 **VII.    DISTRIBUTIONS**

20    **A.    Disbursing Agent**

21    On and after the Effective Date, the Debtor shall serve as disbursing agent for

22 payments to be made under this Plan in accordance with section 944. Notwithstanding,

23 the Debtor may retain one or more agents to perform or assist it in making distributions

24 pursuant to this Plan, which agents may serve without bond. The Debtor may provide

25 reasonable compensation to any such agent(s) without further notice or Bankruptcy Court

26 approval.

27    **B.    Delivery of Distributions**

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1352617.1

18    PLAN FOR THE ADJUSTMENT OF DEBTS

1  All distributions to any holder of an Allowed Claim shall be made at the address of

2  such holder as set forth in the books and records of the Debtor or its agents unless (i) the

3  holder has designated an alternate address for payment in a proof of Claim filed with

4  Bankruptcy Court or (ii) specifies an alternate address on its Ballot. Any and all

5  notifications of address changes and all address confirmations should be mailed to: Kelly

6  Adele at Weiland Golden Goodrich LLP, 650 Town Center Drive, Suite 600, Costa Mesa,

7  California 92626, or kadele@wgllp.com and rbeall@wgllp.com.

8  **C.    Undeliverable Distributions**

9  1.    **Holding of Undeliverable Distributions**

10  If any distribution to a holder of an Allowed Claim is returned to the Debtor or its

11  agent as undeliverable, no further distributions shall be made to such holder unless and

12  until the Debtor is notified in writing of such holder's then-current address. Unless and

13  until the Debtor is so notified, such distribution shall be deemed to be "Unclaimed

14  Property" and shall be set aside and held in a segregated account to be administered

15  pursuant to Section VII.C.2.

16  2.    **Notification and Forfeiture of Unclaimed Property**

17  Ninety (90) days after the issuance of the relevant check, all remaining Unclaimed

18  Property and accrued interest or dividends earned thereon will be remitted to and vest in

19  the Debtor. Additionally, such individuals and entities shall be deemed to have waived and

20  forfeited their right to any future payments under the Plan and such funds shall be

21  retained by the Debtor. Notwithstanding the non-payment of any forfeited Claims, such

22  Claims shall be deemed satisfied and discharged as if paid pursuant to the terms of the

23  Plan.

24  **D.    Distribution of Cash**

25  Any payment of Cash to be made by the Debtor or its agent pursuant to this Plan

26  shall be made by check drawn on a domestic bank or by wire transfer, at the sole option

27  of the Debtor.

28  **E.    Timeliness of Payments**

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    Any payments or distributions to be made pursuant to this Plan shall be deemed to

2  be timely made if made within fourteen (14) Business Days after the date(s) specified in

3  this Plan. Whenever any distribution to be made under this Plan is due on a day that is not

4  a Business Day, such distribution instead shall be made, without interest, on the

5  immediately succeeding Business Day, but shall be deemed to have been made on the

6  date due.

7    **F.    Default and Cure**

8    The following provision shall apply except as otherwise provided for in an

9  agreement between the Debtor and another party. In the event the Debtor fails to make

10  any payment required under this Plan in a timely manner, the affected creditors shall

11  serve the Debtor with a notice of default not later than thirty (30) days after the purported

12  default along with any documentation supporting the allegation of an alleged default. Not

13  later than sixty (60) days after receipt of the notice of default, the Debtor shall either (i)

14  cure the default or (ii) serve the affected creditor(s) with a statement and supporting

15  documentation contesting the allegation of default. In the event the Debtor contests an

16  alleged default, not later than five (5) Business Days after serving a response to a

17  purported default, the Debtor shall file a motion with the Bankruptcy Court requesting a

18  resolution of the dispute relating to the alleged default and set the motion for hearing on

19  the first available hearing date not sooner than fourteen (14) days after filing the motion. If

20  the Bankruptcy Court rules that the non-payment constitutes an event of default under the

21  Plan, the Debtor shall cure the purported default not later than five (5) Business Days

22  following the entry of a Final Order of the Bankruptcy Court adopting the finding with

23  respect to the purported default.

