**WEILAND GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Counsel for Debtor
Western Community Energy

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:21-bk-12821-SY |
| WESTERN COMMUNITY ENERGY, | Chapter 9 |
| Debtor. | **MOTION FOR ENTRY OF AN ORDER: (1) APPROVING DISCLOSURE STATEMENT WITH RESPECT TO THE PLAN FOR THE ADJUSTMENT OF DEBTS OF WESTERN COMMUNITY ENERGY; (2) AUTHORIZING THE SOLICITATION OF VOTES ON THE PLAN FOR THE ADJUSTMENT OF DEBTS OF WESTERN COMMUNITY ENERGY; AND (3) SETTING CERTAIN CONFIRMATION PROCEDURES, MEMORANDUM OF POINTS AND AUTHORITIES, AND DECLARATION OF DAVID M. GOODRICH IN SUPPORT THEREOF** |
| | Hearing Date, Time and Location: |
| | Date:    April 28, 2022 |
| | Time:    1:30 p.m. |
| | Place:   3420 Twelfth Street |
| |          Courtroom 302 |
| |          Riverside, CA 92501 |

1354453.1                                                                                                        MOTION

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE, AND ALL OTHER INTERESTED PARTIES:**

Western Community Energy ("Debtor"), the chapter 9 debtor in the above-captioned bankruptcy case hereby moves for entry of an order approving the Disclosure Statement With Respect to the Plan for the Adjustment of Debts of Western Community Energy [Docket No. 257] ("Disclosure Statement") pursuant to 11 U.S.C. § 1125, authorizing the solicitation of votes on the Plan for the Adjustment of Debts of Western Community Energy [Docket No. 254] ("Plan"), and setting certain confirmation procedures. The Disclosure Statement describes and contains detailed information regarding the Debtor's assets and liabilities and the funding and implementation of the Plan. The Debtor submits that the Disclosure Statement contains "adequate information" pursuant to 11 U.S.C. § 1125, that is, information that is reasonably practicable under the circumstances to enable creditors to make an informed judgment about the Plan. Accordingly, the Debtor requests that the Court approve the Disclosure Statement for dissemination.

The Debtor also requests that upon approval of the Disclosure Statement, the Court set a timeline for (i) soliciting votes on the Plan; (ii) submitting votes on the Plan; (iii) filing a brief in support of confirmation of the Plan; and (iv) filing any objections to the Plan. The District also requests that the Court set a confirmation hearing for the Plan.

I.  **FACTUAL BACKGROUND**

The Debtor filed a chapter 9 bankruptcy petition on May 24, 2021. On September 28, 2021, the Court entered its *Order for Relief Under Chapter 9 of the Bankruptcy Code* (Dkt. No. 165). The Court found that (i) notice of the Debtor's bankruptcy case was proper and adequate; (ii) the Debtor's evidence of its eligibility to be a debtor under section 109(c) was sufficient; (iii) the Debtor's petition met all of the applicable requirements under section 109(c); and (iv) cause existed for ordering relief under section 109(c). Based upon such findings, the Court ordered that relief is granted under chapter 9 for Debtor in

accordance with section 921(d). No party timely objected to the order for relief.  On March 17, 2022, the Debtor filed its Plan and Disclosure Statement.

## II. LEGAL ANALYSIS

### A. The Disclosure Statement Contains Adequate Information for Voters in Impaired Classes to Make an Informed Judgment Regarding the Plan

Pursuant to section 901, section 1125 is made applicable to cases filed under Chapter 9 of the Bankruptcy Code.  11 U.S.C. § 901.  Section 1125(b) provides, in pertinent part, that

> [a]n acceptance or rejection of a plan may not be solicited after the commencement of a case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information.

11 U.S.C. § 1125(b).  "Adequate information" is defined as

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan. . . .

11 U.S.C. § 1125(a)(1).  "'[T]he purpose of a disclosure statement is to inform equity holders and claimants, as fully as possible, about the probable financial results of acceptance or rejection of a particular plan. . . . [T]he information to be provided should be comprised of all of those factors presently known to the plan proponent that bear upon the success or failure of the proposals contained in the plan.'"  *In re City of Colorado Springs Spring Creek General Imp. Dist.*, 177 B.R. 684, 689 (Bankr. D. Colo. 1995), *quoting In re Stanley Hotel, Inc.*, 13 B.R. 926, 929 (Bankr. D. Colo. 1981).  Thus, a disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by creditors and interest holders, if applicable, to vote on a plan of reorganization.  *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994).

