1

**WEILAND GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675

2
dgoodrich@wgllp.com
Ryan W. Beall, State Bar No. 313774

3
rbeall@wgllp.com
650 Town Center Drive, Suite 600

4
Costa Mesa, California 92626
Telephone    714-966-1000

5
Facsimile     714-966-1002

6
Counsel for Debtor
Western Community Energy

7

8
# UNITED STATES BANKRUPTCY COURT

9
## CENTRAL DISTRICT OF CALIFORNIA

10
### RIVERSIDE DIVISION

11
In re                                              Case No. 6:21-bk-12821-SY

12
WESTERN COMMUNITY ENERGY,          Chapter 9

13
                         Debtor.

14
**FIRST AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE FIRST AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF WESTERN COMMUNITY ENERGY**

15

16
Hearing Date, Time and Location:
Date:   April 28, 2022

17
Time:   1:30 p.m.
Ctrm:   302

18

19

20

21

22

23

24

25

26

27

28

*Weiland Golden Goodrich LLP*
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  **CAVEAT: The Bankruptcy Court has not yet approved this disclosure statement**

2  **pursuant to section 1125(b) of the Bankruptcy Code, as applicable pursuant to**

3  **section 901(a) of the Bankruptcy Code, for use in the solicitation of vote with**

4  **respect to the *Plan of Adjustment of Debts* for Western Community Energy**

5  **described herein. Accordingly, the filing and distribution of this disclosure**

6  **statement is not intended and should not be construed as a solicitation of**

7  **acceptance or rejection of the plan of adjustment of debts described herein.**

8  [This caveat shall be removed prior to solicitation]

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# TABLE OF CONTENTS

**Page**

I.    SUMMARY ........................................................................................................3.

II.    INTRODUCTION..............................................................................................7

    A.    Plan of Adjustment Under Chapter 9.............................................................7

    B.    Purpose of the Disclosure Statement ...........................................................9

    C.    Summary of Entities Entitled to Vote to Accept or Reject the
        Plan and Certain Prerequisites to Confirming the Plan ..............................10

    D.    Summary of Voting Procedures, Balloting Deadline,
        Confirmation Hearing, and Other Dates, Deadlines, and
        Procedures ...................................................................................................11

        1.    Voting Procedures and Deadlines ..................................................11

        2.    Date of Confirmation Hearing and Deadline for
            Objecting to Confirmation of the Plan ............................................11

    E.    General Notices and Disclaimers ................................................................12

    F.    Additional Information..................................................................................12

III.    BACKGROUND INFORMATION ...................................................................13

    A.    The Debtor ...................................................................................................13

    B.    Events Precipitating Bankruptcy .................................................................13

IV.    COMMENCEMENT AND ADMINISTRATION OF THE CHAPTER 9 CASE........14

    A.    Commencement of the Chapter 9 Case and Entry of Order for
        Relief ...........................................................................................................14

    B.    Immediate Actions to Continue Servicing Customers..................................14

    C.    Disputes Relating to Claims Against the Debtor ........................................15

        1.    Southern California Edison and Barclays Bank PLC .....................15

        2.    Pilot Power ....................................................................................16

        3.    California Public Utilities Commission.............................................17

        4.    Disputed Claims – PPA Providers and PFM..................................17

    D.    Pending Litigation........................................................................................18

V.    THE DEBTOR'S LIABILITIES AND ASSETS.....................................................18

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1366410.1

i

1

## <u>TABLE OF CONTENTS (cont.)</u>

2
<u>Page</u>

3    A.    Liabilities...........................................................................................18

4        1.    Summary of Scheduled Claims ....................................18

5        2.    Proofs of Claim .............................................................19

6            a.    Pilot Power..........................................................20

7            b.    CPUC...................................................................20

8            c.    Newly Disputed Claims Bar Date .........................20

9        3.    Alterations to Liability under the Plan............................20

10            a.    Alteration of Claims.............................................20

11            b.    Disputed Claims ..................................................22

12        4.    Summary of Current Liabilities.......................................22

13        5.    Statement Regarding Liabilities......................................22

14    B.    Assets................................................................................................23

15        1.    Claims and Causes of Action Against Third Parties.......23

16            a.    Potential Claims and Causes of Action ...............23

17 VI.  SUMMARY OF THE PLAN OF ADJUSTMENT ..................................24

18    A.    Classification and Treatment of Claims ............................................25

19        1.    Unclassified Claims .......................................................25

20            a.    Administrative Expense Claims............................25

21            b.    Professional Claims .............................................25

22            c.    Deadline for the Filing and Assertion of
                    Postpetition Claims, Administrative Claims, and
23                  Professional Claims.............................................26

24        2.    Class 1 – Secured Claims ..............................................26

25            a.    Class 1A – SCE ...................................................26

26                (1)    Impairment and Voting ..............................26

27                (2)    Treatment..................................................26

28        3.    Class 2 – General Unsecured Claims..............................27

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## TABLE OF CONTENTS (cont.)

**Page**

a.    Impairment and Voting ........................................................27

b.    Treatment...........................................................................27

4.    Class 3 – Subordinated Claims ..............................................27

B.    Treatment of Executory Contracts and Unexpired Leases ........................28

1.    Generally ..............................................................................28

2.    Rejection of Executory Contracts and Unexpired Leases..............28

a.    Cure Payments ..................................................................28

b.    Adequate Assurance of Prompt Cure and Future
Performance ......................................................................29

c.    Claims Arising from Rejection ............................................29

C.    Means for Execution and Implementation of Plan ...................................30

D.    Distributions.......................................................................................31

1.    Disbursing Agent ..................................................................31

2.    Delivery of Distributions .......................................................31

3.    Undeliverable Distributions ...................................................31

4.    Distribution of Cash .............................................................32

5.    Timeliness of Payments.........................................................32

6.    Default and Cure...................................................................32

7.    Compliance with Tax Requirements .......................................33

8.    Time Bar to Cash Payments ..................................................33

9.    No De Minimis Distributions..................................................34

10.    No Distributions on Account of Disputed Claims.......................34

11.    No Post-Petition Date Accrual ...............................................34

E.    Disputed Claims .................................................................................35

1.    Claim Objection Deadline ......................................................35

2.    Reserves, Payments, and Distributions with Respect to
Disputed Claims....................................................................35

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1

## <u>TABLE OF CONTENTS (cont.)</u>

2                                                                          <u>Page</u>

3          3.    Newly Disputed Claims .................................................................36

4     F.   Continuing Jurisdiction of the Bankruptcy Court.........................................36

5 VII.   CONFIRMATION AND EFFECTIVE DATE OF THE PLAN .................................36

6     A.   Voting and Right to be Heard at Confirmation ............................................37

7          1.    Who May Support or Object to Confirmation of the
              Plan? .............................................................................................37

8          2.    Who May Vote to Accept or Reject the Plan ....................................37

9          3.    Votes Required to Confirm Plan .....................................................37

10    B.   The "Best Interests" Test ..............................................................................38

11    C.   Feasibility ....................................................................................................38

12    D.   Conditions Precedent ...................................................................................39

13         1.    Condition Precedent to Confirmation ..............................................39

14         2.    Conditions Precedent to Effective Date ...........................................40

15         3.    Non-Occurrence of Effective Date ...................................................40

16         4.    Waiver of Conditions Precedent to Effective Date ...........................40

17    E.   Effect of Confirmation ..................................................................................40

18         1.    Discharge of the Debtor...................................................................41

19         2.    Injunction ........................................................................................41

20         3.    Term of Existing Injunctions and Stays...........................................42

21         4.    Exculpation .....................................................................................42

22         5.    Good Faith Compromise..................................................................43

23 VIII.  RESERVATION OF RIGHTS OF ACTION .......................................................43

24 IX.    RISK FACTORS..............................................................................................44

25 X.     FEDERAL INCOME TAX CONSEQUENCES ....................................................44

26 XI.    RECOMMENDATION AND CONCLUSION .......................................................45

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1366410.1

FIRST AMENDED DISCLOSURE
STATEMENT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re City of Detroit, Mich.,*
  524 B.R. 147 (Bankr. E.D. Mich. 2014) ...................................................8

*In re City of Stockton, Cal.,*
  542 B.R. 261 (9th Cir. B.A.P. 2015) .......................................................8

*In re City of Vallejo,*
  2009 WL 9085533 (Bankr. E.D. Cal. 2009) ............................................8

*In re Financial Oversight and Management Board for Puerto Rico,*
  931 F.3d 111 (1st Cir. 2019) ..................................................................8

*In re Stockton, California,*
  499 B.R. 802 (Bankr. E.D. Cal. 2013) ....................................................8

**Statutes**

11 U.S.C. § 101(31)(D) ...............................................................................10

11 U.S.C. § 105 ...........................................................................................42

11 U.S.C. § 362 ...........................................................................................42

11 U.S.C. § 365 ...........................................................................................29

11 U.S.C. § 502 ...........................................................................................23

11 U.S.C. § 507(a)(8) ..................................................................................19

11 U.S.C. § 552 ...........................................................................................23

11 U.S.C. § 558 ...........................................................................................23

11 U.S.C. § 901 ...........................................................................................31

11 U.S.C. § 901(a) ........................................................................................2

11 U.S.C. § 901(a) ......................................................................................19

11 U.S.C. § 922 ...........................................................................................42

11 U.S.C. § 943(b) .......................................................................................39

11 U.S.C. § 943(b)(3) ..................................................................................25

11 U.S.C. § 943(b)(6) ..................................................................................40

11 U.S.C. § 943(b)(7) ..........................................................................8, 38, 39

1

## TABLE OF AUTHORITIES (cont.)

2
**Page(s)**

3  11 U.S.C. § 944 ................................................................................. 31, 41

4  11 U.S.C. § 1101(2) ................................................................................. 41

5  11 U.S.C. § 1123(a)(5)(D) ....................................................................... 31

6  11 U.S.C. § 1125 ....................................................................................... 7

7  11 U.S.C. § 1125(b) .................................................................................. 2

8  11 U.S.C. § 1129(a)(7) .............................................................................. 8

9  11 U.S.C. § 1129(b) ................................................................................. 10

10  11 U.S.C. § 1129(b)(1) ............................................................................ 39

11  11 U.S.C. § 1129(b)(2)(A) ....................................................................... 39

12  11 U.S.C. § 1129(b)(2)(B) ....................................................................... 39

13  **Other Authorities**

14  6 COLLIER ON BANKRUPTCY
15    ¶ 943.03[7][a] (16th ed. 2017) ............................................................. 8

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.    **SUMMARY**

The following section summarizes certain important aspects of the *Plan for the Adjustment of Debts* for Western Community Energy (the "Plan"). These matters are discussed further elsewhere in this Disclosure Statement with Respect to the Plan for the Adjustment of Debts for Western Community Energy (the "Disclosure Statement"). Capitalized terms are defined in the text of this Disclosure Statement as well as the Plan, and any capitalized term used but not defined in the Disclosure Statement shall have the meaning ascribed to such term in the Plan. Unless otherwise noted, all references to "section _____" refer to the specified section of the Bankruptcy Code.

**Please be aware** that the Disclosure Statement contains information that may be important to certain creditors or classes of creditors that is not set forth in this Summary and that such information may influence your decision regarding whether to accept or reject the Plan. Accordingly, please review the Disclosure Statement and Plan as well as the supporting documents in their entirety.

* * * *

Western Community Energy (the "**Debtor**" or "**WCE**") is a joint power authority pursuant to a Joint Powers Agreement effective August 23, 2018 between the City of Canyon Lake, City of Eastvale, City of Hemet, City of Jurupa Valley, City of Norco, City of Perris, and City of Wildomar, formed for the purpose of implementing a community choice aggregation program. The Debtor is a community choice aggregator formed for the purpose of delivering electrical services to customers.

On May 24, 2021, the Debtor filed a petition for relief under chapter 9 of the Bankruptcy Code, which initiated case number 6:21-bk-12821 ("**Chapter 9 Case**"). The United States Bankruptcy Court for the Central District of California, Riverside Division, the Honorable Scott H. Yun presiding, entered an order for relief in the Bankruptcy Case on September 28, 2021 [Dkt. No. 165]. The Chapter 9 Case is pending before the Bankruptcy Court.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

1366410.1

3

FIRST AMENDED DISCLOSURE
STATEMENT

1    The Plan proposed by the Debtor involves the repayment of WCE's obligations

2  under the Plan from all funds in its bank accounts – which is WCE's remaining asset.  The

3  Debtor anticipates an effective date of the Plan on June 1, 2022.

4    In the event the Debtor is unable to adjust its debts pursuant to the Plan, or any

5  amended or revised version thereof, the Debtor will be subjected to various collection

6  efforts of its creditors, including lawsuits and judgment, and creditors that "win" the race to

7  the courthouse will likely be paid in full ahead of other creditors. The Plan offers an orderly

8  distribution to all creditors of all of the Debtor's assets according to Claim priority and

9  without the need for costly, protracted litigation.

10    The following chart summarizes key information, including the proposed treatment

11  of the various Classes of Claims:

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

| | |
|---|---|
| **Debtor** | Western Community Energy, a joint power authority |
| **Bankruptcy Court** | United States Bankruptcy Court for the Central District of California, Riverside Division, The Honorable Scott H. Yun presiding. |
| **Plan** | Plan for the Adjustment of Debts of Western Community Energy |
| **Purpose of Disclosure Statement** | To provide information of a kind, and in sufficient detail, that would enable a typical holder of Claims in a class Impaired under the Plan to make an informed judgment with respect to voting on the Plan. |
| **Balloting Information** | Ballots have been provided with this Disclosure Statement to creditors known to have Claims that are Impaired under the Plan. *See* Exhibit 1.[1] |

---

[1] All exhibits referenced herein are attached to the Motion for Order Approving Adequacy of Disclosure Statement Relating to Plan for the Adjustment of Debts of Western Community Energy, Disclosure Statement Relating Thereto, and the Declarations of Andrew Ruiz in Support Thereof.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

|  |  |
|---|---|
| | Ballots must be received by the Ballot Tabulator no later than \_\_\_\_ a.m./p.m., Pacific Time, on _____ , 2022[2] |
| **Ballot Tabulator** | Kelly Adele, Weiland Golden Goodrich LLP, 650 Town Center Drive, Suite 600, Costa Mesa, California 92626; facsimile 714.966.1002; email kadele@wgllp.com |
| **Confirmation Hearing** | The Court shall hold a hearing regarding the confirmation of the Plan on _____ , 2022, commencing at \_\_\_\_ a.m./p.m. Pacific Time. |
| **Confirmation Objections** | Any objections to confirmation of the Plan must be set forth in writing and filed and served no later than _____ , 2022. |
| **Treatment of Claims** | If the Court confirms the Plan and the Plan becomes effective, Claims will be treated as follows: |
|     Administrative Claims | The Debtor does not believe there any Administrative Claims applicable in chapter 9, but in the event that the Court finds that there are Allowed Administrative Claims, Allowed Administrative Claims shall receive Cash in an amount equal to such Allowed Administrative Claim on the later of (i) the Effective Date, or (ii) the date on which such Claim becomes an Allowed Administrative Claim. |
|     Class 1 Secured Claims | Claims in Class 1 are separated into subclasses, which, in each instance, are treated as separate Classes under the Plan. |
|         Class 1A Southern California Edison | **Unimpaired**. Pursuant to the SCE Agreement (defined herein): (i) the Debtor paid funds to SCE, (ii) the Debtor assumed and assigned the Net Energy |

---

[2] The Debtor shall fill-in all missing information and incorporate all bracketed language contained herein prior to circulation of the final Disclosure Statement for solicitation.

