1 | **WEILAND GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675
2 | dgoodrich@wgllp.com
Ryan W. Beall, State Bar No. 313774
3 | rbeall@wgllp.com
650 Town Center Drive, Suite 600
4 | Costa Mesa, California 92626
Telephone    714-966-1000
5 | Facsimile    714-966-1002

6 | Counsel for Debtor
Western Community Energy
7 |

8 | ### UNITED STATES BANKRUPTCY COURT

9 | ### CENTRAL DISTRICT OF CALIFORNIA

10 | ### RIVERSIDE DIVISION

11 | In re | Case No. 6:21-bk-12821-SY

12 | WESTERN COMMUNITY ENERGY, | Chapter 9

13 | Debtor. | **PLAN FOR THE ADJUSTMENT OF DEBTS OF WESTERN COMMUNITY ENERGY DATED MAY 5, 2022**

14 |

15 | Hearing Date, Time and Location:
Date:    April 28, 2022
16 | Time:    1:30 p.m.
Ctrm:    302
17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

*Weiland Golden Goodrich LLP*
*650 Town Center Drive, Suite 600*
*Costa Mesa, California 92626*
*Tel 714-966-1000 · Fax 714-966-1002*

1367667.1

PLAN FOR THE ADJUSTMENT OF DEBTS
DATED MAY 5, 2022

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    DEFINITIONS, INTERPRETATION AND RULES OF CONSTRUCTION .............2

    A.    Definition .................................................................................2

        1.    Administrative Claim ................................................2

        2.    Allowed ......................................................................2

        3.    Ballot..........................................................................3

        4.    Bankruptcy Code ......................................................3

        5.    Bankruptcy Court ......................................................3

        6.    Bankruptcy Rules ......................................................3

        7.    Bar Date ....................................................................3

        8.    Business Day ............................................................3

        9.    CAISO .......................................................................3

        10.    Cash .........................................................................3

        11.    Chapter 9 Case ........................................................4

        12.    Claim ........................................................................4

        13.    Claimant ...................................................................4

        14.    Class.........................................................................4

        15.    Confirmation Date.....................................................4

        16.    Confirmation Hearing................................................4

        17.    Confirmation Order....................................................4

        18.    CPUC ........................................................................4

        19.    Creditor.....................................................................4

        20.    Debtor.......................................................................4

        21.    Debtor's Accounts ...................................................4

        22.    Disallowed ................................................................4

        23.    Disclosure Statement................................................5

        24.    Disputed Claim .........................................................5

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1

## TABLE OF CONTENTS (cont.)

2                                                                        **Page**

3        25.    Effective Date ....................................................................5

4        26.    Eligibility...........................................................................5

5        27.    Exculpated Party...............................................................6

6        28.    Final Order.......................................................................6

7        29.    General Unsecured Claim ..................................................6

8        30.    Impaired...........................................................................6

9        31.    Joint Powers Agreement....................................................7

10       32.    Newly Disputed Claim .......................................................7

11       33.    Newly Disputed Claim Bar Date..........................................7

12       34.    Notice of Effective Date ....................................................7

13       35.    Partner or Partnerst .........................................................7

14       36.    Petition Date ....................................................................7

15       37.    PFM .................................................................................7

16       38.    Pilot Power  ......................................................................7

17       39.    Plan .................................................................................7

18       40.    Plan Exhibits  ...................................................................7

19       41.    Plan Solicitation Order ......................................................8

20       42.    Post-Petition Claim ..........................................................8

21       43.    PPA Providers ..................................................................8

22       44.    Pre-Confirmation Date Claim..............................................8

23       45.    Professional .....................................................................8

24       46.    Professional Claim............................................................8

25       47.    RCB Claim .......................................................................8

26       48.    Rights of Action................................................................9

27       49.    River City Bank.................................................................9

28       50.    SCE .................................................................................9

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

**TABLE OF CONTENTS (cont.)**

Page

51.    SCE Agreement..................................................................9

52.    Secured Claim....................................................................9

53.    Unimpaired.........................................................................9

54.    WRCOG..............................................................................9

B.    Rules of Construction...............................................................9

II.    CLASSIFICATION AND TREATMENT OF CLAIMS UNDER THE PLAN............10

A.    General Overview.....................................................................10

B.    Treatment and Deadline for the Assertion of Administrative
Claims and Professional Claims................................................10

1.    Treatment of Administrative Claims...............................10

2.    Treatment of Professional Claims..................................11

3.    Priority Claims in Chapter 9..........................................11

4.    Deadline for the Filing and Assertion of Postpetition
Claims, Administrative Claims, and Professional Claims............11

C.    Classified Claims......................................................................12

D.    Treatment of Claims.................................................................12

1.    Class 1 – Secured Claims.............................................12

2.    Class 2 – General Unsecured Claims............................12

III.    ACCEPTANCE OR REJECTION..........................................................15

A.    Voting of Claims.......................................................................15

IV.    TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES.....15

A.    Rejection of Executory Contracts and Unexpired Leases.........15

B.    Cure Payments.........................................................................15

C.    Assumption of Executory Contracts and Unexpired Leases......16

D.    Claims Arising from Rejection...................................................16

V.    IMPLEMENTATION AND MEANS FOR IMPLEMENTATION OF THIS PLAN....16

A.    Consent Pursuant to Section 904.............................................16

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**TABLE OF CONTENTS (cont.)**

Page

B.    Means for Execution and Implementation of Plan .....................................17

VI.    RESERVATION OF RIGHTS OF ACTION ...........................................................18

VII.    DISTRIBUTIONS ................................................................................................18

A.    Disbursing Agent ....................................................................................18

B.    Delivery of Distributions ..........................................................................18

C.    Undeliverable Distributions .....................................................................19

1.    Holding of Undeliverable Distributions ..........................................19

2.    Notification and Forfeiture of Unclaimed Property ........................19

D.    Distribution of Cash ................................................................................19

E.    Timeliness of Payments ..........................................................................19

F.    Default and Cure .....................................................................................20

G.    Compliance with Tax Requirements ........................................................20

H.    Time Bar to Cash Payments ....................................................................21

I.    No De Minimis Distributions ....................................................................21

J.    No Distributions on Account of Disputed Claims or Disallowed
Claims .....................................................................................................21

K.    No Post-Petition Date Accrual ................................................................22

VIII.    DISPUTED CLAIMS OBJECTIONS TO CLAIMS; PROSECUTION OF
OBJECTIONS TO DISPUTED CLAIMS .............................................................22

A.    Claim Objection Deadline ........................................................................22

B.    Reserves, Payments and Distributions with Respect to
Disputed Claims ......................................................................................22

C.    Newly Disputed Claims ...........................................................................23

IX.    EFFECT OF CONFIRMATION...........................................................................23

A.    Discharge of the Debtor...........................................................................23

B.    Injunction ................................................................................................24

C.    Term of Existing Injunctions or Stays ......................................................25

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS (cont.)

**Page**

| | | | |
|---|---|---|---|
| | D. | Exculpation | 25 |
| | E. | Good Faith Compromise | 26 |
| X. | | RETENTION OF AND CONSENT TO JURISDICTION | 26 |
| XI. | | CONDITIONS PRECEDENT | 28 |
| | A. | Condition Precedent to Confirmation | 28 |
| | B. | Conditions Precedent to Effective Date | 28 |
| | C. | Waiver of Conditions Precedent to Effective Date | 29 |
| | D. | Effect of Failure of Conditions | 29 |
| | E. | No Admission of Liability | 30 |
| XII. | | MISCELLANEOUS PROVISIONS | 30 |
| | A. | Severability | 30 |
| | B. | Governing Law | 30 |
| | C. | Good Faith | 30 |
| | D. | Effectuating Documents and Further Transactions | 31 |
| | E. | Acceleration of Payments | 31 |
| | F. | Delivery of Notices | 31 |
| | G. | Notice of Effective Date | 31 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

# TABLE OF AUTHORITIES

**Page(s)**

## Statutes

11 U.S.C. § 101(10) ........................................................................................... 4

11 U.S.C. § 101(5) ............................................................................................. 4

11 U.S.C. § 102 ................................................................................................ 10

11 U.S.C. § 105 ................................................................................................ 25

11 U.S.C. § 109(c) ............................................................................................. 5

11 U.S.C. § 362 ................................................................................................ 25

11 U.S.C. § 365 ................................................................................................ 15

11 U.S.C. § 501 ................................................................................................. 2

11 U.S.C. § 502(c) ............................................................................................. 2

11 U.S.C. § 503(b) ........................................................................................ 2, 11

11 U.S.C. § 506(a) ............................................................................................. 9

11 U.S.C. § 507(a)(2) .................................................................................... 2, 11

11 U.S.C. § 510(c) ............................................................................................ 14

11 U.S.C. § 553 ................................................................................................. 9

11 U.S.C. § 901 ...................................................................................... 11, 12, 17

11 U.S.C. § 904 ................................................................................................ 16

11 U.S.C. § 922 ................................................................................................ 25

11 U.S.C. § 941 ................................................................................................. 2

11 U.S.C. § 943 ................................................................................................. 4

11 U.S.C. § 943(b) ............................................................................................ 28

11 U.S.C. § 943(b)(3) ....................................................................................... 11

11 U.S.C. § 943(b)(6) ....................................................................................... 28

11 U.S.C. § 944 .......................................................................................... 18, 23

11 U.S.C. § 945 ................................................................................................ 26

11 U.S.C. § 1101(2) .......................................................................................... 24

## TABLE OF AUTHORITIES (cont.)

**Page(s)**

11 U.S.C. § 1122 ........................................................................................... 12

11 U.S.C. § 1123(a) ......................................................................................... 4

11 U.S.C. § 1123(a)(1) .................................................................................... 12

11 U.S.C. § 1123(a)(5)(D) ............................................................................... 17

11 U.S.C. § 1124 ............................................................................................. 6

11 U.S.C. § 1125 ............................................................................................. 5

11 U.S.C. § 1129(b) ......................................................................................... 15

11 U.S.C. § 1142(b) ......................................................................................... 27

**Rules**

Fed. R. Bankr. P. 9006(a) ............................................................................... 10

