1  **WEILAND GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675
2  dgoodrich@wgllp.com
Ryan W. Beall, State Bar No. 313774
3  rbeall@wgllp.com
650 Town Center Drive, Suite 600
4  Costa Mesa, California 92626
Telephone    714-966-1000
5  Facsimile    714-966-1002

6  Attorneys for Debtor
Western Community Energy
7

8  **UNITED STATES BANKRUPTCY COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10  **RIVERSIDE DIVISION**

11  In re                                          Case No. 6:21-bk-12821-SY

12  WESTERN COMMUNITY ENERGY,                      Chapter 9

13          Debtor.

14                                                 **MOTION TO CONFIRM PLAN FOR THE
                                                   ADJUSTMENT OF DEBTS OF WESTERN
15                                                 COMMUNITY ENERGY DATED MAY 5,
                                                   2022; MEMORANDUM OF LAW AND
16                                                 DECLARATIONS OF ANDREW RUIZ,
                                                   DAVID M. GOODRICH, AND KELLY
                                                   ADELE IN SUPPORT THEREOF**
17

18                                                 Hearing Date:
                                                   Date:
19                                                 Time:  1:30 p.m.
                                                   Ctrm:   302
20

21

22

23

24

25

26

27

28

13699597.1                                                       MOTION TO CONFIRM PLAN

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

I.      INTRODUCTION..................................................................................................1

II.     STATEMENT OF FACTS.....................................................................................2

        A.      Ballot Analysis ...............................................................................................2

        B.      Financial Situation of the Debtor ...................................................................3

                1.      Liabilities of the Debtor ......................................................................3

                2.      Assets of the Debtor ..........................................................................4

III.    THE COURT SHOULD CONFIRM THE PLAN .....................................................4

        A.      The Plan Complies with the Provisions of Title 11 Made
                Applicable by Section 901 (Section 943(b)(1)) ...............................................4

                1.      Section 1122.......................................................................................5

                        a.      Separate Classification of Claims ...........................................6

                        b.      Each Class Contains Only Substantially Similar
                                Claims......................................................................................6

                2.      Section 1123.......................................................................................7

                        a.      Section 1123(a)........................................................................7

                        b.      Section 1123(b)........................................................................8

                3.      Section 1129(a)(2) ..............................................................................9

                4.      Section 1129(a)(3) ............................................................................10

                5.      Section 1129(a)(6) ............................................................................11

                6.      Section 1129(a)(8) ............................................................................11

                7.      Section 1129(a)(10) ..........................................................................12

        B.      The Plan Complies with the Provisions of Chapter 9 in
                Sections 941, 942, and 943(b) .....................................................................12

                1.      The Plan Satisfies the Requirements of Section 943(b) ..................12

                        a.      Compliance with Section 943(b)(1) .......................................12

                        b.      Compliance with Section 943(b)(2) .......................................12

                        c.      Compliance with Section 943(b)(3) .......................................13

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1369597.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS (cont.)

**Page**

   d. Compliance with Section 943(b)(4) ......................................13

   e. Compliance with Section 943(b)(5) ......................................13

   f. Compliance with Section 943(b)(6) ......................................15

C. The Plan is in the Best Interests of Creditors and is Feasible
(Section 943(b)(7)) ......................................................................................15

  1. The Plan is in the Best Interests of the Debtor's
Creditors ........................................................................................16

   a. Creditors Will Receive More Under the Plan Than
If the Case Was Dismissed ...................................................17

  2. The Plan is Feasible .......................................................................18

IV. CONCLUSION .............................................................................................18

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Case v. Los Angeles Lumber Prods. Co.*,
    308 U.S. 106 (1939)....................................................................................... 6

*Cellular 101, Inc. v. Channel Communications, Inc. (In re Cellular 101, Inc.)*,
    377 F.3d 1092 (9th Cir. 2004) ................................................................... 14

*Class Five Nev. Claimants v. Dow Corning Corp. (In re Dow Corning Corp.)*,
    280 F.3d 648 (6th Cir. 2002) ....................................................................... 5

*Cnty. Of Orange v. Merril Lynch & Co. (In re Cnty. Of Orange)*,
    191 B.R. 1005 (Bankr. C.D. Cal. 1996) ................................................... 16

*Duffy v. U.S. Trustee (In re Cal. Fid.)*,
    198 B.R. 567 (B.A.P. 9th Cir. 1996) ......................................................... 10

*Faitoute Iron & Steel Co. v. City of Asbury Park*,
    316 U.S. 502 (1942)..................................................................................... 17

*Franklin High Yield Tax-Free Income Fund et al. v. City of Stockton,
    California (In re City of Stockton, California)*,
    542 B.R. 261 (9th Cir. B.A.P. 2015) ........................................................... 5

*In re AOV Industries, Inc.*,
    792 F.2d 1140 (D.C. Cir. 1986) ................................................................... 7

*In re Barakat*,
    99 F.3d 1520 (9th Cir. 1996) ....................................................................... 6

*In re Barnwell Cnty. Hosp.*,
    41 B.R. 849 (Bankr. D.S.C. 2012) ....................................................... 4, 15

*In re City of Colo. Springs Spring Creek Gen. Improvement Dist.*,
    187 B.R. 683 (Bankr. D. Colo. 1995).......................................................... 5

*In re Connector 2000 Ass'n, Inc.*,
    337 B.R. 752 (Bankr. D.S.C. 2011) ................................................. 4, 9, 12

*In re Connolly North America, LLC*,
    802 F.3d 810 (6th Cir. 2015) ..................................................................... 14

*In re Corcoran Hosp. Dist.*,
    233 B.R. 449 (Bankr. E.D. Cal. 1999) ............................................... 4, 15

*In re Greystone III Joint Venture*,
    995 F.2d 1274 (5th Cir. 1991) ..................................................................... 6

*In re Loop 76, LLC*,
    465 B.R. 525 (9th Cir. B.A.P. 2012) ........................................................... 6

1

## **TABLE OF AUTHORITIES (cont.)**

2

**Page(s)**

3

*In re Orange County,*
   179 B.R. 195 (Bankr. C.D. Cal. 1995) ...................................................... 14

4

*In re Pierce County Hous. Auth.,*
   414 B.R. 702 (Bankr. W.D. Wash. 2009) ................................................. 4

5

6

*In re Sanitary & Improvement Dist. No. 7,*
   98 B.R. 970 (Bankr. D. Neb. 1989) ......................................................... 13

7

*In re Sanitary & Improvement Dist., No. 7,*
   98 B.R. 970 (Bankr. D. Neb. 1989 .......................................................... 16

8

9

*In re Toy & Sports Warehouse, Inc.,*
   37 B.R. 141 (Bankr. S.D.N.Y. 1984) ......................................................... 9

10

*Microsoft Corp. v. DAK Indus., Inc. (In re DAK Indus., Inc.),*
   66 F.3d 1091 (9th Cir. 1995) .................................................................. 14

11

12

*Platinum Capital, Inc. v. Sylmar Plaza, L.P. (In re Sylmar Plaza, L.P.),*
   314 F.3d 1070 (9th Cir. 2002) ................................................................ 10

13

*Prime Healthcare Mgmt., Inc. v. Valley Health Sys. (In re Valley Health*
   *Sys.),*
   429 B.R. 692 (Bankr. C.D. Cal. 2010) ..................................................... 18

14

15

*Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v.*
   *Anderson,*
   390 U.S. 414 (1968) ............................................................................... 6

16

17

*Sandra L. Stolrow, Inc. v. Stolrow's, Inc. (In re Stolrow's Inc.),*
   84 B.R. 167 (B.A.P. 9th Cir. 1988) ......................................................... 10

18

19

*Steelcase Inc. v. Johnston (In re Johnston),*
   21 F.3d 323 (9th Cir. 1993) ..................................................................... 5

20

## **Statutes**

21

11 U.S.C. § 365 ............................................................................................. 9

22

11 U.S.C. § 503(b) ....................................................................................... 14

23

11 U.S.C. § 507(a)(2) ......................................................................... 7, 13, 14, 23

24

11 U.S.C. § 507(a)(3) .............................................................................. 7, 23

25

11 U.S.C. § 507(a)(8) .............................................................................. 7, 23

26

11 U.S.C. § 901 ....................................................................................... 4, 7

27

11 U.S.C. § 901(a) ...................................................................................... 7

28

# TABLE OF AUTHORITIES (cont.)

**Page(s)**

11 U.S.C. § 941 ................................................................................................. 12

11 U.S.C. § 942 ................................................................................................. 12

11 U.S.C. § 943(b) ................................................................................... 4, 12, 18

11 U.S.C. § 943(b)(1) ..................................................................................... 4, 12

11 U.S.C. § 943(b)(2) ................................................................................... 12, 13

11 U.S.C. § 943(b)(3) ......................................................................................... 13

11 U.S.C. § 943(b)(4) ......................................................................................... 13

11 U.S.C. § 943(b)(5) ................................................................................... 13, 14

11 U.S.C. § 943(b)(6) ......................................................................................... 15

11 U.S.C. § 943(b)(7) ................................................................................... 15, 16

11 U.S.C. § 1122 .............................................................................................. 4, 5

11 U.S.C. § 1122(a) ................................................................................. 5, 7, 23

11 U.S.C. § 1122(b) ............................................................................................. 5

11 U.S.C. § 1123 .................................................................................................. 7

11 U.S.C. § 1123(a) ............................................................................................. 7

11 U.S.C. § 1123(a)(1) ..................................................................................... 4, 7

11 U.S.C. § 1123(a)(2) ..................................................................................... 4, 7

11 U.S.C. § 1123(a)(3) ............................................................................. 4, 8, 23

11 U.S.C. § 1123(a)(4) ............................................................................. 4, 8, 23

11 U.S.C. § 1123(a)(5) ..................................................................................... 4, 8

11 U.S.C. § 1123(b) ..................................................................................... 5, 7, 8

11 U.S.C. § 1123(b)(1) ..................................................................................... 8, 9

11 U.S.C. § 1123(b)(2) ......................................................................................... 9

11 U.S.C. § 1123(b)(3) ......................................................................................... 9

11 U.S.C. § 1123(d) ............................................................................................. 5

11 U.S.C. § 1124 ................................................................................................. 5

**<u>TABLE OF AUTHORITIES (cont.)</u>**

**<u>Page(s)</u>**

11 U.S.C. § 1125 .............................................................................................. 5, 9

11 U.S.C. § 1125(b) ............................................................................................ 10

11 U.S.C. § 1126 ................................................................................................. 9

11 U.S.C. § 1126(a) ............................................................................................. 5

11 U.S.C. § 1126(b) ............................................................................................. 5

11 U.S.C. § 1126(c) ............................................................................................. 5

11 U.S.C. § 1126(c) ............................................................................................. 2

11 U.S.C. § 1126(e) ............................................................................................. 5

11 U.S.C. § 1126(f) ......................................................................................... 5, 11

11 U.S.C. § 1126(f) ............................................................................................. 3

11 U.S.C. § 1126(g) ............................................................................................. 5

11 U.S.C. § 1127(d) ............................................................................................. 5

11 U.S.C. § 1128 ................................................................................................. 5

11 U.S.C. § 1129(a)(10) .................................................................................. 5, 12

11 U.S.C. § 1129(a)(2) ................................................................................ 5, 9, 10

11 U.S.C. § 1129(a)(3) ............................................................................... 5, 10, 11

11 U.S.C. § 1129(a)(6) .................................................................................. 5, 11

11 U.S.C. § 1129(a)(8) .................................................................................. 5, 11

11 U.S.C. § 1129(b)(1) ......................................................................................... 5

11 U.S.C. § 1129(b)(2)(A) .................................................................................... 5

11 U.S.C. § 1129(b)(2)(B) .................................................................................... 5

**<u>Other Authorities</u>**

*Collier on Bankruptcy*, (Alan N. Resnick & Henry J. Sommer Eds., 16th ed.) 4, 5, 9, 10, 12, 13, 16, 18

Western Community Energy ("Debtor") moves ("Motion") for an order confirming its Plan for Adjustment of Debts of Western Community Energy Dated May 5, 2022 (the "Plan") as the Plan satisfies all of the requirements of the Bankruptcy Code for confirmation and has been accepted by all creditors who voted.

