GOLDEN GOODRICH LLP
David M. Goodrich, State Bar No. 208675
dgoodrich@go2.law
Ryan W. Beall, State Bar No. 313774
rbeall@go2.law
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Debtor
Western Community Energy

**FILED & ENTERED**

**AUG 16 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Mason    **DEPUTY CLERK**

**CHANGES MADE BY COURT**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>WESTERN COMMUNITY ENERGY,<br><br>Debtor. | Case No. 6:21-bk-12821-SY<br><br>Chapter 9<br><br>**ORDER CONFIRMING PLAN FOR THE ADJUSTMENT OF DEBTS OF WESTERN COMMUNITY ENERGY DATED MAY 5, 2022**<br><br>Confirmation Hearing:<br>Date:   July 14, 2022<br>Time:   1:30 p.m.<br>Ctrm:   302 |

     On July 14, 2022 at 1:30 p.m. the hearing on confirmation ("Confirmation Hearing") of the Plan for the Adjustment of Debts of Western Community Energy Dated May 5, 2022 ("Plan") [Docket No. 291] filed by Western Community Energy ("Debtor") came before the above-captioned court. Appearances were as noted on the record. At the Confirmation Hearing, the court considered confirmation of the Plan as described in the accompanying Findings of Fact and Conclusions of Law in Support of Confirmation of Plan for the Adjustment of Debts of Western Community Energy Dated May 5, 2022.

1373390.1

ORDER

**IT IS HEREBY ORDERED** as follows[1]:

1. The Plan is confirmed under 11 U.S.C. § 943(b).

2. The Debtor shall receive a discharge as provided by 11 U.S.C. § 944 and as specified in the Plan.

3. The court retains jurisdiction over the Debtor's chapter 9 case in the manner provided for in the Plan. Except as otherwise provided in the Plan, confirmation of the Plan shall discharge the Debtor from all Claims[2] or other debts that arose at any time before the Effective Date whether or not: (i) a proof of claim based on such debt is filed or deemed filed under 11 U.S.C. § 501; (ii) a Claim based on such debt is Allowed under 11 U.S.C. § 502; or (iii) the holder of a Claim has accepted the Plan. As of the Effective Date, all Creditors that have held, currently hold, or may hold a Claim or other debt or liability that is discharged or any other right that is terminated under the Bankruptcy Code or the Plan are permanently enjoined from commencing or continuing any action, the employment of process, or other act, to collect, recover, or offset any such Claim as a liability of the Debtor to the full extent permitted by 11 U.S.C. § 524(a)(1) and (2). There are no debts of the Debtor that are excepted by the Plan from the discharge afforded the Debtor under 11 U.S.C. § 944. All debts including debts arising post-petition not qualified and allowed as administrative expense claims will be discharged.

4. Except as otherwise expressly provided for in the Plan, all entities who have held, hold, or may hold pre-confirmation date claims shall be permanently enjoined from and after the Confirmation Date from: (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such pre-confirmation date claims against the Debtor or its property or the Partners or their property; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree

---

[1] Nothing construed herein shall be considered as a waiver of any rights of the Debtor under 11 U.S.C. § 904.

[2] Any and all capitalized terms not expressly defined herein shall have the same meaning ascribed to them in the Plan.

or order against the Debtor or its property or the Partners or their property with respect to such pre-confirmation date claims; (iii) creating, perfecting, or enforcing any lien or encumbrance of any kind against the Debtor or its property or the Partners or their property; and (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due to the Debtor or the Partners with respect to any such pre-confirmation date claims.

5. All injunctions or stays provided for in this case under 11 U.S.C. §§ 105, 362, or 922 shall remain in full force and effect pursuant to the Plan.

