United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re: | Case No. 21-12821-SY |
| Western Community Energy | Chapter 9 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-6 | User: admin | Page 1 of 3 |
| Date Rcvd: Aug 16, 2022 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 18, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Western Community Energy, 3390 University Avenue, Suite 200, Riverside, CA 92501-3314 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 18, 2022                Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 16, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Abram Feuerstein, esq | on behalf of U.S. Trustee United States Trustee (RS) abram.s.feuerstein@usdoj.gov |
| Ali Matin | on behalf of U.S. Trustee United States Trustee (RS) ali.matin@usdoj.gov  carolyn.k.howland@usdoj.gov |
| Anna Gumport | on behalf of Interested Party Request Courtesy Notification agumport@sidley.com laefilingnotice@sidley.com;anna-gumport-6608@ecf.pacerpro.com |
| Beth Gaschen | on behalf of Debtor Western Community Energy bgaschen@wgllp.com kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.courtdrive.com;gestrada@wgllp.com |
| Bradley R Schneider | on behalf of Creditor Southern California Edison bschneider@kbkfirm.com |

| | | |
|---|---|---|
| District/off: 0973-6 | User: admin | Page 2 of 3 |
| Date Rcvd: Aug 16, 2022 | Form ID: pdf042 | Total Noticed: 1 |

Bradley R Schneider
    on behalf of Defendant Southern California Edison Company bschneider@kbkfirm.com

Brian D Huben
    on behalf of Creditor Exelon Generation Company  LLC hubenb@ballardspahr.com, carolod@ballardspahr.com

Cameron C Ridley
    on behalf of U.S. Trustee United States Trustee (RS) Cameron.Ridley@usdoj.gov

Candace J Morey
    on behalf of Creditor California Public Utilities Commission candace.morey@cpuc.ca.gov

Chad V Haes
    on behalf of Interested Party Courtesy NEF chaes@marshackhays.com
    chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;kfrederick@ecf.courtdrive.com

Chad V Haes
    on behalf of Interested Party Interested Party chaes@marshackhays.com
    chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;kfrederick@ecf.courtdrive.com

David L. Neale
    on behalf of Interested Party California Independent System Operator dln@lnbyg.com

David M Goodrich
    on behalf of Plaintiff Western Community Energy dgoodrich@go2.law
    kadele@wgllp.com;lbracken@wgllp.com;wggllp@ecf.courtdrive.com;gestrada@wgllp.com

David M Goodrich
    on behalf of Debtor Western Community Energy dgoodrich@go2.law
    kadele@wgllp.com;lbracken@wgllp.com;wggllp@ecf.courtdrive.com;gestrada@wgllp.com

David M Goodrich
    on behalf of Defendant Western Community Energy dgoodrich@go2.law
    kadele@wgllp.com;lbracken@wgllp.com;wggllp@ecf.courtdrive.com;gestrada@wgllp.com

Everett L Green
    on behalf of U.S. Trustee United States Trustee (RS) everett.l.green@usdoj.gov

Jason D Strabo
    on behalf of Interested Party Barclays Bank PLC jstrabo@mwe.com  cgreer@mwe.com

Jason D Strabo
    on behalf of Plaintiff Barclays Bank PLC jstrabo@mwe.com  cgreer@mwe.com

Joseph M VanLeuven
    on behalf of Interested Party Courtesy NEF joevanleuven@dwt.com  katherinehardee@dwt.com;pdxdocket@dwt.com

Lindsey E Kress
    on behalf of Creditor Calpine Energy Solutions  LLC lkress@lockelord.com, hayli.holmes@lockelord.com

Marc J Winthrop
    on behalf of Creditor Pilot Power Group  LLC mwinthrop@wghlawyers.com, jmartinez@wghlawyers.com

Mark T Jessee
    on behalf of Interested Party Courtesy NEF jesseelaw@aol.com  marktjessee@gmail.com

Nahal Zarnighian
    on behalf of Creditor Exelon Generation Company  LLC zarnighiann@ballardspahr.com

Peter W Lianides
    on behalf of Creditor Pilot Power Group  LLC plianides@wghlawyers.com,
    jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Richard A Marshack
    on behalf of Interested Party Courtesy NEF rmarshack@marshackhays.com
    lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com

Robert J Wood
    on behalf of Creditor River City Bank robert.wood@rivercitybank.com

Ryan W Beall
    on behalf of Debtor Western Community Energy rbeall@lwgfllp.com
    vrosales@wgllp.com;kadele@wgllp.com;lbracken@wgllp.com;rbeall@ecf.courtdrive.com

Seth Goldman
    on behalf of Defendant Southern California Edison Company seth.goldman@mto.com

Seth Goldman
    on behalf of Creditor Southern California Edison seth.goldman@mto.com

United States Trustee (RS)
    ustpregion16.rs.ecf@usdoj.gov

District/off: 0973-6 User: admin Page 3 of 3
Date Rcvd: Aug 16, 2022 Form ID: pdf042 Total Noticed: 1