24    **G.    Compliance with Tax Requirements**

25    Any and all distributions pursuant to the Plan shall be subject to any applicable tax

26  withholding and reporting requirements imposed on it by any governmental unit. In

27  connection with each distribution which requires the filing of an information return (such as

28  Internal Revenue Service Form 1099 or 1042) or withholding, the Debtor shall file such

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  information return with the Internal Revenue Service and provide any required statements

2  in connection therewith to the recipients of such distribution, or effect any such withholding

3  and deposit all moneys so withheld to the extent required by law. With respect to any

4  entity from whom a tax identification number, certified tax identification number, or other

5  tax information is required by law to avoid withholding has not been received by the

6  Debtor at the time the Debtor is to be made, the Debtor, at its sole option, may withhold

7  the amount required and distribute the balance to such entity or the Debtor may decline to

8  make such distribution(s) until the information is received.

9      **H.    Time Bar to Cash Payments**

10         Checks issued by the Debtor on account of Allowed Claims will be null and void if

11  not negotiated with ninety (90) days from and after the date of issuance thereof. Requests

12  for reissuance of any check shall be submitted in writing to: Ryan W. Beall at Weiland

13  Golden Goodrich LLP, 650 Town Center Drive, Suite 600, Costa Mesa, California 92626,

14  or via email addressed to rbeall@wgllp.com. Any request for reissuance of an expired

15  check must be not later than one hundred and eighty (180) calendar days following the

16  initial issuance of the subject check. After such date, the amounts stated in the voided

17  check(s) shall be deemed forfeited and the Debtor shall retain such funds. Any amounts

18  forfeited pursuant to the preceding sentence shall be deemed paid to and received by the

19  subject claimant for purposes of calculating the amounts owing to such creditor under the

20  Plan.

21      **I.    No *De Minimis* Distributions**

22         No payment of less than ten dollars (US$10.00) will be made by the Debtor on

23  account of any Allowed Claim.

24      **J.    No Distributions on Account of Disputed Claims or Disallowed Claims**

25         Notwithstanding anything to the contrary in this Plan, no distributions shall be made

26  on account of any part of any Disputed Claim or Disallowed Claim unless and until such

27  Claim becomes an Allowed Claim and only to the extent such Claim constitutes an

28  Allowed Claim. Distributions made after the Effective Date with respect to Claims that

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  were not Allowed Claims as of the Effective Date, but are later determined to be Allowed

2  Claims, shall be deemed to have been made on time and in accordance with the terms of

3  the Plan.

4          If any distributions are made prior to the resolution of a dispute pertaining to a

5  Claim, the portion that would be payable on account of such Claim if such Claim was an

6  Allowed Claim, shall be held in a segregated bank account. If the Claim is subsequently

7  adjudicated to be an Allowed Claim, the segregated funds shall be distributed to the

8  holder of such Claim. Any interest accrued on account of the segregated funds shall be

9  paid to and retained by the Debtor.

10         **K.      No Post-Petition Date Accrual**

11         Unless otherwise specifically provided in the Plan, specifically agreed to by the

12  Debtor in writing, or allowed by order of the Bankruptcy Court, the Debtor will not be

13  required to pay to any holder of a Claim any interest, penalty or late charge accruing with

14  respect to such Claim on or after the Petition Date.

15  **VIII.    DISPUTED CLAIMS; OBJECTIONS TO CLAIMS; PROSECUTION OF**

16          **OBJECTIONS TO DISPUTED CLAIMS**

17          **A.      Claim Objection Deadline; Prosecution of Objections**

18          The Debtor shall have the right to object to the allowance of Claims filed with the

19  Bankruptcy Court with respect to which liability or allowance is disputed in whole or in

20  part. Unless otherwise ordered by the Bankruptcy Court, the Debtor shall file and serve

21  any such objections to Claims (whether by motion or commencement of an adversary

22  proceeding) by not later than one hundred and eighty (180) days after the Effective Date

23  (or, in the case of Claims properly filed after the Effective Date, by not later than one

24  hundred and eighty (180) days after the date of filing of such Claims).