"'[T]he determination of what is adequate information is subjective and made on a case by case basis.  This determination is largely within the discretion of the bankruptcy

court.'" *Computer Task Group, Inc. v. Brotby (In re Brotby)*, 303 B.R. 177, 193 (9th Cir. BAP 2003), *quoting In re Texas Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988). This grant of discretion is intended to permit courts to tailor the disclosures made in connection with the solicitation of votes on a plan to facilitate the effective reorganizations of debtors in a broad range of businesses and circumstances. *See* H.R. Rep. 595, at 409 (1977); *see also Kirk v. Texaco, Inc.*, 82 B.R. 678, 682 (S.D.N.Y. 1988) (stating bankruptcy judges have a clear congressional mandate to exercise "broad discretion in their supervision of corporate reorganizations."). "[I]n determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information. . . ." 11 U.S.C. § 1125(a)(1).

      The Disclosure Statement contains adequate information for any impaired party to make an informed judgment about the Plan and, as such, should be approved. The Disclosure Statement provides salient background information, including the formation and operation of the Debtor, the administration of the case, and the Debtor's current liabilities and assets. With respect to the claims, the Disclosure Statement describes the classification and treatment of claims. The Disclosure Statement also describes the assumption and rejection of executory contracts and unexpired leases, and the procedure to assert claims arising from the rejection of any executory contracts and unexpired leases and treatment of any such claims. The Disclosure Statement also analyzes the Plan, describes how the Debtor will implement the Plan and explains why and how the Plan is superior to any available alternative(s). In addition, the Disclosure Statement contains relevant notices, cautionary statements, caveats, and information concerning, among other things, voting procedures and other important procedures, dates, and deadlines relating to the confirmation of the Plan.

      In sum, the Disclosure Statement represents the Debtor's good faith attempt to present all presently-known factors that bear upon the success or failure of the Plan and the Debtor's ability to perform under the Plan.

### B. The Proposed Form of Ballot

Federal Rule of Bankruptcy Procedure ("Rule") 3017(d) provides that ballots for accepting or rejecting a plan should conform substantially to the official ballot form. The Debtor proposes using the ballot referenced in the Plan and attached hereto as Exhibit "1." *See* Declaration of David M. Goodrich. The Ballot conforms in all material respects to the official ballot form. The Debtor requests the Court approve the form of the Ballot to be sent out with the solicitation package.

### C. Scheduling a Confirmation Hearing and Establishing Deadlines for Objecting to and Voting to Accept or Reject the Plan

Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c). Rules 2002(b) and 3020(b)(2) require the plan proponent (unless another party is designated ) to provide at least 28 days' notice by mail to all creditors and equity security holders of the time fixed for filing objections to and the hearing to consider confirmation of a plan of reorganization. Fed. R. Bankr. P. 2002(b), 3020(b)(2). However, Local Rule 3017-1 requires that a "hearing on a motion for approval of a disclosure statement must not be set on less than 42 days' notice, unless the court, for good cause shown, prescribes a shorter period." In turn, Rule 3020(b)(1) provides that, within a time specified by the court, parties must file any objections to confirmation of the subject plan with the court and serve any such objection on the plan proponent, any committee appointed under the Bankruptcy Code, and any other entity designated by the Bankruptcy Court. Fed. R. Bankr. P. 3020(b)(1).

As the Disclosure Statement contains adequate information, it should be approved for dissemination to creditors. At the hearing on this Motion, the Debtor requests that the Court set the deadline for service of the plan solicitation package, the deadline for voting to accept or reject the Plan, the deadline to object to confirmation, the deadline for the

1  Debtor to file its confirmation brief, and any other deadlines relating to the confirmation
2  process. The Debtor also requests that a hearing on the confirmation of the Plan be set.

3  **III.    CONCLUSION**

4      The Debtor requests that the Court enter an order: (i) approving the Disclosure
5  Statement as containing adequate information and approving it for dissemination; (ii)
6  approving the Ballot; (iii) setting deadlines relating to the confirmation process; (iv) setting
7  a confirmation hearing; and (v) granting such further and other relief as the Court deems
8  to be just and proper.