Metering ("**NEM**") contracts to SCE, (iii) SCE shall receive an Allowed General Unsecured Claim in the amount of $16,138,192.04 (after reduction from funds received under the California Adjustment Payment Plan ("**CAPP**") program and collected accounts receivables). SCE's General Unsecured Claim will be provided for in Class 2 and its Secured Claim was satisfied in full through the SCE Agreement.

Class 2 General Unsecured Claims

**Impaired.** Holders of Allowed Class 2 Claims shall receive minimum of 39.86%[3] of their Allowed Class 2 Claims to be paid on the Effective Date according to each claimant's Claim amount as specified in Exhibit 1 to the Plan.

**Background Information**

See pages 13 to 18.

**Questions**

Please contact the Debtor's counsel, David M. Goodrich, Weiland Golden Goodrich LLP, 650 Town Center Drive, Suite 600, Costa Mesa, California, 92626 (telephone 714.966.1000; facsimile 714.966.1002; dgoodrich@wgllp.com), or Ryan W. Beall, Weiland Golden Goodrich LLP, 650 Town Center Drive, Suite 600, Costa Mesa, California, 92626 (telephone 714.966.1000; facsimile 714.966.1002; rbeall@wgllp.com).

**PLEASE NOTE**: To the extent there is any inconsistency between the Plan (including the Exhibits and any supplements to the Plan) and the description of the Plan in the Disclosure Statement, the terms of the Plan (including the Exhibits and any supplements to the Plan) will govern.

---

[3] Exact distribution amount is subject to small adjustments for events such as, for example, potential claims from Newly Disputed Creditors, determination of the CPUC Claim, and payment of miscellaneous expenses.

6

FIRST AMENDED DISCLOSURE STATEMENT

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## II.    **INTRODUCTION**

The Debtor filed a voluntary petition for relief under chapter 9 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California—thereby commencing the above-captioned bankruptcy case. On or about September 28, 2021, the Court entered an Order for Relief under chapter 9 of the Bankruptcy Code [Dkt. 165].  The Order for Relief rendered the Debtor eligible for chapter 9 relief.

The Debtor is the proponent of the Plan. During a hearing held on _____ , 2022, the Court found that the Disclosure Statement contains "adequate information" within the meaning of section 1125 and authorized the Debtor to transmit the Disclosure Statement and Plan to holders of Impaired Claims in connection with the solicitation of votes on the Plan. Attached to the Disclosure Statement is the declaration of Andrew Ruiz ("**Ruiz Declaration**").

As discussed below, the Debtor believes that adjusting its obligations pursuant to the Plan provides the best result for creditors. Without a Plan of Adjustment, there would be significant delay and/or reduced distributions to creditors, who would be forced to rush to the state and district court to assert their claims against the Debtor. Therefore, the confirmation of a Plan of Adjustment is beneficial to creditors, who will benefit from receiving payments on behalf of claims in an orderly fashion and according to their valid claims. Accordingly, the Debtor encourages creditors to vote to accept the Plan.

### A.    **Plan of Adjustment Under Chapter 9**

Chapter 9 of the Bankruptcy Code deals exclusively with municipalities, which includes joint power authorities. A municipal debtor retains the authority to conduct its business and manage its affairs in the ordinary course on a day-to-day basis without Bankruptcy Court approval. Therefore, chapter 9 offers an opportunity for a municipality such as the Debtor to propose a plan for adjustment of its debts. Court approval in a chapter 9 bankruptcy case is limited and required only for certain specific matters, including plan confirmation and various limited matters to which the Debtor consented to the Court's jurisdiction.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1   The filing of a chapter 9 bankruptcy petition gives rise to an automatic stay which

2   enjoins creditors from taking actions to collect or recover obligations owed by the

3   municipal debtor prior to the commencement of the chapter 9 case. In some cases, the

4   automatic stay prohibits creditors from taking actions to collect or recover obligations

5   owed by the municipal debtor after the commencement of the chapter 9 case, and prior to

6   confirmation of a Plan of Adjustment. *See In re Financial Oversight and Management*

7   *Board for Puerto Rico*, 931 F.3d 111 (1st Cir. 2019); *In re Stockton, California*, 499 B.R.

8   802 (Bankr. E.D. Cal. 2013); *In re City of Vallejo*, 2009 WL 9085533 (Bankr. E.D. Cal.

9   2009). The Bankruptcy Court can grant relief from the automatic stay under certain limited

10  conditions or for cause.

11  Chapter 9 bankruptcies differ significantly from chapter 11 bankruptcies including

12  the requirements for plan confirmation. Section 943(b)(7) requires that the proposed plan

13  is "in the best interests of creditors and is feasible." The "best interests of creditors" is not

14  defined for purposes of chapter 9. In chapter 11, the "best interests of creditors" requires

15  that a chapter 11 plan provides that creditors will receive at least as much under the

16  chapter 11 plan as they would if the debtor converted the case to chapter 7 and had its

17  estate liquidated.

18  In chapter 9, however, courts refuse to apply the same definition of "best interests

19  of creditors" because section 1129(a)(7) is not incorporated into chapter 9 and liquidation

20  cannot be compelled. *In re City of Stockton, Cal.*, 542 B.R. 261, 270 (9th Cir. B.A.P.

21  2015). Rather, the best interests of creditors test in a chapter 9 plan requires that the

22  debtor pay creditors more than they would if the case were dismissed, and each creditor

23  attempted to assert its rights in a nonbankruptcy forum. 6 COLLIER ON BANKRUPTCY

24  ¶ 943.03[7][a] (16th ed. 2017); *In re City of Detroit, Mich.*, 524 B.R. 147, 213 (Bankr. E.D.

25  Mich. 2014) ("Courts generally agree that the best interests of creditors test in § 943(b)(7)

26  requires 'that a proposed plan provide a better alternative for creditors than what they

27  already have.'") (citations omitted); *In re Stockton*, 542 B.R. at 283 ("By its terms, the 'best

28  interests' test in chapter 9 is collective rather than individualized, and that interpretation is

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    supported by the very context of Chapter 9."). A chapter 9 case cannot be converted to a

2    chapter 7 bankruptcy case, therefore the best interests of creditors is satisfied if the plan

3    pays creditors more than they would receive if the bankruptcy case was dismissed.

4          A chapter 9 plan divides creditors into classes and either leaves the rights of the

5    creditors unaltered (unimpaired) or changes the rights of the creditors, such as by paying

6    a reduced amount of the claim or paying over a longer period of time. Creditors whose

7    rights are changed (impaired) are entitled to vote to accept or reject the plan. Upon

8    confirmation, the rights afforded under the plan and the treatment of claims under the plan

9    will be binding and in complete satisfaction, discharge, and release of all claims by

10   creditors against the Debtor.

11         **B.      Purpose of the Disclosure Statement**

12         The Bankruptcy Code generally requires that the proponent of a plan of adjustment

13   prepare and file with the Bankruptcy Court a "disclosure statement" that provides

14   information of a kind and in sufficient detail that would enable a typical holder of claims in

15   a class impaired under the proposed plan to make an informed decision regarding

16   whether to accept or reject the plan. In accordance with this requirement, the within

17   Disclosure Statement provides information regarding the Plan and the treatment of Claims

18   thereunder. Parties in interest should read the Plan and Disclosure Statement as well as

19   all associated documents carefully and in their entirety in order to (a) determine how the

20   Plan will affect their Claims against the Debtor, (b) understand their rights (if any) as they

21   pertain to voting on the Plan, (c) understand their rights (if any) as they pertain to

22   objecting to confirmation of the Plan, and (d) determine how and when creditors may vote

23   to accept or reject the Plan.

24         The Disclosure Statement cannot and, therefore, does not provide creditors with

25   advice or inform creditors regarding all aspects of their rights. Holders of any Claims

26   against the Debtor are advised to consult with independent counsel and/or a financial

27   advisor to obtain advice regarding how the Plan will affect them and their Claims against

28   the Debtor and the best course of action to take with respect to the Plan.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1    This Disclosure Statement has been prepared in good faith and in compliance with
2    applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy
3    Procedure. Based upon currently available information, the Debtor believes that the
4    information contained in this Disclosure Statement is true and correct as of the date of its
5    filing. The Disclosure Statement cannot and does not reflect events that may occur after
6    March 17, 2022.

7    **C.    Summary of Entities Entitled to Vote to Accept or Reject the Plan and**
8    **Certain Prerequisites to Confirming the Plan**

9    Each holder of an Allowed Claim classified into Class 2 and Class 3 of the Plan
10   (collectively, the "Voting Classes") shall be entitled to vote each such Claim to accept or
11   reject the Plan.

12   The Bankruptcy Court may only confirm the Plan if at least one Class of Impaired
13   Claims has voted to accept the Plan (without counting the votes of any Insiders[4] whose
14   Claims are classified within that Class) and if certain statutory requirements are met as to
15   both non-consenting members within a consenting Class and as to any dissenting
16   Classes. A Class of Claims shall be deemed to have accepted the Plan if more than one-
17   half in number and at least two-thirds in amount of the Allowed Claims actually voting in
18   that Class vote in favor of the Plan.

19   In the event of a rejection of the Plan by any of the Voting Classes, the Debtor will
20   request that the Bankruptcy Court confirm the Plan in accordance with those portions of
21   section 1129(b) applicable to cases filed under chapter 9 of the Bankruptcy Code, which
22   provisions permit confirmation of the Plan notwithstanding the rejection thereof by an
23   Impaired Class through a process commonly known as "cramdown." In order to confirm
24   the Plan through "cramdown", the Court must find, among other things, that the Plan

25
26
27
28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

---

[4] As used in this Disclosure Statement, **"Insider"** shall have the meaning ascribed to such term in section 101(31)(D), as applicable to municipalities.

1 "does not discriminate unfairly" and is "fair and equitable" with respect to each rejecting

2 Class.

3     **D.**    **Summary of Voting Procedures, Balloting Deadline, Confirmation**

4     **Hearing, and Other Dates, Deadlines, and Procedures**

5         1.    **Voting Procedures and Deadlines**

6       The Debtor has provided copies of this Disclosure Statement, the Plan, and the

7 Ballot to all known holders of Impaired Claims in the Voting Classes. Holders of an

8 Allowed Claim in one or more of the Voting Classes may vote to accept or reject the Plan

9 by completing, executing, and returning the Ballot by the Balloting Deadline (defined

10 below) to the Ballot Tabulator—Kelly Adele, Weiland Golden Goodrich LLP, 650 Town

11 Center Drive, Suite 600, Costa Mesa, California 92626 (facsimile 714.966.1002; email

12 kadele@wgllp.com).

13      ***All Ballots, including Ballots transmitted by facsimile or email, must be***

14 ***completed, signed, returned to, and actually received by the Ballot Tabulator by not***

15 ***later than _____ , ____, at 4:00 p.m. Pacific Time (the "Balloting***

16 ***Deadline"). Unless expressly waived by the Debtor in its sole and absolute***

17 ***discretion, Ballots received after the Balloting Deadline, Ballots submitted directly***

18 ***to the Bankruptcy Court, and incomplete or illegible Ballots shall not be counted in***

19 ***connection with the confirmation of the Plan.***

20         2.    **Date of Confirmation Hearing and Deadline for Objecting to**

21             **Confirmation of the Plan**

22       The Bankruptcy Court shall hold a hearing to determine whether to confirm the

23 Plan on _____ , ____, at __:__ a.m./p.m. Pacific Time, in Courtroom

24 302 of the United States Bankruptcy Court located at 3420 Twelfth Street, Riverside,

25 California 95814, the Honorable Scott H. Yun presiding. The Confirmation Hearing may be

26 continued from time to time by pronouncement or order of the Bankruptcy Court with or

27 without further notice.

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    Any objections to confirmation of the Plan along with copies of any and all

2  supporting documents must be filed with the Bankruptcy Court and served on the

3  following entities or their counsel of record no later than _____ , _____ : (a)

4  the Bankruptcy Court, 3420 Twelfth Street, Suite 345, Riverside, California 95814; (b) the

5  Office of the United States Trustee, Suite 345, Riverside, California 92501; and (c)

6  Weiland Golden Goodrich LLP, 650 Town Center Drive, Suite 600, Costa Mesa,

7  California, 92626, Attention: David M. Goodrich. Please be aware that the Bankruptcy

8  Court may not consider any objections that are not timely filed and served.

9    **E.    General Notices and Disclaimers**

10    *No individual or entity may rely upon the Plan or Disclosure Statement or any of the*

11  *supporting documentation for any purpose other than to determine whether to vote to*

12  *accept or reject the Plan.* Nothing contained in such documents constitutes an admission

13  of any fact or liability by any party, nor shall such information or documentation be

14  admissible in any proceeding involving the Debtor or any other party, nor will this

15  Disclosure Statement be deemed evidence of the tax or other legal effects of the Plan on

16  holders of Claims in the Chapter 9 Case. This Disclosure Statement is not intended to be

17  a disclosure communication to the public capital markets and should not be relied upon by

18  investors.

19    No regulatory agency has approved or disapproved this Disclosure Statement, nor

20  has any such agency determined whether this Disclosure Statement is accurate, truthful,

21  or complete.

22    **F.    Additional Information**

23    If you have any questions about the procedures for voting on the Plan, desire an

24  additional copy of the Ballot, or seek further information about the dates and deadlines

25  applicable to the confirmation of the Plan, please contact counsel for the Debtor via email

26  at the following addresses: David M. Goodrich at dgoodrich@wgllp.com and Ryan W.

27  Beall at rbeall@wgllp.com. Any party represented by counsel is directed to submit any

28  questions through counsel. Counsel for the Debtor cannot and will not communicate

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1   directly with any individual or entity represented by counsel in relation to the Chapter 9

2   Case. Please note that counsel for the Debtor cannot and will not provide creditors with

3   any legal advice, including, without limitation, advice regarding how to vote on the Plan or

4   the effect that confirmation of the Plan will have upon any Claims that may exist against

5   the Debtor.

6   **III.    BACKGROUND INFORMATION**

7           **A.    The Debtor**

8           The Debtor is a joint power authority pursuant to a Joint Powers Agreement

9   effective August 23, 2018. In the 1990s, California restructured the electricity market to

10  introduce competition to the three primary utility providers: SCE, Pacific Gas and Electric

11  Company, and San Diego Gas & Electric Company. Through this new system, the large

12  utility providers continued to provide distribution and transmissions services, but

13  customers could choose to take generation service from a different entity or community

14  choice aggregator ("**CCA**"). The Debtor is a CCA pursuant to this implementation.

15          As a CCA, the Debtor does not own any physical assets aside from its cash and

16  receivables and was, before ceasing operations, dependent on SCE, who has historically

17  serviced the Debtor's customers, to deliver energy and provide billing and collection

18  services. The Debtor contracted with energy providers and generation facilities to

19  purchase energy for delivery to SCE for distribution to the Debtor's customers. SCE billed

20  and collected from such provision of services and passed the funds received to the Debtor

21  at River City Bank ("**RCB**") through various agreements.  All funds received from SCE

22  were deposited into a lockbox account at RCB.