Fed. R. Bankr. P. 8002 ................................................................................... 6

SEVENTH AMENDED PLAN

1    Western Community Energy (the "**Debtor**" or "**WCE**"), a joint power authority and

2  debtor under chapter 9 of the Bankruptcy Code, hereby proposes the following Plan for

3  the Adjustment of Debts (the "**Plan**") pursuant to section 941 of the Bankruptcy Code.[1]

4    Please refer to the accompanying Disclosure Statement for a discussion of the

5  Debtor's history, operations, and financial condition, and for a summary and analysis of

6  this Plan and other important information. The Debtor encourages you to read this Plan

7  and the Disclosure Statement in their entirety before voting to accept or reject this Plan.

8  No other materials other than the Disclosure Statement and the associated Exhibits have

9  been approved for use in soliciting acceptance or rejections of this Plan.

10  **I.**    **DEFINITIONS, INTERPRETATION AND RULES OF CONSTRUCTION**

11    **A.**    **Definition**

12    1.    <u>Administrative Claim</u> means a claim allowed under section 503(b) and

13        entitled to priority under section 507(a)(2) to the extent made

14        applicable in Chapter 9[2].

15    2.    <u>Allowed</u> means a Claim that:

16        a.    Is asserted in a proof of Claim filed in compliance with section

17            501 and any applicable order of the Bankruptcy Court and as

18            to which (i) no objection has been filed within the deadline

19            established pursuant to Section VIII.A., (ii) the Bankruptcy

20            Court has entered a Final Order allowing all or a portion of

21            such Claim (but only to the extent allowed), or (iii) the

22            Bankruptcy Court has entered a Final Order under section

23            502(c) estimating the amount of the Claim for purposes of

24            allowance;

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

---

[1] The definitions of capitalized terms used throughout this Plan are set forth in Section I.A.

[2] The Debtor does not believe there are any Administrative Claims applicable in Chapter 9, but Administrative Claims are defined and included in the Plan in the event that the Court finds that Administrative Claims exist against the Debtor.

b.    Is subject to a stipulation between the Debtor and the holder of such Claim providing for the allowance of such Claim; or

c.    Is a Professional Claim.

3.    <u>Ballot</u> means the ballot(s), in the form(s) approved by the Bankruptcy Court in the Plan Solicitation Order accompanying the Disclosure Statement and provided to each holder of a Claim entitled to vote or accept or reject this Plan.

4.    <u>Bankruptcy Code</u> means title 11 of the United States Code. Unless otherwise indicated, references in this Plan to "section _____" are to the specifically identified section of the Bankruptcy Code.

5.    <u>Bankruptcy Court</u> means the United States Bankruptcy Court for the Central District of California, Riverside Division, or such other court that lawfully exercises jurisdiction over the Chapter 9 Case.

6.    <u>Bankruptcy Rules</u> means the Federal Rules of Bankruptcy Procedure. Unless otherwise indicated, references to "Bankruptcy Rules _____" are to the specifically identified rule of the Federal Rules of Bankruptcy Procedure.

7.    <u>Bar Date</u> means the applicable date by which a particular proof of Claim must be filed, as established by this Plan or the Bankruptcy Court.

8.    <u>Business Day</u> means a day other than a Saturday, a Sunday, or any other day on which banking institutions in Los Angeles, California, are required or authorized to close by law or executive order.

9.    <u>CAISO</u> means the California Independent System Operator

10.   <u>Cash</u> means cash and cash equivalents, including, without limitation, withdrawable bank deposits, wire transfers, checks, and other similar items.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1367667.1

3

PLAN FOR THE ADJUSTMENT OF DEBTS
DATED MAY 5, 2022

11. <u>Chapter 9 Case</u> means the case under chapter 9 of the Bankruptcy Code commenced by the Debtor and styled as *In re Western Community Energy*, Case no. 6:21-bk-12821-SY, currently pending in the Bankruptcy Court.

12. <u>Claim</u> has the meaning set forth in section 101(5).

13. <u>Claimant</u> means a person or entity with a Claim.

14. <u>Class</u> means any group of Claims classified herein pursuant to section 1123(a).

15. <u>Confirmation Date</u> means the date on which the Bankruptcy Court enters the Confirmation Order.

16. <u>Confirmation Hearing</u> means the hearing to be conducted by the Bankruptcy Court regarding confirmation of this Plan, as such hearing may be adjourned, reconvened or continued from time to time.

17. <u>Confirmation Order</u> means the order of the Bankruptcy Court confirming this Plan pursuant to section 943.

18. <u>CPUC</u> means the California Public Utilities Commission.

19. <u>Creditor</u> means an entity within the meaning of section § 101(10).

20. <u>Debtor</u> means Western Community Energy, a joint power authority and debtor in the Chapter 9 Case.

21. <u>Debtor's Accounts</u> means the following accounts: (1) Lockbox Account located at River City Bank ending in 6448, (2) Operating Account located at River City Bank ending in 9572, (3) Flow Account located at River City Bank ending in 2612, and (4) Reserve Account located at River City Bank ending in 0785.

22. <u>Disallowed</u> means a Claim, or portion thereof, that: (i) has been disallowed by a Final Order of the Bankruptcy Court; (ii) has been listed by the Debtor in its list of creditors, as it may be amended from time to time, in the amount of $0.00 or an unknown amount, or as

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

contingent, disputed, or unliquidated, and as to which no proof of

claim has been filed by the applicable deadline or deemed timely

pursuant to any Final Order of the Bankruptcy Court; (iii) as to which

the holder thereof has agreed to be equal to $0.00 or to be

withdrawn, disallowed or expunged; or (iv) has not been listed in the

list of creditors and as to which no proof of claim has been filed by the

applicable deadline or deemed timely pursuant to a Final Order of the

Bankruptcy Court.

23.    Disclosure Statement means the disclosure statement, and all

Exhibits and Schedules incorporated therein, that relates to this Plan

and that is approved by the Bankruptcy Court pursuant to section

1125, as the same may be amended, modified or supplemented in

accordance with the Bankruptcy Code.

24.    Disputed Claim means any Claim or portion thereof that has not

become Allowed and that is not Disallowed. In the event that any part

of a Claim is disputed, except as otherwise provided in this Plan, such

Claim shall be deemed disputed in its entirety for purposes of

distribution under and voting on this Plan unless the Debtor in its sole

discretion agrees otherwise. Without limiting the foregoing, a Claim

that is the subject of a pending application, motion, complaint,

objection, or any other legal proceeding seeking to disallow, limit,

reduce, subordinate, or estimate such Claim shall be deemed to be

disputed.

25.    Effective Date means the first Business Day after the Confirmation

Date on which the conditions specified in Section XI.B of the Plan

have been satisfied or waived.

26.    Eligibility means the Debtor's eligibility to be a debtor under Chapter 9

of the Bankruptcy Code § 109(c) and all ancillary and related

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1367667.1

PLAN FOR THE ADJUSTMENT OF DEBTS
DATED MAY 5, 2022

pleadings, discovery, hearings, and actions as provided for in the

Court's order entered on September 28, 2021 (Dkt. No. 165).

27.  Exculpated Party means the Debtor as well as its predecessors,

successors, assigns and present and former affiliates and

subsidiaries, members, and each of their respective current and

former officers, directors, principals, employees, shareholders,

members (including ex officio members), partners, agents, financial

advisors, attorneys, accountants, investment bankers, investment

advisors, consultants, representatives, and other professionals, and

any individual or entity claiming by or through any of them, as well as

each Partner and each Partner's predecessors, successors, assigns

and present and former affiliates and subsidiaries, and each of their

respective current and former officers, directors, principals,

employees, shareholders, members (including ex officio members),

partners, agents, financial advisors, attorneys, accountants,

investment bankers, investment advisors, consultants,

representatives, and other professionals, and any individual or entity

claiming by or through any of them.

28.  Final Order means an order to which (a) no timely appeal has been

filed challenging the order or, (b) if a timely appeal has been filed, no

order staying the effect of the order has been requested or entered. A

notice of appeal shall be deemed timely if filed within the time allotted

under Bankruptcy Rule 8002.

29.  General Unsecured Claim means any unsecured Claim *that is not* (i)

an Administrative Claim, (ii) a Professional Claim, (iii) a Secured

Claim, or (iv) a Post-Petition Claim.

30.  Impaired means a Claim that is impaired within the meaning of

section 1124.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1367667.1

6

PLAN FOR THE ADJUSTMENT OF DEBTS
DATED MAY 5, 2022

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

31.  <u>Joint Powers Agreement</u> means that certain agreement titled Joint Powers Agreement effective August 23, 2018 between the Partners.