This Memorandum is supported by the following declarations, attached hereto: (i) Declaration of Andrew Ruiz in Support of Confirmation of the Plan ("**Ruiz Declaration**"), Chief Financial Officer of Western Riverside Council of Governments, Managing Agent of the Debtor; (ii) Declaration of David M. Goodrich ("**Goodrich Declaration**"), general insolvency counsel for the Debtor; and (iv) Declaration of Kelly Adele ("**Adele Declaration**"), Ballot Tabulator.

The Debtor has, as of the date of the filing of this Memorandum, received no objections to the confirmation of the Plan.

I.    **INTRODUCTION**

On May 17, 2022, the Court issued its Order Granting Motion for Entry of an Order: (!) Approving Disclosure Statement with Respect to the Plan for the Adjustment of Debts of Western Community Energy: (2) Authorizing the Solicitation of Votes on the Plan for the Adjustment of Debts of Western Community Energy; and (3) Setting Certain Confirmation Procedures ("**Order Approving Disclosure Statement**") (Dkt. 289). On May 19, 2022, the Debtor commenced solicitation of acceptances of its Plan for the Adjustment of Debts of Western Community Energy Dated May 5, 2022 ("**Plan**") (Dkt. 291). The Debtor, by and through its counsel, mailed the Order Approving Disclosure Statement, which provided notice of the Confirmation Hearing, the Plan, the Disclosure Statement with Respect to the Plan for the Adjustment of Debts of Western Community Energy Dated May 5, 2022 ("**Disclosure Statement**") (Dkt. 292), and, where applicable, a Ballot for Accepting or Rejecting Plan for the Adjustment of Debts ("**Ballot**"), in accordance with the Court's Order Approving Disclosure Statement, to all interested parties. The deadline for objections to the Plan was June 16, 2022, and the Debtor received no objection to the Plan and is aware of no objections at the time of the filing of this Motion. Additionally, the

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  Debtor does not anticipate any objections, having worked diligently to satisfy creditor

2  concerns with the Plan and Disclosure Statement.

3      Ballots returned to the Balloting Agent on or before June 16, 2022 at 4:00 Pacific

4  Standard Time were counted. The Adele Declaration sets forth tabulation of votes and is

5  attached to this Memorandum. All ballots were cast in favor of the Plan. The support for

6  the Plan from all voting creditors is evidence of the Debtor's good faith in proposing the

7  Plan. The Debtor did not receive any untimely votes. The Debtor submits this Motion in

8  support of confirmation of the Plan under Bankruptcy Code §§ 941 through 946 and the

9  other provisions of titles 11 and 28 applicable to chapter 9 cases. For the reasons set forth

10  below and the supporting evidence in this Chapter 9 case, the Motion requests entry of an

11  order confirming the Plan.

12  **II.**    **STATEMENT OF FACTS**

13      In its Disclosure Statement, the Debtor described in detail the history of this case

14  and will not repeat that account here. *See* Dkt. 292, pgs. 13-18. By order dated May 17,

15  2022 [Dkt. 289], the Court approved the Disclosure Statement for mailing to all creditors

16  and set the Confirmation Hearing for July 14, 2022. On or before May 19, 2022, the

17  Debtor provided notice of the Confirmation Hearing to, and served a copy of the Order

18  Approving Disclosure Statement, Disclosure Statement, Plan, and Ballots on all creditors

19  and interested parties.

20      **A.**    **Ballot Analysis**

21      Pursuant to 11 U.S.C. § 1126(c), a class of claims has accepted the Plan if at least

22  two-thirds in amount and more than one-half in number of the allowed claims voting in the

23  class, accepted the Plan.  The deadline for submitting ballots was June 16, 2022, by 4:00

24  p.m. (PST) (the "**Ballot Deadline**").  Timely filed ballots have been analyzed and tallied for

25  those classes of claims impaired and entitled to vote on the Plan.  As can be seen from

26  the ballot analysis below and the Adele Declaration attached hereto, Class 2 affirmatively

27  voted to accept the Plan.  Class 2 is the only impaired class entitled to vote.

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

2    MOTION TO CONFIRM PLAN

| Class | % of Acceptances by Dollar Amount | % of Acceptances by Number of Ballots | % of Rejections by Dollar Amount | % of Rejections by Number of Ballots | Accept or Reject |
|---|---|---|---|---|---|
| 2 | 100% | 100% | 0% | 0% | Accept |

Class 1 is unimpaired and, therefore, is deemed to have accepted the Plan. *See* 11 U.S.C. § 1126(f).

**B.    Financial Situation of the Debtor**

    **1.    Liabilities of the Debtor**

The Debtor filed Amended 11 U.S.C. Section 924 List of Creditors on March 17, 2022 (Dkt. 255) as required by 11 U.S.C. § 924. In sum, the Amended List of Creditors identifies $25,050,681.44 in remaining obligations, all of which are General Unsecured Claims treated under Class 2 of the Plan. The Debtor does not have any unsecured Claims entitled to priority treatment under the Bankruptcy Code, as explained in the Plan and Disclosure Statement. *See* Goodrich Declaration.

The Bankruptcy Court established October 1, 2021, as the deadline for the filing of non-administrative proofs of claim against the Debtor (Dkts. 134, 135). Twenty-two (22) proofs of claim were filed against the Debtor prior to the Claims Bar Date. These Claims represent a total debt of $49,969,516.67. Additionally, one (1) proof of claim was filed after the Claims Bar Date totaling an additional $187,826.22. *See* Goodrich Declaration.

Among these claims, $22,933,129.74 was claimed as secured and $1,848,988.70 was claimed as priority unsecured debt. The Debtor did not file formal objections to proofs of claim, however, through extensive negotiations and settlements with various creditors, all of the $22,933,194.74 secured debt has been eliminated or reclassified as nonpriority unsecured debt, the $1,848,988.70 priority unsecured debt has been reclassified as nonpriority unsecured debt and reduced, and general unsecured nonpriority debt has been additionally reduced to a total of $25,050,681.44 in unsecured nonpriority debt. The Debtor's unsecured claims are specified in the Amended List of Creditors which was additionally attached to the Disclosure Statement. *See* Goodrich Declaration.

### 2.    Assets of the Debtor

The Debtor does not have any physical assets beyond its cash. All of the Debtor's receivables were transferred to Southern California Edison as part of the SCE Agreement[1]. As of the Effective Date, the Debtor anticipates a balance of the Debtor bank accounts ("Accounts") in the amount of $9,374,526.55, net of the reserved amounts.[2] *See* **Ruiz Declaration**. The funding of the Plan will come from the Debtor's Accounts. The Debtor owns no real property or any other assets other than the funds in the Debtor's Accounts.

## III.    THE COURT SHOULD CONFIRM THE PLAN

The Court "shall" confirm a plan of adjustment if the Debtor has satisfied all of the applicable confirmation requirements set forth in Section 943(b) by a preponderance of the evidence. *In re Corcoran Hosp. Dist.*, 233 B.R. 449, 452 (Bankr. E.D. Cal. 1999); *In re Barnwell Cnty. Hosp.*, 41 B.R. 849, 855-856 (Bankr. D.S.C. 2012); *In re Connector 2000 Ass'n, Inc.*, 337 B.R. 752, 761 (Bankr. D.S.C. 2011). Section 943(b) lists seven conditions to confirmation. Once those conditions are met, the court must confirm the plan. *In re Pierce County Hous. Auth.*, 414 B.R. 702, 715 (Bankr. W.D. Wash. 2009); *Collier on Bankruptcy*, ¶ 943.03 (Alan N. Resnick & Henry J. Sommer Eds., 16th ed.). As discussed herein, the Plan meets each of the seven confirmation requirements.

### A.    The Plan Complies with the Provisions of Title 11 Made Applicable by Section 901 (Section 943(b)(1))

Section 943(b)(1) requires that a plan of adjustment "compl[y] with the provisions of this title made applicable by sections 103(e) and 901 of this title." The chapter 11 provisions made applicable by section 901 to the confirmation of a plan of adjustment include sections 1122, 1123(a)(1), 1123(a)(2), 1123(a)(3), 1123(a)(4), 1123(a)(5),

_____

[1] The SCE Agreement is defined in the Plan and Disclosure Statement.

[2] The Plan and Disclosure Statement describe the amounts that the Debtor will hold in reserve after confirmation of the Plan.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  1123(b), 1123(d), 1124, 1125, 1126(a), 1126(b), 1126(c), 1126(e), 1126(f), 1126(g),

2  1127(d), 1128, 1129(a)(2), 1129(a)(3), 1129(a)(6), 1129(a)(8), 1129(a)(10), 1129(b)(1),

3  1129(b)(2)(A), and 1129(b)(2)(B). *See* Goodrich Declaration. The Plan's compliance with

4  each of the applicable chapter 11 plan confirmation requirements is discussed below.