6. Except with respect to obligations specifically arising pursuant to or preserved in the Plan or the SCE Agreement, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from, any Claim, obligation, cause of action or liability for any Claim in connection with or arising prior to or on the Effective Date for any act taken in connection with, or related to, (i) the administration of this case, (ii) the negotiations, pursuit, confirmation, solicitation of votes for, consummation or implementation of the Plan, (iii) the administration of the Plan or property to be distributed under the Plan, (iv) any document, release, contract, or other instrument entered into in connection with, or related to, the Plan, or (v) any other transaction contemplated by or entered into in connection with the Plan or entered into during the administration of this case; provided, however, that nothing in the Plan shall be deemed to release or exculpate any Exculpated Party for its willful misconduct or gross negligence.

7. The provisions of the Plan constitute a good faith compromise and settlement of all Claims, causes of action or controversies relating to the rights that a holder of a Claim may have with respect to the Debtor, any distributions to be made pursuant to the Plan on account of any such Claim, and any and all Claims and causes of action of any party. All such compromises or settlements are in the best interests of the Debtor and the holders of Claims, and are fair, equitable, and reasonable.  Accordingly, such compromises or settlements are approved as of the Effective Date.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

8. The Debtor and all of its officers, directors, employees, and professionals are authorized to take any and all actions deemed necessary or reasonable by them in the exercise of their business judgment to cause the consummation and implementation of all transactions contemplated by the Plan to occur and to otherwise ensure that the Plan's provisions are implemented as provided for in the Plan.

9. The Effective Date of the Plan shall be the first business day after which all of the conditions set forth in Section XI.B of the Plan have been satisfied or waived.

10. Subject to certain restrictions and requirements set forth in 11 U.S.C. §§ 942 and 1127 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure ("FRBP") 3019, after the Confirmation Date and prior to consummation of the Plan, the Debtor may: (a) amend or modify the Plan one or more times as may be necessary to carry out the purposes and effects of the Plan so long as such amendment(s) do not materially and adversely affect the treatment of any creditor under the Plan and (b) institute proceedings in the bankruptcy court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or this order ("Confirmation Order"). Entry of the Confirmation Order means that all modifications or amendments to the Plan since the solicitation thereof are approved under the Bankruptcy Code, including 11 U.S.C. § 942, the FRBP, and the Local Bankruptcy Rules, and do not require additional disclosure or re-solicitation under FRBP 3019.

11. The provisions of the Plan and this Confirmation Order shall bind the Debtor and all of its Creditors regardless of: (a) whether or not the Claims of such Creditors or Claims and causes of action are expressly provided for under the Plan; (b) whether or not such Creditors have accepted the Plan; and (c) whether or not such Creditors have filed proofs of claim in this Bankruptcy Case.

12. All executory contracts and unexpired leases of the Debtor, to the extent not previously assumed or rejected or listed in Section IV of the Plan, are assumed as of the Effective Date or such other date as set forth in any order regarding the assumption of any of the Debtor's executory contracts or unexpired leases. The bar date for filing a proof of

Claim based on the rejection of an executory contract or unexpired lease which is rejected pursuant to the terms of this Confirmation Order shall be thirty (30) days after the Effective Date.

13. If, and to the extent that, there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall govern and control. The failure to reference any particular provision of the Plan in this Confirmation Order shall have no effect on the binding nature, enforceability, or legality of the provision and the provision shall have the same binding effect, enforceability, and legality of any other provision of the Plan.

14. This Confirmation Order shall constitute all approvals and consents required of the court, if any, by the laws, rules, or regulations of any state or any other governmental or regulatory authority or governmental unit with respect to the implementation or consummation of the Plan or any documents, instruments, or agreements referred to in or contemplated by the Plan and any amendments or modifications thereto and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments, or agreements and any amendments or modifications thereto. All actions taken by the Debtor in connection with the implementation of the Plan shall be deemed to have been taken in good faith.

15. This Confirmation Order shall be effective upon entry on the court's docket, and the stay imposed by FRBP 3020(e) shall not apply.

///

///

///

16. A post-confirmation status conference will be held on November 17, 2022 at 1:30 p.m. in Courtroom 302 of the above-captioned court. If the Debtor has not filed a motion for final decree, a status report is due November 3, 2022.

###

Date: August 16, 2022

Scott H. Yun
United States Bankruptcy Judge