Valerie Bantner Peo
                        on behalf of Interested Party Request Courtesy Notification vbantnerpeo@buchalter.com

TOTAL: 31

GOLDEN GOODRICH LLP
David M. Goodrich, State Bar No. 208675
dgoodrich@go2.law
Ryan W. Beall, State Bar No. 313774
rbeall@go2.law
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Debtor
Western Community Energy

**FILED & ENTERED**

**AUG 16 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Mason **DEPUTY CLERK**

**CHANGES MADE BY COURT**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:21-bk-12821-SY |
| WESTERN COMMUNITY ENERGY, | Chapter 9 |
| Debtor. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF CONFIRMATION OF PLAN FOR THE ADJUSTMENT OF DEBTS OF WESTERN COMMUNITY ENERGY DATED MAY 5, 2022** |
| | Confirmation Hearing: <br> Date:  July 14, 2022 <br> Time:  1:30 p.m. <br> Ctrm:  302 |

      On July 14, 2022 at 1:30 p.m. a hearing on confirmation ("Confirmation Hearing") of the Plan for the Adjustment of Debts of Western Community Energy Dated May 5, 2022 ("Plan") [Docket No. 291] filed by Western Community Energy ("Debtor") came before the above-captioned court. Appearances were as noted on the record. At the Confirmation Hearing the court considered confirmation of the Plan.

      The court considered, among other things:

      (i)    The Plan;

1372231.1

FINDINGS OF FACT AND CONCLUSIONS OF LAW

  (ii)  The absence of any objections or responses to the Plan;

  (iii)  The Disclosure Statement with Respect to the Plan for the Adjustment of Debts of Western Community Energy Dated May 5, 2022 filed on May 17, 2022 (the "Disclosure Statement") [Docket No. 292] approved by the Order Granting Motion for Entry of an Order: (1) Approving Disclosure Statement with Respect to the Plan for the Adjustment of Debts of Western Community Energy; (2) Authorizing the Solicitation of Votes on the Plan for the Adjustment of Debts of Western Community Energy; and (3) Setting Certain Confirmation Procedures ("Disclosure Statement Order") [Docket No. 289], finding and holding, among other things, that the Disclosure Statement contained adequate information for use in connection with the solicitation of acceptances of the Plan (collectively the "Solicitation Materials");

  (iv)  The proofs of service for the Plan, Disclosure Statement, ballots, and notice of the date and time of the Confirmation Hearing, and the deadlines to vote on and object to confirmation of the Plan;

  (v)  The Motion to Confirm Plan for the Adjustment of Debts of Western Community Energy Dated May 5, 2022, filed on June 23, 2022 ("Motion for Confirmation") [Docket No. 299];

  (vi)  Declaration of Kelly Adele, attached to the Motion for Confirmation, to which is attached each returned ballot received by the ballot tabulation deadline, which confirms that the Debtor received no timely ballots voting against the Plan, and holders of the sole impaired class, Class 2, voted unanimously to confirm the Plan;

  (vii)  The declarations of Andrew Ruiz and David M. Goodrich in support of the Motion for Confirmation, both attached to the Motion for Confirmation;

  (viii)  The Disclosure of Compensation Pursuant to 11 U.S.C. § 943(b)(3) [Docket No. 304];

  (ix)  The record and proceedings in the above-captioned bankruptcy case;

  (x)  The arguments of counsel at the Confirmation Hearing; and

  (xi)  Any and all matters of which the court can take judicial notice.

Having reviewed each of the above, the court hereby makes the following findings of fact and conclusions of law[1]:

1. This court has jurisdiction over the above-captioned bankruptcy case under 28 U.S.C. §§ 157 and 1334. Venue is proper in this court under 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L). The Debtor is a proper debtor under 11 U.S.C. § 109 and the proper proponent of the Plan under 11 U.S.C. § 941.

2. The Solicitation Materials and notice of the Confirmation Hearing and all deadlines in the Disclosure Statement Order were transmitted and served upon all interested parties in compliance with the Disclosure Statement Order and in compliance with the Federal Rules of Bankruptcy Procedure, and such transmittal and service was adequate and sufficient in accordance with Federal Rules of Bankruptcy Procedure 2002 and 3020, and no other or further notice is or was required. Votes for acceptance or rejection of the Plan were solicited in good faith, after transmittal of the Disclosure Statement containing adequate information, and otherwise in compliance with 11 U.S.C. §§ 1125 and 1126 and Federal Rules of Bankruptcy Procedure 3016 and 3020.

3. The sole impaired class, Class 2, voted to accept the Plan under the requirements of 11 U.S.C. §§ 1124 and 1126, made applicable by 11 U.S.C. § 901(a). At least one impaired class of claims has voted to accept the Plan under 11 U.S.C. § 1129(a)(10).