25          **B.      Reserves, Payments and Distributions with Respect to Disputed**

26          **Claims**

27          At such time as a Disputed Claim becomes an Allowed Claim, in whole or in part,

28  the Debtor or its agent shall distribute to the holder thereof the distributions, if any, to

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  which such holder is then entitled under the Plan in the manner set forth in the Plan. Such

2  distributions, if any, shall be made as soon as practicable after the date that the order or

3  judgment of the Bankruptcy Court allowing such Claim becomes a Final Order, but in no

4  event more than sixty (60) days thereafter, unless otherwise provided in the Plan, order of

5  the Bankruptcy Court, or agreement between the Debtor and the subject Claim holder.

6  Unless otherwise specifically provided in the Plan or allowed by order of the Bankruptcy

7  Court, no interest will be paid on Disputed Claims that later become Allowed Claims.

8       The Debtor will reserve $ 2,329,696.56, an amount sufficient to pay the alleged

9  administrative portion of the claim in full Power as well as the pro rata share of its alleged

10  unsecured portion of the claim pending adjudication of the Debtor's objection to the claim

11  of Pilot Power. Any funds remaining after adjudication of such objection will be distributed

12  to holders of Allowed Class 2 Claims.

13       Additionally, the Debtor is withholding $200,000 to pay miscellaneous expenses

14  and other expenses relating to implementation of the Plan. After all such payments have

15  been made, the Debtor will distribute remaining funds on a pro rata basis to Allowed Class

16  2 Claims.

17       **C.    Newly Disputed Claims**

18       Holders of a Newly Disputed Claim must file proofs of claim by May 10, 2022, the

19  Newly Disputed Claims Bar Date, or the holder of such Newly Disputed Claim will be

20  barred from asserting the Newly Disputed Claim and the Newly Disputed Claim will be

21  disallowed and not entitled to any distribution under the Plan.

22       The Newly Disputed Claims are treated as disputed and not entitled to a

23  distribution under the Plan.

24  **IX.    EFFECT OF CONFIRMATION**

25       **A.    Discharge of the Debtor**

26       Pursuant to section 944, upon the substantial consummation of this Plan, the

27  Debtor shall be discharged from all debts (as defined in the Bankruptcy Code) of the

28  Debtor and Claims against the Debtor other than (i) any debt specifically and expressly

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

excepted from discharge by this Plan or the Confirmation Order and (ii) any debt owed to an entity that, before the confirmation of this Plan, had neither notice nor actual knowledge of the Chapter 9 Case. Substantial consummation, as defined in section 1101(2), shall mean: (1) a transfer of all or substantially all of the property proposed by the Plan to be transferred; (2) assumption by the Debtor or by any successor to the Debtor under the Plan of the business or of the management of all or substantially all of the property dealt with by the Plan; and (3) commencement of distributions under the Plan. Substantial consummation will occur upon the final of three distributions by the Debtor or after distributions have been made and no funds remain in the Debtor Accounts. Upon substantial consummation of the Plan, the Debtor shall file with the Court and serve upon all interested parties a notice of substantial consummation of the Plan.

The rights afforded in this Plan and the treatment of all holders of Claims, whether Impaired or Unimpaired, shall be in exchange for and in complete satisfaction, discharge and release of all Claims of any nature whatsoever arising on or before the Effective Date, known or unknown, including any interest accrued or expenses incurred thereon from and after the Petition Date, whether against the Debtor or any of its properties, assets or interests in property. Except as otherwise provided herein, upon the Effective Date, all Claims against the Debtor shall be deemed satisfied, discharged, and released in full, whether Impaired or Unimpaired.