10 Dated: March 17, 2022        WEILAND GOLDEN GOODRICH LLP

12                            By: */s/ David M. Goodrich*
13                                DAVID M. GOODRICH
                                RYAN W. BEALL
14                                Counsel for Chapter 9 Debtor
                                Western Community Energy

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

## DECLARATION OF DAVID M. GOODRICH

I, David M. Goodrich, declare as follows:

1. I am a partner of the law firm of Weiland Golden Goodrich LLP, counsel for Western Community Energy ("Debtor"), the chapter 9 debtor in the bankruptcy case number 6:21-bk-12821-SY. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated, and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the *Motion for Entry of an Order: (1) Approving Disclosure Statement With Respect to the Plan for the Adjustment of Debts of Western Community Energy; (2) Authorizing the Solicitation of Votes on the Plan for the Adjustment of Debts of Western Community Energy; and (3) Setting Certain Confirmation Procedures* (the "Motion"). Any term not specifically defined herein shall have the meaning set forth in the Motion.

2. Debtor filed a chapter 9 bankruptcy on May 24, 2021. On September 28, 2021, the Court entered its *Order for Relief Under Chapter 9 of the Bankruptcy Code.* The Court found that (i) notice of the Debtor's bankruptcy case was proper and adequate; (ii) the Debtor's evidence of its eligibility to be a debtor under section 109(c) was sufficient; (iii) the Debtor's petition met all of the applicable requirements under section 109(c); and (iv) cause existed for ordering relief under section 109(c). Based upon such findings, the Court ordered that relief is granted under chapter 9 for Debtor in accordance with section 921(d). No party timely objected to the order for relief.

3. On March 17, 2022, the Debtor filed its Plan and Disclosure Statement.

4. Attached hereto as Exhibit "1" is the ballots referenced in the Plan to be sent to each class of creditors.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 17th day of March, 2022 at Costa Mesa, California.

                                                     */s/ David M. Goodrich*
                                                     David M. Goodrich

# EXHIBIT 1

**WEILAND GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Counsel for Debtor
Western Community Energy

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re | Case No. 6:21-bk-12821-SY |
| WESTERN COMMUNITY ENERGY, | Chapter 9 |
| Debtor. | **BALLOT FOR ACCEPTING OR REJECTING PLAN FOR THE ADJUSTMENT OF DEBTS OF WESTERN COMMUNITY ENERGY** |

Western Community Energy (the "Debtor") filed the Plan for the Adjustment of Debts of Western Community Energy (the "Plan") and the associated Disclosure Statement (the "Disclosure Statement") on March 17, 2022, in the above-captioned bankruptcy case (the "Bankruptcy Case"), pending before the Honorable Scott Y. Yun in the above referenced bankruptcy court (the "Court").

The Disclosure Statement provides information to assist you in deciding how to vote on the Plan. If you have not received a copy of the Disclosure Statement, you may obtain a copy from counsel for the Debtor by emailing David M. Goodrich at dgoodrich@wgllp.com or Ryan W. Beall at rbeall@wgllp.com. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

EXHIBIT 1    PAGE 8

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim under the Plan. By this ballot you will decide whether to accept or reject this Plan.

The Plan referred to in this ballot can be confirmed by the Court if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class voting on the Plan. If the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan provides fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11 U.S.C. §§ 943 and 1129(b). If the Plan is confirmed by the Court it will be binding on you whether or not you vote.

To complete the ballot, clearly mark the box for accepting or rejecting the Plan and insert the identifying information requested, and, thereafter, return the ballot by mail, email or facsimile as set forth in the ballot below.

# BALLOT FOR ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a claim in Class 1A of the Plan, in the amount of $_____,[1]

[ ] Accepts the Plan                    [ ] Rejects the Plan

Print or type name: _____

Signed: _____

If appropriate, by: _____ as _____

Address:    _____

            _____

Email:      _____

Phone:      _____

Return this ballot so it is received on or before 4:00 p.m. (Pacific Standard Time) on_____.  The ballot may be mailed to address below or it may be emailed to Kelly Adele at kadele@wgllp.com or it may be sent by facsimile to (714) 966-1002:

Kelly Adele
Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626

    If your ballot is not timely received, your vote may not count as either an acceptance or rejection of the Plan.