23          **B.    Events Precipitating Bankruptcy**

24          The Debtor declared a fiscal emergency and ultimately filed a chapter 9 bankruptcy

25  due to a number of external contributing factors. In August, 2020, there were heat storms

26  and uncommonly warm weather resulting in the increased electricity consumption and

27  spike in the cost of electricity. Additionally, there arose a drastic increase in unpaid utility

28  bills due to the impact of the COVID-19 pandemic and Governor Newsom's order

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1  mandating that no customer could be disconnected for non-payment of utility bills. The

2  Debtor also received inaccurate estimations and recommendations from one of its

3  consultants that left it vulnerable to high market rates when energy needs were deficient.

4  **IV.    COMMENCEMENT AND ADMINISTRATION OF THE CHAPTER 9 CASE**

5       **A.    Commencement of the Chapter 9 Case and Entry of Order for Relief**

6       The Debtor filed a chapter 9 bankruptcy petition on May 24, 2021. On September

7  28, 2021, the Court entered its *Order for Relief Under Chapter 9 of the Bankruptcy Code*

8  (Dkt. No. 165). The Court found that (i) notice of the Debtor's bankruptcy case was proper

9  and adequate; (ii) the Debtor's evidence of its eligibility to be a debtor under section

10 109(c) was sufficient; (iii) the Debtor's petition met all of the applicable requirements under

11 section 109(c); and (iv) cause existed for ordering relief under section 109(c). Based upon

12 such findings, the Court ordered that relief is granted under chapter 9 for Debtor in

13 accordance with section 921(d). No party timely objected to the order for relief.

14      **B.    Immediate Actions to Continue Servicing Customers**

15      Immediately following the filing of the Chapter 9 Case, the Debtor filed (1) an

16 *Emergency Motion to Determine Adequacy of Adequate Protection to River City Bank for*

17 *the Benefit of PPA Providers* ("**Emergency Motion**"), and (2) a complaint against SCE for

18 (i) declaratory relief, (ii) enforcement of automatic stay, and (iii) injunctive relief initiating

19 adversary proceeding 6:21-ap-01068 ("**SCE Complaint**").

20      The Emergency Motion sought approval from the Court to use funds from the

21 Debtor's bank account to pay the California Independent System Operator ("**CAISO**")

22 which was essential for the continued operation of the Debtor, and additional payments to

23 providers of energy which was necessary to deliver electricity to the Debtor's customers.

24 Through the Emergency Motion, the Debtor agreed to grant a limited replacement lien to

25 the PPA Providers. The Emergency Motion was granted and the Debtor used the funds in

26 its accounts in accordance with the Court's order.

27      The SCE Complaint sought an order from the Court that SCE must continue to

28 provide resource adequacy and providing services under the servicing agreements to the

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  Debtor and that the automatic stay operates as a stay preventing SCE from taking certain

2  acts. After filing the SCE Complaint, the Debtor filed a *Motion for Preliminary Injunction*,

3  which was granted by the Court. The Debtor and SCE have since agreed to a settlement,

4  which was approved by the Court (detailed herein), which has essentially mooted the SCE

5  Complaint. As a result of the Emergency Motion and the SCE Complaint, the Debtor was

6  able to provide energy to its customers. The SCE Complaint was voluntarily dismissed on

7  March 15, 2022.

8        **C.**      **Disputes Relating to Claims Against the Debtor**

9               1.      **Southern California Edison and Barclays Bank PLC**

10        On June 14, 2021, SCE filed a motion for relief from the automatic stay to exercise

11  a setoff right against Debtor's customer remittances that are collected by SCE. The SCE

12  Agreement resolved these issues, and SCE's motion for relief from stay was dismissed on

13  March 3, 2022.

14        On September 30, 2021, SCE filed 4 proofs of claim (nos. 18-21) asserting claims

15  in the amount of $25,706,028.72 plus additional expenses for post-petition servicing fees

16  ("**SCE Claim**"). A small portion of the SCE Claim is asserted to be unsecured, while the

17  majority of the SCE Claim was asserted to be a priority claim.

18        On October 1, 2021, Barclays Bank PLC ("**Barclays**") filed a proof of claim (no. 22)

19  asserting a claim in the amount of $11,031,644.00 secured on the Debtor's bank accounts

20  ("**Barclays Claim**").  Both the SCE Claim and the Barclays Claim asserted, among other

21  things, claims against the Debtor's funds in its various accounts and its accounts

22  receivable.

23        On November 30, 2021, Barclays filed an objection to the SCE Claim ("**Barclays**

24  **Claim Objection**") [Dkt. No. 221].  On the same day, Barclays filed a lawsuit against the

25  Debtor and SCE thereby initiating adversary proceeding number 6:21-ap-01128-SY

26  ("**Barclays Complaint**").

27        The Debtor, SCE, and Barclays negotiated the extent and validity of both the SCE

28  lien and Barclays lien in attempt to resolve competing claims to the Debtor's assets as

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1   well as the various claims asserted in the SCE Complaint, the Barclays Complaint, and

2   the Barclays Claim Objection. A settlement was reached with Barclays and SCE and

3   memorialized in separate settlement agreements.

4          On December 16, 2021, the Debtor filed a *Motion for Order Approving Settlement*

5   *Between Debtor and Barclays Bank PLC Pursuant to Federal Rule of Bankruptcy*

6   *Procedure 9019* ("**Barclays Compromise Motion**") [Dkt. No. 230]. On January 6, 2022,

7   the Court entered an order approving the Barclays Compromise Motion [Dkt. No. 236].

8   After entry of the order, the Debtor paid $7,500,000 to Barclays and Barclays

9   subsequently withdrew the Barclays Claim Objection and dismissed the Barclays

10  Complaint [AP Dkt. No. 12].

11         On January 20, 2022, the Debtor filed a *Motion for Order Approving Settlement*

12  *Between Debtor and Southern California Edison Pursuant to Federal Rule of Bankruptcy*

13  *Procedure 9019* ("SCE Compromise Motion") [Dkt. No. 243]. Pursuant to the agreement

14  with SCE (the "**SCE Agreement**"), the Debtor agreed to pay $6,000,000.00 to SCE,

15  assign NEM contracts to SCE and made related cure payments, transferred the remainder

16  of the Debtor's accounts receivable to SCE, and agreed to a general unsecured claim of

17  $18,690,322.04, subject to a reduction for funds received by SCE from the State of

18  California pursuant to the California Adjustment Payment Plan ("**CAPP**") program. After

19  such reduction, SCE's general unsecured claim is in the amount of $16,190,322.00. The

20  hearing on the SCE Compromise Motion was held on February 10, 2022. The Court

21  granted the SCE Compromise Motion by order entered on February 15, 2022 (Dkt. No.

22  249). The Debtor plans to tender the settlement payment to SCE once the order on the

23  SCE Compromise Motion is final. Also, the Debtor will file a motion to assume and assign

24  the NEM contracts to SCE. Once the parties fully perform under the SCE settlement

25  agreement, all disputes between SCE and the Debtor will be resolved.

26         2.    **Pilot Power**

27         Pilot Power filed a proof of claim asserting an administrative claim in the amount of

28  $1,848,988.70 and an unsecured claim in the amount of $1,456,690.47 ("**Pilot Claim**").

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    The Debtor and Pilot Power reached an agreement whereby the Pilot Claim will be

2   allowed as a general unsecured claim in Class 2 in the amount of $800,000.00. The terms

3   of the agreement are as further specified and detailed in the Stipulation By and Between

4   Western Community Energy and Pilot Power Group LLC Regarding Treatment of Claim of

5   Pilot Power Group LLC ("Pilot Agreement") a copy of which is attached hereto as Exhibit 2

6   and incorporated herein. *See* Ruiz Declaration.

### 3.    California Public Utilities Commission

8    The California Public Utilities Commission ("**CPUC**") filed a proof of Claim asserting

9   a liquidated Claim of not less than $1,529,866.40 based upon a penalty under Public

10   Utilities Code § 380(e) for failure to cure year-ahead Resource Adequacy deficiencies (the

11   "RA Citation"). The Debtor disputes CPUC's claim, and the Debtor has appealed the RA

12   Citation before the CPUC where it is pending in proceeding K.21-03-006 before the

13   CPUC. Most recently, pursuant to the Debtor's request, the RA Citation appeal has been

14   stayed through May 31, 2022 to allow the Debtor time to develop a plan of adjustment in

15   this chapter 9 case. The stay was granted, but the RA Citation remains outstanding.

16    Pending allowance of the CPUC's claim, the Debtor will reserve for the CPUC an

17   amount equal to the distribution the CPUC would receive if such claim were allowed as a

18   Class 2 claim in its filed amount.

### 4.    Disputed Claims – PPA Providers and PFM

20    Pursuant to the Debtor's Amended List of Creditors, attached to the Plan, the

21   Debtor has listed Newly Disputed Claims. The Debtor believes that the Debtor's originally

22   filed List of Creditors was inaccurate. All claims listed on the Amended List of Creditors as

23   "disputed" for which a Claimant has not filed a Proof of Claim in the Chapter 9 Case will

24   not be allowed a claim nor receive a distribution unless the Court enters an order allowing

25   the asserted Claim. Holders of a Newly Disputed Claim must file proofs of claim by **May**

26   **10, 2022**, the Newly Disputed Claim Bar Date, or the holder of such Newly Disputed Claim

27   will be barred from asserting the Newly Disputed Claim and the Newly Disputed Claim will

28   be disallowed and not entitled to any distribution under the Plan. For this reason, the PPA

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  Providers and PFM are holders of disputed claims which are not entitled to vote under the

2  Plan. To the extent the PPA Providers and/or PFM are entitled to claims, their claims shall

3  be treated in accordance with the Plan.

4       The Debtor has received confirmation from (i) Pioneer Community Energy, (ii) One

5  Energy, and (iii) Pacific Gas & Energy that these entities are owed nothing by the Debtor.

6  As a result, the Debtor will reserve an amount equal to the pro rata share that could be

7  available for PFM and Ohm Connect (the other holders of Newly Disputed Claims) until

8  May 10, 2022, or until determination is made on the allowance of such claims.

9       **D.    Pending Litigation**

10      In the Chapter 9 Case, there have been two adversary proceedings filed. The

11 Debtor filed the SCE Complaint, explained above, shortly after the Petition Date on May

12 28, 2021.  The SCE Agreement settled the issues under the SCE Complaint, and the SCE

13 Complaint was voluntarily dismissed by Debtor on March 15, 2022.

14      On November 30, 2021, Barclays filed the Barclays Claim Objection and the

15 Barclays Complaint. As explained above, Barclays withdrew the Barclays Claim Objection

16 and dismissed the Barclays Complaint.

17      As a result, Debtor is not involved in any active or pending litigation either in the

18 Bankruptcy Court or in any other court.

19 **V.    THE DEBTOR'S LIABILITIES AND ASSETS**

20      The schedules filed in the Chapter 9 Case, as amended (collectively, the

21 "**Schedules**"), provide a detailed list of the assets and liabilities of the Debtor as of the

22 Petition Date.[5] The following is a summary of the liabilities and assets that are relevant to

23 the Plan.

24      **A.    Liabilities**

25           **1.    Summary of Scheduled Claims**

26

27 _____

28      [5] Copies of the List of Creditors are available on the Chapter 9 Case docket or may be obtained from the Debtor by submitting a written request via email addressed to dgoodrich@wgllp.com and rbeall@wgllp.com.

1366410.1                              18                    FIRST AMENDED DISCLOSURE
                                                                    STATEMENT

1   On June 17, 2021, the Debtor filed its List of Creditors [Dkt. No. 70]. The Debtor did

2   not file schedules pursuant to Chapter 9. The Debtor filed an amended List of Creditors

3   [Dkt. No. 255] on March 17, 2022. Attached hereto to the Ruiz Declaration is the Debtor's

4   filed amended List of Creditors.

5               2.      **Proofs of Claim**

6   The Bankruptcy Court established October 1, 2021, as the deadline for the filing of

7   non-administrative proofs of Claim against the Debtor. Twenty-three (23) proofs of Claim

8   were filed against the Debtor prior to the Claims Bar Date. These Claims represent a total

9   debt of $49,839,737.06.  Of this amount, the Barclays Claim, a portion of the SCE Claim,

10  and the RCB Claim assert an aggregate Secured Claim of $22,933,129.74.  Through

11  agreements with SCE, Barclays and RCB, these secured claims will be satisfied in full

12  before the Effective Date.

13  Three Priority Claims have been filed.  SCE filed a Priority Claim and its Priority

14  Claim has been resolved as part of the SCE Agreement.  The California Department of

15  Tax and Fee Administration asserted a Priority Claim under section 507(a)(8), but is not

16  entitled to a Priority Claim.  *See* section 901(a), which does not incorporate section

17  507(a)(8) into chapter 9.  As a result, the California Department of Tax and Fee

18  Administration filed an amended claim on Mach 2, 2022, asserting an unsecured claim,

19  and as a result, California Department of Tax and Fee Administration's claim will be

20  treated as a Class 2 claim.

21  The remaining filed Claims are General Unsecured Claims.

22  Unless otherwise provided in the Plan, if a purported creditor filed a proof of Claim

23  relating to a Claim listed in the List of Creditors, the Claim shall be Allowed in the amount

24  stated in the proof of Claim and the amount listed for the Claim in the List of Creditors

25  shall be disregarded for the purposes of calculating the total indebtedness provided for

26  under the Plan or determining the treatment of the related creditor under the Plan.

27  In total, as a result of the agreements with Barclays, SCE and RCB, the Barclays

28  Claim, SCE Claim and RCB Claim were significantly reduced.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1366410.1

FIRST AMENDED DISCLOSURE
STATEMENT

a.    Pilot Power

As explained above in Section IV.B.2., Pilot Power filed a proof of claim asserting an administrative claim in the amount of $1,848,988.70 and an unsecured claim in the amount of $1,456,690.47, and the Debtor and Pilot Power have reached an agreement whereby the Pilot Claim will be treated as a general unsecured claim as a Class 2 Claim in the amount of $800,000.00 according to the terms of the Pilot Agreement. *See* Ruiz Declaration, Exhibit 2. Therefore, Pilot Power is entitled to vote for the Plan as a Class 2 Claimant.

b.    CPUC

As explained above in Section IV.B.3., CPUC has asserted a Claim for penalties pursuant to the Public Utilities Code. Debtor disputes CPUC's claim. The Debtor will reserve funds sufficient to pay the pro rata share to which the CPUC would be entitled if the CPUC claim were allowed in its filed amount as a Class 2 Claim.

c.    Newly Disputed Claims Bar Date

The Debtor has identified the Newly Disputed Claims on its Amended List of Creditors attached to the Plan as Exhibit 1. *See* Ruiz Declaration. The holders of Newly Disputed Claims have not filed proofs of claim in the Chapter 9 Case. The bar date for holders of a Newly Disputed Claim to file a proof of claim is set for **June 2, 2022**. If no proof of claim is filed by the Newly Disputed Claims Bar Date, the holder of such Newly Disputed Claim will be barred from asserting the Newly Disputed Claim and the Newly Disputed Claim will be disallowed and not entitled to any distribution under the Plan.

The Debtor has received confirmation from (i) Pioneer Community Energy, (ii) One Energy, and (iii) Pacific Gas & Energy that these entities are owed nothing by the Debtor.