32.  <u>Newly Disputed Claim</u> means the claims of the PPA Providers and PFM that the Debtor disputes as specified on the Amended List of Creditors.

33.  <u>Newly Disputed Claim Bar Date</u> means June 2, 2022, the date by which holders of a Newly Disputed Claim must file a proof of claim or else the holder of such Newly Disputed Claim will be barred from asserting the Newly Disputed Claim and the Newly Disputed Claim will be disallowed and not entitled to any distribution under the Plan.

34.  <u>Notice of Effective Date</u> shall have the meaning ascribed to such phrase in Section XII.G of the Plan.

35.  <u>Partner or Partners</u> means the parties to the Joint Powers Agreement; specifically the City of Canyon Lake, City of Eastvale, City of Hemet, City of Jurupa Valley, City of Norco, City of Perris, and City of Wildomar.

36.  <u>Petition Date</u> means May 24, 2021.

37.  <u>PFM</u> means Public Financial Management Group.

38.  <u>Pilot Agreement</u> means the Stipulation By and Between Western Community Energy and Pilot Power Group LLC Regarding Treatment of Claim of Pilot Power Group LLC a copy of which is attached as Exhibit 2 to the Declaration of Andrew Ruiz attached to the concurrently filed First Amended Disclosure Statement With Respect to the First Amended Plan for the Adjustment of Debts of Western Community Energy, and incorporated herein.

39.  <u>Pilot Power</u> means Pilot Power Group, Inc.

40.  <u>Plan</u> means this Plan for the Adjustment of Debts, together with all Exhibits hereto, each in their present form or as they may be altered,

amended or modified from time to time in accordance with the provisions of this Plan, the Confirmation Order, the Bankruptcy Code, and the Bankruptcy Rules.

41.    Plan Exhibits means the pleading titled Exhibits to Plan for the Adjustment of Debts of Western Community Energy and Disclosure Statement Relating Thereto. Unless otherwise stated, any reference contained herein to an "Exhibit" refers to an exhibit appended to the Plan Exhibits.[3]

42.    Plan Solicitation Order means the order by which the Bankruptcy Court approved the Disclosure Statement as containing adequate information for the purpose of dissemination and solicitation of votes on and confirmation of this Plan and established certain rules, deadlines, and procedures for the solicitation of votes with respect to and the balloting of this Plan.

43.    Post-Petition Claim means any Claim asserted against the Debtor relating to a debt incurred by the Debtor after the Petition Date

44.    PPA Providers means Pioneer Community Energy, One Energy, Ohm Connect and Pacific Gas & Energy.

45.    Pre-Confirmation Date Claim means a Claim against the Debtor that arose prior to the Confirmation Date.

46.    Professional means each or any accountant, financial advisor, or attorney that has asserted a Professional Claim against the Debtor, including, but not limited to the following professionals: (1) Weiland Golden Goodrich LLP, (2) Best Best & Kreiger, and (3) Municipal Resource Group, LLC.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

---

[3] The creditor lists attached may be updated and distributions will only be made on account of bona fide Claims and bona fide amounts.

47. <u>Professional Claim</u> means a Claim asserted by a Professional to be paid by the Plan in accordance with the requirements under Chapter 9 to payments to Professionals.

48. <u>RCB Claim</u> means the three claims filed by River City Bank, Proofs of Claim 7-1, 8-2, and 9-1.

49. <u>Rights of Action</u> means any rights, claims, or causes of action owned by, accruing to, or assigned to the Debtor pursuant to the Bankruptcy Code or pursuant to any contract, statute, or legal theory, including, without limitation, any rights to, claims, or cause of action for recovery under any policies of insurance issued to or on behalf of the Debtor.

50. <u>River City Bank</u> means the banking institution titled River City Bank at which the Debtor's Accounts are located.

51. <u>SCE</u> means Southern California Edison Company.

52. <u>SCE Agreement</u> refers to the agreements entered into by and between SCE and the Debtor titled "Settlement Agreement and Release of Claims" and "Receivables Assignment Agreement" approved by the Court on February 15, 2022 (Dkt. No. 249) and related agreements to implement such settlement agreement including the "Second Receivables Assignment Agreement". Pursuant to the SCE Agreement, SCE has an Allowed General Unsecured Claim in the amount of $16,138,192.04.

53. <u>Secured Claim</u> means a Claim that is secured, in whole or in part, (a) by a lien that is not void or otherwise subject to avoidance or subordination under the Bankruptcy Code or applicable non-bankruptcy law, or (b) as a result of rights of setoff under section 553, but in any event only to the extent of the value, determined in accordance with section 506(a), of the holder's interest in the Debtor's

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  interest in property or to the extent of the amount subject to such

2  setoff, as the case may be.

3  54.  Unimpaired means a Claim that is not Impaired.

4  55.  WRCOG means Western Riverside Council of Governments.

5  **B.**  **Rules of Construction**

6  The following rules of construction apply to this Plan: (a) unless otherwise

7  specified, all references in this Plan to "Sections" and "Exhibits" are to the respective

8  Sections in or Exhibits to this Plan, as the same may be amended or modified from time to

9  time; (b) the headings in this Plan are for convenience of reference only and do not limit or

10  otherwise affect the provisions of this Plan; (c) words denoting the singular number

11  include the plural number and vice versa; (d) the rules of construction set forth in Section

12  102 of the Bankruptcy Code apply; (e) in computing any period of time prescribed or

13  allowed by this Plan, the provisions of Bankruptcy Rule 9006(a) apply; and (f) the words

14  "herein," "hereof," "hereto," "hereunder," and others of similar import refer to this Plan as a

15  whole and not to any particular Section, subsection, or clause contained in this Plan.

16  **II.**  **CLASSIFICATION AND TREATMENT OF CLAIMS UNDER THE PLAN**

17  **A.**  **General Overview**

18  As required by the Bankruptcy Code, the Plan classifies Claims in various Classes

19  according to their right to priority. The Plan states whether each Class of Claims is

20  Impaired or Unimpaired. The Plan provides the treatment each Class will receive. In no

21  event shall any creditor receive more than the creditor's Allowed Claim, plus interest, to

22  the extent provided herein.

23  Unless otherwise expressly stated in the Plan or provided for by Court order, the

24  treatment of Allowed Claims under the Plan supersedes any agreements or rights the

25  holders of those Claims may have in or against the Debtor or its assets and is in full

26  satisfaction of the legal, equitable, and contractual rights of the holders of the Claims.

27  Unless the Plan provides otherwise, no distributions will be made and no rights

28  retained on account of any Claim that has not become an Allowed Claim.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1   The claims bar date in this case was October 1, 2021 [Dkt. 134].

2   **B.      Treatment and Deadline for the Assertion of Administrative Claims and**

3   **Professional Claims**

4              **1.      Treatment of Administrative Claims**

5        The Debtor does not believe there are any Administrative Claims applicable in

6   chapter 9, but Administrative Claims are defined and included in the Plan in the event that

7   the Court finds that Administrative Claims exist against the Debtor in which case such

8   Claims will be provided for as required by chapter 9.

9        In the event the Court finds that there are Allowed Administrative Claims against

10  the Debtor, except to the extent that the holder of an Allowed Administrative Claim agrees

11  to a different treatment, the Debtor shall pay to each holder of an Allowed Administrative

12  Claim, in full satisfaction, release, and discharge of such Allowed Administrative Claim,

13  Cash in an amount equal to such Allowed Administrative Claim on the later of (i) the

14  Effective Date or (ii) the date on which such Claim becomes an Allowed Administrative

15  Claim, or as soon thereafter as is practicable. No entities that remain unpaid assert an

16  Administrative Claim.

17              **2.      Treatment of Professional Claims**

18       Pursuant to section 943(b)(3), all amounts to be paid following the Effective Date

19  for services or expenses in the Chapter 9 Case or incident to the Plan will be paid in full.

20       The Debtor estimates that there will be no Professional Claims as of the Effective

21  Date, as all fees to persons for services or expenses in the case or incident to the Plan

22  are paid in full as of the date of the hearing on Confirmation of the Plan. In the event a

23  claimant asserts a Professional Claim, each claimant asserting a Professional Claim must

24  present a final invoice to the Debtor on or before forty-five (45) days after the Effective

25  Date.

26       The Debtor, in the ordinary course of its business, and without the requirement for

27  Bankruptcy Court approval, may pay for professional services rendered and costs

28  incurred following the Effective Date.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1367667.1

PLAN FOR THE ADJUSTMENT OF DEBTS
DATED MAY 5, 2022

### 3.    Priority Claims in Chapter 9

The only priority claims incorporated into chapter 9 through section 901 are those allowed under section 503(b) and entitled to priority under section 507(a)(2). The treatment of all such Administrative Claims is set forth in Sections II.A and II.B. No other kinds of priority Claims set forth in section 507 are recognized in chapter 9 cases.