5          **1.**      **Section 1122: Classification of Claims and Interests**

6        A plan proponent has broad discretion to adopt classification schemes in a plan. 7

7  *Collier* ¶ 1122.03[3][a]. Section 1122(a) provides that, except for administrative

8  convenience classes dealt with in Section 1122(b), "a plan may place a claim or an

9  interest in a particular class only if such claim or interest is substantially similar to the

10 other claims or interests of such class." 11 U.S.C. § 1122(a). A claim that is not

11 "substantially similar" to another must be classified separately. *Collier* ¶ 1122.03[3][c]

12 ("[A]s a general rule each holder of an allowed claim secured by a security interest in

13 specific property of the debtor should be placed in a separate class.").

14       While unsecured claims are generally similar, it is well established that the plan

15 proponent of the plan has wide latitude in determining whether similar claims should be

16 separately classified. *Steelcase Inc. v. Johnston (In re Johnston)*, 21 F.3d 323, 327-328

17 (9th Cir. 1993); *Franklin High Yield Tax-Free Income Fund et al. v. City of Stockton,*

18 *California (In re City of Stockton, California)*, 542 B.R. 261, 280 (9th Cir. B.A.P. 2015)

19 ("Generally, § 1122 allows plan proponents broad discretion to classify claims and

20 interests according to the particular facts and circumstances of each case." (quoting *In re*

21 *City of Colo. Springs Spring Creek Gen. Improvement Dist.*, 187 B.R. 683, 687 (Bankr. D.

22 Colo. 1995)); *Class Five Nev. Claimants v. Dow Corning Corp. (In re Dow Corning Corp.)*,

23 280 F.3d 648, 661 (6th Cir. 2002) (holding that section 1122(a) requires that a claim be

24 classified in a particular class only if it is substantially similar to the other claims in that

25 class, but it does not require that all similar claims be in the same class, and holding

26 further that the bankruptcy court has substantial discretion to place similar claims in

27 different classes).

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    If the Debtor can point to a "legitimate business or economic reason" for separate

2    classification, such classification is proper as long as the purpose of separate

3    classification is not to secure the vote of an impaired, consenting class of claims. *In re*

4    *Barakat*, 99 F.3d 1520, 1525-1526 (9th Cir. 1996); *In re Johnston*, 21 F.3d 323, 328 (9th

5    Cir. 1994); *In re Loop 76, LLC*, 465 B.R. 525, 536 (9th Cir. B.A.P. 2012) (upholding

6    separate classification).

7        a.    Separate Classification of Claims

8    The Plan provides for separate classification of claims based on the differences in

9    the nature of the claims. Class 1 is comprised of a single secured claim that has a value of

10   $0 after the SCE Agreement between the Debtor and SCE. Class 2 is comprised of

11   unsecured claims. There is a valid purpose in separately classifying Class 1 and 2. Other

12   than that separate classification, all claims are treated under Class 2 under the Plan.

13   The Debtor has reached various settlements with claimants in Classes 1 and 2 that

14   are explained in the Disclosure Statement in greater detail. Settlements and compromises

15   are "a normal part of the process of reorganization." *Protective Comm. For Indep.*

16   *Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (quoting

17   *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). The Debtor

18   estimates that there will be no Professional Claims as of the Effective Date, as all fees to

19   persons for services or expenses in the case or incident to the Plan are to be paid in full

20   as of the date of the hearing on Confirmation of the Plan.

21   As the vote tabulation shows, the Debtor obtained universal support for the Plan

22   from those creditors who returned ballots, and there has been no separate classification of

23   similar claims.

24       b.    Each Class Contains Only Substantially Similar Claims

25   No creditor has objected to the classification of any class of creditors, and no

26   creditor has asserted that the claims in Classes 1 and 2 are not substantially similar to the

27   other claims in each such class. Substantially similar claims are those that "share

28   common priority and rights against the debtor's estate." *In re Greystone III Joint Venture*,

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

995 F.2d 1274, 1278 (5th Cir. 1991). The similarity of claims is not judged by comparing creditor claims, but rather the question is whether the claims in a class have the same or similar legal status in relation to the assets of the debtor. *In re AOV Industries, Inc.*, 792 F.2d 1140, 1150 (D.C. Cir. 1986). Each Class is comprised only of claims that are substantially similar to each other, and the Plan satisfies the requirements of Section 1122(a). *See* Goodrich Declaration.

      **2.**      **Section 1123: The Plan Contains All Mandatory Provisions and the Additional Permitted Provisions**

Section 1123(a) sets forth seven requirements which every chapter 11 plan must satisfy in order to be confirmed. The first five are incorporated into chapter 9: §§ 1123(a)(1)-(5). *See* 11 U.S.C. § 901(a). Section 901 also incorporates into chapter 9 the permissive provisions of section 1123(b). As demonstrated below, the Plan fully complies with each of these mandatory and permissive provisions.

      a.      <u>Section 1123(a): Mandatory Plan Provisions</u>

      i)      Section 1123(a)(1): The Plan Designates Classes of Claims

Section 1123(a)(1) requires a plan to designate classes of claims, other than claims of a kind specified in Sections 507(a)(2), 507(a)(3), or 507(a)(8), and classes of interests. 11 U.S.C. § 1123(a)(1). The Plan designates 2 classes of claims, none of which contain claims of the kind specified in Sections 507(a)(2), 507(a)(3), or 507(a)(8) and there are no classes of interests under the Plan as there are no equity holders in this Chapter 9 case. *See* Goodrich Declaration. Therefore, the Plan satisfies the requirements of Section 1123(a)(1).

      ii)      Section 1123(a)(2): The Plan Specifies the Classes that Are not Impaired

The Plan complies with the requirements of Section 1123(a)(2) by specifying in Section II of the Plan the classes of claims that are not impaired under the Plan. Class 1 is

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  unimpaired under the Plan and is deemed to have accepted the Plan. *See* Goodrich

2  Declaration.

3                                     iii)     Section 1123(a)(3): The Plan Describes the Treatment

4                                           of Impaired Classes

5       The Plan complies with the requirements of Section 1123(a)(3) in that the Plan

6  specifies the treatment of impaired classes of claim. *See* Plan Section II.D.; Goodrich

7  Declaration.

8                                     iv)     Section 1123(a)(4): The Plan Provides the Same

9                                          Treatment for Each Claim or Interest Within a Class

10       The Plan complies with the requirements of Section 1123(a)(4) in that the Plan

11  provides the same treatment for each claim of a particular class. *See* Plan Section II.D..

12  Each creditor in Class 2 shall receive the same treatment as each other creditor within

13  such class. No party has objected to the Plan on the basis that it does not satisfy Section

14  1123(a)(4). *See* Goodrich Declaration.

15                                     v)     Section 1123(a)(5): The Plan Includes Adequate Means

16                                         for Its Implementation

17       Section 1123(a)(5) requires that a plan provide adequate means for its

18  implementation. The Plan sets forth the means for its implementation in Section V. The

19  Debtor will distribute the assets in the Debtor's Accounts to all creditors in Class 2 on a

20  pro rata basis. Section 1123(a)(5)(D) specifically contemplates the "sale of all or any part

21  of the property of the estate…" *See In re Natchez Regional Medical Center*, bankruptcy

22  case no. 3:14-bk-01048; *In re West Jefferson Amusement & Public Park Authority*,

23  bankruptcy case no. 2:02-bk-04303. The Debtor will make distributions to creditors from

24  funds already held in the Debtor's Accounts. As a result, the requirements of § 1123(a)(5)

25  has been met.

26                         b.     Section 1123(b): Permitted Plan Provisions

27                                 i)     Section 1123(b)(1): Impairment/Nonimpairment

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Section 1123(b)(1) provides that a plan may impair or leave unimpaired any class of claims, secured or unsecured, or of interests. The Plan specifies which classes are impaired and which classes are unimpaired. *See* Plan Section II; Goodrich Declaration.

ii)    Section 1123(b)(2): Assumption/Rejection of Executory Contracts and Unimpaired Leases

Section 1123(b)(2) provides that a plan may, subject to Section 365, provide for the assumption, rejection, or assignment of an executory contract or unexpired lease not previously rejected. In compliance with this provision, the Plan provides in Section IV a description of which contracts and leases will be rejected and assigned and/or assumed pursuant to the Plan. No party has objected to the assumption, assignment, or rejection of any executory lease. *See* Goodrich Declaration.

iii)    Section 1123(b)(3): Claims Belonging to Debtor

Section 1123(b)(3) provides that a plan may provide for the settlement or adjustment of any claim or interest belonging to the debtor, or the retention and enforcement by the debtor of any such claim or interest. The Plan specifies in Section VI that the Debtor shall retain all of its claims, causes of action, rights of recovery, rights of offset, recoupment rights to refunds, and similar rights. *See* Goodrich Declaration.

**3.    Section 1129(a)(2): The Debtor Has Complied With the Applicable Provisions of Title 11**

Section 1129(a)(2) provides that a plan may be confirmed only if the plan proponent complies with the applicable provisions of title 11. The principal purpose of Section 1129(a)(2) is to require that the court ascertain whether the debtor has complied with Section 1125, which requires that the Court approve a disclosure statement containing adequate information before acceptances of a plan may be solicited. *See In re Connector 2000 Ass'n, Inc.*, 337 B.R. 752, 763 (Bankr. D.S.C. 2011); *In re Toy & Sports Warehouse, Inc.*, 37 B.R. 141, 149 (Bankr. S.D.N.Y. 1984) ("the proponent must comply with the ban on postpetition solicitation of the plan unaccompanied by a written disclosure statement approved by the court in accordance with Code §§ 1125 and 1126"); 6 *Collier* ¶

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

943.03[1][a]. Section 1125(b) provides that a proponent may not solicit acceptances of its

plan unless, at or before the time of such solicitation, there is transmitted to the solicitee

both a copy of the plan and a court-approved disclosure statement. *See* 11 U.S.C.

§ 1125(b); *Duffy v. U.S. Trustee (In re Cal. Fid.)*, 198 B.R. 567, 571 (B.A.P. 9th Cir. 1996).

By order dated May 17, 2022 [Dkt. 289], the Court approved the Disclosure

Statement for mailing to all creditors. On or prior to May 19, 2022, the Debtor provided

notice of the Confirmation Hearing to, and served a copy of the Disclosure Statement,

Plan, and related exhibits and declarations on all creditors. *See* Goodrich Declaration. The

Debtor has complied with the requirements of Section 1129(a)(2).

### 4.    Section 1129(a)(3): The Debtor Has Proposed the Plan in Good Faith and Not by Any Means Forbidden by Law

Section 1129(a)(3) requires that a plan must be proposed in good faith and not by

any means forbidden by law. "What constitutes 'good faith' is determined on a case by

case basis, based upon the totality of the circumstances. The determination of what

constitutes 'good faith' based upon the totality of the circumstances in a particular case

will necessarily be a *sui generis* face dependent exercise." 6 *Collier* ¶ 943.03[1][b].