4. Class 1 is not impaired under the Plan and is deemed to have accepted the Plan under 11 U.S.C. § 1126(f).

5. Impaired class 2 voted to accept the Plan and is not comprised of insiders. The Plan is fair and equitable under 11 U.S.C. § 1129(b)(2)(B). The Plan does not unfairly

---

[1] Nothing construed herein shall be considered as a waiver of any rights of the Debtor under 11 U.S.C. § 904.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

discriminate against any class as required by 11 U.S.C. § 1129(b)(1). The Plan meets the cramdown requirements of 11 U.S.C. § 1129(b).

6. The Debtor timely filed its Plan under 11 U.S.C. § 941.

7. Pursuant to Section 1122(a), the Plan classifies each claim against the Debtor into a class containing only substantially similar claims. Pursuant to 11 U.S.C. § 1123(a)(1), the Plan properly classifies all claims that require classification. Pursuant to 11 U.S.C. § 1123(a)(2), the Plan properly identifies and describes each class of claims that is not impaired under the Plan. Pursuant to 11 U.S.C. § 1123(a)(3), the Plan properly identifies and describes the treatment of each class of claims that is impaired under the Plan. Pursuant to 11 U.S.C. § 1123(a)(4), the Plan provides the same treatment for each claim of a particular class.

8. Pursuant to 11 U.S.C. § 1123(a)(5), the Plan provides adequate means for its implementation.

9. Pursuant to 11 U.S.C. § 1123(b)(1), the Plan impairs or leaves unimpaired each class of claims. Pursuant to 11 U.S.C. § 1123(b)(2), the Plan provides for the assumption and assignment, or rejection, of all executory contracts or unexpired leases that have not been previously assumed and assigned or rejected under 11 U.S.C. § 365 and orders of the court. Pursuant to 11 U.S.C. § 1123(b)(3), the Plan provides that the Debtor shall retain all of its claims, causes of action, rights of recovery, rights of offset, recoupments rights to refunds, and similar rights. Pursuant to 11 U.S.C. § 1123(b)(5), the Plan modifies or leaves unaffected the rights of holders of claims in each class. Pursuant to 11 U.S.C. § 1123(b)(6), the Plan includes additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code.

10. Pursuant to 11 U.S.C. § 1129(a)(2), the Debtor has complied with the applicable provisions of the Bankruptcy Code. The Debtor has complied with the requirements of 11 U.S.C. §§ 1125 and 1126. Specifically, in the Disclosure Statement Order, the court ruled that the Disclosure Statement satisfied the requirements of 11 U.S.C. § 1125(b). On or prior to May 19, 2022, the Debtor served by mail the Solicitation

1 | Materials on all parties entitled to vote on the Plan. Therefore, the Debtor has complied
2 | with the requirements of 11 U.S.C. § 1129(a)(2).
3 |     11.    Pursuant to 11 U.S.C. § 1129(a)(3) the Plan was proposed in good faith and
4 | not by any means forbidden by law. No party has objected to the Plan or voted to reject
5 | the Plan. Therefore, the Debtor has satisfied the requirements of 11 U.S.C. § 1129(a)(3).
6 |     12.    The Plan does not contain any rate changes that are subject to any
7 | governmental rate-setting commission, and 11 U.S.C. § 1129(a)(6) is therefore not
8 | applicable.
9 |     13.    The Plan complies with 11 U.S.C. § 1129(a)(10) as impaired class 2 voted in
10 | favor of the Plan. Class 2 is not an insider of the Debtor.
11 |     14.    The Plan complies with 11 U.S.C. § 943(b)(2).
12 |     15.    The Debtor has complied with 11 U.S.C. § 943(b)(3) by disclosing the
13 | amounts paid or to be paid to each professional that has been paid by, or will be paid by,
14 | the Debtor relating to this case and those amounts are reasonable for purposes of 11
15 | U.S.C. § 943(b)(3).
16 |     16.    The Debtor intends to comply with all laws, regulations, and ordinances
17 | following confirmation, and nothing in the Plan proposes an action in violation of existing
18 | applicable laws. Accordingly, the Debtor has satisfied the requirements of 11 U.S.C.
19 | § 943(b)(4).
20 |     17.    The Plan satisfies the requirements of 11 U.S.C. § 943(b)(5).
21 |     18.    The Debtor does not need to obtain any regulatory or electoral approval
22 | under non-applicable law in order to carry out the provisions of the Plan. Therefore, the
23 | Plan satisfies the requirements of 11 U.S.C. § 943(b)(6).
24 | ///
25 | ///
26 | ///
27 |
28 |

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

19. Confirmation of the Plan is in the best interest of the Debtor's creditors and dismissal is not in the best interests of the Debtor's creditors under 11 U.S.C. § 943(b)(7).

20. The Plan is feasible under 11 U.S.C. § 943(b)(7).

### 

Date: August 16, 2022

Scott H. Yun
United States Bankruptcy Judge