**B.    Injunction**

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THIS PLAN, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD PRE-CONFIRMATION DATE CLAIMS SHALL BE PERMANENTLY ENJOINED FROM AND AFTER THE CONFIRMATION DATE FROM: (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND WITH RESPECT TO ANY SUCH PRE-CONFIRMATION DATE CLAIMS AGAINST THE DEBTOR OR ITS PROPERTY OR THE PARTNERS OR THEIR PROPERTY; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY**

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1 **JUDGMENT, AWARD, DECREE OR ORDER AGAINST THE DEBTOR OR ITS**

2 **PROPERTY OR THE PARTNERS OR THEIR PROPERTY WITH RESPECT TO SUCH**

3 **PRE-CONFIRMATION DATE CLAIMS; (III) CREATING, PERFECTING, OR**

4 **ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST THE DEBTOR**

5 **OR ITS PROPERTY OR THE PARTNERS OR THEIR PROPERTY; AND (IV)**

6 **ASSERTING ANY RIGHT OF SETOFF, SUBROGATION OR RECOUPMENT OF ANY**

7 **KIND AGAINST ANY OBLIGATION DUE TO THE DEBTOR OR THE PARTNERS WITH**

8 **RESPECT TO ANY SUCH PRE-CONFIRMATION DATE CLAIMS.**

9       **C.**    <u>**Term of Existing Injunctions or Stays**</u>

10       Unless otherwise provided, all injunctions or stays provided for in the Chapter 9

11 Case pursuant to sections 105, 362, or 922, or otherwise, and in existence on the

12 Confirmation Date, shall remain in full force and effect unless and until the Debtor

13 receives a discharge in accordance with Section XI.A.

14       **D.**    <u>**Exculpation**</u>

15       Each of the following is an Exculpated Party under this Plan: the Debtor as well as

16 its predecessors, successors, assigns and present and former affiliates and subsidiaries,

17 members, and each of their respective current and former officers, directors, principals,

18 employees, shareholders, members (including ex officio members), partners, agents,

19 financial advisors, attorneys, accountants, investment bankers, investment advisors,

20 consultants, representatives, and other professionals, and any individual or entity claiming

21 by or through any of them, as well as each Partner and each Partner's predecessors,

22 successors, assigns and present and former affiliates and subsidiaries, and each of their

23 respective current and former officers, directors, principals, employees, shareholders,

24 members (including ex officio members), partners, agents, financial advisors, attorneys,

25 accountants, investment bankers, investment advisors, consultants, representatives, and

26 other professionals, and any individual or entity claiming by or through any of them.

27       Except with respect to obligations specifically arising pursuant to or preserved in

28 the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is hereby

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  released and exculpated from, any Claim, obligation, cause of action or liability for any

2  Claim in connection with or arising prior to or on the Effective Date for any act taken in

3  connection with, or related to, (i) the administration of the Chapter 9 Case, (ii) the

4  negotiations, pursuit, confirmation, solicitation of votes for, consummation or

5  implementation of the Plan, (iii) the administration of the Plan or property to be distributed

6  under the Plan, (iv) any document, release, contract, or other instrument entered into in

7  connection with, or related to, the Plan, and/or (v) any other transaction contemplated by

8  or entered into in connection with the Plan or entered into during the administration of the

9  Chapter 9 Case; *provided*, *however*, that nothing shall be deemed to release or exculpate

10  any Exculpated Party for its willful misconduct or gross negligence. In all respects, each

11  Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with

12  respect to its duties and responsibilities pursuant to the Plan.

13  **E.    Good Faith Compromise**

14       In consideration for the distributions and other benefits provided under this Plan,

15  the provisions of this Plan, including, without limitation, the exculpation provision

16  contained in Section IX.D. of this Plan, constitute a good faith compromise and settlement

17  of all Claims, causes of action and/or controversies relating to the rights that a holder of a

18  Claim may have with respect to the Debtor, any distributions to be made pursuant to the

19  Plan on account of any such Claim, and any and all Claims and causes of action of any

20  party. The entry of the Confirmation Order constitutes the Bankruptcy Court's approval, as

21  of the Effective Date, of the compromise or settlement of all such Claims and/or

22  controversies and the Bankruptcy Court's finding that all such compromises or settlements

23  are in the best interests of the Debtor and the holders of Claims, and are fair, equitable,

24  and reasonable.