---

[1] The claim amount set forth herein will not prejudice the rights of the Debtor or any other party in interest from objecting.

3

EXHIBIT 1    PAGE 10

**WEILAND GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Counsel for Debtor
Western Community Energy

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:21-bk-12821-SY |
| WESTERN COMMUNITY ENERGY, | Chapter 9 |
| Debtor. | **BALLOT FOR ACCEPTING OR REJECTING PLAN FOR THE ADJUSTMENT OF DEBTS OF WESTERN COMMUNITY ENERGY** |

Western Community Energy (the "Debtor") filed the Plan for the Adjustment of Debts of Western Community Energy (the "Plan") and the associated Disclosure Statement (the "Disclosure Statement") on March 17, 2022, in the above-captioned bankruptcy case (the "Bankruptcy Case"), pending before the Honorable Scott Y. Yun in the above referenced bankruptcy court (the "Court").

The Disclosure Statement provides information to assist you in deciding how to vote on the Plan. If you have not received a copy of the Disclosure Statement, you may obtain a copy from counsel for the Debtor by emailing David M. Goodrich at dgoodrich@wgllp.com or Ryan W. Beall at rbeall@wgllp.com. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

EXHIBIT 1    PAGE 11

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim under the Plan. By this ballot you will decide whether to accept or reject this Plan.

The Plan referred to in this ballot can be confirmed by the Court if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class voting on the Plan. If the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan provides fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11 U.S.C. §§ 943 and 1129(b). If the Plan is confirmed by the Court it will be binding on you whether or not you vote.

To complete the ballot, clearly mark the box for accepting or rejecting the Plan and insert the identifying information requested, and, thereafter, return the ballot by mail, email or facsimile as set forth in the ballot below.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**BALLOT FOR ACCEPTANCE OR REJECTION OF THE PLAN**

The undersigned, the holder of a claim in Class 2 of the Plan, in the amount of $_____,[1]

[ ] Accepts the Plan                              [ ] Rejects the Plan

Print or type name: _____

Signed: _____

If appropriate, by: _____ as _____

Address:    _____

            _____

Email:      _____

Phone:      _____

Return this ballot so it is received on or before 4:00 p.m. (Pacific Standard Time) on_____.  The ballot may be mailed to address below or it may be emailed to Kelly Adele at kadele@wgllp.com or it may be sent by facsimile to (714) 966-1002:

Kelly Adele
Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626

    If your ballot is not timely received, your vote may not count as either an acceptance or rejection of the Plan.

---

[1] The claim amount set forth herein will not prejudice the rights of the Debtor or any other party in interest from objecting.

3

EXHIBIT 1    PAGE 13

**WEILAND GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Counsel for Debtor
Western Community Energy

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:21-bk-12821-SY |
| WESTERN COMMUNITY ENERGY, | Chapter 9 |
| Debtor. | **BALLOT FOR ACCEPTING OR REJECTING PLAN FOR THE ADJUSTMENT OF DEBTS OF WESTERN COMMUNITY ENERGY** |

   Western Community Energy (the "Debtor") filed the Plan for the Adjustment of Debts of Western Community Energy (the "Plan") and the associated Disclosure Statement (the "Disclosure Statement") on March 17, 2022, in the above-captioned bankruptcy case (the "Bankruptcy Case"), pending before the Honorable Scott Y. Yun in the above referenced bankruptcy court (the "Court").

   The Disclosure Statement provides information to assist you in deciding how to vote on the Plan. If you have not received a copy of the Disclosure Statement, you may obtain a copy from counsel for the Debtor by emailing David M. Goodrich at dgoodrich@wgllp.com or Ryan W. Beall at rbeall@wgllp.com. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

EXHIBIT 1    PAGE 14

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim under the Plan. By this ballot you will decide whether to accept or reject this Plan.

The Plan referred to in this ballot can be confirmed by the Court if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class voting on the Plan. If the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan provides fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11 U.S.C. §§ 943 and 1129(b). If the Plan is confirmed by the Court it will be binding on you whether or not you vote.

To complete the ballot, clearly mark the box for accepting or rejecting the Plan and insert the identifying information requested, and, thereafter, return the ballot by mail, email or facsimile as set forth in the ballot below.