3.    **Alterations to Liability under the Plan**

a.    Alteration of Claims

Under the Plan, the Debtor intends to alter the treatment or classification for the following Claims:

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1366410.1

20

FIRST AMENDED DISCLOSURE STATEMENT

- <u>SCE Claim</u>: The SCE Claim consists of four proofs of claim filed against the Debtor (proof of claim nos. 18-21). As part of the SCE Claim, SCE asserted a secured claim of $7,603,680.16, an unsecured claim in the amount of $2,426,150.00, an unsecured claim in the amount of $107,306.68, and an unsecured claim of $14,568,891.88. Pursuant to the SCE Agreement, Debtor paid funds as specified to SCE and agreed to the allowance of general unsecured claim in the amount of $16,138,192.04 after various reductions. As a result of the agreement, SCE's secured claim is now $0 after payment, and SCE's only remaining claim is an Allowed General Unsecured Claim in the amount of $16,138,192.04 and will be treated in Class 2 as an Impaired debt.

- <u>Barclays</u>. The Barclays Claim asserted a Secured Claim in the amount of $11,031,644.00 (proof of claim no. 22). The Debtor reached an agreement with Barclays whereby the Debtor agreed to pay $7,500,000.00 to Barclays in full and complete satisfaction of the Barclays Claim. As a result, Barclays has no Claim and is not a creditor under this Plan.

- <u>CPUC</u>. CPUC asserts a General Unsecured Claim for penalties under the Public Utility Code.  Debtor disputes CPUC's claim. The Debtor will reserve funds sufficient to pay CPUC's claim the pro rata share it would be entitled to if it is allowed as a Class 2 claim in the filed amount.

- <u>Pilot Power</u>. The Debtor and Pilot Power reached an agreement whereby Pilot's Claim is allowed as a general unsecured claim as a Class 2 Claimant in the amount of $800,000.00 as fully set forth in the Pilot Agreement. *See* Ruiz Declaration, Exhibit 2.

In addition to the foregoing, pursuant to the terms of the Plan, any Claim qualifying as a Disallowed Claim, or as a Claim estimated at $0, shall not receive any distributions under the Plan, regardless of whether and in what manner the Debtor listed such Claim in the List of Creditors.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1366410.1

21

b.    Disputed Claims

The Debtor disputes the CPUC Claim to the extent that CPUC asserts that its Claim is not a penalty claim to be subordinated pursuant to section 510(c). Additionally, the Debtor disputes the claims of the PPA Providers and PFM, and the Debtor does not dispute the validity and/or enforceability of any other Claim not discussed herein.

The Debtor has filed an Amended List of Creditors identifying the Disputed Claims which shall be treated as outlined herein in Section IV.C. The Debtor filed and served a Notice of Newly Disputed Claims Bar Date on holders of a Newly Disputed Claim on May 2, 2022. Holders of a Newly Disputed Claim must file proofs of claim by June 2, 2022, the Newly Disputed Claim Bar Date, or the holder of such Newly Disputed Claim will be barred from asserting the Newly Disputed Claim and the Newly Disputed Claim will be disallowed and not entitled to any distribution under the Plan.

4.    **Summary of Current Liabilities**

On the Effective Date, the Debtor estimates that it will have the following liabilities:

- Administrative Claims totaling $0;

- Professional Fees totaling approximately $0;

- Secured Claims totaling approximately $0;

- Priority Unsecured Claims totaling $0;

- General Unsecured Claims totaling approximately $25,050,681.44;[6] and

- Cure Claims totaling approximately $0.

5.    **Statement Regarding Liabilities**

As described below, the Plan enables the Debtor to file objections to Claims at any time within one hundred and eighty (180) days after the Effective Date. The Plan also provides for the Debtor to retain any and all defenses, offset and recoupment rights, and counterclaims that may exist with respect to any Disputed Claim, whether under sections

---

[6] This amount includes the full alleged unsecured amount of the CPUC Claim but does not include any other Disputed Claims or the Newly Disputed Claims.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

22

1    502, 552, or 558 or other applicable law. The Debtor reserves all rights with respect to the

2    allowance and disallowance of any and all Claims. **In voting on the Plan, creditors may**

3    **not rely on the absence of a reference in this Disclosure Statement or the Plan or**

4    **the absence of an objection to their proofs of Claim as any indication that the**

5    **Debtor ultimately will not object to the amount, priority, nature, or allowance of their**

6    **Claim(s).**

7    **B.    Assets**

8    As indicated above, as a CCA, the Debtor does not have any physical assets

9    beyond its cash and receivables. All of the Debtor's receivables were transferred to SCE

10    as part of the SCE Agreement. As of the Effective Date, the Debtor anticipates a balance

11    of the Debtor Accounts will be $9,374,526.55 net of the reserved amounts. *See* **Ruiz**

12    **Declaration**. The funding of the Plan will come from the Debtor's Accounts. The Debtor

13    owns no real property or any other assets.

14    1.    **Claims and Causes of Action Against Third Parties**

15    The Debtor may have claims and causes of action against certain individuals or

16    entities, and is continuing its investigation of any and all potential claims and causes of

17    action that may exist. Unless previously released or released under the Plan, by and

18    through the Plan, the Debtor retains the right to commence and prosecute any action(s)

19    based upon any claim or cause of action possessed by the Debtor prior to the Effective

20    Date. Any recovery by the Debtor arising from a claim or cause of action commenced on

21    or after the Effective Date shall be treated as additional revenues and used by the Debtor

22    to fund plan payments. **Parties in interest may not rely on the absence of a reference**

23    **in this Disclosure Statement or the Plan as any indication that the Debtor ultimately**

24    **will not pursue any and all available claims and causes of action against them.**

25    a.    Potential Claims and Causes of Action

26    The Debtor is presently aware of the claims and causes of action discussed *infra*.

27    The following discussion of claims and causes of action does not in any way limit or affect

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  the reservation of rights set forth in the preceding paragraph, nor the Debtor's right to

2  assert any and all claims and causes of action following the Effective Date.

3  **VI.    SUMMARY OF THE PLAN OF ADJUSTMENT**

4       **The discussion of the Plan set forth herein is qualified in its entirety by**

5  **reference to the more detailed provisions set forth in the Plan and its Exhibits, the**

6  **terms of which are controlling. Holders of Claims and other interested parties are**

7  **urged to read the Plan and its Exhibits, copies of which are served herewith, in their**

8  **entirety so that they may make an informed decision regarding the Plan.**

9       The Plan proposes paying the Allowed Claims against the Debtor on the Effective

10  Date subject to (i) withholding $609,748.15, an amount sufficient to pay the CPUC Claim

11  its pro rata share if the claim was allowed as a Class 2 Claim in its filed amount, and (ii)

12  withholding $200,000.00 for payment of miscellaneous post-confirmation expenses to

13  implement the Plan. The Allowed Claims are separated into three (3) Classes—namely,

14  Secured Claims (Class 1), General Unsecured Claims (Class 2), and Subordinated

15  Claims (Class 3). There are currently no allowed claims in Class 3. Class 3 is reserved for

16  subordinated claims. The Debtor disputes the claim of CPUC and may object to such

17  claim. If successful, some or all of the CPUC claim may be subordinated or disallowed.

18       The Allowed Claims will be paid a lump sum on the Effective Date depending on

19  their specific classification and treatment relating thereto. Additionally, the Debtor

20  contemplates making two additional distributions: (i) after allowance of the CPUC Claim,

21  any funds remaining in the withheld amount will be distributed to holders of Allowed Class

22  2 Claims, and (ii) after all miscellaneous fees and expenses have been paid for

23  implementation of the Plan, the Debtor will distribute any funds remaining in the

24  $200,000.00 reserve fund to holders of Allowed Class 2 Claims. The Debtor does not

25  believe any Administrative Claims exist in the Chapter 9 Case, but if the Court finds that

26  Administrative Claims exist, they are not classified and shall receive payment in full on the

27  Effective Date, unless the holders of such Claims agree to alternate treatment. Secured

28  Claims are separately categorized and no Secured Claims will be paid under the Plan. All

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

other Claims against the Debtor are General Unsecured Claims (Class 2). The Debtor shall make the payments provided for in the Plan in a lump sum on the Effective Date with potentially two additional distributions as described above.

### A.    Classification and Treatment of Claims

1.    **Unclassified Claims**

Section II of the Plan governs the treatment of certain Claims that are not classified into Classes under the Plan.

a.    Administrative Expense Claims

The Debtor does not believe there are any Administrative Claims applicable in chapter 9, but Administrative Claims are defined and included in the Plan in the event that the Court finds that Administrative Claims exist, in which case such Claims will be provided for as required by chapter 9.

In the event the Court finds that there are Allowed Administrative Claims against the Debtor, except to the extent that the holder of an Allowed Administrative Claim agrees to a different treatment, the Debtor shall pay to each holder of an Allowed Administrative Claim, in full satisfaction, release, and discharge of such Allowed Administrative Claim, Cash in an amount equal to such Allowed Administrative Claim on the later of (i) the Effective Date or (ii) the date on which such Claim becomes an Allowed Administrative Claim, or as soon thereafter as is practicable. No entity remains unpaid that assert an Administrative Claim.

b.    Professional Claims

Pursuant to section 943(b)(3), all amounts to be paid by the Debtor for services or expenses in the Chapter 9 Case or incident to the Plan must be fully disclosed and reasonable.

The Debtor estimates that there will be no Professional Claims as of the Effective Date, as all fees to persons for services or expenses in the case or incident to the Plan are paid in full as of the date of the hearing on Confirmation of the Plan. In the event a claimant asserts a Professional Claim, each claimant asserting a Professional Claim must

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  present a final invoice to the Debtor on or before forty-five (45) days after the Effective

2  Date.

3      The Debtor, in the ordinary course of its business, and without the requirement for

4  Bankruptcy Court approval, may pay for professional services rendered and costs

5  incurred following the Effective Date.

6          c.    Deadline for the Filing and Assertion of Postpetition Claims,

7                Administrative Claims, and Professional Claims

8      **All proofs of Claim for Claims arising on or after the Petition Date, and**

9  **requests for payment or any other means of preserving and obtaining payment of**

10 **Administrative Claims that have not been paid, released, or otherwise settled, must**

11 **be filed with the Bankruptcy Court and served upon the Debtor no later than thirty**

12 **(30) days** <u>**before**</u> **the date set for the Confirmation Hearing. This deadline does not**

13 **apply to requests for payment on a Professional Claim.** Any proof of Claim for Claims

14 arising on or after the Petition Date, or request for payment of an Administrative Claim or

15 a Professional Claim that is not timely filed will be forever barred and holders of such

16 Claims shall be barred from asserting such Claims in any manner against the Debtor. The

17 claims bar date in this case was October 1, 2021 [Dkt. 134].

18      2.    **Class 1 – Secured Claims**

19          a.    <u>Class 1A – SCE</u>

20      Class 1A consists of the secured portion of the Claim asserted by SCE after the

21 SCE Agreement. SCE's Secured Claim is in the amount of $0, after payment of

22 $7,875,509.68 including NEM Agreement Cure Amounts pursuant to the SCE Agreement.

23              (1)    Impairment and Voting

24      Class 1A is Unimpaired by the Plan since the treatment of this Class will not affect

25 the legal, equitable, or contractual rights of SCE. Accordingly, this Class is not entitled to

26 vote to accept or reject the Plan.

27              (2)    Treatment

28

1366410.1

FIRST AMENDED DISCLOSURE
STATEMENT

1    SCE's Class 1A claim is in the amount of $0 and will receive no distributions
2    through the Plan.

3            3.    **Class 2 – General Unsecured Claims**

4    Class 2 consists of the Claims listed in Exhibit 1 of the Plan Exhibits.

5                    a.    Impairment and Voting

6            Class 2 is Impaired by the Plan since the treatment of this Class will affect the
7    legal, equitable, or contractual rights of the holders of Allowed Class 2 Claims.
8    Accordingly, this Class is entitled to vote to accept or reject the Plan.

9                    b.    Treatment

10           In full satisfaction, release and discharge of the Class 2 Claims, holders of Allowed
11   Class 2 Claims shall receive a lump sum payment under the Plan on the Effective Date
12   equal to its pro rata share of $9,374,526.65, which represents the lump sum payment
13   made by the Debtor to Allowed Class 2 Claims on the Effective Date. Such an amount
14   represents approximately 39.86% of each Class 2 Claim. The Debtor will reserve
15   $609,748.15, an amount sufficient to pay CPUC its pro rata share of its claim if the CPUC
16   claim were allowed as a Class 2 Claim in its filed amount. After allowance of the CPUC's
17   claim, the Debtor will distribute funds, if any, pro rata to holders of Allowed Class 2 Claims
18   after payment, if any, to CPUC. Additionally, the Debtor will reserve $200,000.00 in the
19   Debtor's Accounts to facilitate the implementation of the Plan. After all miscellaneous
20   expenses have been paid to implement the Plan, the Debtor will distribute the remainder
21   of the $200,000.00 in reserve funds pro rata to holders of an Allowed Class 2 Claim.

22           4.    **Class 3 – Subordinated Claims**

23           Class 3 is a place holder class for subordinated claims. No subordinated claims
24   currently exist. .

25                    a.    Impairment and Voting

26           Class 3 is Impaired by the Plan since the treatment of this Class will affect the
27   legal, equitable, or contractual rights of the holders of Class 3 Claims. Accordingly, this

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  Class is entitled to vote to accept or reject the Plan to the extent the creditor has an

2  Allowed Claim.

3                          b.      Treatment

4        Class 3 Claims are paid only in the event that all Class 2 Claims are paid in full.

5  The Debtor does not anticipate all Class 2 Claims to be paid in full. Therefore, in full

6  satisfaction, release and discharge of the Class 3 Claims, holders of Class 3 Claims shall

7  receive $0.

8      **B.      Treatment of Executory Contracts and Unexpired Leases**

9              **1.      Generally**

10        The Bankruptcy Code grants debtors, subject to court approval, the power to

11  assume or reject executory contracts and unexpired leases. An "executory contract"

12  generally means a contract under which the obligations of both the Debtor and the other

13  party thereto are so far unperformed that the failure of either party to complete

14  performance would constitute a material breach of the subject agreement, thereby

15  excusing the performance of the other party.

16        If a debtor rejects an executory contract or unexpired lease, the rejection operates

17  as a prepetition breach of the subject agreement. If an executory contract or unexpired

18  lease is assumed by the debtor, the assumption obligates the debtor to perform under the

19  agreement, and damages arising from any subsequent breach of the agreement are

20  treated as administrative expenses.

21              **2.      Rejection of Executory Contracts and Unexpired Leases**

22        Without the need to file any further motions, on the Effective Date all executory

23  contracts and unexpired leases of the Debtor will be deemed rejected, as of the Effective

24  Date, other than the executory contracts and unexpired leases that were previously

25  assumed, assumed and assigned or rejected by final order of the Bankruptcy Court.

26                          a.      Cure Payments

27        The Debtor does not believe that any payments are required to cure any purported

28  default or arrears under the executory contracts and unexpired leases the Debtor plans to

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  assume through the Plan, as the Debtor does not intend to assume any executory

2  contracts and unexpired leases. The Bankruptcy Court shall resolve all disputes

3  regarding: (i) the amount of any cure payment to be made in connection with the

4  assumption of any executory contract or unexpired lease; (ii) the ability of the Debtor to

5  provide "adequate assurance of future performance" within the meaning of section 365

6  under the executory contract or unexpired lease to be assumed; and (iii) any other matter

7  pertaining to such assumption and assignment. If any party to an executory contract or

8  unexpired lease that is to be assumed by the Debtor asserts that the proposed cure

9  payment is insufficient or some other performance is required to assume the subject

10  executory contract or unexpired lease, such party shall file with the Bankruptcy Court and

11  serve upon the Debtor a written statement and accompanying declaration in support

12  thereof specifying the basis for its position and accounting for the purported amount owing

13  under the subject contract or lease not later than thirty (30) days **before** the Confirmation

14  Hearing. The failure to timely file and serve such a statement shall be deemed to be a

15  waiver of any and all objections to the proposed assumption, including, without limitation,

16  any objection pertaining to the adequacy of the proposed cure payment or the adequate of

17  the assurance of prompt cure and/or of future performance.

18              b.      Adequate Assurance of Prompt Cure and Future Performance

19        What constitutes "adequate assurance" is a factual question to be determined on a

20  case-by-case basis with due regard to the nature and identify of the parties, their past

21  dealings, and present commercial realities. The Debtor need only show that performance

22  is likely (*i.e.*, more probable than not) in order to assume an executory contract or

23  unexpired lease pursuant to section 365. There are no cure payments that are required to

24  be paid on the Effective Date.

25              c.      Claims Arising from Rejection

26        Unless otherwise agreed by the Debtor and the counterparty or counterparties to

27  the subject executory contract or unexpired lease, proofs of Claim arising from the

28  rejection of executory contracts or unexpired leases must be filed with the Bankruptcy

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  Court and served on the Debtor no later than thirty (30) days after the Effective Date. The

2  failure to properly and timely assert a rejection damages Claim shall result in such Claim

3  being forever barred and rendered unenforceable against the Debtor or its assets,

4  properties, or interests in property. Unless otherwise ordered by the Bankruptcy Court, all

5  such Claims that are timely filed as provided herein shall be classified into Class 2

6  (General Unsecured Claims) and treated accordingly.

7      **C.    Means for Execution and Implementation of Plan**

8      The Debtor shall make a distribution of $9,374,526.65 to Class 2 Creditors on the

9  Effective Date. Such an amount represents approximately 39.86% of Class 2 Claims.

10      Under the Plan, the Debtor shall be required to make Cash disbursements totaling

11  approximately $9,37,526.65 to the holders of Allowed Class 2 Claims in a lump sum

12  payment on the Effective Date.

13      Additionally, the Debtor intends to make two (2) additional distributions. The Debtor

14  is withholding $609,748.15, the full amount of the pro rata portion payable in respect of

15  the CPUC claim if it were allowed as a Class 2 Claim in its filed amount, pending

16  allowance of the CPUC Claim. If CPUC is ultimately not entitled to receive the entire

17  amount withheld, the remaining funds will be distributed to Allowed Class 2 Claims on a

18  pro rata basis.

19      The Debtor is additionally withholding $200,000.00 to pay miscellaneous expenses

20  and other expenses relating to implementation of the Plan. After all such payments have

21  been made, the Debtor will distribute remaining funds on a pro rata basis to Allowed Class

22  2 Claims on a pro rata basis.

23      The Plan will be funded utilizing the Debtor's Cash on hand from the Debtor's

24  Accounts. The Debtor has no continuing customers and will be providing no post-petition

25  services. As a result, the Debtor has no other assets other than its Cash to fund the Plan.

26      As a result, the Debtor will distribute $9,374,526.65on the Effective Date in

27  accordance with the Plan and will potentially make two additional distributions as

28  described above.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    The Debtor intends to wind down its remaining operations and provide distribution

2  to holders of Allowed Claims pursuant to section 1123(a)(5)(D) as specifically

3  incorporated by section 901.

4    Pursuant to the Plan, the Debtor shall have approximately $9,374,526.65 in cash

5  on hand on the Effective Date net of the reserved funds. As none exist, Allowed Secured

6  Claims and Allowed Administrative Claims will be paid in full, along with Professional

7  Claims, and creditors holding Allowed Unsecured Claims will receive a distribution of at

8  least 39.86% pending additional distributions.

9    **D.    Distributions**

10    1.    **Disbursing Agent**

11    On and after the Effective Date, the Debtor shall serve as disbursing agent for

12  payments to be made under the Plan and in accordance with section 944. The Debtor

13  may elect to retain one or more agents to perform or assist it in making distributions

14  pursuant to the Plan and may provide reasonable compensation to any such agent(s)

15  without further notice or Bankruptcy Court approval.

16    2.    **Delivery of Distributions**

17    All distributions to any holder of an Allowed Claim shall be made at the address of

18  such holder as set forth in the books and records of the Debtor or its agents unless (i) the

19  holder has designated an alternate address for payment in a proof of Claim filed with the

20  Bankruptcy Court or (ii) specifies an alternate address on its Ballot. Any and all

21  notifications of address changes should be addressed to Kelly Adele at Weiland Golden

22  Goodrich LLP, 650 Town Center Drive, Suite 600, Costa Mesa, California 92626, or

23  kadele@wgllp.com, or to David M. Goodrich at Weiland Golden Goodrich LLP, 650 Town

24  Center Drive, Suite 600, Costa Mesa, California 92626, or dgoodrich@wgllp.com.

25    3.    **Undeliverable Distributions**

26    ***Holding of Undeliverable Distributions***. If any distribution to a holder of an

27  Allowed Claim is returned to the Debtor or its agent as undeliverable, no further

28  distributions shall be made to such holder unless and until the Debtor is notified in writing

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

of such holder's correct address. Unless and until the Debtor is so notified, such distribution shall be deemed to be "Unclaimed Property" and shall be set aside and held in a segregated account.

*__Notification and Forfeiture of Unclaimed Property__*. Ninety (90) days after the issuance of the relevant check, all remaining Unclaimed Property and accrued interest or dividends earned thereon will be remitted to and vest in the Debtor. Additionally, such individuals and entities shall be deemed to have waived and forfeited their right to any future payments under the Plan and such funds shall be retained by the Debtor. Notwithstanding the non-payment of any forfeited Claims, such Claims shall be deemed satisfied and discharged as if paid pursuant to the terms of the Plan.

### 4.    Distribution of Cash

Any payment of Cash to be made by the Debtor or its agent pursuant to the Plan shall be made by check drawn on a domestic bank or by wire transfer, at the sole option of the Debtor.

### 5.    Timeliness of Payments

Any payments or distributions to be made pursuant to the Plan shall be deemed to be timely made if made within fourteen (14) Business Days after the date(s) specified in the Plan. Whenever any distribution to be made under the Plan is due on a day that is not a Business Day, such distribution instead shall be made, without interest, on the immediately succeeding Business Day, but shall be deemed to have been made on the date due.

### 6.    Default and Cure

In the event the Debtor fails to make any payment required under the Plan in a timely manner, the affected creditor(s) shall serve the Debtor with a notice of default not later than thirty (30) days after the purported default along with any documentation supporting the alleged default. Not later than sixty (60) days after receipt of the notice of the purported default, the Debtor shall either (i) cure the default or (ii) serve the affected creditor(s) with a statement and supporting documentation contesting the allegation of

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1  default. In the event the Debtor contests an alleged default, not later than five (5)

2  Business Days after serving a response to a purported default, the Debtor shall file a

3  motion with the Bankruptcy Court requesting a resolution of the dispute relating to the

4  alleged default and set the motion for hearing on the first available hearing date not

5  sooner than fourteen (14) days after filing the motion. If the Bankruptcy Court rules that

6  the non-payment constitutes an event of default under the Plan, the Debtor shall cure the

7  purported default not later than five (5) Business Days following the entry of a Final Order

8  of the Bankruptcy Court adopting the finding with respect to the purported default.

9              **7.    Compliance with Tax Requirements**

10         Any and all distributions pursuant to the Plan shall be subject to any applicable tax

11  withholding and reporting requirements imposed on it by any governmental unit. In

12  connection with each distribution which requires the filing of an information return (such as

13  Internal Revenue Service Form 1099 or 1042) or withholding, the Debtor shall file such

14  information return with the Internal Revenue Service and provide any required statements

15  in connection therewith to the recipients of such distribution, or effect any such withholding

16  and deposit all moneys so withheld to the extent required by law. With respect to any

17  entity from whom a tax identification number, certified tax identification number, or other

18  tax information is required by law to avoid withholding has not been received by the

19  Debtor at the time the district is to be made, the Debtor, at its sole option, may withhold

20  the amount required and distribute the balance to such entity or the Debtor may decline to

21  make such distribution(s) until the information is received.

22              **8.    Time Bar to Cash Payments**

23         Checks issued by the Debtor on account of Allowed Claims will be null and void if

24  not negotiated within ninety (90) days from and after the date of issuance thereof.

25  Requests for reissuance of any check shall be submitted in writing to David M. Goodrich

26  via first-class mail addressed to Kelly Adele, Weiland Golden Goodrich LLP, 650 Town

27  Center Drive, Suite 600, Costa Mesa, California 92626, or via email addressed to

28  kadele@wgllp.com. Any request for reissuance of an expired check must be not later than

WEILAND Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1366410.1                    33                    FIRST AMENDED DISCLOSURE
STATEMENT

1  one hundred and eighty (180) calendar days following the initial issuance of the subject

2  check. After such date, the amounts stated in the voided check(s) shall be deemed

3  forfeited and the Debtor shall retain such funds. Any amounts forfeited pursuant to the

4  preceding sentence shall be deemed paid to and received by the subject claimant for

5  purposes of calculating the amounts owing to such creditor under the Plan.

6      9.  **No *De Minimis* Distributions**

7     No payment of less than ten dollars ($10.00) will be made by the Debtor on

8  account of any Allowed Claim.

9      10.  **No Distributions on Account of Disputed Claims**

10     Notwithstanding anything to the contrary in this Plan, no distributions shall be made

11  on account of any part of any Disputed Claim or Disallowed Claim unless and until such

12  Claim becomes an Allowed Claim and only to the extent such Claim constitutes an

13  Allowed Claim. Distributions made after the Effective Date with respect to Claims that

14  were not Allowed Claims as of the Effective Date, but are later determined to be Allowed

15  Claims, shall be deemed to have been made on time and in accordance with the terms of

16  the Plan.

17     If any distributions are made prior to the resolution of a dispute pertaining to a

18  Claim, the portion that would be payable on account of such Claim if such Claim was an

19  Allowed Claim, shall be held in a segregated bank account. If the Claim is subsequently

20  adjudicated to be an Allowed Claim, the segregated funds shall be distributed to the

21  holder of such Claim. Any interest accrued on account of the segregated funds shall be

22  paid to and retained by the Debtor.

23      11.  **No Post-Petition Date Accrual**

24     Unless otherwise specifically provided in the Plan, specifically agreed to by the

25  Debtor in writing, or allowed by Final Order of the Bankruptcy Court, the Debtor will not be

26  required to pay to any holder of a Claim any interest, penalty or late charge accruing with

27  respect to such Claim on or after the Petition Date.

28

*Weiland Golden Goodrich LLP*
*650 Town Center Drive, Suite 600*
*Costa Mesa, California 92626*
*Tel 714-966-1000   Fax 714-966-1002*

1366410.1

34

FIRST AMENDED DISCLOSURE
STATEMENT

**E.** **Disputed Claims; Objections to Claims; Prosecution of Objections to Disputed Claims**

1. **Claim Objection Deadline; Prosecution of Objections**

The Debtor shall have the right to object to the allowance of Claims filed with the Bankruptcy Court with respect to which liability or allowance is disputed in whole or in part. Unless otherwise ordered by the Bankruptcy Court, the Debtor shall file and serve any such objections to Claims (whether by motion or commencement of an adversary proceeding) by not later than one hundred and eighty (180) days after the Effective Date (or, in the case of Claims properly filed after the Effective Date, by not later than one hundred and eighty (180) days after the date of filing of such Claims).

2. **Reserves, Payments, and Distributions with Respect to Disputed Claims**

At such time as a Disputed Claim becomes an Allowed Claim, in whole or in part, the Debtor or its agent shall distribute to the holder thereof the distributions, if any, to which such holder is then entitled under the Plan in the manner set forth in the Plan. Such distributions, if any, shall be made as soon as practicable after the date that the order or judgment of the Bankruptcy Court allowing such Claim becomes a Final Order, but in no event more than sixty (60) days thereafter, unless otherwise provided in the Plan, order of the Bankruptcy Court, or agreement between the Debtor and the subject Claim holder. Unless otherwise specifically provided in the Plan or allowed by order of the Bankruptcy Court, no interest will be paid on Disputed Claims that later become Allowed Claims.

The Debtor will reserve $609,748.15, an amount sufficient to make the required distribution in respect of the CPUC claim if its claim were allowed as a Class 2 claim in the filed amount. Any funds remaining after allowance and distribution in respect of the CPUC claim, if any, will be distributed to holders of Allowed Class 2 Claims.

Additionally, the Debtor is withholding $200,000 to pay miscellaneous expenses and other expenses relating to implementation of the Plan. After all such payments have

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  been made, the Debtor will distribute remaining funds on a pro rata basis to Allowed Class
2  2 Claims.

3         3.    **Newly Disputed Claims**

4         Holders of a Newly Disputed Claim must file proofs of claim by May 10, 2022, the
5  Newly Disputed Claim Bar Date or the holder of such Newly Disputed Claim will be barred
6  from asserting the Newly Disputed Claim and the Newly Disputed Claim will be disallowed
7  and not entitled to any distribution under the Plan.

8         The Newly Disputed Claims are treated as disputed and not entitled to a
9  distribution under the Plan.

10        **F.    Continuing Jurisdiction of the Bankruptcy Court**

11        The Plan provides for the Bankruptcy Court to retain jurisdiction over various
12  matters relating to the Chapter 9 Case, the Plan, and other related items. Readers are
13  encouraged to review the Plan carefully to ascertain the nature of the Bankruptcy Court's
14  continuing jurisdiction following the Effective Date.

15  **VII.   CONFIRMATION AND EFFECTIVE DATE OF THE PLAN**

16        **Because the law with respect to confirmation of a plan of adjustment is**
17  **complex, creditors concerned with issues regarding confirmation of the Plan**
18  **should consult with independent counsel and/or a financial advisor.** The following
19  discussion is intended solely for the purpose of providing basic information concerning
20  certain confirmation issues. The Debtor cannot and does not represent that the discussion
21  contained below is a complete summary of the law on this topic.

22        Many requirements must be met before the Bankruptcy Court can confirm the Plan.
23  Some of the requirements discussed in this Disclosure Statement include acceptance of
24  the Plan by the requisite number of creditors and whether the Plan is in the "best
25  interests" of creditors. These requirements, however, are not the only requirements for
26  confirmation and the Bankruptcy Court will not confirm the Plan unless and until it
27  determines that the Plan satisfies all applicable requirements, including requirements
28  which may not be discussed or referenced in this Disclosure Statement.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**A.    Voting and Right to be Heard at Confirmation**

1.    **Who May Support or Object to Confirmation of the Plan?**

Any party in interest may support or object to the confirmation of the Plan. Even parties in interest that may not have a right to vote on the Plan (e.g., individuals and entities in Unimpaired Classes) may still have a right to support or object to confirmation of the Plan by filing pleadings supporting or objecting to confirmation of the Plan.

2.    **Who May Vote to Accept or Reject the Plan**

A creditor generally has the right to vote for or against the Plan if its Claim is both (i) an Allowed Claim for purposes of voting and (ii) classified in an Impaired Class. Generally, a Claim is deemed allowed if a proof of Claim was timely filed or the Claim is scheduled as undisputed, non-contingent and liquidated; *provided, however*, that if an objection to the Claim has been filed or raised in the Plan or otherwise, or a Claim is otherwise disputed or contested, the claimant cannot vote unless and until the Bankruptcy Court, after notice and a hearing, either overrules the objection or allows the Claim for voting purposes.

The holders of the following types of Claims <u>are not</u> entitled to vote on the Plan: (a) Disallowed Claims; (b) Claims that are subject to a pending objection (whether by way of the Plan or independent motion or adversary proceeding) and that have not been allowed for voting purposes; (c) Claims that are not Impaired under the Plan; (d) Administrative Claims, since such Claims are not placed in Classes and are required to receive specific treatment; and (e) Professional Claims, since such Claims are not placed in Classes.

Each holder of an Allowed Claim classified into one or more of the Voting Classes shall be entitled to vote each such Claim to accept or reject the Plan.

3.    **Votes Required to Confirm Plan**

The Bankruptcy Court cannot confirm the Plan unless, among other things, (a) at least one Impaired Class has accepted the Plan without counting the votes of any Insiders within that Class and (b) either all Impaired Classes have voted to accept the Plan, or the Plan can be "crammed-down" with respect to each and every dissenting Impaired Class.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1    A Class of Claims is considered to have accepted the Plan when more than one-

2  half in number **and** at least two-thirds in dollar amount of the Claims that actually voted in

3  that Class have voted in favor of the Plan.

4        **B.    The "Best Interests" Test**

5        The Bankruptcy Court also must determine pursuant to section 943(b)(7) that the

6  Plan is in the "best interests of creditors", which in the chapter 9 context means that the

7  treatment of Claims under the Plan must be better than the only meaningful alternative

8  available, which is dismissal of the Chapter 9 Case. A chapter 9 bankruptcy case cannot

9  be converted to a bankruptcy under chapter 7, and as a result, a chapter 9 "best interests"

10  test compares to the alternative of dismissal rather than conversion. The Debtor submits

11  that the Plan is in the best interests of all creditors because significant payments will be

12  made to all Impaired Classes and Unimpaired Classes, and holders of Allowed Claims in

13  all Impaired Classes and Unimpaired Classes will receive greater distributions under the

14  Plan than those creditors would receive were the Chapter 9 Case dismissed.

15        In contrast, in the absence of the Plan, the Debtor's creditors would be left to "fend

16  for themselves." The result would be a dash to the courthouse for creditors to seek to

17  attach against the Debtor's cash in accounts. The Plan is fair as it leads to an equitable

18  distribution to all creditors, rather than favoring only those creditors that can most swiftly

19  achieve a judgment and file recordation documents. More precisely, but for the adjustment

20  to its obligations proposed through the Plan, the Debtor will not be unable to alter the

21  treatment of certain Claims, including General Unsecured Claims. The Debtor will also

22  lose the benefits afforded to debtors under the Bankruptcy Code. As a result of the

23  foregoing, the Plan is the most equitable and provides for the best distribution to all

24  creditors from the Debtor's assets. In short, the Debtor cannot afford to pay its creditors

25  absent the debt relief afforded by the Plan, and dismissal of the Chapter 9 Case would

26  likely result in chaos and a mad dash to the courthouse.

27        **C.    Feasibility**

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1366410.1

38

To satisfy the requirement set forth in section 943(b)(7) that the Plan be feasible, the Debtor must demonstrate the ability to make the payments required under the Plan. The Debtor projects holding $9,374,526.65 cash on hand net of the reserved funds and is contemplating making distributions to Allowed General Unsecured Claims in the minimum amount of 39.86% pending allowance of the CPUC Claim. The Plan is feasible here where the Debtor has all cash on hand. There are no projected sources of revenue or possible sources of revenue, rather all of the Debtor's assets are in Cash and will be distributed according to the terms of this Plan. As a result, the Plan is feasible under section 943(b)(7).

The Bankruptcy Code provides that the Bankruptcy Court may confirm a plan of adjustment that is not accepted by all Impaired Classes if at least one Impaired Class of Claims accepts the Plan and the so-called "cramdown" provisions set forth in sections 1129(b)(1), (b)(2)(A) and (b)(2)(B) are satisfied. The Plan may be confirmed under the cramdown provisions if, in addition to satisfying the other requirements of section 943(b), it (a) is "fair and equitable," and (b) does not discriminate unfairly with respect to each Class of Claims that is Impaired under and has not accepted the Plan. The Debtor believes that the Plan satisfies the foregoing requirements and, as such, may be confirmed over the objection of any dissenting Class of Claims.

**As noted above, the Debtor has reserved the right to request that the Bankruptcy Court confirm the Plan by "cramdown" in accordance with sections 1129(b)(1), (b)(2)(A) and (b)(2)(B).**

**D.    Conditions Precedent**

1.    **Condition Precedent to Confirmation**

The Plan shall not be confirmed unless and until the following conditions precedent have been satisfied or waived: (1) the Plan satisfies the requirements of section 943(b), as applicable; (2) the Debtor has received any and all authorizations, consents, regulatory approvals, rulings, no-action letters, opinions, and documents that are necessary to implement the Plan and that are required by law, regulation or order, including, but not

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

limited to, those required under section 943(b)(6); and (3) the Bankruptcy Court enters a Confirmation Order in a form and substance satisfactory to the Debtor.

### 2.    Conditions Precedent to Effective Date

The Plan will not become effective and operative unless and until the Effective Date occurs. Section XI of the Plan sets forth certain conditions to the occurrence of the Effective Date. The Effective Date will occur on the first Business Day after which the conditions set forth in Section XI.B of the Plan are satisfied or waived. Based on currently available information, the Debtor anticipates that the Effective Date will occur in or about June 2022.

### 3.    Non-Occurrence of Effective Date

The Plan provides that, if the Bankruptcy Court confirms the Plan but the conditions precedent to the Effective Date thereof are not satisfied, upon notification submitted by the Debtor to the Bankruptcy Court: (i) the Confirmation Order shall be vacated, (ii) no distributions under the Plan shall be made, (iii) the Debtor and all holders of Claims shall be restored to the *status quo ante* as of the day immediately preceding the Confirmation Date as though the Confirmation Date never occurred, and (iv) all of the Debtor's obligations with respect to the Claims shall remain unchanged and nothing contained herein or in the Plan shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other entity or to prejudice in any manner the rights, remedies, or claims of the Debtor or any entity in any further proceeding involving the Debtor.

### 4.    Waiver of Conditions Precedent to Effective Date

Under the Plan, the Debtor may waive in whole or in part any condition to the Effective Date of the Plan or the payment of any Effective Date Payments. Any such waiver of a condition may be affected at any time, without notice or leave or order of the Bankruptcy Court and without any formal action, other than the filing of a notice of such waiver with the Bankruptcy Court.

### E.    Effect of Confirmation

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    Confirmation of the Plan and the occurrence of the Effective Date will have a

2  number of important and binding effects, some of which are summarized below. Readers

3  are encouraged to review Section IX of the Plan carefully and in its entirety to assess the

4  various consequences of confirmation of the Plan.

5                    1.    **Discharge of the Debtor**

6        Pursuant to section 944, upon the substantial consummation of this Plan, the

7  Debtor shall be discharged from all debts (as defined in the Bankruptcy Code) of the

8  Debtor and Claims against the Debtor other than (i) any debt specifically and expressly

9  excepted from discharge by this Plan or the Confirmation Order and (ii) any debt owed to

10  an entity that, before the confirmation of this Plan, had neither notice nor actual

11  knowledge of the Chapter 9 Case. Substantial consummation, as defined in section

12  1101(2), shall mean: (1) a transfer of all or substantially all of the property proposed by the

13  Plan to be transferred; (2) assumption by the Debtor or by any successor to the Debtor

14  under the Plan of the business or of the management of all or substantially all of the

15  property dealt with by the Plan; and (3) commencement of distributions under the Plan.

16  Substantial consummation will occur upon the final of three distributions by the Debtor or

17  after distributions have been made and no funds remain in the Debtor Accounts. Upon

18  substantial consummation of the Plan, the Debtor shall file with the Court and serve upon

19  all interested parties a notice of substantial consummation of the Plan.

20        The rights afforded in this Plan and the treatment of all holders of Claims, whether

21  Impaired or Unimpaired, shall be in exchange for and in complete satisfaction, discharge

22  and release of all Claims of any nature whatsoever arising on or before the Effective Date,

23  known or unknown, including any interest accrued or expenses incurred thereon from and

24  after the Petition Date, whether against the Debtor or any of its properties, assets or

25  interests in property. Except as otherwise provided herein, upon the Effective Date, all

26  Claims against the Debtor shall be deemed satisfied, discharged, and released in full,

27  whether Impaired or Unimpaired.

28                    2.    **Injunction**

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1366410.1

41

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    **EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THIS PLAN, ALL**

2    **ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD PRE-CONFIRMATION DATE**

3    **CLAIMS SHALL BE PERMANENTLY ENJOINED FROM AND AFTER THE**

4    **CONFIRMATION DATE FROM: (I) COMMENCING OR CONTINUING IN ANY MANNER**

5    **ANY ACTION OR OTHER PROCEEDING OF ANY KIND WITH RESPECT TO ANY**

6    **SUCH PRE-CONFIRMATION DATE CLAIMS AGAINST THE DEBTOR OR ITS**

7    **PROPERTY OR THE PARTNERS OR THEIR PROPERTY; (II) ENFORCING,**

8    **ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY**

9    **JUDGMENT, AWARD, DECREE OR ORDER AGAINST THE DEBTOR OR ITS**

10    **PROPERTY OR THE PARTNERS OR THEIR PROPERTY WITH RESPECT TO SUCH**

11    **PRE-CONFIRMATION DATE CLAIMS; (III) CREATING, PERFECTING, OR**

12    **ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST THE DEBTOR**

13    **OR ITS PROPERTY OR THE PARTNERS OR THEIR PROPERTY; AND (IV)**

14    **ASSERTING ANY RIGHT OF SETOFF, SUBROGATION OR RECOUPMENT OF ANY**

15    **KIND AGAINST ANY OBLIGATION DUE TO THE DEBTOR OR THE PARTNERS WITH**

16    **RESPECT TO ANY SUCH PRE-CONFIRMATION DATE CLAIMS.**.

17              3.      **Term of Existing Injunctions and Stays**

18          Unless otherwise provided in the Plan, all injunctions or stays provided for in the

19    Chapter 9 Case pursuant to sections 105, 362, or 922, or otherwise, and in existence

20    immediately prior to the Confirmation Date, shall remain in full force and effect unless and

21    until the Debtor receives a discharge in accordance with Section XI.A. of the Plan.

22              4.      **Exculpation**

23          Except with respect to obligations specifically arising pursuant to or preserved in

24    the Plan or the SCE Agreement, no Exculpated Party shall have or incur, and each

25    Exculpated Party is hereby released and exculpated from, any Claim, obligation, cause of

26    action or liability for any Claim in connection with or arising prior to or on the Effective

27    Date for any act taken in connection with, or related to, (i) the administration of the

28    Chapter 9 Case, (ii) the negotiations, pursuit, confirmation, solicitation of votes for,

consummation or implementation of the Plan, (iii) the administration of the Plan or property to be distributed under the Plan, (iv) any document, release, contract, or other instrument entered into in connection with, or related to, the Plan, and/or (v) any other transaction contemplated by or entered into in connection with the Plan or entered into during the administration of the Chapter 9 Case; *provided*, *however*, that nothing shall be deemed to release or exculpate any Exculpated Party for its willful misconduct or gross negligence. In all respects, each Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities pursuant to the Plan.

5.    **Good Faith Compromise**

In consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan, including, without limitation, the exculpation provisions, constitute a good faith compromise and settlement of all Claims, causes of action and/or controversies relating to any and all rights that a holder of a Claim may have against the Debtor, any distributions to be made pursuant to the Plan on account of any such Claim, and any and all Claims and causes of action of any party. The entry of the Confirmation Order constitutes the Bankruptcy Court's approval, effective as of the Effective Date, of the compromise or settlement of all such Claims and/or controversies and the Bankruptcy Court's finding that all such compromises or settlements are in the best interests of the Debtor and the holders of Claims, and are fair, equitable, and reasonable.

**VIII.    RESERVATION OF RIGHTS OF ACTION**

Any and all claims, causes of action, rights of recovery, rights of offset, rights of recoupment, rights to refunds, and similar rights held by the Debtor shall be retained by the Debtor unless previously released or released under the Plan. The failure to identify any potential or existing Right of Action retained by the Debtor is not intended to and shall not limit the rights of the Debtor to pursue any such action(s). Unless a Right of Action is expressly waived, relinquished, released, compromised, or settled (in the Plan or otherwise), the Debtor expressly reserves all Rights of Action for later adjudication and, as

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

43

1    a result, no preclusion doctrine, including the doctrines of *res judicata*, collateral estoppel,

2    issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches,

3    shall apply to such Rights of Action upon or after the Confirmation Date. In addition, the

4    Debtor expressly reserves the right to pursue or adopt against any other entity any claims

5    alleged in any lawsuit in which the Debtor is a defendant or an interested party.

6    **IX.    RISK FACTORS**

7            Holders of Claims against the Debtor should read and consider carefully the factors

8    set forth below, as well as the other information set forth in this Disclosure Statement and

9    the documents delivered with this Disclosure Statement and/or incorporated by reference,

10   prior to voting to accept or reject the Plan. These risk factors should not, however, be

11   regarded as constituting the only risks involved in connection with the Plan and its

12   implementation.

13           As discussed herein, the Plan will be funded by cash on hand of the Debtor.

14           There is a risk that the amount of the Allowed Claims may be greater than currently

15   estimated, in which case distributions to creditors may be reduced. There is little to no risk

16   that the Debtor will be unable to fund the Plan as the Debtor already has cash on hand

17   and has worked out settlements with the entities that asserted secured claims against

18   such funds.

19   **X.    FEDERAL INCOME TAX CONSEQUENCES**

20           The implementation of the Plan may have federal, state, local and foreign tax

21   consequences to the Debtor and its creditors. No tax opinion has been sought or will be

22   obtained with respect to any tax consequences of the Plan. This Disclosure Statement

23   does not constitute and is not intended to constitute either a tax opinion or tax advice to

24   any person, and the summary contained herein is provided for informational purposes

25   only.

26           As individual circumstances may differ, and the income tax consequences of a

27   chapter 9 case are complex and uncertain, this summary does not address the federal

28   income tax consequences that may be relevant to the creditors of the Debtor as a result of

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  the Plan. Accordingly, creditors should consult with their own tax advisors regarding the

2  potential income tax consequences of the Plan as it pertains to them.

3  **To ensure compliance with requirements imposed by the Internal Revenue**

4  **Service, you are hereby notified that any discussion of tax matters contained herein**

5  **(including any attachments) is not intended or written to be used by any taxpayer,**

6  **and cannot be used by any taxpayer, for the purpose of avoiding tax-related**

7  **penalties that otherwise may be imposed under the Internal Revenue Code on the**

8  **taxpayer. Such discussion of tax matters was written in connection with the**

9  **solicitation of votes in favor of the Plan. The Debtor and its creditors should seek**

10  **tax advice regarding the tax consequences to them of the Plan based on their**

11  **particular circumstances from an independent tax advisor.**

12  **XI.**    **RECOMMENDATION AND CONCLUSION**

13  The Debtor believes that confirmation and implementation of the Plan represents

14  the best option for the Debtor and its creditors. Accordingly, **the Debtor urges holders of**

15  **Impaired Claims to vote to accept the Plan by so indicating on their Ballots and**

16  **returning them as specified in this Disclosure Statement and on their Ballots.**

17  Dated: _____ 2022                WESTERN COMMUNITY ENERGY

18                                         By:    *[Signature to Follow]*_____
                                                  Ted Hoffman
19                                                Chairman of the Board of Directors
                                                  for Western Community Energy
20

21  Dated:  May 5, 2022                    WEILAND GOLDEN GOODRICH LLP
22
                                           By:    /s/ *David M. Goodrich*_____
23                                                David M. Goodrich
                                                  Attorneys for Debtor
24                                                Western Community Energy

25

26

27

28

1366410.1                          45                FIRST AMENDED DISCLOSURE
                                                             STATEMENT

WEILAND GOLDEN GOODRICH LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Welland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

## DECLARATION OF ANDREW RUIZ

I, Andrew Ruiz, declare as follows:

1.    I am Chief Financial Officer of Western Riverside Council of Governments, Managing Agent of Western Community Energy ("Debtor"), the chapter 9 debtor in the bankruptcy case number 6:21-bk-12821-SY. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated, and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the *Disclosure Statement with Respect to the Plan for the Adjustment of Debts of Western Community Energy* (the "Disclosure Statement"). Any term not specifically defined herein shall have the meaning set forth in the Disclosure Statement or the Plan for the Adjustment of Debts of Western Community Energy.

2.    Attached hereto as Exhibit 1 is the Debtor's amended List of Creditors [Dkt. No.255] showing an updated and current list of all Creditors of the Debtor.

3.    The Debtor and Pilot Power entered into the Stipulation By and Between Western Community Energy and Pilot Power Group LLC Regarding Treatment of Claim of Pilot Power Group LLC a true and correct copy of which is attached hereto as Exhibit 2.

4.    The Debtor's Accounts are projected to contain cash on hand in the amount of $9,374,526.65 on the Effective Date net of the amounts reserved under the Plan.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___5___ day of May, 2022 at Riverside, California.

Andrew Ruiz

1366410.1

48

FIRST AMENDED DISCLOSURE
STATEMENT

# EXHIBIT 1

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **Western Community Energy** |
| United States Bankruptcy Court for the: | **CENTRAL DISTRICT OF CALIFORNIA** |
| Case number (if known): | **6:21-bk-12821 SY** |

## Amended 11 U.S.C. Section 924 List of Creditors

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim | Indicate if claim is contingent, unliquidated, or disputed | | | Claim amount |
|---|---|---|---|---|---|---|
| BP Energy Company Attn: Rob H. Gorski 201 Helios Way Houston, TX 77079 | Rob H. Gorski Andrea Lewis Andrea.Lewis@bp.com (832) 619-3799 | Hedged Energy | | | | $0.00 |
| Morgan Stanley Capital Group Attn: Commodities Department 1585 Broadway, 3rd Floor New York, NY 10036-8293 | commondconfsny@morgan stanley.com (914) 225-4300 (914) 750-0408 [fax] | Hedged Energy | | | | $0.00 |
| WRCOG 3390 University Ave., Suite 200 Riverside, CA 92501 | Christopher J. Gray (951) 405-6710 cgray@wrcog.us | Management Services | | | | $4,977,894.94 |
| Constellation 1310 Point Street, 8th Floor Baltimore, MD 21231 | Contract Administration exeloncontractsupport@ex eloncorp.com (410) 470-3485 | Renewable portfolio standards | | | | $0.00 |
| Barclays Bank PLC 1301 6th Avenue New York, NY 10019 | Cassandra Boltz | Cash facility/revolving line of credit | | | | $0.00 |
| Elk Hills Power 4026 Sky Line Road PO Box 460 Tupman, CA 93276 | Valerie Bantner Peo, Esq vbantnerpeo@buchalter.co m Tony Ziobro Anthony.Ziobro@crc.com (661) 763-2726 Joseph Alves Joe.Alves@rcr.com (562) 999-8632 | Resource adequacy | | | | $408,650.00 |

EXHIBIT 1    PAGE 49

Debtor    **Western Community Energy**
          Name

Case number *(if known)*    **6:21-bk-12821 SY**

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim | Indicate if claim is contingent, unliquidated, | | | Claim amount |
|---|---|---|---|---|---|---|
| Shell Energy North America (USA) Contract North America 1000 Main Street, Level 12 Houston, TX 77002 | Contracts North America (877) 504-2491 | Resource adequacy | | | | $0.00 |
| Southern California Edison Energy Contract Management 2244 Walnut Grove Ave. Rosemead, CA 91770 | Seth Goldman, Esq. seth.goldman@mto.com Director, Energy Contracts Manager energycontracts@sce.com | Service contract, resource adequacy | | | | $16,190,322.00 |
| TransAlta 110-12 Avenue SW Calgary, Alberta T2P 2MI Canada | contractadmin@transalta.com (403) 267-7255 | Hedged energy | | | | $0.00 |
| NRG Power Marketing LLC Attn: Managing Member 804 Carnegie Center Princeton, NJ 08540 | Joseph A. Holtman | Resource adequacy | Contingent - subject to mitigation of potential damages | | | $161,551.38 |
| Enersponse, Inc. 2901 West Coast Highway, Suite 200 Newport Beach, CA 92663 | Emily McPhail emcphail@enersponse.com (949) 734-0043 | Resource adequacy | Contingent - subject to mitigation of potential damages | | | $164,500.00 |
| Exelon Generation Company, LLC 1310 Point Street 8th Floor Baltimore, MD 21231 | Amanda DeWeese Amanda.DeWeese@constellation.com (410) 470-3485 | Resource adequacy | | | | $0.00 |
| OhmConnect, Inc. 610 16th Street, Suite M20 Oakland, CA 94612 | Matt Duesterberg finance@ohmconnect.com | Resource adequacy | Contingent, unliquidated - subject to mitigation of potential damages | | | $0.00 |
| Pacific Gas and Electric Company 245 Market Street San Francisco, CA 94105 | Ted Yura ted.yura@pge.com (415) 828-3350 | Resource adequacy | Contingent, unliquidated - subject to mitigation of potential damages | | | $0.00 |
| Calpine Energy Solutions 401 W A Street, #500 San Diego, CA 92101 | Josh Brock Josh.Brock@calpinesolutions.com (858) 231-3727 | Consultant services | | | | $573,929.93 |

page 2

EXHIBIT 1    PAGE 50

| Debtor | Western Community Energy | | Case number (if known) | 6:21-bk-12821 SY |
| --- | --- | | --- | --- |
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim | Indicate if claim is contingent, unliquidated, | | | Claim amount |
| --- | --- | --- | --- | --- | --- | --- |
| Pilot Power Group, Inc. Attn: Contract Administration 8910 University Center Lane, Suite San Diego, CA 92122 | Marc Winthrop, Esq. mwinthrop@wghlawyers.com (949) 720-4110 Denis Vermette dvermette@edms-llc.com (858) 678-0118-ex. 101 | Consultant, hedged energy, renewable portfolio standards | Disputed, subject to offset | | | $1,161,655.80 |
| Pioneer Community Energy 804 Carnegie Ctr. Princeton, NJ 08540-6023 | San Kang Sam@PioneerCommunityE nergy.ca.gov Brian Zard BrianZ@PioneerCommuni t yEnergy.ca.gov (916) 758-8950 | Resource adequacy | Contingent, unliquidate d -subject to mitigation of potential damages | | | $0.00 |
| EES Consulting 1601 Carmen Drive, Suite 215H Camarillo, CA 93010 | Gary Saleba gary.selba@gdsassocaite s. com (425) 889-2700 | Consulting services | | | | $0.00 |
| PFM Financial Advisors, LLC 601 S. Figueroa Street Suite 4500 Los Angeles, CA 90017 | Michael Berwanger Berwangerm@pfm.com | Consulting services | | | | $0.00 |
| PowerEx Corp., Attn: Mgr. Contracts 666 Burrard Street, Suite 1300 Vancouver, BC V6c 2X8 Canada | | Renewable portfolio standards | | | | $21,281.00 |
| ACES 4140 West 99th Street Carmel, IN 46032 | | Consulting services | | | | $0.00 |
| The Creative Bar 38750 Sky Canyon Drive, Suite C Murrieta, CA 92563 | Justin Lawler (866)796-6307 justin@thecreativebar.co m | Consultant Services | | | | $15,524.57 |
| California Public Utilities Commission 505 Van Ness Ave. San Francisco, CA 94102 | | | | | | $1,529,866.40 |
| PIP Printing 4093 Market Street Riverside, CA 92501 | | Printing services | | | | $0.00 |
| OneEnergy, Inc. Attn: Bill Eddie 2003 Western Avenue, Suite 225 Seattle, WA 98121 | Attn: Bill Eddie 2003 Western Avenue, Suite 225 Seattle, WA 98121 | Renewable portfolio standards | | | | $0.00 |
| California Dep. of Tax and Finance - Collect. PO Bo 942879 Sacramento, CA 94278 | | Electricity tax | | | | $187,826.22 |

EXHIBIT 1    PAGE 51

**Fill in this information to identify the case:**

Debtor name    **Western Community Energy**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    **6:21-bk-12821 SY**

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐    *Schedule H: Codebtors* (Official Form 206H)
☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐    Amended *Schedule*
■    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐    Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **March 17, 2022**         *x* [Signature to Follow]
                                          Signature of individual signing on behalf of debtor

                                          **Andrew Ruiz**
                                          Printed name

                                          **Chief Financial Officer, WRCOG**
                                          Position or relationship to debtor

Official Form 202                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

EXHIBIT 1    PAGE 52

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600**
**Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): <u>Amended 11 U.S.C. Section 924 List of Creditors</u> <u>and Declaration Under Penalty of Perjury for Non-Individual Debtors</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>March 17, 2022</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) <u>March 17, 2022</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>March 17, 2022</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**SERVED BY OVERNIGHT MAIL**
Honorable Scott H. Yun
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 3/17/2022 | Gloria Estrada | *Gloria Estrada* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**

EXHIBIT 1    PAGE 53

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Abram Feuerstein    abram.s.feuerstein@usdoj.gov

Beth Gaschen    bgaschen@wgllp.com,
kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.courtdrive.com;gestrada@wgllp.com

Seth Goldman    seth.goldman@mto.com

David M Goodrich    dgoodrich@wgllp.com,
kadele@wgllp.com;lbracken@wgllp.com;wgllp@ecf.courtdrive.com;gestrada@wgllp

Everett L Green    everett.l.green@usdoj.gov

Anna Gumport    agumport@sidley.com, laefilingnotice@sidley.com;anna-gumport-6608@ecf.pacerpro.com

Chad V Haes    chaes@marshackhays.com,
chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;kfrederick@ecf.courtdrive.com

Brian D Huben    hubenb@ballardspahr.com, carolod@ballardspahr.com

Mark T Jessee    jesseelaw@aol.com, marktjessee@gmail.com

Lindsey E Kress    lkress@lockelord.com, hayli.holmes@lockelord.com

Peter W Lianides    plianides@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard A Marshack    rmarshack@marshackhays.com,
lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com

Ali Matin    ali.matin@usdoj.gov, carolyn.k.howland@usdoj.gov

David L. Neale    dln@lnbyg.com

Valerie Bantner Peo    vbantnerpeo@buchalter.com

Cameron C Ridley    Cameron.Ridley@usdoj.gov

Bradley R Schneider    bradley.schneider@mto.com

Jason D Strabo    jstrabo@mwe.com, cgreer@mwe.com

United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

Joseph M VanLeuven    joevanleuven@dwt.com, katherinehardee@dwt.com;pdxdocket@dwt.com

Marc J Winthrop    mwinthrop@wghlawyers.com, jmartinez@wghlawyers.com

Robert J Wood    robert.wood@rivercitybank.com

Nahal Zarnighian    zarnighiann@ballardspahr.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT 2

**WEILAND GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone 714-966-1000
Facsimile 714-966-1002

Counsel for Debtor Western Community Energy

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:21-bk-12821-SY |
| WESTERN COMMUNITY ENERGY, | Chapter 9 |
| Debtor. | **STIPULATION BY AND BETWEEN WESTERN COMMUNITY ENERGY AND PILOT POWER GROUP LLC REGARDING TREATMENT OF CLAIM OF PILOT POWER GROUP LLC** |
| | [No Hearing Requested] |

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

Western Community Energy, the debtor in the above captioned case ("Debtor") and Pilot Power Group LLC ("Pilot Power" and collectively with the Debtor, the "Parties"), by and through their respective undersigned counsel, hereby stipulate ("Stipulation") and agree with respect to the following:

**RECITALS**

1.    Pilot Power Group, Inc. (now known as Pilot Power Group, LLC.) ("Pilot Power"), is an Electric Service Provider ("ESP") registered with the California Public Utilities Commission

1365437.1                                   -1-
STIPULATION

EXHIBIT 2    PAGE 55

1  ("CPUC") and is also a certified Scheduling Coordinator ("SC") with the California Independent

2  System Operator ("CAISO").

3          2.      Pilot Power and the Debtor entered into a *Professional Services Agreement* dated

4  August 15, 2019 (and inclusive of all amendments thereto, the "Agreement").  Under the

5  Agreement, Pilot Power provided services to WCE, including substantial credit, capital and

6  collateral support for and on behalf of WCE.  Pilot Power was the designated SC at the CAISO for

7  all of the WCE customer load.  All of the WCE customer load was scheduled and settled with the

8  CAISO under a sub-SC ID of Pilot Power established by Pilot Power at the CAISO as "WCE1."

9          3.      On May 24, 2021, the Debtor filed a voluntary petition for relief under Chapter 9 of

10  the Bankruptcy Code initiating the instant bankruptcy case.

11          4.      On or about June 11, 2021, WCE, Southern California Edison ("SCE") and CAISO

12  entered into the Load Transfer Agreement Among Western Community Energy, Southern

13  California Edison Company and California Independent System Operation Corporation dated as of

14  June 11, 2021 ("Load Transfer Agreement").  Pursuant to the Load Transfer Agreement, among

15  other things, effective for electric service as of June 15, 2021 at 12:00:01 a.m. PDT (the "Effective

16  Date"), WCE agreed to cause Pilot Power to stop scheduling the expected load of WCE retail

17  customers in the CAISO's market.

18          5.      In light of the Load Transfer Agreement, WCE stipulated to the rejection of the

19  Agreement.  On June 17, 2021, the Bankruptcy Court entered an order authoring the rejection of

20  the Agreement.

21          6.      On September 30, 2021, Pilot Power filed Proof of Claim No. 15-1 ("Pilot Claim")

22  asserting a claim in the amount of $3,305,679.17 of which $1,848,988.70 was allegedly entitled to

23  priority pursuant to 11 U.S.C. § 507(a)(2).  Pilot Power as the SC for WCE has and is receiving

24  invoices from the CAISO that cover the time period for which Pilot Power operated as the SC for

25  WCE.  Some of these invoices include credits from the CAISO for previous CAISO invoices that

26  over-estimated the actual amounts owing, or that include credits for CRR revenue generated as a

27  result of Pilot Power's bids and management of the CRR market on behalf of WCE.  Accordingly,

28

1365437.1

-2-

1  the Pilot Claim recouped and/or setoff credits from the CAISO, thereby asserting only a net claim

2  amount.

3      7.    On March 17, 2022, the Debtor filed its Plan for the Adjustment of Debts of

4  Western Community Energy ("Plan"). In the Plan, the Debtor asserts that it disputes the Pilot

5  Claim and intends to reserve an amount sufficient to pay the Pilot Claim pending adjudication of

6  the Pilot Claim.

7      8.    The Debtor and Pilot Power have engaged in extensive negotiations regarding the

8  Pilot Claim, and seek, through this Stipulation, to provide for an agreement regarding plan

9  treatment of the Pilot Claim.

10     9.    The Debtor and Pilot Power agree that the Debtor will amend the Plan to list the

11  Pilot Claim as an allowed general unsecured claim in the amount of $800,000.00, entitled to

12  payment through Class 2 of the Plan.

13     10.    As part of such agreement, the Debtor and Pilot Power agree to mutually release all

14  claims, complaints, rights, causes of action, suits, controversies, or other disputes.

15     11.    This Stipulation and agreement herein is a compromise of a disputed claim, and

16  shall never be construed as an admission of liability or responsibility for any purpose by either

17  Party.

18                    **STIPULATION**

19     NOW, THEREFORE, in consideration of the foregoing and subject to approval of this

20  Stipulation by the Court, the Parties stipulate and agree as follows:

21     1.    Debtor will amend the Plan to treat the Pilot Claim as an allowed general unsecured

22  claim in the amount of $800,000.00 entitled to distribution as a Class 2 creditor.

23     2.    Pilot Power waives any claim for priority pursuant to 11 U.S.C. § 507(a)(2).

24     3.    Debtor agrees to the recoupment and/or offset by Pilot Power of any credits from

25  the CAISO.

26     4.    Except as otherwise provided herein, the Parties, for themselves and their

27  respective predecessors, successors and assigns, hereby release all claims, complaints, rights,

28  causes of action, suits, controversies, or other disputes against each other including, but not

1365437.1                    -3-
                          STIPULATION

EXHIBIT 2    PAGE 57

1  limited to, any claim of negligence by the Debtor against Pilot Power and any claim relating to the

2  Agreement, the Pilot Claim, the CAISO invoices, or the circumstances surrounding the same.

3       5.    Each Party hereby acknowledges the fact that it is its intention that this Stipulation

4  shall be effective as a full and final accord and satisfaction and settlement of and as a bar to each

5  manner of action, cause of action, suit, debt, deficiency, liability, demand, claim, obligation, cost,

6  expense, sum of money, controversy, damage, injury, loss, account, reckoning, security interest

7  and lien of every kind or nature whatsoever, heretofore referred to and released. In connection

8  with such waiver and relinquishment, each Party  acknowledges that it is aware that it or its

9  attorneys may hereafter discover facts different from or in addition to the facts which it or its

10  attorneys now know or believe to be true with respect to the subject matter of this Stipulation, and

11  that it may have sustained or may yet sustain damages, costs or expenses that are presently

12  unknown and that relate to the claims released by this Stipulation, but that it is its intention hereby

13  to fully, finally, absolutely and forever settle all such claims which do now exist, may exist or

14  heretofore have existed, in accordance with the terms of this Stipulation and that, in furtherance of

15  such intention, the releases herein given shall be and shall remain in effect for all time as full and

16  complete releases in accordance with the terms and conditions hereof, notwithstanding the

17  discovery of any such additional damages, costs or expenses. Except only for the rights expressly

18  reserved by each Party pursuant to this Stipulation, each Party hereby waives and relinquishes

19  fully, all rights and benefits which it has or may have under Section 1542 of the Civil Code of the

20  State of California, and any comparable United States federal statutes, statutes of any other states

21  in the United States, and common-law principles pertaining to the subject matter of this

22  Stipulation.

23       6.    No Party shall make, publish or communicate to any person or entity any

24  defamatory or disparaging statement concerning another Party; provided, however, that this

25  provision shall not restrict a Party from stating truthful information concerning another Party

26  where deemed necessary or appropriate to comply with applicable law, including any disclosure

27  law, regulation, legal process, or as may be required by any court, arbitrator, mediator, legislative

28

1365437.1

-4-

STIPULATION

EXHIBIT 2    PAGE 58

body or government agency with jurisdiction over the Party or to enforce such Party's rights and interests under this Stipulation.

7.    The Court shall retain jurisdiction to interpret and enforce this Stipulation.

**IT IS SO STIPULATED.**

DATED: May 5, 2022          WEILAND GOLDEN GOODRICH LLP

By: _____
    DAVID M. GOODRICH
    RYAN W. BEALL
    Attorneys for Western Community
    Energy

DATED:  May ___, 2022          WINTHROP GOLUBOW HOLLANDER LLP

By: _____
    PETER W. LIANIDES
    Attorneys for Power Pilot Group LLC

1365437.1
                              -5-
                           STIPULATION

EXHIBIT 2    PAGE 59

1  body or government agency with jurisdiction over the Party or to enforce such Party's rights and

2  interests under this Stipulation.

3        7.      The Court shall retain jurisdiction to interpret and enforce this Stipulation.

4        **IT IS SO STIPULATED.**

5

6

7  DATED: May ___, 2022              WEILAND GOLDEN GOODRICH LLP

8                                    By: _____
9                                        DAVID M. GOODRICH
                                         RYAN W. BEALL
10                                       Attorneys for Western Community
                                         Energy
11

12  DATED: May 5, 2022               WINTHROP GOLUBOW HOLLANDER LLP

13                                   By: _____
14                                       PETER W. LIANIDES
                                         Attorneys for Power Pilot Group LLC
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1365437.1                              -5-
                                  STIPULATION

EXHIBIT 2    PAGE 60

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**650 Town Center Drive, Suite 600**
**Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): Stipulation By and Between Western Community Energy and Pilot Power Group LLC Regarding Treatment of Claim of Pilot Power Group LLC will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 5, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) May 5, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Western Community Energy
3390 University Avenue, Suite 200
Riverside, CA 92501
**Debtor**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 5, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**SERVED BY OVERNIGHT MAIL**
Honorable Scott H. Yun
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 5/5/2022 | Gloria Estrada | *Gloria Estrada* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Ryan W Beall    rbeall@lwgfllp.com,
vrosales@wgllp.com;kadele@wgllp.com;lbracken@wgllp.com;rbeall@ecf.courtdrive.com
Abram Feuerstein    abram.s.feuerstein@usdoj.gov
Beth Gaschen    bgaschen@wgllp.com,
kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.courtdrive.com;gestrada@wgllp.com
Seth Goldman    seth.goldman@mto.com
David M Goodrich    dgoodrich@wgllp.com,
kadele@wgllp.com;lbracken@wgllp.com;wgllp@ecf.courtdrive.com;gestrada@wgllp.com
Everett L Green    everett.l.green@usdoj.gov
Anna Gumport    agumport@sidley.com, laefilingnotice@sidley.com;anna-gumport-6608@ecf.pacerpro.com
Chad V Haes    chaes@marshackhays.com,
chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;kfrederick@ecf.courtdrive.com
Brian D Huben    hubenb@ballardspahr.com, carolod@ballardspahr.com
Mark T Jessee    jesseelaw@aol.com, marktjessee@gmail.com
Lindsey E Kress    lkress@lockelord.com, hayli.holmes@lockelord.com
Peter W Lianides    plianides@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
Richard A Marshack    rmarshack@marshackhays.com,
lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com
Ali Matin    ali.matin@usdoj.gov, carolyn.k.howland@usdoj.gov
Candace J Morey    candace.morey@cpuc.ca.gov
David L. Neale    dln@lnbyg.com
Valerie Bantner Peo    vbantnerpeo@buchalter.com
Cameron C Ridley    Cameron.Ridley@usdoj.gov
Bradley R Schneider    bradley.schneider@mto.com
Jason D Strabo    jstrabo@mwe.com, cgreer@mwe.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Joseph M VanLeuven    joevanleuven@dwt.com, katherinehardee@dwt.com;pdxdocket@dwt.com
Marc J Winthrop    mwinthrop@wghlawyers.com, jmartinez@wghlawyers.com
Robert J Wood    robert.wood@rivercitybank.com
Nahal Zarnighian    zarnighiann@ballardspahr.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

EXHIBIT 2    PAGE 62

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600**
**Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): <u>First Amended Disclosure Statement With Respect</u> <u>To The First Amended Plan For The Adjustment Of Debts Of Western Community Energy</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>May 5, 2022</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) <u>May 5, 2022</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

United States Trustee (RS)
3801 University Avenue, Suite 720
Riverside, CA 92501-3200

Securities and Exchange Commission
444 South Flower Street, Suite 900
Los Angeles, CA 90071

River City Bank
2485 Natomas Park Drvie
Riverside, CA 95833-2975

Southern California Edison
Energy Contract Management
2244 Walnut Grove Ave.
Rosemead, CA 91770-3714

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>May 5, 2022</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**SERVED BY OVERNIGHT MAIL**
Honorable Scott H. Yun
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/5/2022 | Gloria Estrada | *Gloria Estrada* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Ryan W Beall    rbeall@lwgfllp.com,
vrosales@wgllp.com;kadele@wgllp.com;lbracken@wgllp.com;rbeall@ecf.courtdrive.com
Abram Feuerstein    abram.s.feuerstein@usdoj.gov
Beth Gaschen    bgaschen@wgllp.com,
kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.courtdrive.com;gestrada@wgllp.com
Seth Goldman    seth.goldman@mto.com
David M Goodrich    dgoodrich@wgllp.com,
kadele@wgllp.com;lbracken@wgllp.com;wggllp@ecf.courtdrive.com;gestrada@wgllp.com
Everett L Green    everett.l.green@usdoj.gov
Anna Gumport    agumport@sidley.com, laefilingnotice@sidley.com;anna-gumport-6608@ecf.pacerpro.com
Chad V Haes    chaes@marshackhays.com,
chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;kfrederick@ecf.courtdrive.com
Brian D Huben    hubenb@ballardspahr.com, carolod@ballardspahr.com
Mark T Jessee    jesseelaw@aol.com, marktjessee@gmail.com
Lindsey E Kress    lkress@lockelord.com, hayli.holmes@lockelord.com
Peter W Lianides    plianides@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
Richard A Marshack    rmarshack@marshackhays.com,
lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com
Ali Matin    ali.matin@usdoj.gov, carolyn.k.howland@usdoj.gov
Candace J Morey    candace.morey@cpuc.ca.gov
David L. Neale    dln@lnbyg.com
Valerie Bantner Peo    vbantnerpeo@buchalter.com
Cameron C Ridley    Cameron.Ridley@usdoj.gov
Bradley R Schneider    bradley.schneider@mto.com
Jason D Strabo    jstrabo@mwe.com, cgreer@mwe.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Joseph M VanLeuven    joevanleuven@dwt.com, katherinehardee@dwt.com;pdxdocket@dwt.com
Marc J Winthrop    mwinthrop@wghlawyers.com, jmartinez@wghlawyers.com
Robert J Wood    robert.wood@rivercitybank.com
Nahal Zarnighian    zarnighiann@ballardspahr.com

**TO BE SERVED BY U.S. MAIL:**
~~Pilot Power Group, Inc.~~
~~Attn: Contract Administration~~
~~8910 University Center Lane, Suite~~
~~San Diego, CA 92122-1026~~
MAIL RETURNED 9/24/21

~~Pilot Power Group~~
~~AttN: Denis Vermette~~
~~8910 University Center Lane~~
~~San Diego, CA 92122-1026~~
MAIL RETURNED 03/10/21

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600**
**Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): <u>First Amended Disclosure Statement With Respect</u> <u>To The First Amended Plan For The Adjustment Of Debts Of Western Community Energy</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>May 5, 2022</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) <u>May 5, 2022</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

United States Trustee (RS)
3801 University Avenue, Suite 720
Riverside, CA 92501-3200

River City Bank
2485 Natomas Park Drvie
Riverside, CA 95833-2975

Securities and Exchange Commission
444 South Flower Street, Suite 900
Los Angeles, CA 90071

Southern California Edison
Energy Contract Management
2244 Walnut Grove Ave.
Rosemead, CA 91770-3714

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>May 5, 2022</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**SERVED BY OVERNIGHT MAIL**
Honorable Scott H. Yun
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/5/2022 | Gloria Estrada | *Gloria Estrada* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Ryan W Beall    rbeall@lwgfllp.com,
vrosales@wgllp.com;kadele@wgllp.com;lbracken@wgllp.com;rbeall@ecf.courtdrive.com
Abram Feuerstein    abram.s.feuerstein@usdoj.gov
Beth Gaschen    bgaschen@wgllp.com,
kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.courtdrive.com;gestrada@wgllp.com
Seth Goldman    seth.goldman@mto.com
David M Goodrich    dgoodrich@wgllp.com,
kadele@wgllp.com;lbracken@wgllp.com;wggllp@ecf.courtdrive.com;gestrada@wgllp.com
Everett L Green    everett.l.green@usdoj.gov
Anna Gumport    agumport@sidley.com, laefilingnotice@sidley.com;anna-gumport-6608@ecf.pacerpro.com
Chad V Haes    chaes@marshackhays.com,
chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;kfrederick@ecf.courtdrive.com
Brian D Huben    hubenb@ballardspahr.com, carolod@ballardspahr.com
Mark T Jessee    jesseelaw@aol.com, marktjessee@gmail.com
Lindsey E Kress    lkress@lockelord.com, hayli.holmes@lockelord.com
Peter W Lianides    plianides@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
Richard A Marshack    rmarshack@marshackhays.com,
lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com
Ali Matin    ali.matin@usdoj.gov, carolyn.k.howland@usdoj.gov
Candace J Morey    candace.morey@cpuc.ca.gov
David L. Neale    dln@lnbyg.com
Valerie Bantner Peo    vbantnerpeo@buchalter.com
Cameron C Ridley    Cameron.Ridley@usdoj.gov
Bradley R Schneider    bradley.schneider@mto.com
Jason D Strabo    jstrabo@mwe.com, cgreer@mwe.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Joseph M VanLeuven    joevanleuven@dwt.com, katherinehardee@dwt.com;pdxdocket@dwt.com
Marc J Winthrop    mwinthrop@wghlawyers.com, jmartinez@wghlawyers.com
Robert J Wood    robert.wood@rivercitybank.com
Nahal Zarnighian    zarnighiann@ballardspahr.com

**TO BE SERVED BY U.S. MAIL:**
~~Pilot Power Group, Inc.~~
~~Attn: Contract Administration~~
~~8910 University Center Lane, Suite~~
~~San Diego, CA 92122-1026~~
MAIL RETURNED 9/24/21

~~Pilot Power Group~~
~~AttN: Denis Vermette~~
~~8910 University Center Lane~~
~~San Diego, CA 92122-1026~~
MAIL RETURNED 03/10/21

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**