### 4.    Deadline for the Filing and Assertion of Postpetition Claims, Administrative Claims, and Professional Claims

**All proofs of Claim for Claims arising on or after the Petition Date, and requests for payment or any other means of preserving and obtaining payment of Administrative Claims that have not been paid, released, or otherwise settled, must be filed with the Bankruptcy Court and served upon the Debtor no later than thirty (30) days <u>before</u> the date set for the Confirmation Hearing. This deadline does not apply to requests for payment on a Professional Claim.** Any proof of Claim for Claims arising on or after the Petition Date, or request for payment of an Administrative Claim or a Professional Claim that is not timely filed will be forever barred and holders of such Claims shall be barred from asserting such Claims in any manner against the Debtor.

### C.    <u>Classified Claims</u>

Pursuant to sections 1122 and 1123(a)(1), made applicable to chapter 9 via section 901, all Claims other than Administrative Claims are classified for all purposes, including voting, confirmation, and distribution pursuant to this Plan, as follows:

<u>Class 1</u> – Secured Claims

    <u>Class 1A</u> – SCE

<u>Class 2</u> – General Unsecured Claims

<u>Class 3</u> – Subordinated Claims

### D.    <u>Treatment of Claims</u>

#### 1.    **Class 1 – Secured Claims**

    a.    <u>Class 1A – SCE</u>

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    Class 1A consists of the secured portion of the Claim asserted by SCE after the

2  SCE Agreement. SCE's Secured Claim is in the amount of $0, after payment of

3  $7,875,509.68 including NEM Agreement Cure Amounts pursuant to the SCE Agreement.

4                              (1)    Impairment and Voting

5    Class 1A is Unimpaired by the Plan since the treatment of this Class will not affect

6  the legal, equitable, or contractual rights of SCE. Accordingly, this Class is not entitled to

7  vote to accept or reject the Plan.

8                              (2)    Treatment

9    SCE's Class 1A Claim is in the amount of $0 and will receive no distributions

10  through the Plan.

11            2.    **Class 2 – General Unsecured Claims**

12  Class 2 consists of the Claims listed in Exhibit 1 of the Plan Exhibits.

13                    a.    Impairment and Voting

14    Class 2 is Impaired by the Plan since the treatment of this Class will affect the

15  legal, equitable, or contractual rights of the holders of Allowed Class 2 Claims.

16  Accordingly, this Class is entitled to vote to accept or reject the Plan to the extent the

17  creditor has an Allowed Claim.

18                    b.    Treatment

19    In full satisfaction, release and discharge of the Class 2 Claims, holders of Allowed

20  Class 2 Claims shall receive a lump sum payment under the Plan on the Effective Date

21  equal to its pro rata share of $9,374,526.65, which represents the lump sum payment

22  made by the Debtor to Allowed Class 2 Claims on the Effective Date. Such an amount

23  represents approximately 39.86% of each Class 2 Claim. The Debtor disputes the claim

24  filed by the CPUC and pending allowance of the CPUC's claim, the Debtor will reserve

25  $609,748.15, an amount sufficient to pay the pro rata share to which the CPUC would be

26  entitled if the CPUC claim were allowed in its filed amount as a Class 2 Claim. After

27  allowance of the CPUC claim, and in accordance therewith, the Debtor will distribute

28  funds from such reserve, if any, pro rata to holders of Allowed Class 2 Claims as required.

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Additionally, the Debtor will reserve $200,000.00 in the Debtor's Accounts to facilitate the implementation of the Plan. After all miscellaneous expenses have been paid to implement the Plan, the Debtor will distribute the remainder of the $200,000.00 in reserve funds pro rata to holders of an Allowed Class 2 Claim.

| General Unsecured Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| 2 | General Unsecured Claims<br>Estimated total amount of claims: $25,050,681.44 | N | Y | General Unsecured Claims have been estimated at $25,050,681.44. The exact amount of Class 2 Allowed Claims will not be known until the claims process has been completed.<br><br>Each holder of an Allowed Class 2 Claim will receive a pro rata share of the Debtor's Cash in hand in the Debtor's Accounts after the payment of all Allowed Class 1 claims, Administrative Claims, Professional Claims, and all Allowed Priority Claims, if any exist, which are not classified.<br><br>The Debtor projects that General Unsecured Claims will receive at minimum 39.86% on the Effective Date from payments from the Debtor's Accounts plus additional funds, if any, after the allowance of the CPUC's claim and after miscellaneous payments to implement the Plan. |

### 3.    Class 3 – Subordinated Claims

Class 3 is a place holder class for subordinated claims. No subordinated claims currently exist.

#### a.    Impairment and Voting

Class 3 is Impaired by the Plan since the treatment of this Class will affect the legal, equitable, or contractual rights of the holders of Class 3 Claims. Accordingly, this Class is entitled to vote to accept or reject the Plan to the extent the creditor has an Allowed Claim.

#### b.    Treatment

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

Class 3 Claims are paid only in the event that all Class 2 Claims are paid in full. The Debtor does not anticipate all Class 2 Claims to be paid in full. Therefore, in full satisfaction, release and discharge of the Class 3 Claims, holders of Class 3 Claims shall receive $0.

## III.     ACCEPTANCE OR REJECTION; CRAMDOWN

### A.     Voting of Claims

Each holder of an Allowed Claim classified into Classes 2 and 3 shall be entitled to vote each such Claim to accept or reject this Plan[4].

With respect to any Class of Impaired Claims that fails to accept this Plan, the Debtor intends to request that the Bankruptcy Court nonetheless confirm this Plan pursuant to the so-called "cramdown" powers set forth in section 1129(b).

## IV.     TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### A.     Rejection of Executory Contracts and Unexpired Leases

On the Effective Date, all executory contracts and unexpired leases of the Debtor will be deemed rejected, as of the Effective Date, other than executory contracts and unexpired leases that were previously assumed, assumed and assigned, or rejected by final order of the Bankruptcy Court. The Confirmation Order will constitute an order approving the foregoing.

### B.     Cure Payments

The Debtor does not believe that any payments are required to cure any purported default or arrears under the executory contracts and unexpired leases the Debtor plans to assume through the Plan, as the Debtor does not intend to assume any executory contracts and unexpired leases. The Bankruptcy Court shall resolve all disputes regarding: (i) the amount of any cure payment to be made in connection with the

---

[4] For voting purposes, the CPUC Claim shall be treated as allowed in the amount of $1,529,866.40 as a Class 2 Claim.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

assumption of any executory contract or unexpired lease; (ii) the ability of the Debtor to

provide "adequate assurance of future performance" within the meaning of section 365

under the contract or lease to be assumed; and (iii) any other matter pertaining to such

assumption and assignment. If any party to an executory contract or unexpired lease that

is to be assumed by the Debtor asserts that the proposed cure payment is insufficient or

some other performance is required to assume the subject executory contract or

unexpired lease, such party shall file with the Bankruptcy Court and serve upon the

Debtor a written statement and accompanying declaration in support thereof specifying

the basis for its position and accounting for the purported amount owing under the subject

executory contract or unexpired lease not later than thirty (30) days **before** the

Confirmation Hearing. The failure to timely file and serve such a statement shall be

deemed to be a waiver of any and all objections to the proposed assumption, including,

without limitation, any objection pertaining to the adequacy of the proposed cure payment

or the adequate of the assurance of prompt cure and/or future performance.

### C.    Assumption of Executory Contracts and Unexpired Leases

Without the need to file any further motions, the Debtor does not elect to assume

any executory contracts and unexpired leases.

### D.    Claims Arising from Rejection

Unless otherwise agreed by the Debtor and the counterparty or counterparties to

the subject executory contract or unexpired lease, proofs of Claim arising from the

rejection of executory contracts or unexpired leases must be filed with the Bankruptcy

Court and served on the Debtor no later than thirty (30) days after the Effective Date. The

failure to properly and timely assert a rejection damages Claim pursuant to this Section

IV.D. shall result in such Claim being forever barred and rendered unenforceable against

the Debtor or its assets, properties, or interests in property. Unless otherwise ordered by

the Bankruptcy Court, all such Claims that are timely filed as provided herein shall be

classified into Class 2 (General Unsecured Claims) and treated accordingly.

### V.    IMPLEMENTATION AND MEANS FOR IMPLEMENTATION OF THIS PLAN

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

16

### A.    Consent Pursuant to Section 904

Pursuant to and for purposes of section 904, the Debtor consents to the entry of the Confirmation Order on the terms and conditions set forth herein and to entry of any further orders as necessary or required to implement the provisions of the Plan or any and all related transactions. *Provided, however*, that, other than as set forth specifically herein, the terms and provisions of this Plan are without prejudice to the rights of the Debtor pursuant to section 904, and, other than as specifically set forth herein, shall not be deemed to constitute the Debtor's consent to the Bankruptcy Court's interference with (i) any of the governmental powers of the Debtor; (ii) any of the property or revenues of the Debtor; or (iii) the Debtor's use or enjoyment of any income-producing property.

### B.    Means for Execution and Implementation of Plan

The Debtor shall make a distribution of $9,374,526.65 to Class 2 Creditors on the Effective Date. Such an amount represents approximately 39.86% of Class 2 Claims.

Under the Plan, the Debtor shall be required to make Cash disbursements totaling approximately $9,374,526.65 to the holders of Allowed Class 2 Claims in a lump sum payment on the Effective Date.

Additionally, the Debtor intends to make two (2) additional distributions. The Debtor is withholding $609,748.15, the full amount of the pro rata share to which the CPUC would be entitled if the CPUC claim were allowed in its filed amount as a Class 2 Claim, pending adjudication of the CPUC Claim. If the allowed amount of the CPUC claim is ultimately less than the amount withheld, the remaining funds will be distributed to Allowed Class 2 Claims on a pro rata basis.

The Debtor is additionally withholding $200,000.00 to pay miscellaneous expenses and other expenses relating to implementation of the Plan. After all such payments have been made, the Debtor will distribute remaining funds on a pro rata basis to Allowed Class 2 Claims on a pro rata basis.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1   The Plan will be funded utilizing the Debtor's Cash on hand from the Debtor's

2   Accounts. The Debtor has no continuing customers and will be providing no post-petition

3   services. As a result, the Debtor has no other assets other than its Cash to fund the Plan.

4   As a result, the Debtor will distribute $9,374,526.65 on the Effective Date in

5   accordance with the Plan and will potentially make two additional distributions as

6   described above.

7   The Debtor intends to wind down its remaining operations and provide distribution

8   to holders of Allowed Claims pursuant to section 1123(a)(5)(D) as specifically

9   incorporated by section 901.

10   Pursuant to the Plan, the Debtor shall have approximately $9,374,526.65 in cash

11   on hand net of the reserved funds on the Effective Date. As none exist, Allowed Secured

12   Claims and Allowed Administrative Claims will be paid in full, along with Professional

13   Claims, and creditors holding Allowed Unsecured Claims will receive a distribution of at

14   least 39.86% pending additional distributions.

15   **VI.    RESERVATION OF RIGHTS OF ACTION**

16   Unless previously released or released under the Plan, all of the Debtor's claims,

17   causes of action, rights of recovery, rights of offset, rights of recoupment, rights to

18   refunds, and similar rights shall be retained by the Debtor. The failure to list in the

19   Disclosure Statement any potential or existing Right of Action retained by the Debtor is not

20   intended to and shall not limit the rights of the Debtor to pursue any such action. Unless a

21   Right of Action is expressly waived, relinquished, released, compromised, or settled (in

22   this Plan or otherwise), the Debtor expressly reserves all Rights of Action for later

23   adjudication and, as a result, no preclusion doctrine, including the doctrines of *res*

24   *judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial,

25   equitable, or otherwise), or laches, shall apply to such Rights of Action upon or after the

26   confirmation or consummation of this Plan or the Effective Date. In addition, the Debtor

27   expressly reserves the right to pursue or adopt against any other entity any claims alleged

28   in any lawsuit in which the Debtor is a defendant or an interested party.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

**VII.  DISTRIBUTIONS**

**A.  Disbursing Agent**

On and after the Effective Date, the Debtor shall serve as disbursing agent for payments to be made under this Plan in accordance with section 944. Notwithstanding, the Debtor may retain one or more agents to perform or assist it in making distributions pursuant to this Plan, which agents may serve without bond. The Debtor may provide reasonable compensation to any such agent(s) without further notice or Bankruptcy Court approval.

**B.  Delivery of Distributions**

All distributions to any holder of an Allowed Claim shall be made at the address of such holder as set forth in the books and records of the Debtor or its agents unless (i) the holder has designated an alternate address for payment in a proof of Claim filed with Bankruptcy Court or (ii) specifies an alternate address on its Ballot. Any and all notifications of address changes and all address confirmations should be mailed to: Kelly Adele at Weiland Golden Goodrich LLP, 650 Town Center Drive, Suite 600, Costa Mesa, California 92626, or kadele@wgllp.com and rbeall@wgllp.com.

**C.  Undeliverable Distributions**

**1.  Holding of Undeliverable Distributions**

If any distribution to a holder of an Allowed Claim is returned to the Debtor or its agent as undeliverable, no further distributions shall be made to such holder unless and until the Debtor is notified in writing of such holder's then-current address. Unless and until the Debtor is so notified, such distribution shall be deemed to be "Unclaimed Property" and shall be set aside and held in a segregated account to be administered pursuant to Section VII.C.2.

**2.  Notification and Forfeiture of Unclaimed Property**

Ninety (90) days after the issuance of the relevant check, all remaining Unclaimed Property and accrued interest or dividends earned thereon will be remitted to and vest in the Debtor. Additionally, such individuals and entities shall be deemed to have waived and

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1   forfeited their right to any future payments under the Plan and such funds shall be

2   retained by the Debtor. Notwithstanding the non-payment of any forfeited Claims, such

3   Claims shall be deemed satisfied and discharged as if paid pursuant to the terms of the

4   Plan.

5       **D.      Distribution of Cash**

6       Any payment of Cash to be made by the Debtor or its agent pursuant to this Plan

7   shall be made by check drawn on a domestic bank or by wire transfer, at the sole option

8   of the Debtor.

9       **E.      Timeliness of Payments**

10      Any payments or distributions to be made pursuant to this Plan shall be deemed to

11  be timely made if made within fourteen (14) Business Days after the date(s) specified in

12  this Plan. Whenever any distribution to be made under this Plan is due on a day that is not

13  a Business Day, such distribution instead shall be made, without interest, on the

14  immediately succeeding Business Day, but shall be deemed to have been made on the

15  date due.

16      **F.      Default and Cure**

17      The following provision shall apply except as otherwise provided for in an

18  agreement between the Debtor and another party. In the event the Debtor fails to make

19  any payment required under this Plan in a timely manner, the affected creditors shall

20  serve the Debtor with a notice of default not later than thirty (30) days after the purported

21  default along with any documentation supporting the allegation of an alleged default. Not

22  later than sixty (60) days after receipt of the notice of default, the Debtor shall either (i)

23  cure the default or (ii) serve the affected creditor(s) with a statement and supporting

24  documentation contesting the allegation of default. In the event the Debtor contests an

25  alleged default, not later than five (5) Business Days after serving a response to a

26  purported default, the Debtor shall file a motion with the Bankruptcy Court requesting a

27  resolution of the dispute relating to the alleged default and set the motion for hearing on

28  the first available hearing date not sooner than fourteen (14) days after filing the motion. If

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1   the Bankruptcy Court rules that the non-payment constitutes an event of default under the

2   Plan, the Debtor shall cure the purported default not later than five (5) Business Days

3   following the entry of a Final Order of the Bankruptcy Court adopting the finding with

4   respect to the purported default.

5           **G.      Compliance with Tax Requirements**

6           Any and all distributions pursuant to the Plan shall be subject to any applicable tax

7   withholding and reporting requirements imposed on it by any governmental unit. In

8   connection with each distribution which requires the filing of an information return (such as

9   Internal Revenue Service Form 1099 or 1042) or withholding, the Debtor shall file such

10  information return with the Internal Revenue Service and provide any required statements

11  in connection therewith to the recipients of such distribution, or effect any such withholding

12  and deposit all moneys so withheld to the extent required by law. With respect to any

13  entity from whom a tax identification number, certified tax identification number, or other

14  tax information is required by law to avoid withholding has not been received by the

15  Debtor at the time the Debtor is to be made, the Debtor, at its sole option, may withhold

16  the amount required and distribute the balance to such entity or the Debtor may decline to

17  make such distribution(s) until the information is received.

18          **H.      Time Bar to Cash Payments**

19          Checks issued by the Debtor on account of Allowed Claims will be null and void if

20  not negotiated with ninety (90) days from and after the date of issuance thereof. Requests

21  for reissuance of any check shall be submitted in writing to: Ryan W. Beall at Weiland

22  Golden Goodrich LLP, 650 Town Center Drive, Suite 600, Costa Mesa, California 92626,

23  or via email addressed to rbeall@wgllp.com. Any request for reissuance of an expired

24  check must be not later than one hundred and eighty (180) calendar days following the

25  initial issuance of the subject check. After such date, the amounts stated in the voided

26  check(s) shall be deemed forfeited and the Debtor shall retain such funds. Any amounts

27  forfeited pursuant to the preceding sentence shall be deemed paid to and received by the

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1367667.1

21

1  subject claimant for purposes of calculating the amounts owing to such creditor under the

2  Plan.

3  **I.**      **No *De Minimis* Distributions**

4  No payment of less than ten dollars (US$10.00) will be made by the Debtor on

5  account of any Allowed Claim.

6  **J.**      **No Distributions on Account of Disputed Claims or Disallowed Claims**

7  Notwithstanding anything to the contrary in this Plan, no distributions shall be made

8  on account of any part of any Disputed Claim or Disallowed Claim unless and until such

9  Claim becomes an Allowed Claim and only to the extent such Claim constitutes an

10 Allowed Claim. Distributions made after the Effective Date with respect to Claims that

11 were not Allowed Claims as of the Effective Date, but are later determined to be Allowed

12 Claims, shall be deemed to have been made on time and in accordance with the terms of

13 the Plan.

14 If any distributions are made prior to the resolution of a dispute pertaining to a

15 Claim, the portion that would be payable on account of such Claim if such Claim was an

16 Allowed Claim, shall be held in a segregated bank account. If the Claim is subsequently

17 adjudicated to be an Allowed Claim, the segregated funds shall be distributed to the

18 holder of such Claim. Any interest accrued on account of the segregated funds shall be

19 paid to and retained by the Debtor.

20 **K.**      **No Post-Petition Date Accrual**

21 Unless otherwise specifically provided in the Plan, specifically agreed to by the

22 Debtor in writing, or allowed by order of the Bankruptcy Court, the Debtor will not be

23 required to pay to any holder of a Claim any interest, penalty or late charge accruing with

24 respect to such Claim on or after the Petition Date.

25 **VIII.   DISPUTED CLAIMS; OBJECTIONS TO CLAIMS; PROSECUTION OF**

26 **OBJECTIONS TO DISPUTED CLAIMS**

27 **A.**      **Claim Objection Deadline; Prosecution of Objections**

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1367667.1

22

PLAN FOR THE ADJUSTMENT OF DEBTS
DATED MAY 5, 2022

1   The Debtor shall have the right to object to the allowance of Claims filed with the

2   Bankruptcy Court with respect to which liability or allowance is disputed in whole or in

3   part. Unless otherwise ordered by the Bankruptcy Court, the Debtor shall file and serve

4   any such objections to Claims (whether by motion or commencement of an adversary

5   proceeding) by not later than one hundred and eighty (180) days after the Effective Date

6   (or, in the case of Claims properly filed after the Effective Date, by not later than one

7   hundred and eighty (180) days after the date of filing of such Claims).

8   **B.    Reserves, Payments and Distributions with Respect to Disputed**

9   **Claims**

10   At such time as a Disputed Claim becomes an Allowed Claim, in whole or in part,

11   the Debtor or its agent shall distribute to the holder thereof the distributions, if any, to

12   which such holder is then entitled under the Plan in the manner set forth in the Plan. Such

13   distributions, if any, shall be made as soon as practicable after the date that the order or

14   judgment of the Bankruptcy Court allowing such Claim becomes a Final Order, but in no

15   event more than sixty (60) days thereafter, unless otherwise provided in the Plan, order of

16   the Bankruptcy Court, or agreement between the Debtor and the subject Claim holder.

17   Unless otherwise specifically provided in the Plan or allowed by order of the Bankruptcy

18   Court, no interest will be paid on Disputed Claims that later become Allowed Claims.

19   The Debtor will reserve $609,748.15, an amount sufficient to pay the alleged pro

20   rata share to which the CPUC would be entitled if the CPUC claim were allowed in its filed

21   amount as a Class 2 Claim, pending allowance of the CPUC's claim. Any funds remaining

22   after satisfaction of the allowed CPUC claim, if any, will be distributed to holders of

23   Allowed Class 2 Claims.

24   Additionally, the Debtor is withholding $200,000 to pay miscellaneous expenses

25   and other expenses relating to implementation of the Plan. After all such payments have

26   been made, the Debtor will distribute remaining funds on a pro rata basis to Allowed Class

27   2 Claims.

28   **C.    Newly Disputed Claims**

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1     Holders of a Newly Disputed Claim must file proofs of claim by June 2, 2022, the

2 Newly Disputed Claims Bar Date, or the holder of such Newly Disputed Claim will be

3 barred from asserting the Newly Disputed Claim and the Newly Disputed Claim will be

4 disallowed and not entitled to any distribution under the Plan. A notice of Newly Disputed

5 Claim Bar Date was filed and served on the Newly Disputed Claimants on May 2, 2022.

6     The Newly Disputed Claims are treated as disputed and not entitled to a

7 distribution under the Plan.

8 **IX.**    **EFFECT OF CONFIRMATION**

9     **A.**    **Discharge of the Debtor**

10     Pursuant to section 944, upon the substantial consummation of this Plan, the

11 Debtor shall be discharged from all debts (as defined in the Bankruptcy Code) of the

12 Debtor and Claims against the Debtor other than (i) any debt specifically and expressly

13 excepted from discharge by this Plan or the Confirmation Order and (ii) any debt owed to

14 an entity that, before the confirmation of this Plan, had neither notice nor actual

15 knowledge of the Chapter 9 Case. Substantial consummation, as defined in

16 section 1101(2), shall mean: (1) a transfer of all or substantially all of the property

17 proposed by the Plan to be transferred; (2) assumption by the Debtor or by any successor

18 to the Debtor under the Plan of the business or of the management of all or substantially

19 all of the property dealt with by the Plan; and (3) commencement of distributions under the

20 Plan. Substantial consummation will occur upon the final of three distributions by the

21 Debtor or after distributions have been made and no funds remain in the Debtor Accounts.

22 Upon substantial consummation of the Plan, the Debtor shall file with the Court and serve

23 upon all interested parties a notice of substantial consummation of the Plan.

24     The rights afforded in this Plan and the treatment of all holders of Claims, whether

25 Impaired or Unimpaired, shall be in exchange for and in complete satisfaction, discharge

26 and release of all Claims of any nature whatsoever arising on or before the Effective Date,

27 known or unknown, including any interest accrued or expenses incurred thereon from and

28 after the Petition Date, whether against the Debtor or any of its properties, assets or

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

interests in property. Except as otherwise provided herein, upon the Effective Date, all Claims against the Debtor shall be deemed satisfied, discharged, and released in full, whether Impaired or Unimpaired.

**B.    Injunction**

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THIS PLAN, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD PRE-CONFIRMATION DATE CLAIMS SHALL BE PERMANENTLY ENJOINED FROM AND AFTER THE CONFIRMATION DATE FROM: (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND WITH RESPECT TO ANY SUCH PRE-CONFIRMATION DATE CLAIMS AGAINST THE DEBTOR OR ITS PROPERTY OR THE PARTNERS OR THEIR PROPERTY; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST THE DEBTOR OR ITS PROPERTY OR THE PARTNERS OR THEIR PROPERTY WITH RESPECT TO SUCH PRE-CONFIRMATION DATE CLAIMS; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST THE DEBTOR OR ITS PROPERTY OR THE PARTNERS OR THEIR PROPERTY; AND (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE TO THE DEBTOR OR THE PARTNERS WITH RESPECT TO ANY SUCH PRE-CONFIRMATION DATE CLAIMS.**

**C.    Term of Existing Injunctions or Stays**

Unless otherwise provided, all injunctions or stays provided for in the Chapter 9 Case pursuant to sections 105, 362, or 922, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect unless and until the Debtor receives a discharge in accordance with Section XI.A.

**D.    Exculpation**

Each of the following is an Exculpated Party under this Plan: the Debtor as well as its predecessors, successors, assigns and present and former affiliates and subsidiaries,

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

members, and each of their respective current and former officers, directors, principals, employees, shareholders, members (including ex officio members), partners, agents, financial advisors, attorneys, accountants, investment bankers, investment advisors, consultants, representatives, and other professionals, and any individual or entity claiming by or through any of them, as well as each Partner and each Partner's predecessors, successors, assigns and present and former affiliates and subsidiaries, and each of their respective current and former officers, directors, principals, employees, shareholders, members (including ex officio members), partners, agents, financial advisors, attorneys, accountants, investment bankers, investment advisors, consultants, representatives, and other professionals, and any individual or entity claiming by or through any of them.

Except with respect to obligations specifically arising pursuant to or preserved in the Plan or the SCE Agreement, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Claim, obligation, cause of action or liability for any Claim in connection with or arising prior to or on the Effective Date for any act taken in connection with, or related to, (i) the administration of the Chapter 9 Case, (ii) the negotiations, pursuit, confirmation, solicitation of votes for, consummation or implementation of the Plan, (iii) the administration of the Plan or property to be distributed under the Plan, (iv) any document, release, contract, or other instrument entered into in connection with, or related to, the Plan, and/or (v) any other transaction contemplated by or entered into in connection with the Plan or entered into during the administration of the Chapter 9 Case; *provided*, *however*, that nothing shall be deemed to release or exculpate any Exculpated Party for its willful misconduct or gross negligence. In all respects, each Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities pursuant to the Plan.

### E.      Good Faith Compromise

In consideration for the distributions and other benefits provided under this Plan, the provisions of this Plan, including, without limitation, the exculpation provision

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

contained in Section IX.D. of this Plan, constitute a good faith compromise and settlement of all Claims, causes of action and/or controversies relating to the rights that a holder of a Claim may have with respect to the Debtor, any distributions to be made pursuant to the Plan on account of any such Claim, and any and all Claims and causes of action of any party. The entry of the Confirmation Order constitutes the Bankruptcy Court's approval, as of the Effective Date, of the compromise or settlement of all such Claims and/or controversies and the Bankruptcy Court's finding that all such compromises or settlements are in the best interests of the Debtor and the holders of Claims, and are fair, equitable, and reasonable.

## X.    RETENTION OF AND CONSENT TO JURISDICTION

Following the Effective Date, and in accordance with section 945, the Bankruptcy Court shall retain and have jurisdiction over any matter arising under the Bankruptcy Code and relating to the Debtor and/or arising in or related to the Chapter 9 Case or this Plan or the documents filed in support thereof, including, but not limited to:

1. The assumption, assumption and assignment, or rejection of any executory contract or unexpired lease to which the Debtor is a party or with respect to which the Debtor may be liable, and to hear, determine, and, if necessary, liquidate any Claims arising therefrom;

2. The entry or orders as may be necessary or appropriate to implement or consummate the provisions of this Plan, and all other contracts, settlement agreements, instruments, releases, exculpations, and other agreements or documents related to this Plan;

3. Any and all motions, adversary proceedings, applications, and contested or litigated matters that may be pending on the Effective Date or that, pursuant to the Plan, may be instituted by the Debtor after the Effective Date or that are instituted by any holder of a Claim before or after the Effective Date concerning any matter based upon, arising out of, or relating to the Chapter 9 Case, whether or not such action is initially filed in the Bankruptcy Court or any other court, including, without limitation, claims objections;

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1      4. Distributions to holders of Allowed Claims pursuant to this Plan;

2      5. Any objections to Claims or to proofs of Claim filed, both before and after the

3  Effective Date, including any objections to the classification of any Claim, and motions to

4  allow, disallow, determine, liquidate, classify, estimate or establish the priority of or

5  secured or unsecured status of any Claim, in whole or in part;

6      6. The entry of orders as may be appropriate in the event the Confirmation Order is

7  for any reason stayed, revoked, modified, reversed or vacated;

8      7. The entry of orders in aid of execution of this Plan, to the extent authorized by

9  section 1142(b);

10     8. Modifications to this Plan, the cure of any defect or omission, or the

11 reconciliation any inconsistency in any order of the Bankruptcy Court, including the

12 Confirmation Order;

13     9. Disputes or controversies arising in connection with or relating to this Plan or the

14 Confirmation Order or the interpretation, implementation, or enforcement of this Plan or

15 the Confirmation Order or the extent of any entity's obligations incurred in connection with,

16 released, enjoined, or exculpated under this Plan or the Confirmation Order;

17     10. The issuance of injunctions, entry and implementation of other orders, or such

18 other actions as may be necessary or appropriate to restrain interference by any entity

19 with consummation or enforcement of this Plan;

20     11. Any other matters that may arise in connection with or are related to this Plan,

21 the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or

22 other agreement or document related to this Plan or the Disclosure Statement;

23     12. Any other matter for any purpose specified in the Confirmation Order that is not

24 inconsistent with the Bankruptcy Code; and

25     13. Any and all disputes or controversies arising in connection with or relating to

26 the terms or enforcement of any relevant agreements.

27 **XI.    CONDITIONS PRECEDENT**

28     **A.    Condition Precedent to Confirmation**

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    The Plan shall not be confirmed unless and until the following conditions precedent

2  have been satisfied or waived: (1) the Plan satisfies the requirements of section 943(b), as

3  applicable; (2) the Debtor has received any and all authorizations, consents, regulatory

4  approvals, rulings, no-action letters, opinions, and documents that are necessary to

5  implement the Plan and that are required by law, regulation or order, including, but not

6  limited to, those required under section 943(b)(6); and (3) the Bankruptcy Court enters a

7  Confirmation Order in a form and substance satisfactory to the Debtor.

8    **B.    Conditions Precedent to Effective Date**

9    The Effective Date shall not occur and this Plan shall be of no force and effect

10  unless or until following conditions precedent have been satisfied or waived:

11    1.    **Confirmation Order**. The Confirmation Order shall have been

12  entered, shall be in full force and effect, and shall be a Final Order.

13    2.    **Plan Documents**. All agreements and instruments contemplated by,

14  or to be entered into pursuant to, this Plan shall be in form and substance acceptable to

15  the Debtor and shall have been duly and validly executed and delivered, or deemed

16  executed by the parties thereto, and all conditions to their effectiveness shall have been

17  satisfied or waived.

18    3.    **Timing**. The Effective Date shall occur on the first Business Day after

19  which the conditions set forth in Section XI.B are satisfied or waived.

20    **C.    Waiver of Conditions Precedent to Effective Date**

21    The Debtor may waive in whole or in part any condition to the Effective Date of this

22  Plan or the payment of any Claim on or as soon as practicable after the Effective Date.

23  Any such waiver of a condition may be affected at any time, without notice or leave or

24  order of the Bankruptcy Court and without any formal action, other than the filing of a

25  notice of such waiver with the Bankruptcy Court.

26    **D.    Effect of Failure of Conditions**

27    In the event that the conditions to the Effective Date of this Plan have not been

28  timely satisfied or waived, and upon notification submitted by the Debtor to the Bankruptcy

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1367667.1

29

1   Court, (i) the Confirmation Order shall be vacated, (ii) no distributions under this Plan shall

2   be made, (iii) the Debtor and all holders of Claims shall be restored to the *status quo ante*

3   as of the day immediately preceding the Confirmation Date as though the Confirmation

4   Date never occurred, and (iv) all of the Debtor's obligations with respect to the Claims

5   shall remain unchanged and nothing contained herein shall be deemed to constitute a

6   waiver or release of any Claims by or against the Debtor or any other entity or to prejudice

7   in any manner the rights, remedies, or claims of the Debtor or any entity in any further

8   proceeding involving the Debtor.

9       **E.**     **No Admission of Liability**

10      The Plan constitutes a settlement and compromise between and among the Debtor

11  and various parties. The Plan shall not be deemed an admission or concession with

12  respect to any factual or legal contention, right, defense, or position taken by the Debtor.

13  **XII.**   **MISCELLANEOUS PROVISIONS**

14      **A.**     **Severability**

15      If any term or provision of this Plan is held by the Bankruptcy Court or any other

16  court of competent jurisdiction to be invalid, void, or unenforceable, the Bankruptcy Court,

17  in each such case at the election of and with the consent of the Debtor, shall have the

18  power to alter and interpret such term or provision to make it valid or enforceable to the

19  maximum extent practicable, consistent with the original purpose of the term or provision

20  held to be invalid, void, or unenforceable, and such term or provision shall then be

21  applicable as altered or interpreted. Notwithstanding any such holding, alteration, or

22  interpretation, the remainder of the terms and provisions of this Plan shall remain in full

23  force and effect and shall in no way be affected, impaired, or invalidated by such holding,

24  alteration, or interpretation. The Confirmation Order shall constitute a judicial

25  determination and shall provide that each term and provision of this Plan, as it may have

26  been altered or interpreted in accordance with the foregoing, is valid and enforceable

27  pursuant to its terms.

28      **B.**     **Governing Law**

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1367667.1

PLAN FOR THE ADJUSTMENT OF DEBTS
DATED MAY 5, 2022

1  Except to the extent that the Bankruptcy Code or other federal law is applicable,

2  the rights, duties, and obligations arising under this Plan shall be governed by and

3  construed and enforced in accordance with the laws of the State of California, without

4  giving effect to principles of conflicts of laws.

5  **C.   Good Faith**

6  Confirmation of the Plan shall constitute a conclusive determination that: (a) the

7  Plan, and all the transactions and settlements contemplated thereby, have been proposed

8  in good faith and in compliance with all applicable provisions of the Bankruptcy Code and

9  the Bankruptcy Rules; and (b) the solicitation of acceptances or rejections of the Plan has

10 been in good faith and in compliance with all applicable provisions of the Plan, the

11 Bankruptcy Code, and the local bankruptcy rules, and, in each case, the Debtor has acted

12 in good faith in connection therewith.

13 **D.    Effectuating Documents and Further Transactions**

14 Each of the officials and employees of the Debtor is authorized to execute, deliver,

15 file, or record such contracts, instruments, releases, indentures, and other agreements or

16 documents and take such actions as may be necessary or appropriate to effectuate and

17 further evidence the terms and provisions of this Plan.

18 **E.    Acceleration of Payments**

19 The Debtor in its sole and absolute discretion may accelerate the payment(s) of

20 any or all of the payments required under the Plan without the need for further order of the

21 Bankruptcy Court. The accelerated payment of any Claim pursuant to this provision shall

22 not result in any pre-payment penalty or premium or any additional liability for the Debtor.

23 **F.    Delivery of Notices**

24 Unless otherwise provided herein, any and all notices required under this Plan shall

25 be delivered to counsel for the Debtor via email addressed to rbeall@wgllp.com and

26 dgoodrich@wgllp.com **and** by U.S. Mail, postage prepaid, addressed to:

27  Western Community Energy
   c/o David M. Goodrich
28  Weiland Golden Goodrich LLP

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1367667.1

31       PLAN FOR THE ADJUSTMENT OF DEBTS
         DATED MAY 5, 2022

650 Town Center Drive, Suite 600
Costa Mesa, California 92626

The Debtor may change the address for service of notices under the Plan at any time by filing a notice of change of address with the Bankruptcy Court and serving the same on all creditors and interested parties. Any notice that is not delivered in accordance with this paragraph or as directed in any change of address notification for the Debtor shall be deemed ineffective.

**G.    Notice of Effective Date**

On or before fourteen (14) days after occurrence of the Effective Date, the Debtor or its agent shall mail or cause to be mailed to all holders of Allowed Claims a notice that informs such holders of: (i) entry of the Confirmation Order; (ii) the occurrence of the Effective Date; (iii) the deadline for the filing of Claims arising from such rejection of any executory contract or unexpired lease; (iv) the deadline established under this Plan for the filing of Administrative Claims and/or Professional Claims; (v) the procedures for changing an address of record pursuant to Section IX.B.; and (vi) such other matters as the Debtor deems to be appropriate.

Dated: ___03/17/2022___ 2022

WESTERN COMMUNITY ENERGY

/s/ Theodore R Hoffman

By: _____

Ted Hoffman
Chairman of the Board of Directors
for Western Community Energy

Dated: May 5, 2022

WEILAND GOLDEN GOODRICH LLP

By: _/s/ David M. Goodrich_____

David M. Goodrich
Attorneys for Debtor
Western Community Energy

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1367667.1

32

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600
Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*):                    Plan For The Adjustment Of Debts Of
Western Community Energy will be served or was served **(a)** on the judge in chambers in the form and manner required
by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
May 17, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) May 17, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

United States Trustee (RS)
3801 University Avenue, Suite 720
Riverside, CA 92501-3200

River City Bank
2485 Natomas Park Drvie
Riverside, CA 95833-2975

Securities and Exchange Commission
444 South Flower Street, Suite 900
Los Angeles, CA 90071

Southern California Edison
Energy Contract Management
2244 Walnut Grove Ave.
Rosemead, CA 91770-3714

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served)**:**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 17, 2022, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

SERVED BY OVERNIGHT MAIL
Honorable Scott H. Yun
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/17/2022 | Gloria Estrada | *Gloria Estrada* (signature) |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Ryan W Beall rbeall@lwgfllp.com,
vrosales@wgllp.com;kadele@wgllp.com;lbracken@wgllp.com;rbeall@ecf.courtdrive.com
Abram Feuerstein abram.s.feuerstein@usdoj.gov
Beth Gaschen bgaschen@wgllp.com,
kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.courtdrive.com;gestrada@wgllp.com
Seth Goldman seth.goldman@mto.com
David M Goodrich dgoodrich@wgllp.com,
kadele@wgllp.com;lbracken@wgllp.com;wgllp@ecf.courtdrive.com;gestrada@wgllp.com
Everett L Green everett.l.green@usdoj.gov
Anna Gumport agumport@sidley.com, laefilingnotice@sidley.com;anna-gumport-6608@ecf.pacerpro.com
Chad V Haes chaes@marshackhays.com,
chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;kfrederick@ecf.courtdrive.com
Brian D Huben hubenb@ballardspahr.com, carolod@ballardspahr.com
Mark T Jessee jesseelaw@aol.com, marktjessee@gmail.com
Lindsey E Kress lkress@lockelord.com, hayli.holmes@lockelord.com
Peter W Lianides plianides@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
Richard A Marshack rmarshack@marshackhays.com,
lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com
Ali Matin ali.matin@usdoj.gov, carolyn.k.howland@usdoj.gov
Candace J Morey candace.morey@cpuc.ca.gov
David L. Neale dln@lnbyg.com
Valerie Bantner Peo vbantnerpeo@buchalter.com
Cameron C Ridley Cameron.Ridley@usdoj.gov
Bradley R Schneider bradley.schneider@mto.com
Jason D Strabo jstrabo@mwe.com, cgreer@mwe.com
United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov
Joseph M VanLeuven joevanleuven@dwt.com, katherinehardee@dwt.com;pdxdocket@dwt.com
Marc J Winthrop mwinthrop@wghlawyers.com, jmartinez@wghlawyers.com
Robert J Wood robert.wood@rivercitybank.com
Nahal Zarnighian zarnighiann@ballardspahr.com

**SERVED BY E-MAIL**
Jonathan Gilhen - Jonathan.Gilhen@powerex.com
Jay Ratzlaff - jay.ratzlaff@powerex.com

**SERVED BY UNITED STATES MAIL**:
(p)SOUTHERN CALIFORNIA EDISON COMPANY
1551 W SAN BERNARDINO ROAD
COVINA CA 91722-3407

River City Bank
c/o Boutin Jones Inc.
Thomas G. Mouzes
Mark Gorton
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603

ACES
4140 West 99th Street
Carmel, IN 46032-7731

Barclays Bank PLC
Attn: Kelly McDonald
745 Seventh Avenue

New York, NY 10019-6801

California Independent System Operator Corpo
California ISO, attn: Dan Shonkwiler, Es
P.O. Box 639014
Folsom, CA 95763-9014

Calpine Energy Solutions, LLC
Attn: W. Steven Bryant, Locke Lord LLP
600 Congress Avenue, Ste. 2200
Austin, TX 78701-3055

Enersponse, Inc.
Attn: Emily McPhail
2901 West Coast Highway, Suite 200
Newport Beach, CA 92663-4045

Morgan Stanley Capital Group

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Attn: Commodities Department
1585 Broadway, 3rd Floor
New York, NY 10036-8293

Nextera Energy Marketing, LLC
Attn: Mark Palanchian
700 Universe Blvd.
North Palm Beach, FL 33408-2657

Exelon Generation Company, LLC
c/o Ballard Spahr LLP
2029 Century Park East
Suite 1400
Los Angeles, CA 90067-2915

Best Best & Krieger LLP
3390 University Avenue, 5th Floor
Riverside, CA 92501-3369

California Public Utilities Commission
505 Van Ness Ave.
San Francisco, CA 94102-3298

Constellation
1310 Point Street, 8th Floor
Baltimore, MD 21231-3380

Elk Hills Power, LLC
Valerie Bantner Peo, Esq.
Buchalter PC
425 Market St., Suite 2900
San Francisco, CA 94105

Exelon Generation Company, LLC
1310 Point Street
8th Floor
Baltimore, MD 21231-3380

NRG Power Marketing LLC
Attn: Joseph A. Holtman
804 Cernegie Center
Princeton, NJ 08540-6023

OhmConnect, Inc.
Attn: Matt Duesterberg
610 16th Street, Suite M20
Oakland, CA 94612-1282

Pilot Power Group, LLC
8910 University Center Lane, Suite 520
San Diego, CA 92122-1026

Riverside Division
3420 Twelfth Street,
Riverside, CA 92501-3819

California Dept. of Tax and Fee Administration

Collections Support Bureau, MIC: 55
PO Box 942879
Sacramento, CA 94279-0001

Calpine Energy Solutions
Attn: Josh Brock
401 W A Street, #500
San Diego, CA 92101-7991

EES Consulting
Attn: Gary Saleba
1601 Carmen Drive, Suite 215H
Camarillo, CA 93010-3105

Endersponse, Inc.
Attn: Emily McPhail
2901 West Coast Highway, Suite 200
Newport Beach, CA 92663-4045

Matthew Summers
Ballard Spahr LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801-3023

NRG Power Marketing LLC
c/o ContractAdmin
804 Carnegie Center
Princeton NJ 08540-6023

OneEnergy, Inc.
Attn: Bill Eddie
2003 Western Avenue, Suite 225
Seattle, WA 98121-2178

River City Bank
2485 Natomas Park Drvie
Riverside, CA 95833-2975

Shell Energy North America (USA)
Contract North America
1000 Main Street, Level 12
Houston, TX 77002-6336

The Energry Authority, Inc.
Attn: Daren Anderson
301 W. Bay Street, Suite 2600
Jacksonville, FL 32202-5103

Western Riverside Council of Governments
3390 University Avenue Suite 200
Riverside, CA 92501-3314

PIP Printing
4093 Market Street
Riverside, CA 92501-3542

River City Bank

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

c/o Thomas G. Mouzes
Boutin Jones Inc.
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603

United States Trustee (RS)
3801 University Avenue, Suite 720
Riverside, CA 92501-3255

Pacific Gas and Electric Company
Attn: Ted Yuba
245 Market Street
San Francisco, CA 94105-1702

Pioneer Community Energy
804 Carnegie Ctr.
Princeton, NJ 08540-6023

Public Utilities Commission of the State of California
Public Utilities Commission
Attention: Aaron Jacobs-Smith
505 Van Ness Avenue
San Francisco, CA 94102-3214

Shell Energy North America (US), L.P.
c/o Shell Oil Company
Attn: Bankruptcy & Credit
150 N. Dairy Ashford Rd.
Houston, TX 77079-1115

The Creative Bar
Attn: Justine Lawler
38750 Sky Canyon Drive, Suite C
Murrieta, CA 92563-2564

WRCOG
3390 University Ave., Suite 200
Riverside, CA 92501-3314

PowerEx Corp., Attn: Mgr. Contracts
666 Burrard Street, Suite 1300
Vancouver, BC V6c 2X8
Canada

Powerex Corp., dba in CA as Powerex Energy
Attn: Manager, Contracts
1300 - 666 Burrard Street
Vancouver BC V6C2X8

TransAlta
110-12 Avenue SW
Calgary, Alberta T2P 2MI
Canada

TransAlta Energy Marketing (U.S.) Inc.
110 - 12 Avenue SW
Calgary, AB T2R0G7

Tullett Prebon Americas Corp.
32123 Lindero Canyon Road
Westlake Village, CA 91361-4204
MAIL RETURNED 9/2/21

Pilot Power Group, Inc.
Attn: Contract Administration
8910 University Center Lane, Suite
San Diego, CA 92122-1026
MAIL RETURNED 9/24/21

Pilot Power Group
AttN: Denis Vermette
8910 University Center Lane
San Diego, CA 92122-1026
MAIL RETURNED 03/10/21

Elk Hills Power
4026 Sky Line Road
PO Box 460
Tupman, CA 93276-0460
**RETURNED MAIL 7/12/21**

BP Energy Company
Attn: Rob H. Gorski
201 Helios Way
Houston, TX 77079-2678
MAIL RETURNED 4/19/22

PFM Financial Advisors, LLC
601 S. Figueroa Street
Suite 4500
Los Angeles, CA 90017-5703
MAIL RETURNED 05/16/22

Barclays Bank PLC
Attn: Cassandra Bolz
1301 6th Avenue
New York, NY 10019-6022
MAIL RETURNED 05/16/22

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.