Generally, a plan is proposed in good faith if there is a likelihood that the plan will achieve

a result consistent with the standards prescribed under the Bankruptcy Code. *See*

*Platinum Capital, Inc. v. Sylmar Plaza, L.P. (In re Sylmar Plaza, L.P.)*, 314 F.3d 1070,

1074 (9th Cir. 2002). It also requires a fundamental fairness in dealing with one's

creditors, *see Sandra L. Stolrow, Inc. v. Stolrow's, Inc. (In re Stolrow's Inc.)*, 84 B.R. 167,

172 (B.A.P. 9th Cir. 1988), though that a creditor's contractual rights are adversely

affected does not by itself warrant a bad faith finding. *Sylmar Plaza*, 314 F.3d at 1075.

In assessing whether a plan was proposed in good faith, a plan should be

"proposed with honesty and good intentions" and that "the plan proponent deal with its

creditors in a manner that is fundamentally fair." *In re City of Detroit*, 524 B.R. 147, 248

(Bankr. E.D. Mich. 2014) (quoting *In re Gregory Boat Co.*, 144 B.R. 361, 366 (Bankr. E.D.

Mich. 1992). No creditor has objected to the Debtor's confirmation on the basis of good

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1  faith. No creditor objected to the filing of this bankruptcy case by the Debtor on the basis

2  of lack of good faith.

3       The Plan satisfies the good faith standard. As demonstrated by the records of this

4  Court and the facts discussed in the Disclosure Statement and herein, ever since the

5  Debtor filed its petition for relief under Chapter 9, the Debtor's actions have demonstrated

6  good faith. Furthermore, the fact that the Plan is a consensual plan strongly indicates

7  good faith in the proposal of the Plan. The Debtor has devoted significant time to

8  negotiating with the Debtor's creditors to settle litigation and resolve claims and disputes.

9  The Plan is the result of these arms-length negotiations among various creditors and the

10  Debtor. *See* Goodrich Declaration. Therefore, the Debtor has satisfied the requirements of

11  Section 1129(a)(3).

12       **5.**     **Section 1129(a)(6): The Debtor is Not Subject to the Jurisdiction**

13       **of Any Government Regulatory Commission Regarding Its Rates**

14       The Debtor is not subject to any governmental rate-setting commission and,

15  therefore, Section 1129(a)(6) is not applicable. *See* Ruiz Declaration.

16       **6.**     **Section 1129(a)(8): The Plan Has Not Been Accepted by All**

17       **Classes Whose Acceptance is Required**

18       Section 1129(a)(8) requires that each class of claims or interests has accepted a

19  plan or that such class is not impaired under a plan. An impaired class of claims accepts

20  the plan if the holders of at least two-thirds in dollar amount and more than one-half

21  number, in each case of only the voted claims, vote to accept the plan. 11 U.S.C.

22  § 1126(f). A class which is not impaired is deemed to have accepted the plan. *See* 11

23  U.S.C. § 1126(f).

24       As reflected in the Adele Declaration consisting of the ballot tabulation, no classes

25  voted against the Plan. The only ballots received were votes in favor of the Plan. *See*

26  Adele Declaration. Class 1 is unimpaired and thus is deemed to have accepted the plan.

27  *See* 11 U.S.C. § 1126(f). Class 2 has voted unanimously in favor of the Plan. As a result,

28  § 1129(a)(8) has been satisfied.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**7.    Section 1129(a)(10): The Plan Has Been Accepted by an Impaired Class**

Section 1129(a)(10) requires that at least one class of claims that is impaired under the plan accept the plan, determined without including acceptances of the plan by any insider. Class 2 (4 votes in favor, 0 votes against), was an impaired class that voted in favor of the Plan. *See* Adele Declaration. None of the creditors in Class 2 are an insider of the Debtor. *See* Goodrich Declaration.

**B.    The Plan Complies with the Provisions of Chapter 9 in Sections 941, 942, and 943(b)**

Aside from the provisions of chapter 11 that are incorporated into chapter 9 through Section 943(b)(1), chapter 9 has provisions that specifically address the plan of adjustment. *See* 6 *Collier* ¶ 943.03[2]. These sections are Sections 941, 942, and 943(b).

Section 941 requires that the plan be proposed by the debtor, and Section 942 governs modifications of the plan. *See id.*; *In re Connector 2000 Ass'n*, 447 B.R. at 764. The Plan meets the requirement Section 941. The Plan additionally meets the requirement of Section 942.

**1.    The Plan Satisfies the Requirements of Section 943(b)**

Section 943(b) provides that the Court shall confirm the Plan if the seven conditions contained therein are met.

**a.    Compliance with Section 943(b)(1)**

Section 943(b)(1) requires that the Plan must meet the requirements of chapter 11 made applicable to chapter 9. The Debtor has shown herein the Plan's compliance with applicable chapter 11 provisions, therefore the Plan complies with Section 943(b)(1). *See supra* Section III.A.

**b.    Compliance with Section 943(b)(2)**

Section 943(b)(2) requires the Plan comply with the plan confirmation requirements expressly provided in chapter 9. The Debtor has shown herein the Plan's compliance with

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  applicable chapter 9 provisions, therefore the Plan complies with Section 943(b)(2). *See*

2  Goodrich Declaration.

3           c.      Compliance with Section 943(b)(3)

4        Section 943(b)(3) requires that all amounts to be paid by the Debtor or by any

5  person for services or expenses in this case have been fully disclosed and are

6  reasonable. While this section requires the disclosure of payments to be made by the

7  Debtor, "it does not authorize the allowance of, or require the payment of, compensation

8  for services provided to, or reimbursement of expenses incurred by, the debtor. The

9  debtor's obligation to pay for services rendered and expenses incurred is governed by

10  non-bankruptcy law." *Collier* ¶ 943.03[3].  The Debtor intends to pay all debts for services

11  or expenses incurred post-petition before the effective date of the Plan. *See* Goodrich

12  Declaration.

13           d.      Compliance with Section 943(b)(4)

14        Section 943(b)(4) prevents confirmation of a plan of adjustment that requires the

15  debtor to take any action prohibited by law. This section is intended to prevent chapter 9

16  debtors from using chapter 9 cases for the purpose of circumventing compliance with

17  state law after confirmation. *See In re Sanitary & Improvement Dist. No. 7*, 98 B.R. 970

18  (Bankr. D. Neb. 1989); *Collier* ¶ 943.03[4]. The Debtor intends to comply with all laws,

19  regulations, and ordinances following confirmation, and nothing in the Plan proposes an

20  action in violation of existing applicable laws. Accordingly, the Debtor has satisfied the

21  requirements of Section 943(b)(4).

22           e.      Compliance with Section 943(b)(5)

23        No creditor filed objection to the Plan as of the date of the filing of this Motion. As a

24  result, none of the creditors have objected to the priority afforded any claims under the

25  Plan, or lack thereof. Section 943(b)(5) provides that a plan cannot be confirmed unless it

26  provides for the payment in full in cash on the effective date of the plan of all claims

27  specified in Section 507(a)(2). Section 507(a)(2) in turn references (i) claims of any

28  Federal Reserve bank for loans authorized under section 13(3) of the Federal Reserve

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1    Act, (ii) fees and charges assessed against the estate under chapter 123 of title 28 of the

2    U.S. Code, and (iii) administrative claims allowed under Section 503(b). The Debtor is not

3    aware of any claims based upon Federal Reserve bank loans authorized under section

4    13(3) of the Federal Reserve Act, or fees and charges assessed under chapter 123 of title

5    28.

6         Administrative claims pursuant to 507(a)(2) are extremely limited in chapter 9.

7    Administrative expenses in chapter 9 are narrowly construed. *In re Orange County*, 179

8    B.R. 195, 201 (Bankr. C.D. Cal. 1995); *Microsoft Corp. v. DAK Indus., Inc. (In re DAK*

9    *Indus., Inc.)*, 66 F.3d 1091, 1094 (9th Cir. 1995).  In order to be entitled to administrative

10   priority, (1) the claimant must be a creditor; and (2) the creditor must have made a

11   substantial contribution to the chapter 9 case. *Cellular 101, Inc. v. Channel*

12   *Communications, Inc. (In re Cellular 101, Inc.)*, 377 F.3d 1092, 1096 (9th Cir. 2004).

13   Moreover, even if a claimant can establish that it made a substantial contribution to a case

14   under Chapter 9, the amount of its administrative claim is limited to the actual necessary

15   expense incurred by that creditor.  *See In re Connolly North America, LLC*, 802 F.3d 810

16   (6th Cir. 2015). Therefore, the only allowed administrative expenses pursuant to section

17   507(a)(2) are for claims incurred by a creditor making a substantial contribution to the

18   chapter 9 case.

19        No party has filed a claim for an administrative or priority unsecured claim.[3] As a

20   result, no administrative claims are identified to be paid under the Plan. The Plan's

21   treatment of claims arising under Section 503(b) is consistent with the bankruptcy code.

22   No party has raised any objection to the treatment of any post-petition claim under the

23   Plan. *See* Goodrich Declaration. As a result, the Plan satisfies the requirements of Section

24   943(b)(5).

25

26

---

27        [3] Two administrative/priority claims were asserted and both have been amended to remove any claim of
administrative priority.  Also, the Debtor's professionals assert administrative claims, but their claims have

28   been paid current through May 2022 and will be paid in full before the effective date of the Plan.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

f.    Compliance with Section 943(b)(6)

Section 943(b)(6) requires that any regulatory or electoral approval necessary under applicable non-bankruptcy law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned un such approval. The Debtor does not need to obtain any regulatory or electoral approval under applicable non-bankruptcy law in order to carry out the provisions of the Plan. Thus, the Plan satisfies the requirements of Section 943(b)(6), albeit primarily by third parties and not the Debtor.

**C.    The Plan is in the Best Interests of Creditors and is Feasible (Section 943(b)(7))**

Section 943(b)(7) requires that the court find that "the plan is in the best interests of creditors and is feasible." 11 U.S.C. § 943(b)(7). As described below, the Plan is in the best interest of creditors because the Debtor has proposed a Plan that is a better alternative for the Debtor's creditors, collectively, than dismissal of the chapter 9 case. The Plan is feasible because the Plan payments will come from the Debtor's Accounts.

The Plan is better than any alternative. The result of the Plan is the distribution of all of the Debtor's assets in a consistent and fair manner, after multiple settlements and agreements between the Debtor and its creditors. Dismissal of the bankruptcy case would result in the various agreements dissolving and a mad race to the courthouse by the Debtor's creditors. Additionally, the agreements reached by the Debtor and its creditors has reduced the secured claims against the Debtor by over $20,000,000, as a result, dismissal of the Bankruptcy Case would result in either no distribution to unsecured creditors of the Debtor, or protracted litigation. The Plan is the most effective method of distribution to the Debtor's creditors.

Courts assessing plans of adjustment in chapter 9 have emphasized the unique need to consider the general municipal welfare when addressing issues of plan confirmation. *See e.g., Corcoran*, 233 B.R. at 454 (describing the area's economic woes and noting that "[t]he hospital is very important to the community of Corcoran" and that it was "an essential element to the survival of Corcoran as a community"); *Barnwell*, 471

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    B.R. at 869 ("[O]f particular importance to the Court is that the Plan preserves the

2    availability of healthcare services to citizens and patients in the County"). An overarching

3    goal of chapter 9 is to relieve the municipality's residents from the effects of further

4    declining services caused by the enormity of the claims pending against the Debtor, by

5    restructuring that debt. *Collier* ¶ 943.03[7][a]. Although the Debtor will not be operating

6    after confirmation, the agreements reached between the Debtor and its creditors allow for

7    the continued provision of services to customers of the Debtor, albeit primarily by third

8    parties and not the Debtor, and ensure an orderly administration of the Debtor's assets.

9    **1.    The Plan is in the Best Interests of the Debtor's Creditors**

10   Given the clear purposes of chapter 9, the best interests of creditors test of Section

11   943(b)(7) requires the Court to make a determination of whether or not the plan as

12   proposed is better than the alternatives. *In re Sanitary & Improvement Dist., No. 7*, 98

13   B.R. 970, 974 (Bankr. D. Neb. 1989). This is a low standard, and any possibility of a

14   payment under a chapter 9 plan is often perceived by creditors as a better alternative than

15   dismissal. *Mount Carbon*, 242 B.R. at 34. Since conversion and liquidation of a

16   municipality under chapter 7 is not allowed under the Bankruptcy Code, and dismissal of

17   the case is the only real alternative to confirmation of a plan, courts require the municipal

18   debtor to show that its plan of adjustment is a better alternative to the creditors than

19   dismissal of the case. *Cnty. Of Orange v. Merril Lynch & Co. (In re Cnty. Of Orange)*, 191

20   B.R. 1005, 1020 (Bankr. C.D. Cal. 1996); *Collier* ¶ 943.03[7].

21   Unlike the best interests test under chapter 11, where a plan proponent must show

22   that each objecting creditor will receive under the plan at least as much as the creditor

23   would receive in a chapter 7 liquidation, no such comparison is available in chapter 9

24   because municipalities cannot be liquidated under chapter 7. Therefore, the best interests

25   test in chapter 9 compares what creditors, as a group, receive under the plan, compared

26   to what they could receive if the case were dismissed.

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

a.    <u>Creditors Will Receive More Under the Plan Than If the Case</u>

<u>Was Dismissed</u>

The only alternative to confirmation of the Plan is dismissal of the case. That result would be chaos because creditors would be forced to fend for themselves in a frenetic scramble to litigate their claims and attempt to collect on the Debtor. As the Supreme Court held in the chapter 9 case of *Faitoute Iron & Steel Co. v. City of Asbury Park*, 316 U.S. 502, 510 (1942), this "policy of every man for himself is destructive of the potential resources upon which rests the taxing power which in actual fact constitutes the security for unsecured obligations outstanding to a city." The race to the courthouse is not a viable alternative. "The experience of the two modern periods of municipal defaults, after the depressions of '73 and '93, shows that the right to enforce claims against the city through mandamus is the empty right to litigate." *Id.* Furthermore, various creditors asserted very large claims against the Debtor, including secured and priority claims, that were reduced and reclassified after various agreements and settlements. As a result, in the absence of such agreements, the distribution to unsecured creditors of the Debtor would be greatly reduced if not completely eliminated absent costly and protracted litigation.

The Debtor submits that the Plan provides the Debtor's unsecured creditors with recoveries far greater than they would obtain outside of a bankruptcy case. The creditors appear to have also recognized this, and have unanimously voted in favor of the Plan. *See* Adele Declaration. The Plan has no opposition or objection, and has been achieved after arms-length negotiations between represented parties.

As a result, dismissal would not be in the best interests of creditors. The Debtor has achieved various settlements and agreements that are contingent upon the confirmation of the Plan. In the case of dismissal, the Debtor would be subject to extensive litigation as a result of the failure to effectuate such agreements. *See* Goodrich Declaration.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    The Plan easily passes muster as a "reasonable effort" to satisfy the claims of the

2  Debtor's creditors, and the Plan is certainly in the best interests of creditors compared to

3  dismissal of the chapter 9 case.

4              **2.    The Plan is Feasible**

5    A chapter 9 is feasible if it shows that the debtor can make the payments promised

6  under the plan and maintain post-confirmation operations. *Collier* ¶ 943.03[7][b]. For the

7  Court to find that the Debtor's Plan is feasible, the Debtor needs not prove that success is

8  guaranteed; rather, it must establish that the assumptions and projections underlying the

9  Plan are reasonable and that, as a result the Plan is more likely than not to succeed.

10  *Prime Healthcare Mgmt., Inc. v. Valley Health Sys. (In re Valley Health Sys.)*, 429 B.R.

11  692, 711 (Bankr. C.D. Cal. 2010) (chapter 9 plan is feasible if "it offers a reasonable

12  prospect of success and is workable").

13    The Plan will result in a distribution to Debtor's creditors from the Debtor's

14  Accounts which holds funds that are not encumbered.  The money in the Debtor's

15  Accounts is available to distribute. There is no question the Debtor is able to make the

16  payments contemplated by the Plan. Therefore, the Plan is feasible, and should be

17  confirmed.

18  **IV.    CONCLUSION**

19    For all the reasons set forth above, the Plan meets all of the requirements set forth

20  in Section 943(b) and should be confirmed.

21

22  Dated:  June 23, 2022                    WEILAND GOLDEN GOODRICH LLP

23                                   By:    */s/ David M. Goodrich*

24                                         David M. Goodrich
                                          Attorneys for Debtor
25                                         Western Community Energy

26

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1369597.1                        18                    MOTION TO CONFIRM PLAN

### DECLARATION OF ANDREW RUIZ[4]

I, Andrew Ruiz, declare as follows:

1.      I am Chief Financial Officer of Western Riverside Council of Governments, Managing Agent of Western Community Energy ("**Debtor**"), the chapter 9 debtor in the bankruptcy case number 6:21-bk-12821-SY. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated, and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the *Motion to Confirm Plan for the Adjustment of Debts of Western Community Energy Dated May 5, 2022* ("**Motion**"). Any term not specifically defined herein shall have the meaning set forth in the Motion.

2.      The Debtor does not have any physical assets beyond its cash in the Debtor's Accounts.

3.      The Plan will be funded by the funds in the Debtor's Accounts. As of the Effective Date, it is estimated that the Debtor Accounts will hold $9,374,526.55.

4.      The Disclosure Statement provides salient background information, including the formation and operation of the Debtor, the administration of the case, and the Debtor's current liabilities and assets.  With respect to the claims, the Disclosure Statement and Plan describe the classification and treatment of claims.  The Disclosure Statement also describes the assumption and rejection of executory contracts and unexpired leases, and the procedure to assert claims arising from the rejection of any executory contracts and unexpired leases and treatment of any such claims.  The Disclosure Statement also analyzes the Plan, describes how the Debtor will implement the Plan, and explains why and how the Plan is superior to any available alternatives.  In addition, the Disclosure Statement contains relevant notices, cautionary statements,

---

[4] Capitalized terms and phrases in this declaration have the same meaning as capitalized terms and phrases in the Motion.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

caveats, and information concerning, among other things, voting procedures and other important procedures, dates, and deadlines relating to the confirmation of the Plan.

5.      The Debtor intends to comply with all laws, regulations, and ordinances following confirmation, and to my understanding, nothing in the Plan proposes an action in violation of existing applicable laws.

6.      No regulatory or electoral approval under non-bankruptcy law is required for compliance with any of the Plan provisions.

7.      I believe that the Plan is feasible and the Debtor is able to make the payments contemplated in the Plan.

8.      The Plan and Disclosure Statement were prepared in good faith and the Plan is confirmable.

9.      The Debtor intends to comply with all laws, regulations, and ordinances following confirmation, and to my understanding, nothing in the Plan proposes an action in violation of existing applicable laws.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 23rd day of June, 2022 at Riverside, California.

_____
Andrew Ruiz

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## DECLARATION OF DAVID M. GOODRICH[5]

I, David M. Goodrich, declare as follows:

1.        I am/was a partner at Weiland Golden Goodrich LLP[6], counsel for Western Community Energy ("**WCE**").  I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of the *Motion to Confirm Plan for the Adjustment of Debts of Western Community Energy Dated May 5, 2022* ("**Motion**").  Any term not specifically defined herein shall have the meaning provided in the Motion.

2.        The Debtor filed Amended 11 U.S.C. Section 924 List of Creditors on March 17, 2022, which identifies $25,050,681.44 in remaining obligations, all of which are General Unsecured Claims treated under Class 2 of the Plan.

3.        The Bankruptcy Court established October 1, 2021, as the deadline for the filing of non-administrative proofs of claim against the Debtor (Dkts. 134, 135). Twenty-two (22) proofs of claim were filed against the Debtor prior to the Claims Bar Date. These Claims represent a total debt of $49,969,516.67. Additionally, one (1) proof of claim was filed after the Claims Bar Date totaling an additional $187,826.22.

4.        Among these claims, $22,933,129.74 was claimed as secured and $1,848,988.70 was claimed as priority unsecured debt. Through extensive negotiations and settlements with various creditors, all of the $22,933,194.74 secured debt has been eliminated or reclassified as nonpriority unsecured debt, the $1,848,988.70 priority unsecured debt has been reclassified as nonpriority unsecured debt and reduced, and general unsecured nonpriority debt has been additionally reduced to a total of $25,050,681.44 in unsecured nonpriority debt

---

[5] Capitalized terms and phrases in this declaration have the same meaning as capitalized terms and phrases in the Motion.

[6] The firm has changed its name to Golden Goodrich LLP.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

5. By order entered on May 17, 2022 [Dkt. 289] ("**Order Approving Disclosure Statement**"), the Court determined the Debtor's Disclosure Statement contained adequate information within the meaning of § 1125 and approved the Disclosure Statement for dissemination to creditors and other parties-in-interest. On May 19, 2022, I caused the Order Approving Disclosure Statement, Plan, Disclosure Statement, and Exhibits in support of the Plan, and Ballots, where appropriate, (collectively, these documents will hereinafter be referred to as the "Plan Package") to be served on the parties, in the manner, and within the time required by the Order Approving Disclosure Statement.

6. No solicitation of acceptances or rejections of the Plan were made prior to such time as required by 11 U.S.C. § 1125(b).

7. The ballot form provided that only ballots actually received by the Firm on or before June 16, 2022 at 4:00 p.m. (PST) would be counted in accepting or rejecting the Plan.

8. The Disclosure Statement and Plan served on each claimant within a particular class was the same in satisfaction of 11 U.S.C. § 1125(c). True and correct copies of the Plan and Disclosure Statement that were served on creditors and parties-in-interest were filed on May 17, 2022 [Dkts. 291 and 292 respectively]. A true and correct copy of the Order Approving Disclosure Statement that was served on creditors and parties-in-interest was entered on May 17, 2022 [Dkt. 289].

9. The deadline for objections to the Plan is June 16, 2022. The Debtor has received no objections to the Plan, is aware of no objections, and anticipates that no objections will be filed to the Plan.

10. No creditors voted against the Plan, which is evidence of the Debtor's good faith in proposing the Plan

11. The Plan complies with the chapter 11 provisions that are made applicable to this chapter by section 901, including sections 1122, 1123(a)(1), 1123(a)(2), 1123(a)(3), 1123(a)(4), 1123(a)(5), 1123(b), 1123(d), 1124, 1125, 1126(a), 1126(b), 1126(c), 1126(e),

1126(f), 1126(g), 1127(d), 1128, 1129(a)(2), 1129(a)(3), 1129(a)(6), 1129(a)(8), 1129(a)(10), 1129(b)(1), 1129(b)(2)(A), and 1129(b)(2)(B

12.    Each Class is comprised only of claims that are substantially similar to each other, and the Plan satisfies the requirements of Section 1122(a).

13.    The Plan designates 2 classes of claims, none of which contain claims of the kind specified in Sections 507(a)(2), 507(a)(3), or 507(a)(8) and there are no classes of interests under the Plan as there are no equity holders in this Chapter 9 case.

14.    Class 1 is unimpaired under the Plan and is deemed to have accepted the Plan, therefore the Plan has been accepted by at least one impaired non-insider class.

15.    The Plan complies with the requirements of Section 1123(a)(3) in that the Plan specifies the treatment of impaired classes of claim.

16.    The Plan complies with the requirements of Section 1123(a)(4) in that the Plan provides the same treatment for each claim of a particular class, and no party has objected to the Plan on the basis that it does not satisfy Section 1123(a)(4).

17.    The Plan specifies which classes are impaired and which classes are unimpaired.

18.    No party has objected to the assumption, assignment, or rejection of any executory lease.

19.    The Plan specifies in Section VI that the Debtor shall retain all of its claims, causes of action, rights of recovery, rights of offset, recoupment rights to refunds, and similar rights.

20.    The Plan complies with § 1129(a)(2) because on or prior to May 19, 2022, the Debtor provided notice of the Confirmation Hearing to, and served a copy of the Disclosure Statement, Plan, and related exhibits and declarations on all creditors.

21.    That no party has objected to the Plan or voted against the Plan is evidence of the Debtor's proposal of the Plan in good faith. The Debtor has spent considerable time negotiating with the Debtor's creditors to settle litigation and resolve claims and disputes.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    The Plan is the result of these arms-length negotiations among various creditors and the

2    Debtor.

3        22.    Class 2 was the only impaired class and voted in favor of the Plan. Class 2

4    is not an insider for the purposes of § 101(31).

5        23.    The Plan complies with the requirements of § 943(b)(2) since the Plan

6    complies with all applicable chapter 9 provisions.

7        24.    Since no professional fees remained to be paid by the Debtor to any party,

8    the Disclosure Statement disclosed professional fees to be paid pursuant to the

9    bankruptcy case. Therefore, the Plan complies with § 943(b)(3).

10       25.    No party has objected to the treatment of its claim or to the Debtor's scope

11   of administrative priority under the Plan.

12       26.    Various of the Debtor's settlements with creditors are contingent upon the

13   confirmation of the Plan, and as a result, dismissal of the bankruptcy case would lead to

14   various litigation as a result of the failure to effectuate such agreements.

15       I declare under penalty of perjury that the foregoing is true and correct.

16       Executed on this 23rd day of June, 2022, at Costa Mesa, California.

17

18                                          */s/ David M. Goodrich*
                                            David M. Goodrich

19

20

21

22

23

24

25

26

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

## DECLARATION OF KELLY ADELE[7]

I, Kelly Adele, declare as follows:

1.      I am a legal secretary employed by the law firm of Weiland Golden Goodrich LLP ("**Firm**"), counsel for the debtor in the above-captioned case, Western Community Energy ("**Debtor**").  Except as otherwise stated, I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      On May 19, 2022, envelopes containing the following documents listed below, were mailed by first-class mail to all creditors of the Debtor and all parties in interest, except creditors that specifically requested email service, who were served via email:

(a)      Plan for the Adjustment of Debts of Western Community Energy Dated May 5, 2022 [Dkt No. 291] ("**Plan**");

(b)      Disclosure Statement with Respect to the Plan for the Adjustment of Debts of Western Community Energy Dated May 5, 2022 [Dkt No. 292];

(c)      Ballot for Accepting or Rejecting Plan for the Adjustment of Debts of Western Community Energy; and

(d)      Order Granting Motion for Entry of an Order: (!) Approving Disclosure Statement with Respect to the Plan for the Adjustment of Debts of Western Community Energy: (2) Authorizing the Solicitation of Votes on the Plan for the Adjustment of Debts of Western Community Energy; and (3) Setting Certain Confirmation Procedures [Dkt No. 289].

The documents enumerated above are hereinafter collectively referred to as the "Plan Package."

---

[7] Capitalized terms and phrases in this declaration have the same meaning as capitalized terms and phrases in the Motion.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

3.      I reviewed the ballots received by the Firm.  Listed below is a summary of the ballot tabulation for the classes that voted:

**Class 2**

Voted to **Accept** the Plan.  True and correct copies of the Class 2 Ballots cast in acceptance of the Plan are attached hereto as Exhibit "A" and incorporated herein by this reference.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 23rd day of June, 2022, at Costa Mesa, California.

_____
Kelly Adele

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

# EXHIBIT A



1  **WEILAND GOLDEN GOODRICH LLP**
   David M. Goodrich, State Bar No. 208675
2  dgoodrich@wgllp.com
   Ryan W. Beall, State Bar No. 313774
3  rbeall@wgllp.com
   650 Town Center Drive, Suite 600
4  Costa Mesa, California 92626
   Telephone    714-966-1000
5  Facsimile    714-966-1002

6  Counsel for Debtor
   Western Community Energy

7

8                UNITED STATES BANKRUPTCY COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                     RIVERSIDE DIVISION

11  In re                              Case No. 6:21-bk-12821-SY

12  WESTERN COMMUNITY ENERGY,          Chapter 9

13              Debtor.                **BALLOT FOR ACCEPTING OR
                                       REJECTING PLAN FOR THE
14                                     ADJUSTMENT OF DEBTS OF WESTERN
                                       COMMUNITY ENERGY**
15

16

17

18

19

20

21      Western Community Energy (the "Debtor") filed the Plan for the Adjustment of
    Debts of Western Community Energy (the "Plan") and the associated Disclosure
22  Statement (the "Disclosure Statement") on March 17, 2022, in the above-captioned
    bankruptcy case (the "Bankruptcy Case"), pending before the Honorable Scott Y. Yun
23  in the above referenced bankruptcy court (the "Court").

24
        The Disclosure Statement provides information to assist you in deciding how to
25  vote on the Plan. If you have not received a copy of the Disclosure Statement, you may
    obtain a copy from counsel for the Debtor by emailing David M. Goodrich at
26  dgoodrich@wgllp.com or Ryan W. Beall at rbeall@wgllp.com. Court approval of the
    Disclosure Statement does not indicate approval of the Plan by the Court.
27

28

                        EXHIBIT A    PAGE 27



1    You should review the Disclosure Statement and the Plan before you vote. You
2    may wish to seek legal advice concerning the Plan and the classification and treatment of
     your claim under the Plan. By this ballot you will decide whether to accept or reject this
3    Plan.

4        The Plan referred to in this ballot can be confirmed by the Court if it is accepted by
     the holders of two-thirds in amount and more than one-half in number of claims in each
5    class voting on the Plan. If the requisite acceptances are not obtained, the Court may
     nevertheless confirm the Plan if the Court finds that the Plan provides fair and equitable
6    treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11
7    U.S.C. §§ 943 and 1129(b). If the Plan is confirmed by the Court it will be binding on you
     whether or not you vote.

8        To complete the ballot, clearly mark the box for accepting or rejecting the Plan and
9    insert the identifying information requested, and, thereafter, return the ballot by mail, email
     or facsimile as set forth in the ballot below.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A    PAGE 28

06/16/2022 14:21 FAX   17603225177                                    0004/0004



**BALLOT FOR ACCEPTANCE OR REJECTION OF THE PLAN**

The undersigned, the holder of a claim in Class 2 of the Plan, in the amount of $ $4,977,894.94 ,[1]

[X] Accepts the Plan                              [ ] Rejects the Plan

Print or type name: WRCOG

Signed:

If appropriate, by: Dr. Kurt Wilson          as Executive Director

Address:      3390 University Avenue, Suite 200

              Riverside, CA 92501

Email:        kwilson@wrcog.us

Phone:        (951) 405-6701

Return this ballot so it is received on or before 4:00 p.m. (Pacific Standard Time) on June 16, 2022.  The ballot may be mailed to address below or it may be emailed to Kelly Adele at kadele@wgllp.com or it may be sent by facsimile to (714) 966-1002:

Kelly Adele
Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626

      If your ballot is not timely received, your vote may not count as either an acceptance or rejection of the Plan.

[1] The claim amount set forth herein will not prejudice the rights of the Debtor or any other party in interest from objecting.

3

EXHIBIT A    PAGE 29

**WEILAND GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Counsel for Debtor
Western Community Energy

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| In re | Case No. 6:21-bk-12821-SY |
|---|---|
| WESTERN COMMUNITY ENERGY, | Chapter 9 |
| Debtor. | **BALLOT FOR ACCEPTING OR REJECTING PLAN FOR THE ADJUSTMENT OF DEBTS OF WESTERN COMMUNITY ENERGY** |

    Western Community Energy (the "Debtor") filed the Plan for the Adjustment of Debts of Western Community Energy (the "Plan") and the associated Disclosure Statement (the "Disclosure Statement") on March 17, 2022, in the above-captioned bankruptcy case (the "Bankruptcy Case"), pending before the Honorable Scott Y. Yun in the above referenced bankruptcy court (the "Court").

    The Disclosure Statement provides information to assist you in deciding how to vote on the Plan. If you have not received a copy of the Disclosure Statement, you may obtain a copy from counsel for the Debtor by emailing David M. Goodrich at dgoodrich@wgllp.com or Ryan W. Beall at rbeall@wgllp.com. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

1       You should review the Disclosure Statement and the Plan before you vote. You

2   may wish to seek legal advice concerning the Plan and the classification and treatment of

3   your claim under the Plan. By this ballot you will decide whether to accept or reject this
Plan.

4       The Plan referred to in this ballot can be confirmed by the Court if it is accepted by

5   the holders of two-thirds in amount and more than one-half in number of claims in each
class voting on the Plan. If the requisite acceptances are not obtained, the Court may

6   nevertheless confirm the Plan if the Court finds that the Plan provides fair and equitable

7   treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11
U.S.C. §§ 943 and 1129(b). If the Plan is confirmed by the Court it will be binding on you

8   whether or not you vote.

9       To complete the ballot, clearly mark the box for accepting or rejecting the Plan and

10   insert the identifying information requested, and, thereafter, return the ballot by mail, email
or facsimile as set forth in the ballot below.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

2

**BALLOT FOR ACCEPTANCE OR REJECTION OF THE PLAN**

The undersigned, the holder of a claim in Class 2 of the Plan, in the amount of $800,000.00, [See *Stipulation by and Between Western Community Energy and Pilot Power Group LLC Regarding Treatment of Claim of Pilot Power Group LLC*, Docket no. 281]

    [X] Accepts the Plan             [ ] Rejects the Plan

Print or type name: Pilot Power Group, LLC

Signed: _____

If appropriate, by: __Zaheer Dhruv__ as __Chief Executive Officer__

Address:     Pilot Power Group, LLC
             6333 Greenwich Drive, Suite 230
             San Diego, CA 92130

Email:       zdhruv@pilotpowergroup.com

Phone:       (858) 678-0118

Return this ballot so it is received on or before 4:00 p.m. (Pacific Standard Time) on June 16, 2022.  The ballot may be mailed to address below or it may be emailed to Kelly Adele at kadele@wgllp.com or it may be sent by facsimile to (714) 966-1002:

Kelly Adele
Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626

      If your ballot is not timely received, your vote may not count as either an acceptance or rejection of the Plan.

3

**WEILAND GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Counsel for Debtor
Western Community Energy

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:21-bk-12821-SY |
| WESTERN COMMUNITY ENERGY, | Chapter 9 |
| Debtor. | **BALLOT FOR ACCEPTING OR REJECTING PLAN FOR THE ADJUSTMENT OF DEBTS OF WESTERN COMMUNITY ENERGY** |

Western Community Energy (the "Debtor") filed the Plan for the Adjustment of Debts of Western Community Energy (the "Plan") and the associated Disclosure Statement (the "Disclosure Statement") on March 17, 2022, in the above-captioned bankruptcy case (the "Bankruptcy Case"), pending before the Honorable Scott Y. Yun in the above referenced bankruptcy court (the "Court").

The Disclosure Statement provides information to assist you in deciding how to vote on the Plan. If you have not received a copy of the Disclosure Statement, you may obtain a copy from counsel for the Debtor by emailing David M. Goodrich at dgoodrich@wgllp.com or Ryan W. Beall at rbeall@wgllp.com. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

EXHIBIT A    PAGE 33

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim under the Plan. By this ballot you will decide whether to accept or reject this Plan.

The Plan referred to in this ballot can be confirmed by the Court if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class voting on the Plan. If the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan provides fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11 U.S.C. §§ 943 and 1129(b). If the Plan is confirmed by the Court it will be binding on you whether or not you vote.

To complete the ballot, clearly mark the box for accepting or rejecting the Plan and insert the identifying information requested, and, thereafter, return the ballot by mail, email or facsimile as set forth in the ballot below.

✕

EXHIBIT A    PAGE 34

**BALLOT FOR ACCEPTANCE OR REJECTION OF THE PLAN**

The undersigned, the holder of a claim in Class 2 of the Plan, in the amount of $ 16,138,192.04 _____,[1]

[X] Accepts the Plan                    [ ] Rejects the Plan

Print or type name: Janet Combs

Signed: _____

If appropriate, by: _____ as _____

Address:      Southern California Edison Company

              2244 Walnut Grove Ave. Rosemead, CA 91770

Email:        janet.combs@sce.com

Phone:        626/302-1524

Return this ballot so it is received on or before 4:00 p.m. (Pacific Standard Time) on June 16, 2022.  The ballot may be mailed to address below or it may be emailed to Kelly Adele at kadele@wgllp.com or it may be sent by facsimile to (714) 966-1002:

Kelly Adele
Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626

        If your ballot is not timely received, your vote may not count as either an acceptance or rejection of the Plan.

---

[1] The claim amount set forth herein will not prejudice the rights of the Debtor or any other party in interest from objecting.

1  **WEILAND GOLDEN GOODRICH LLP**
   David M. Goodrich, State Bar No. 208675
2  dgoodrich@wgllp.com
   Ryan W. Beall, State Bar No. 313774
3  rbeall@wgllp.com
   650 Town Center Drive, Suite 600
4  Costa Mesa, California 92626
   Telephone    714-966-1000
5  Facsimile    714-966-1002

6  Counsel for Debtor
   Western Community Energy

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                           **RIVERSIDE DIVISION**

11  In re                                   Case No. 6:21-bk-12821-SY

12  WESTERN COMMUNITY ENERGY,               Chapter 9

13                          Debtor.         **BALLOT FOR ACCEPTING OR
                                            REJECTING PLAN FOR THE**
14                                          **ADJUSTMENT OF DEBTS OF WESTERN
                                            COMMUNITY ENERGY**
15

16

17

18

19

20

21        Western Community Energy (the "Debtor") filed the Plan for the Adjustment of
22  Debts of Western Community Energy (the "Plan") and the associated Disclosure
    Statement (the "Disclosure Statement") on March 17, 2022, in the above-captioned
23  bankruptcy case (the "Bankruptcy Case"), pending before the Honorable Scott Y. Yun in
    the above referenced bankruptcy court (the "Court").
24
          The Disclosure Statement provides information to assist you in deciding how to
25  vote on the Plan. If you have not received a copy of the Disclosure Statement, you may
    obtain a copy from counsel for the Debtor by emailing David M. Goodrich at
26  dgoodrich@wgllp.com or Ryan W. Beall at rbeall@wgllp.com. Court approval of the
27  Disclosure Statement does not indicate approval of the Plan by the Court.

28

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim under the Plan. By this ballot you will decide whether to accept or reject this Plan.

The Plan referred to in this ballot can be confirmed by the Court if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class voting on the Plan. If the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan provides fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11 U.S.C. §§ 943 and 1129(b). If the Plan is confirmed by the Court it will be binding on you whether or not you vote.

To complete the ballot, clearly mark the box for accepting or rejecting the Plan and insert the identifying information requested, and, thereafter, return the ballot by mail, email or facsimile as set forth in the ballot below.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

2

EXHIBIT A      PAGE 37

1

**BALLOT FOR ACCEPTANCE OR REJECTION OF THE PLAN**

2

3   The undersigned, the holder of a claim in Class 2 of the Plan, in the amount of
$21,281.00,[1]

4

5        [X] Accepts the Plan                              [ ] Rejects the Plan

6

7   Print or type name: <u>Powerex Corp.</u>

8   Signed: _____

9   If appropriate, by: <u>Amit Budhwar</u>_____ as <u>Director, Risk Management</u>_____

10

11  Address:        <u>Suite 1300, 666 Burrard Street</u>_____

12                  <u>Vancouver, British Columbia V6C 2X8 Canada</u>____

13  Email:          <u>powerex.legalservices@powerex.com</u>_____

14  Phone:          <u>(604) 891-5000 (General)</u>_____

15

16  Return this ballot so it is received on or before 4:00 p.m. (Pacific Standard Time) on June
16, 2022.  The ballot may be mailed to address below or it may be emailed to Kelly Adele

17  at kadele@wgllp.com or it may be sent by facsimile to (714) 966-1002:

18  Kelly Adele
    Weiland Golden Goodrich LLP

19  650 Town Center Drive, Suite 600
    Costa Mesa, California 92626

20

21        If your ballot is not timely received, your vote may not count as either an
acceptance or rejection of the Plan.

22

23

24

25

26

27  _____

28  [1] The claim amount set forth herein will not prejudice the rights of the Debtor or any other party in
interest from objecting.

3

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1   **WEILAND GOLDEN GOODRICH LLP**
    David M. Goodrich, State Bar No. 208675
2   dgoodrich@wgllp.com
    Ryan W. Beall, State Bar No. 313774
3   rbeall@wgllp.com
    650 Town Center Drive, Suite 600
4   Costa Mesa, California 92626
    Telephone    714-966-1000
5   Facsimile    714-966-1002

6   Counsel for Debtor
    Western Community Energy
7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  RIVERSIDE DIVISION

11  In re                              Case No. 6:21-bk-12821-SY

12  WESTERN COMMUNITY ENERGY,          Chapter 9

13                  Debtor.            **BALLOT FOR ACCEPTING OR**
                                       **REJECTING PLAN FOR THE**
14                                     **ADJUSTMENT OF DEBTS OF WESTERN**
                                       **COMMUNITY ENERGY**
15

16

17

18

19

20

21       Western Community Energy (the "Debtor") filed the Plan for the Adjustment of
22  Debts of Western Community Energy (the "Plan") and the associated Disclosure
    Statement (the "Disclosure Statement") on March 17, 2022, in the above-captioned
23  bankruptcy case (the "Bankruptcy Case"), pending before the Honorable Scott Y. Yun
    in the above referenced bankruptcy court (the "Court").
24

25       The Disclosure Statement provides information to assist you in deciding how to
    vote on the Plan. If you have not received a copy of the Disclosure Statement, you may
26  obtain a copy from counsel for the Debtor by emailing David M. Goodrich at
    dgoodrich@wgllp.com or Ryan W. Beall at rbeall@wgllp.com. Court approval of the
27  Disclosure Statement does not indicate approval of the Plan by the Court.

28

*Weiland Golden Goodrich LLP*
*650 Town Center Drive, Suite 600*
*Costa Mesa, California 92626*
*Tel 714-966-1000   Fax 714-966-1002*

EXHIBIT A    PAGE 39

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim under the Plan. By this ballot you will decide whether to accept or reject this Plan.

The Plan referred to in this ballot can be confirmed by the Court if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class voting on the Plan. If the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan provides fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11 U.S.C. §§ 943 and 1129(b). If the Plan is confirmed by the Court it will be binding on you whether or not you vote.

To complete the ballot, clearly mark the box for accepting or rejecting the Plan and insert the identifying information requested, and, thereafter, return the ballot by mail, email or facsimile as set forth in the ballot below.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

2

**BALLOT FOR ACCEPTANCE OR REJECTION OF THE PLAN**

The undersigned, the holder of a claim in Class 2 of the Plan, in the amount of
$ 573,929.93 .[1]

[X] Accepts the Plan                              [ ] Rejects the Plan

Print or type name: Calpine Energy Solutions, LLC

Signed: W. Steven Bryant

If appropriate, by: W. Steven Bryant  as Attorney for Calpine Energy

Address:  Locke Lord, LLP, Attn: W. Steven Bryant, Solutions, LLC

600 Congress Ave., Ste. 2200, Austin, Tx. 78701

Email:  SBryant@lockelord.com

Phone:  512-305-4726

Return this ballot so it is received on or before 4:00 p.m. (Pacific Standard Time) on June 16, 2022.  The ballot may be mailed to address below or it may be emailed to Kelly Adele at kadele@wgllp.com or it may be sent by facsimile to (714) 966-1002:

Kelly Adele
Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626

        If your ballot is not timely received, your vote may not count as either an acceptance or rejection of the Plan.

---

[1] The claim amount set forth herein will not prejudice the rights of the Debtor or any other party in interest from objecting.

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600
Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): <u>Motion To Confirm Plan For The Adjustment Of</u>
<u>Debts Of Western Community Energy Dated May 5, 2022; Memorandum Of Law And Declarations Of Andrew Ruiz, David</u>
<u>M. Goodrich, And Kelly Adele In Support Thereof</u> will be served or was served **(a)** on the judge in chambers in the form
and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
<u>June 23, 2022</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) <u>June 23, 2022</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

Western Community Energy
3390 University Avenue, Suite 200
Riverside, CA 92501-3314
**Debtor**

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>June 23, 2022</u>, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.
**SERVED BY OVERNIGHT DELIVERY**
Honorable Scott H. Yun
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

**SERVED BY EMAIIL:**
Jonathan Gilhen - Jonathan.Gilhen@powerex.com
Jay Ratzlaff - jay.ratzlaff@powerex.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 6/23/2022 | Gloria Estrada | *Gloria Estrada* |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Ryan W Beall    rbeall@lwgfllp.com,
vrosales@wgllp.com;kadele@wgllp.com;lbracken@wgllp.com;rbeall@ecf.courtdrive.com
Abram Feuerstein    abram.s.feuerstein@usdoj.gov
Beth Gaschen    bgaschen@wgllp.com,
kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.courtdrive.com;gestrada@wgllp.com
Seth Goldman    seth.goldman@mto.com
David M Goodrich    dgoodrich@wgllp.com,
kadele@wgllp.com;lbracken@wgllp.com;wggllp@ecf.courtdrive.com;gestrada@wgllp.com
Everett L Green    everett.l.green@usdoj.gov
Anna Gumport    agumport@sidley.com, laefilingnotice@sidley.com;anna-gumport-6608@ecf.pacerpro.com
Chad V Haes    chaes@marshackhays.com,
chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;kfrederick@ecf.courtdrive.com
Brian D Huben    hubenb@ballardspahr.com, carolod@ballardspahr.com
Mark T Jessee    jesseelaw@aol.com, marktjessee@gmail.com
Lindsey E Kress    lkress@lockelord.com, hayli.holmes@lockelord.com
Peter W Lianides    plianides@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
Richard A Marshack    rmarshack@marshackhays.com,
lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com
Ali Matin    ali.matin@usdoj.gov, carolyn.k.howland@usdoj.gov
Candace J Morey    candace.morey@cpuc.ca.gov
David L. Neale    dln@lnbyg.com
Valerie Bantner Peo    vbantnerpeo@buchalter.com
Cameron C Ridley    Cameron.Ridley@usdoj.gov
Bradley R Schneider    bschneider@kbkfirm.com
Jason D Strabo    jstrabo@mwe.com, cgreer@mwe.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Joseph M VanLeuven    joevanleuven@dwt.com, katherinehardee@dwt.com;pdxdocket@dwt.com
Marc J Winthrop    mwinthrop@wghlawyers.com, jmartinez@wghlawyers.com
Robert J Wood    robert.wood@rivercitybank.com
Nahal Zarnighian    zarnighiann@ballardspahr.com

**SERVED BY UNITED STATES MAIL**:

(p)SOUTHERN CALIFORNIA
EDISON COMPANY
1551 W SAN BERNARDINO
ROAD
COVINA CA 91722-3407

River City Bank
c/o Boutin Jones Inc.
Thomas G. Mouzes
Mark Gorton
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603

ACES
4140 West 99th Street
Carmel, IN 46032-7731

Barclays Bank PLC
Attn: Kelly McDonald
745 Seventh Avenue
New York, NY 10019-6801

California Independent System
Operator Corpo
California ISO, attn: Dan
Shonkwiler, Es
P.O. Box 639014
Folsom, CA 95763-9014

Calpine Energy Solutions, LLC
Attn: W. Steven Bryant, Locke
Lord LLP
600 Congress Avenue, Ste. 2200
Austin, TX 78701-3055

Enersponse, Inc.
Attn: Emily McPhail
2901 West Coast Highway, Suite
200
Newport Beach, CA 92663-4045

Morgan Stanley Capital Group
Attn: Commodities Department
1585 Broadway, 3rd Floor

New York, NY 10036-8293

Nextera Energy Marketing, LLC
Attn: Mark Palanchian
700 Universe Blvd.
North Palm Beach, FL 33408-2657

Exelon Generation Company, LLC
c/o Ballard Spahr LLP
2029 Century Park East
Suite 1400
Los Angeles, CA 90067-2915

Best Best & Krieger LLP
3390 University Avenue, 5th Floor
Riverside, CA 92501-3369

California Public Utilities
Commission
505 Van Ness Ave.
San Francisco, CA 94102-3298

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

Constellation
1310 Point Street, 8th Floor
Baltimore, MD 21231-3380

Elk Hills Power, LLC
Valerie Bantner Peo, Esq.
Buchalter PC
425 Market St., Suite 2900
San Francisco, CA 94105

Exelon Generation Company, LLC
1310 Point Street
8th Floor
Baltimore, MD 21231-3380

NRG Power Marketing LLC
Attn: Joseph A. Holtman
804 Cernegie Center
Princeton, NJ 08540-6023

OhmConnect, Inc.
Attn: Matt Duesterberg
610 16th Street, Suite M20
Oakland, CA 94612-1282

Pilot Power Group, LLC
8910 University Center Lane, Suite
520
San Diego, CA 92122-1026

Riverside Division
3420 Twelfth Street,
Riverside, CA 92501-3819

California Dept. of Tax and Fee
Administration
Collections Support Bureau, MIC:
55
PO Box 942879
Sacramento, CA 94279-0001

Calpine Energy Solutions
Attn: Josh Brock
401 W A Street, #500
San Diego, CA 92101-7991

EES Consulting
Attn: Gary Saleba
1601 Carmen Drive, Suite 215H
Camarillo, CA 93010-3105

Endersponse, Inc.
Attn: Emily McPhail
2901 West Coast Highway, Suite
200
Newport Beach, CA 92663-4045

Matthew Summers
Ballard Spahr LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801-3023

NRG Power Marketing LLC
c/o ContractAdmin
804 Carnegie Center
Princeton NJ 08540-6023

OneEnergy, Inc.
Attn: Bill Eddie
2003 Western Avenue, Suite 225
Seattle, WA 98121-2178

River City Bank
2485 Natomas Park Drvie
Riverside, CA 95833-2975

Shell Energy North America (USA)
Contract North America
1000 Main Street, Level 12
Houston, TX 77002-6336

The Energry Authority, Inc.
Attn: Daren Anderson
301 W. Bay Street, Suite 2600
Jacksonville, FL 32202-5103

Western Riverside Council of
Governments
3390 University Avenue Suite 200
Riverside, CA 92501-3314

PIP Printing
4093 Market Street
Riverside, CA 92501-3542

River City Bank
c/o Thomas G. Mouzes
Boutin Jones Inc.
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603

United States Trustee (RS)
3801 University Avenue, Suite 720
Riverside, CA 92501-3255

Pacific Gas and Electric Company
Attn: Ted Yuba
245 Market Street
San Francisco, CA 94105-1702

Pioneer Community Energy
804 Carnegie Ctr.
Princeton, NJ 08540-6023

Public Utilities Commission of the
State of California Public Utilities
Commission
Attention: Aaron Jacobs-Smith
505 Van Ness Avenue
San Francisco, CA 94102-3214

Shell Energy North America (US),
L.P.
c/o Shell Oil Company
Attn: Bankruptcy & Credit
150 N. Dairy Ashford Rd.
Houston, TX 77079-1115

The Creative Bar
Attn: Justine Lawler
38750 Sky Canyon Drive, Suite C
Murrieta, CA 92563-2564

WRCOG
3390 University Ave., Suite 200
Riverside, CA 92501-3314

PowerEx Corp., Attn: Mgr.
Contracts
666 Burrard Street, Suite 1300
Vancouver, BC V6c 2X8
Canada

Powerex Corp., dba in CA as
Powerex Energy
Attn: Manager, Contracts
1300 - 666 Burrard Street
Vancouver BC V6C2X8

TransAlta
110-12 Avenue SW
Calgary, Alberta T2P 2MI
Canada

TransAlta Energy Marketing (U.S.)
Inc.
110 - 12 Avenue SW
Calgary, AB T2R0G7

~~Tullett Prebon Americas Corp.~~
~~32123 Lindero Canyon Road~~
~~Westlake Village, CA 91361-4204~~
MAIL RETURNED 9/2/21

~~Pilot Power Group, Inc.~~
~~Attn: Contract Administration~~
~~8910 University Center Lane, Suite~~
~~San Diego, CA 92122-1026~~
MAIL RETURNED 9/24/21

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Pilot Power Group
AttN: Denis Vermette
8910 University Center Lane
San Diego, CA 92122-1026
MAIL RETURNED 03/10/21

BP Energy Company
Attn: Rob H. Gorski
201 Helios Way
Houston, TX 77079-2678
MAIL RETURNED 4/19/22

Barclays Bank PLC
Attn: Cassandra Bolz
1301 6th Avenue
New York, NY 10019-6022
MAIL RETURNED 05/16/22

Elk Hills Power
4026 Sky Line Road
PO Box 460
Tupman, CA 93276-0460
RETURNED MAIL 7/12/21

PFM Financial Advisors, LLC
601 S. Figueroa Street
Suite 4500
Los Angeles, CA 90017-5703
MAIL RETURNED 05/16/22

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**