25  **X.    RETENTION OF AND CONSENT TO JURISDICTION**

26       Following the Effective Date, and in accordance with section 945, the Bankruptcy

27  Court shall retain and have exclusive jurisdiction over any matter arising under the

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  Bankruptcy Code and relating to the Debtor and/or arising in or related to the Chapter 9

2  Case or this Plan or the documents filed in support thereof, including, but not limited to:

3      1. The assumption, assumption and assignment, or rejection of any executory

4  contract or unexpired lease to which the Debtor is a party or with respect to which the

5  Debtor may be liable, and to hear, determine, and, if necessary, liquidate any Claims

6  arising therefrom;

7      2. The entry or orders as may be necessary or appropriate to implement or

8  consummate the provisions of this Plan, and all other contracts, settlement agreements,

9  instruments, releases, exculpations, and other agreements or documents related to this

10  Plan;

11      3. Any and all motions, adversary proceedings, applications, and contested or

12  litigated matters that may be pending on the Effective Date or that, pursuant to the Plan,

13  may be instituted by the Debtor after the Effective Date or that are instituted by any holder

14  of a Claim before or after the Effective Date concerning any matter based upon, arising

15  out of, or relating to the Chapter 9 Case, whether or not such action is initially filed in the

16  Bankruptcy Court or any other court, including, without limitation, the objection to the claim

17  of Pilot Power;

18      4. Distributions to holders of Allowed Claims pursuant to this Plan;

19      5. Any objections to Claims or to proofs of Claim filed, both before and after the

20  Effective Date, including any objections to the classification of any Claim, and motions to

21  allow, disallow, determine, liquidate, classify, estimate or establish the priority of or

22  secured or unsecured status of any Claim, in whole or in part;

23      6. The entry of orders as may be appropriate in the event the Confirmation Order is

24  for any reason stayed, revoked, modified, reversed or vacated;

25      7. The entry of orders in aid of execution of this Plan, to the extent authorized by

26  section 1142(b);

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

8. Modifications to this Plan, the cure of any defect or omission, or the reconciliation any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order;

9. Disputes or controversies arising in connection with or relating to this Plan or the Confirmation Order or the interpretation, implementation, or enforcement of this Plan or the Confirmation Order or the extent of any entity's obligations incurred in connection with, released, enjoined, or exculpated under this Plan or the Confirmation Order;

10. The issuance of injunctions, entry and implementation of other orders, or such other actions as may be necessary or appropriate to restrain interference by any entity with consummation or enforcement of this Plan;

11. Any other matters that may arise in connection with or are related to this Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document related to this Plan or the Disclosure Statement;

12. Any other matter for any purpose specified in the Confirmation Order that is not inconsistent with the Bankruptcy Code; and

13. Any and all disputes or controversies arising in connection with or relating to the terms or enforcement of any relevant agreements.

## XI.    CONDITIONS PRECEDENT

### A.    Condition Precedent to Confirmation

The Plan shall not be confirmed unless and until the following conditions precedent have been satisfied or waived: (1) the Plan satisfies the requirements of section 943(b), as applicable; (2) the Debtor has received any and all authorizations, consents, regulatory approvals, rulings, no-action letters, opinions, and documents that are necessary to implement the Plan and that are required by law, regulation or order, including, but not limited to, those required under section 943(b)(6); and (3) the Bankruptcy Court enters a Confirmation Order in a form and substance satisfactory to the Debtor.

### B.    Conditions Precedent to Effective Date

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  The Effective Date shall not occur and this Plan shall be of no force and effect

2  unless or until following conditions precedent have been satisfied or waived:

3  1.  **Confirmation Order**. The Confirmation Order shall have been

4  entered, shall be in full force and effect, and shall be a Final Order.

5  2.  **Plan Documents**. All agreements and instruments contemplated by,

6  or to be entered into pursuant to, this Plan shall be in form and substance acceptable to

7  the Debtor and shall have been duly and validly executed and delivered, or deemed

8  executed by the parties thereto, and all conditions to their effectiveness shall have been

9  satisfied or waived.

10  3.  **Timing**. The Effective Date shall occur on the first Business Day after

11  which the conditions set forth in Section XI.B are satisfied or waived.

12  **C.    Waiver of Conditions Precedent to Effective Date**

13  The Debtor may waive in whole or in part any condition to the Effective Date of this

14  Plan or the payment of any Claim on or as soon as practicable after the Effective Date.

15  Any such waiver of a condition may be affected at any time, without notice or leave or

16  order of the Bankruptcy Court and without any formal action, other than the filing of a

17  notice of such waiver with the Bankruptcy Court.

18  **D.    Effect of Failure of Conditions**

19  In the event that the conditions to the Effective Date of this Plan have not been

20  timely satisfied or waived, and upon notification submitted by the Debtor to the Bankruptcy

21  Court, (i) the Confirmation Order shall be vacated, (ii) no distributions under this Plan shall

22  be made, (iii) the Debtor and all holders of Claims shall be restored to the *status quo ante*

23  as of the day immediately preceding the Confirmation Date as though the Confirmation

24  Date never occurred, and (iv) all of the Debtor's obligations with respect to the Claims

25  shall remain unchanged and nothing contained herein shall be deemed to constitute a

26  waiver or release of any Claims by or against the Debtor or any other entity or to prejudice

27  in any manner the rights, remedies, or claims of the Debtor or any entity in any further

28  proceeding involving the Debtor.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1352617.1

29

PLAN FOR THE ADJUSTMENT OF DEBTS

**E.    No Admission of Liability**

The Plan constitutes a settlement and compromise between and among the Debtor and various parties. The Plan shall not be deemed an admission or concession with respect to any factual or legal contention, right, defense, or position taken by the Debtor.

**XII.    MISCELLANEOUS PROVISIONS**

**A.    Severability**

If any term or provision of this Plan is held by the Bankruptcy Court or any other court of competent jurisdiction to be invalid, void, or unenforceable, the Bankruptcy Court, in each such case at the election of and with the consent of the Debtor, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of this Plan shall remain in full force and effect and shall in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**B.    Governing Law**

Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties, and obligations arising under this Plan shall be governed by and construed and enforced in accordance with the laws of the State of California, without giving effect to principles of conflicts of laws.

**C.    Good Faith**

Confirmation of the Plan shall constitute a conclusive determination that: (a) the Plan, and all the transactions and settlements contemplated thereby, have been proposed in good faith and in compliance with all applicable provisions of the Bankruptcy Code and

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

the Bankruptcy Rules; and (b) the solicitation of acceptances or rejections of the Plan has

been in good faith and in compliance with all applicable provisions of the Plan, the

Bankruptcy Code, and the local bankruptcy rules, and, in each case, the Debtor has acted

in good faith in connection therewith.

**D.    Effectuating Documents and Further Transactions**

Each of the officials and employees of the Debtor is authorized to execute, deliver,

file, or record such contracts, instruments, releases, indentures, and other agreements or

documents and take such actions as may be necessary or appropriate to effectuate and

further evidence the terms and provisions of this Plan.

**E.    Acceleration of Payments**

The Debtor in its sole and absolute discretion may accelerate the payment(s) of

any or all of the payments required under the Plan without the need for further order of the

Bankruptcy Court. The accelerated payment of any Claim pursuant to this provision shall

not result in any pre-payment penalty or premium or any additional liability for the Debtor.

**F.    Delivery of Notices**

Unless otherwise provided herein, any and all notices required under this Plan shall

be delivered to counsel for the Debtor via email addressed to rbeall@wgllp.com and

dgoodrich@wgllp.com **and** by U.S. Mail, postage prepaid, addressed to:

> Western Community Energy
> c/o David M. Goodrich
> Weiland Golden Goodrich LLP
> 650 Town Center Drive, Suite 600
> Costa Mesa, California 92626

The Debtor may change the address for service of notices under the Plan at any

time by filing a notice of change of address with the Bankruptcy Court and serving the

same on all creditors and interested parties. Any notice that is not delivered in accordance

with this paragraph or as directed in any change of address notification for the Debtor

shall be deemed ineffective.

**G.    Notice of Effective Date**

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

On or before fourteen (14) days after occurrence of the Effective Date, the Debtor or its agent shall mail or cause to be mailed to all holders of Allowed Claims a notice that informs such holders of: (i) entry of the Confirmation Order; (ii) the occurrence of the Effective Date; (iii) the deadline for the filing of Claims arising from such rejection of any executory contract or unexpired lease; (iv) the deadline established under this Plan for the filing of Administrative Claims and/or Professional Claims; (v) the procedures for changing an address of record pursuant to Section IX.B.; and (vi) such other matters as the Debtor deems to be appropriate.

Dated: _____2022          WESTERN COMMUNITY ENERGY

                                By:    *[Signature to Follow]*_____
                                       Ted Hoffman
                                       Chairman of the Board of Directors
                                       for Western Community Energy

Dated: March 17, 2022           WEILAND GOLDEN GOODRICH LLP

                                By:    /s/ *David M. Goodrich*_____
                                       David M. Goodrich
                                       Attorneys for Debtor
                                       Western Community Energy

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600
Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): Plan For The Adjustment Of Debts Of Western Community Energy will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 17, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) March 17, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Trustee (RS)
3801 University Avenue, Suite 720
Riverside, CA 92501-3200

River City Bank
2485 Natomas Park Drvie
Riverside, CA 95833-2975

Securities and Exchange Commission
444 South Flower Street, Suite 900
Los Angeles, CA 90071

Southern California Edison
Energy Contract Management
2244 Walnut Grove Ave.
Rosemead, CA 91770-3714

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 17, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**SERVED BY OVERNIGHT MAIL**
Honorable Scott H. Yun
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/17/2022 | Gloria Estrada | *Gloria Estrada* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Abram Feuerstein    abram.s.feuerstein@usdoj.gov
Beth Gaschen    bgaschen@wgllp.com,
kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.courtdrive.com;gestrada@wgllp.com
Seth Goldman    seth.goldman@mto.com
David M Goodrich    dgoodrich@wgllp.com,
kadele@wgllp.com;lbracken@wgllp.com;wggllp@ecf.courtdrive.com;gestrada@wgllp.com
Everett L Green    everett.l.green@usdoj.gov
Anna Gumport    agumport@sidley.com, laefilingnotice@sidley.com;anna-gumport-6608@ecf.pacerpro.com
Chad V Haes    chaes@marshackhays.com,
chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;kfrederick@ecf.courtdrive.com
Brian D Huben    hubenb@ballardspahr.com, carolod@ballardspahr.com
Mark T Jessee    jesseelaw@aol.com, marktjessee@gmail.com
Lindsey E Kress    lkress@lockelord.com, hayli.holmes@lockelord.com
Peter W Lianides    plianides@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
Richard A Marshack    rmarshack@marshackhays.com,
lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com
Ali Matin    ali.matin@usdoj.gov, carolyn.k.howland@usdoj.gov
David L. Neale    dln@lnbyg.com
Valerie Bantner Peo    vbantnerpeo@buchalter.com
Cameron C Ridley    Cameron.Ridley@usdoj.gov
Bradley R Schneider    bradley.schneider@mto.com
Jason D Strabo    jstrabo@mwe.com, cgreer@mwe.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Joseph M VanLeuven    joevanleuven@dwt.com, katherinehardee@dwt.com;pdxdocket@dwt.com
Marc J Winthrop    mwinthrop@wghlawyers.com, jmartinez@wghlawyers.com
Robert J Wood    robert.wood@rivercitybank.com
Nahal Zarnighian    zarnighiann@ballardspahr.com

**SERVED BY UNITED STATES MAIL**:

Pilot Power Group, Inc.
Attn: Contract Administration
8910 University Center Lane, Suite
San Diego, CA 92122-1026
MAIL RETURNED 9/24/21

Pilot Power Group
AttN: Denis Vermette
8910 University Center Lane
San Diego, CA 92122-1026
MAIL RETURNED 03/10/21

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**