# BALLOT FOR ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a claim in Class 3 of the Plan, in the amount of $_____,[1]

[ ] Accepts the Plan          [ ] Rejects the Plan

Print or type name: _____

Signed: _____

If appropriate, by: _____ as _____

Address:   _____

     _____

Email:    _____

Phone:    _____

Return this ballot so it is received on or before 4:00 p.m. (Pacific Standard Time) on_____.  The ballot may be mailed to address below or it may be emailed to Kelly Adele at kadele@wgllp.com or it may be sent by facsimile to (714) 966-1002:

Kelly Adele
Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626

   If your ballot is not timely received, your vote may not count as either an acceptance or rejection of the Plan.

---

[1] The claim amount set forth herein will not prejudice the rights of the Debtor or any other party in interest from objecting.

3

EXHIBIT 1    PAGE 16

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**650 Town Center Drive, Suite 600
Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): <u>Motion For Entry Of An Order: (1) Approving Disclosure Statement With Respect To The Plan For The Adjustment Of Debts Of Western Community Energy; (2) Authorizing The Solicitation Of Votes On The Plan For The Adjustment Of Debts Of Western Community Energy; And (3) Setting Certain Confirmation Procedures, Memorandum Of Points And Authorities, And Declaration Of David M. Goodrich In Support Thereof</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>March 17, 2022</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) <u>March 17, 2022</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

United States Trustee (RS)
3801 University Avenue, Suite 720
Riverside, CA 92501-3200

Securities and Exchange Commission
444 South Flower Street, Suite 900
Los Angeles, CA 90071

River City Bank
2485 Natomas Park Drvie
Riverside, CA 95833-2975

Southern California Edison
Energy Contract Management
2244 Walnut Grove Ave.
Rosemead, CA 91770-3714

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>March 17, 2022</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**SERVED BY OVERNIGHT MAIL**
Honorable Scott H. Yun
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/17/2022 | Gloria Estrada | *Gloria Estrada* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                           **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
- Abram Feuerstein    abram.s.feuerstein@usdoj.gov
- Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.courtdrive.com;gestrada@wgllp.com
- Seth Goldman    seth.goldman@mto.com
- David M Goodrich    dgoodrich@wgllp.com, kadele@wgllp.com;lbracken@wgllp.com;wggllp@ecf.courtdrive.com;gestrada@wgllp.com
- Everett L Green    everett.l.green@usdoj.gov
- Anna Gumport    agumport@sidley.com, laefilingnotice@sidley.com;anna-gumport-6608@ecf.pacerpro.com
- Chad V Haes    chaes@marshackhays.com, chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;kfrederick@ecf.courtdrive.com
- Brian D Huben    hubenb@ballardspahr.com, carolod@ballardspahr.com
- Mark T Jessee    jesseelaw@aol.com, marktjessee@gmail.com
- Lindsey E Kress    lkress@lockelord.com, hayli.holmes@lockelord.com
- Peter W Lianides    plianides@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Richard A Marshack    rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com
- Ali Matin    ali.matin@usdoj.gov, carolyn.k.howland@usdoj.gov
- David L. Neale    dln@lnbyg.com
- Valerie Bantner Peo    vbantnerpeo@buchalter.com
- Cameron C Ridley    Cameron.Ridley@usdoj.gov
- Bradley R Schneider    bradley.schneider@mto.com
- Jason D Strabo    jstrabo@mwe.com, cgreer@mwe.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- Joseph M VanLeuven    joevanleuven@dwt.com, katherinehardee@dwt.com;pdxdocket@dwt.com
- Marc J Winthrop    mwinthrop@wghlawyers.com, jmartinez@wghlawyers.com
- Robert J Wood    robert.wood@rivercitybank.com
- Nahal Zarnighian    zarnighiann@ballardspahr.com

**SERVED BY UNITED STATES MAIL**:

~~Pilot Power Group, Inc.~~
~~Attn: Contract Administration~~
~~8910 University Center Lane, Suite~~
~~San Diego, CA 92122-1026~~
MAIL RETURNED 9/24/21

~~Pilot Power Group~~
~~AttN: Denis Vermette~~
~~8910 University Center Lane~~
~~San Diego, CA 92122-1026~~
MAIL RETURNED 03/10/21

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE